1 Susan E. Coleman (SBN 171832)
E-mail: scoleman@bwslaw.com
2 Kristina Doan Strottman (SBN 268188)
E-mail: kstrottman@bwslaw.com
3 BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, Suite 2400
4 Los Angeles, CA 90071-2953
Tel: 213.236.0600     Fax: 213.236.2700
5

6 Attorneys for Defendants
THE GEO GROUP, INC. and DURAN

7

8                 UNITED STATES DISTRICT COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11 OMAR ARNOLDO RIVERA MARTINEZ; ISAAC ANTONIO LOPEZ CASTILLO; JOSUE VLADIMIR CORTEZ DIAZ; JOSUE MATEO LEMUS CAMPOS; MARVIN JOSUE GRANDE RODRIGUEZ; ALEXANDER ANTONIO BURGOS MEJIA; LUIS PEÑA GARCIA; JULIO CESAR BARAHONA CORNEJO, as individuals, | Case No. 5:18-cv-01125-R-GJS **DEFENDANTS THE GEO GROUP, INC. AND DURAN' ANSWER TO COMPLAINT; AND DEMAND FOR JURY TRIAL** Judge:     Honorable Manuel L. Real |

                                Plaintiffs,

v.

THE GEO GROUP, Inc., a Florida
corporation; the CITY OF
ADELANTO, a municipal entity; GEO
Lieutenant Duran, sued in her
individual capacity; and DOES 1-6,
individuals,

                                Defendants.

        Defendants THE GEO GROUP, INC. AND R. DURAN (an employee of the

GEO GROUP), answer Plaintiffs' Complaint (Doc. #1), filed on May 25, 2018, as

follows:

///

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4821-6419-8505 v1                    - 1 -                    5:18-CV-01125-R-GJS
GEO DEFTS' ANSWER

**JURISDICTION AND VENUE**

1.     In response to paragraph 1 of plaintiffs' Complaint, defendants admit that this court has jurisdiction over this case under its federal question jurisdiction, pursuant to 28 U.S.C. § 1331.  Defendants deny any remaining allegations for lack of information and belief.

2.     In response to paragraph 2 of plaintiffs' Complaint, defendants admit that the incidents complained of in this action occurred in the City of Adelanto, San Bernardino County, State of California.  Defendants deny any remaining allegations for lack of information and belief.

**PRELIMINARY STATEMENT**

3.     In response to paragraphs 3 and 4 of plaintiffs' Complaint, defendants lack sufficient information to admit or deny allegations regarding plaintiffs' journey to the United States or reasons for their attempted immigration, and on that basis, deny the allegations.  Defendants deny any remaining allegations for lack of information and belief.

4.     In response to paragraph 5 of plaintiffs' Complaint, defendants admit plaintiffs were taken into custody and transported to the Adelanto Detention Center. Defendants deny any remaining allegations for lack of information and belief.

5.     In response to paragraph 6 of plaintiffs' Complaint, defendants deny that the conditions of Adelanto are deplorable.  Defendants specifically deny the claimed number of suicides.  Defendants deny any remaining allegations for lack of information and belief.

6.     In response to paragraph 7 of plaintiffs' Complaint, defendants deny that plaintiffs had inhumane conditions, dirty clothes, inedible meals, lack of access to drinking water, or any other poor living conditions.  Defendants have no input on the amount of bond set for plaintiffs.  Defendants deny any remaining allegations for lack of information and belief.

7.     In response to paragraph 8 of plaintiffs' Complaint, defendants deny

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4821-6419-8505 v1

- 2 -

5:18-CV-01125-R-GJS
GEO DEFTS' ANSWER

1  the conditions at Adelanto were inhumane or unlawful.  Defendants deny any

2  remaining allegations for lack of information and belief.

3      8.      In response to paragraph 9 of plaintiffs' Complaint, defendants deny

4  that they or any GEO employees attacked or beat plaintiffs.  Defendants deny any

5  remaining allegations for lack of information and belief.

6      9.      In response to paragraph 10 of plaintiffs' Complaint, defendants deny

7  that they committed any misconduct and deny that the conditions at Adelanto are

8  "depraved."  Defendants deny any remaining allegations for lack of information

9  and belief.

10                              **PARTIES**

11     10.     In response to paragraphs 11-13 of plaintiffs' Complaint, defendants

12  admit that plaintiff Omar Rivera Martinez was detained at Adelanto.  Defendants

13  deny that Martinez was attacked and deny that his rights were violated.  Defendants

14  deny that Martinez's nose was fractured as a result of this incident.  Defendants

15  deny any remaining allegations for lack of information and belief.

16     11.     In response to paragraphs 14-15 of plaintiffs' Complaint, defendants

17  admit that plaintiff Castillo was detained at Adelanto.  Defendants deny Castillo

18  was brutally attacked and deny that his rights were violated.  Defendants deny that

19  Castillo had pepper spray burns, bleeding, or bruising as a result of this incident.

20  Defendants deny any remaining allegations for lack of information and belief.

21     12.     In response to paragraphs 18-19 of plaintiffs' Complaint, defendants

22  admit that plaintiff Campos was detained at Adelanto.  Defendants deny Campos

23  was brutally attacked and deny that his rights were violated.  Defendants deny that

24  Campos suffered pepper spray burns, bruising, or shoulder pain as a result of this

25  incident. Defendants deny any remaining allegations for lack of information and

26  belief.

27     13.     In response to paragraphs 20-21 of plaintiffs' Complaint, defendants

28  admit that plaintiff Rodriguez was detained at Adelanto.  Defendants deny

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4821-6419-8505 v1                    - 3 -                5:18-CV-01125-R-GJS
GEO DEFTS' ANSWER

1   Rodriguez was brutally attacked and deny that his rights were violated.  Defendants

2   deny that Rodriguez had pepper spray burns, bruising, or a head injury as a result of

3   this incident. Defendants deny any remaining allegations for lack of information

4   and belief.

5        14.    In response to paragraphs 22-23 of plaintiffs' Complaint, defendants

6   admit that plaintiff Burgos Mejia was detained at Adelanto.  Defendants deny

7   Burgos Mejia was brutally attacked and deny that his rights were violated.

8   Defendants deny that Burgos Mejia had pepper spray burns, bruising, or a head

9   injury as a result of this incident. Defendants deny any remaining allegations for

10   lack of information and belief.

11        15.    In response to paragraphs 24-25 of plaintiffs' Complaint, defendants

12   admit that plaintiff Garcia was detained at Adelanto.  Defendants deny Garcia was

13   brutally attacked and deny that his rights were violated.  Defendants deny that

14   Garcia had pepper spray burns, bruising, or a head injury as a result of this incident.

15   Defendants deny any remaining allegations for lack of information and belief.

16        16.    In response to paragraphs 26-27 of plaintiffs' Complaint, defendants

17   admit that plaintiff Cornejo was detained at Adelanto.  Defendants deny Cornejo

18   was brutally attacked and deny that his rights were violated.  Defendants deny that

19   Cornejo had pepper spray burns, bruising, or injuries to his abdomen and knee as a

20   result of this incident. Defendants deny any remaining allegations for lack of

21   information and belief.

22        17.    In response to paragraph 28 of plaintiffs' Complaint, defendants admit

23   The GEO Group, Inc. is a private corporation headquartered in Boca Raton,

24   Florida.  Defendants deny any remaining allegations for lack of information and

25   belief.

26        18.    In response to paragraph 29 of plaintiffs' Complaint, these allegations

27   do not concern the responding GEO defendants, and therefore are not answered

28   herein.

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4821-6419-8505 v1                          - 4 -                    5:18-CV-01125-R-GJS
                                                                         GEO DEFTS' ANSWER

19.     In response to paragraphs 30 and 31 of plaintiffs' Complaint, defendants admit that ICE detainees were housed at the Adelanto detention center. Defendants admit that R. Duran was an employee of GEO during all relevant time periods.  Defendants deny any remaining allegations for lack of information and belief.

20.     In response to paragraph 32 of plaintiffs' Complaint, the allegations concerning DOE defendants do not concern the responding GEO defendants, and therefore are not answered herein.

## FACTUAL ALLEGATIONS

21.     In response to paragraphs 33-39 of plaintiffs' Complaint, defendants admit that GEO staff ordered plaintiffs to leave the day room and return to their assigned bunks after breakfast on the morning of June 12, 2017.  Defendants admit that backup was requested after plaintiffs refused to leave the area.  Defendants deny any remaining allegations for lack of information and belief.

22.     In response to paragraphs 40-41 of plaintiffs' Complaint, defendants admit that a supervisor arrived and displayed a can of pepper spray.  Defendants admit that short bursts of pepper spray were used to gain compliance with lawful orders.  Defendants deny that any detainees were pepper sprayed at close range, and deny that two cans of pepper spray were used. Defendants deny any remaining allegations for lack of information and belief.

23.     In response to paragraphs 43-48 of plaintiffs' Complaint, defendants admit that plaintiffs were physically separated and restrained.  Defendants deny that any detainees were assaulted or slammed onto the floor and walls.  Defendants deny that plaintiffs were taken to a small area where they were suffocated with pepper spray fumes. Defendants deny any remaining allegations for lack of information and belief.

24.     In response to paragraphs 49-50 of plaintiffs' Complaint, defendants deny that plaintiffs were forced to shower in hot water.  Defendants deny that

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4821-6419-8505 v1

- 5 -

5:18-CV-01125-R-GJS
GEO DEFTS' ANSWER

1   plaintiffs were denied medical attention. Defendants deny any remaining

2   allegations for lack of information and belief.

3       25.     In response to paragraphs 52-54 of plaintiffs' Complaint, defendants

4   admit that plaintiffs were taken to a restricted housing unit pending potential

5   disciplinary action.  Defendants deny any remaining allegations for lack of

6   information and belief.

7       26.     In response to paragraph 55 of plaintiffs' Complaint, defendants deny

8   that plaintiffs were denied medical attention.  Defendants deny any remaining

9   allegations for lack of information and belief.

10      27.     In response to paragraphs 56-61 of plaintiffs' Complaint, defendants

11  admit that plaintiffs began a hunger strike.  Defendants lack sufficient information

12  to admit or deny what ICE agents said to plaintiff, if anything, regarding the hunger

13  strike.  Defendants deny any remaining allegations for lack of information and

14  belief.

15                      **MONELL ALLEGATIONS**

16      28.     In response to paragraphs 62 to 65 of plaintiffs' Complaint, these

17  allegations do not concern the responding GEO defendants, and therefore are not

18  answered herein.

19              **FIRST CAUSE OF ACTION: BATTERY**

20      29.     In response to paragraphs 66 to 71 of plaintiffs' Complaint, defendants

21  deny that they assaulted or battered plaintiffs and deny they acted with the intent to

22  harm plaintiffs.  Defendants deny that plaintiffs were injured as a result of their

23  conduct.  Defendants deny they acted with malice, oppression, or conscious

24  disregard of rights, and deny that they are liable for punitive damages. Defendants

25  deny any remaining allegations for lack of information and belief.

26              **SECOND CAUSE OF ACTION: ASSAULT**

27      30.     In response to paragraphs 72 to 77 of plaintiffs' Complaint, defendants

28  deny that they assaulted plaintiffs.  Defendants deny that plaintiffs were injured as a

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4821-6419-8505 v1          - 6 -          5:18-CV-01125-R-GJS
                                              GEO DEFTS' ANSWER

1  result of their conduct.  Defendants deny they acted with malice, oppression, or

2  conscious disregard of rights, and deny that they are liable for punitive damages.

3  Defendants deny any remaining allegations for lack of information and belief.

4  ### THIRD CAUSE OF ACTION:

5  ### NEGLIGENT HIRING, TRAINING, AND SUPERVISION

6        31.    In response to paragraphs 78 to 84 of plaintiffs' Complaint, defendants

7  deny that they negligently hired, retained, or supervised its employees at Adelanto.

8  Defendants deny that they intended to cause plaintiffs to suffer injury and deny that

9  plaintiffs were injured physically or emotionally as a result of their conduct.

10  Defendants deny they acted with malice, oppression, or conscious disregard of

11  rights, and deny that they are liable for punitive damages.  Defendants deny any

12  remaining allegations for lack of information and belief.

13  ### FOURTH CAUSE OF ACTION: IIED

14        32.    In response to paragraphs 85 to 92 of plaintiffs' Complaint, defendants

15  deny that they engaged in extreme or outrageous conduct.  Defendants deny that

16  they intended to cause plaintiffs to suffer injury and deny that plaintiffs were

17  injured physically or emotionally as a result of their conduct.  Defendants deny they

18  acted with malice, oppression, or conscious disregard of rights, and deny that they

19  are liable for punitive damages.  Defendants deny any remaining allegations for

20  lack of information and belief.

21  ### FIFTH CAUSE OF ACTION: FIRST AMENDMENT RETALIATION

22        33.    In response to paragraphs 93 to 99 of plaintiffs' Complaint, defendants

23  deny that they violated plaintiffs' rights.  Defendants deny that they retaliated

24  against plaintiffs.  Defendants deny that plaintiffs were injured emotionally as a

25  result of their conduct.  Defendants deny they acted with malice, oppression, or

26  conscious disregard of rights, and deny that they are liable for punitive damages.

27  Defendants deny any remaining allegations for lack of information and belief.

28  ///

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4821-6419-8505 v1

- 7 -

5:18-CV-01125-R-GJS
GEO DEFTS' ANSWER

**SIXTH CAUSE OF ACTION: FOURTH AND FOURTEENTH AMENDMENT EXCESSIVE FORCE**

34.     In response to paragraphs 100 to 104 of plaintiffs' Complaint, defendants deny that they used excessive force against plaintiffs. Defendants deny that they intended to cause plaintiffs to suffer injury and deny that plaintiffs were injured physically or emotionally as a result of their conduct.  Defendants deny they acted with malice, oppression, or conscious disregard of rights, and deny that they are liable for punitive damages.  Defendants deny any remaining allegations for lack of information and belief.

**SEVENTH CAUSE OF ACTION: FIFTH AND FOURTEENTH AMENDMENTS RIGHT TO DUE PROCESS OF LAW**

35.     In response to paragraphs 106 to 111 of plaintiffs' Complaint, defendants deny that they deprived plaintiffs of liberty without due process of law. Defendants deny that they assaulted plaintiffs or retaliated against them. Defendants deny that plaintiffs were injured physically or emotionally as a result of their conduct.  Defendants deny they acted with malice, oppression, or conscious disregard of rights, and deny that they are liable for punitive damages.  Defendants deny any remaining allegations for lack of information and belief.

**EIGHTH CAUSE OF ACTION: BANE ACT**

36.     In response to paragraphs 112 to 116 of plaintiffs' Complaint, defendants deny that they used threats, intimidation or coercion to interfere with plaintiffs' exercise of their constitutional rights.  Defendants deny they acted with malice, oppression, or conscious disregard of rights, and deny that they are liable for punitive damages.  Defendants deny any remaining allegations for lack of information and belief.

**NINTH CAUSE OF ACTION: CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS**

37.     In response to paragraphs 117 to 120 of plaintiffs' Complaint,

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4821-6419-8505 v1

- 8 -

5:18-CV-01125-R-GJS
GEO DEFTS' ANSWER

1  defendants deny that they conspired to deprive plaintiffs of equal protection.

2  Defendants deny that plaintiffs were injured physically or emotionally as a result of

3  their conduct.  Defendants deny they acted with malice, oppression, or conscious

4  disregard of rights, and deny that they are liable for punitive damages.  Defendants

5  deny any remaining allegations for lack of information and belief.

6           **TENTH CAUSE OF ACTION: NEGLIGENCE AND FAILURE TO**

7                              **PROVIDE MEDICAL CARE**

8           38.    In response to paragraphs 121 to 123 of plaintiffs' Complaint,

9  defendants deny that plaintiffs were denied medical care.  Defendants deny that

10  plaintiffs were injured physically or emotionally as a result of their actions or

11  inactions.  Defendants deny they acted with malice, oppression, or conscious

12  disregard of rights, and deny that they are liable for punitive damages.  Defendants

13  deny any remaining allegations for lack of information and belief.

14                              **PRAYER FOR RELIEF**

15          39.    In response to plaintiffs' prayer for relief, defendants deny that

16  plaintiff is entitled to declaratory judgment or monetary damages, or any other

17  relief.  Defendants assert that plaintiff is not entitled to punitive damages.

18                              **AFFIRMATIVE DEFENSES**

19          As separate and affirmative defenses, defendants allege as follows:

20                            **FIRST AFFIRMATIVE DEFENSE**

21          40.    Plaintiffs' Complaint fails to state a claim upon which relief can be

22  granted.  Plaintiffs' Complaint also fails to state a claim against defendants.

23                          **SECOND AFFIRMATIVE DEFENSE**

24          41.    Defendants deny that plaintiffs have been deprived of any rights,

25  privileges, or immunities guaranteed by the laws of the United States or by the laws

26  of the State of California.

27                           **THIRD AFFIRMATIVE DEFENSE**

28          42.    At all relevant times, Defendants acted within the scope of discretion,

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4821-6419-8505 v1                         - 9 -                    5:18-CV-01125-R-GJS
                                                                        GEO DEFTS' ANSWER

1  with due care, and good faith fulfillment of responsibilities pursuant to applicable

2  statutes, rules and regulation, within the bounds of reason under all circumstances

3  known, and with the good faith belief that its actions comported with federal and

4  state laws.  Defendants therefore assert their qualified immunity from liability.

5                          **FOURTH AFFIRMATIVE DEFENSE**

6        43.    Plaintiffs have suffered no actual injury due to Defendants' conduct.

7                          **FIFTH AFFIRMATIVE DEFENSE**

8        44.    Defendants assert that this action may be subject to the doctrine of

9  collateral estoppel or res judicata due to the pendency of any related state court

10  proceedings arising from the same incidents and/or due to any duplicated federal

11  claims.

12                          **SIXTH AFFIRMATIVE DEFENSE**

13        45.    Plaintiffs' claims are barred by all applicable statutes of limitations.

14                          **SEVENTH AFFIRMATIVE DEFENSE**

15        46.    Any and all happenings, events, damages and injuries, if any, referred

16  to in the Complaint were proximately caused and contributed by plaintiffs' own

17  conduct in that they failed to comply with orders at the alleged times and places.

18                          **EIGHTH AFFIRMATIVE DEFENSE**

19        47.    Plaintiffs' own conduct estops them from claiming the damages in the

20  Complaint.

21                          **NINTH AFFIRMATIVE DEFENSE**

22        48.    Plaintiffs are not entitled to punitive damages because defendants did

23  not act with malicious intent to deprive them of any constitutional right or to cause

24  any injury.  Punitive damages are not recoverable for the claims set forth.

25                          **TENTH AFFIRMATIVE DEFENSE**

26        49.    Defendants are not vicariously liable for acts of subordinates or

27  subject to liability under the doctrine of *respondeat superior*.

28  ///

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4821-6419-8505 v1                     - 10 -                     5:18-CV-01125-R-GJS
GEO DEFTS' ANSWER

**ELEVENTH AFFIRMATIVE DEFENSE**

50.    Plaintiffs failed to mitigate their own damages, if any exist.

**TWELFTH AFFIRMATIVE DEFENSE**

51.    Should plaintiffs recover damages against defendants, defendants are entitled to have the amount abated, apportioned or reduced to the extent that any other party's negligence caused or contributed to damages, if any there were.

**THIRTEENTH AFFIRMATIVE DEFENSE**

52.    Answering defendants allege by way of a plea of comparative negligence that plaintiffs and other parties were negligent in and about the matters and activities alleged in the Complaint, that said negligence contributed to and was a proximate cause of the alleged injuries and damages, if any, and that if plaintiffs and/or other parties are found to have been negligent, and if the plaintiffs are entitled to recover damages against the answering defendants by virtue of the Complaint, these defendants pray that said recovery be diminished by reason of the negligence of the plaintiffs in proportion to the degree of fault attributable to the plaintiffs.

**FOURTEENTH AFFIRMATIVE DEFENSE**

53.    Defendants allege that Plaintiffs' claims are barred by the equitable doctrines of estoppel, laches and unclean hands.

**FIFTEENTH AFFIRMATIVE DEFENSE**

54.    Defendants allege that at no time did Defendants breach any mandatory legal duty owed to Plaintiffs the proximate cause of which was Plaintiffs' alleged injury and/or damages.

**SIXTEENTH AFFIRMATIVE DEFENSE**

55.    Defendants allege that none of their agents and/or employees engaged in any interference, or attempts to interfere, by threats, intimidation, violence or coercion with Plaintiffs' exercise or enjoyment of their constitutional rights.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4821-6419-8505 v1                    - 11 -                    5:18-CV-01125-R-GJS
GEO DEFTS' ANSWER

1       56.    Because the Complaint is couched in conclusory terms, answering

2  defendants cannot fully anticipate all affirmative defenses that may be applicable to

3  this action.  Accordingly, the right to assert additional affirmative defenses, if and

4  to the extent that such affirmative defenses are applicable, is hereby reserved.

5                  **DEMAND FOR JURY TRIAL**

6       Defendants hereby demand a trial before a jury on all issues presented by

7  Plaintiffs' Complaint triable to a jury.

8       WHEREFORE, Defendants pray that:

9      1.  Judgment be rendered in favor of Defendants and against Plaintiffs; and

10      2.  Plaintiffs take nothing by the Complaint; and

11      3.  Defendants be awarded costs of suit incurred herein; and

12      4.  Defendants be awarded such other and further relief as the Court may

13  deem necessary and proper.

14  Dated:  June 15, 2018          BURKE, WILLIAMS & SORENSEN, LLP

15

16                  By: _____

17                     Susan E. Coleman
                      Kristina Doan Strottman

18                  Attorneys for Defendants
                   THE GEO GROUP, INC. and R. DURAN

19

20

21

22

23

24

25

26

27

28

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4821-6419-8505 v1

- 12 -

5:18-CV-01125-R-GJS
GEO DEFTS' ANSWER