Susan E. Coleman (SBN 171832)
E-mail: scoleman@bwslaw.com
Kristina Doan Strottman (SBN 268188)
E-mail: kstrottman@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, Suite 2400
Los Angeles, CA 90071-2953
Tel: 213.236.0600   Fax: 213.236.2700

Attorneys for Defendants
THE GEO GROUP, INC. and R. DURAN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR ARNOLDO RIVERA MARTINEZ; ISAAC ANTONIO LOPEZ CASTILLO; JOSUE VLADIMIR CORTEZ DIAZ; JOSUE MATEO LEMUS CAMPOS; MARVIN JOSUE GRANDE RODRIGUEZ; ALEXANDER ANTONIO BURGOS MEJIA; LUIS PEÑA GARCIA; JULIO CESAR BARAHONA CORNEJO, as individuals, <br><br> Plaintiffs, <br><br> v. <br><br> THE GEO GROUP, Inc., a Florida corporation; the CITY OF ADELANTO, a municipal entity; GEO Lieutenant Duran, sued in her individual capacity; and DOES 1-6, individuals, <br><br> Defendants. | Case No. 5:18-cv-01125-R-GJS <br><br> **DEFENDANTS' OPPOSITION TO PLAINTIFFS' NOTICE OF RELATED CASE [Doc. #10]** <br><br> Judge:   Honorable Manuel L. Real |

On June 15, 2018, Plaintiffs filed a Notice of Related Case [Dkt. 10], indicating this case should be related to *Raul Novoa v. The Geo Group, Inc.*, Case No. 5:17-cv-02514-JGB-SHK. However, the *Novoa* case does not meet the criteria of a related case and Plaintiffs' notice is a thinly veiled attempt to forum shop. Accordingly, it should be denied.

# ARGUMENT

Cases are deemed related under Local Rule 83-1.3.1 if they: (a) arise from the same or a closely related transaction, happening, or event; (b) call for determination of the same or substantially related or similar questions of law and fact; or (c) for other reasons would entail substantial duplication of labor if heard by different judges. The *Novoa* case does not meet the criteria of being related to the instant case for the reasons set forth below.

First, the *Novoa* case is a putative class action concerning allegations of detainees being paid $1 per day for labor instead of minimum wage. It cites allegations of inadequate medical care at Adelanto <u>only</u> to support its claim that "[b]y maintaining these harsh conditions and purposely withholding basic necessities from detainees, GEO ensures an available labor pool of detainees will work for only $1 per day, . . . ." (*Novoa* Compl. [Dkt. 1] ¶ 37.) There are no causes of action in *Novoa* related to medical care and/or failure to provide medical care. (*See generally*, *Novoa* Compl. [Dkt. 1].) The named Plaintiff Raul Novoa resided at the Adelanto Facility from 2012 through 2015.

In contrast, Plaintiffs' case concerns a protest on June 12, 2017, allegations of excessive force used by GEO staff to break up the protest, and an alleged failure to treat injuries incurred by the eight plaintiffs during that single incident. (*See, e.g.*, *Martinez* Compl. [Dkt. 1] ¶ 12.) There are no allegations about the plaintiffs-detainees working for sub-standard wages. The cases do not arise from the same or closely related transaction, happening or event.

Second, the cases do not call for determination of the same or substantially related or similar questions of law and fact. In fact, none of the legal claims are the same or similar. *Novoa* raises claims under the Labor code related to minimum wage, unjust enrichment, Unfair Competition Law (UCL), the California Trafficking Victims Protection Act, and Attempted Forced Labor. In contrast, Martinez raises claims for battery, assault, negligent hiring/training/supervision,

IIED, retaliation, excessive force, due process, Bane Act, conspiracy, and failure to provide medical care.  Further, none of the factual claims appear even similar, given that *Novoa* relates to alleged substandard wages for classes of detainees and *Martinez* relates to a single force incident in June 2017 involving eight detainees.

Third, having these cases heard by different judges would not entail substantial duplication of labor.  They are very different cases.  The only real overlap is that both cases involve the Adelanto Detention Facility, operated by The Geo Group, Inc.  The fact that a case involves the same facility or prison is insufficient to deem it "related" for purposes of having it heard by the same judge.  If this were the case, some judges would handle only jail, prison and detention facility matters, by virtue of having first been assigned a case involving that facility.

Plaintiffs evidently seek a transfer to Judge Bernal. However, they fail to meet the Local Rule criteria to demonstrate that *Novoa* is related.  Accordingly, their notice should be disregarded and the present matter retained in this Court.

Dated:  June 19, 2018         BURKE, WILLIAMS & SORENSEN, LLP


By: /s/ Susan E. Coleman
    Susan E. Coleman
    Kristina Doan Strottman

Attorneys for Defendants
THE GEO GROUP, INC. and DURAN