Susan E. Coleman (SBN 171832)
E-mail: scoleman@bwslaw.com
Kristina Doan Strottman (SBN 268188)
E-mail: kstrottman@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, Suite 2400
Los Angeles, CA 90071-2953
Tel: 213.236.0600     Fax: 213.236.2700

Attorneys for Defendants
THE GEO GROUP, INC., DURAN and CITY OF
ADELANTO

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR ARNOLDO RIVERA MARTINEZ; ISAAC ANTONIO LOPEZ CASTILLO; JOSUE VLADIMIR CORTEZ DIAZ; JOSUE MATEO LEMUS CAMPOS; MARVIN JOSUE GRANDE RODRIGUEZ; ALEXANDER ANTONIO BURGOS MEJIA; LUIS PEÑA GARCIA; JULIO CESAR BARAHONA CORNEJO, as individuals,<br><br>        Plaintiffs,<br><br>v.<br><br>THE GEO GROUP, Inc., a Florida corporation; the CITY OF ADELANTO, a municipal entity; GEO Lieutenant Duran, sued in her individual capacity; and DOES 1-6, individuals,<br><br>        Defendants. | Case No. 5:18-cv-01125-R-GJS<br><br>**DEFENDANT CITY OF ADELANTO'S ANSWER TO COMPLAINT; AND DEMAND FOR JURY TRIAL**<br><br>Judge:    Honorable Manuel L. Real |

Defendant CITY OF ADELANTO, answers Plaintiffs' Complaint (Doc. #1),

filed on May 25, 2018, as follows:

///

///

## JURISDICTION AND VENUE

1.     In response to paragraph 1 of plaintiffs' Complaint, defendant admits that this court has jurisdiction over this case under its federal question jurisdiction, pursuant to 28 U.S.C. § 1331.  Defendant denies any remaining allegations for lack of information and belief.

2.     In response to paragraph 2 of plaintiffs' Complaint, defendant admits that the incidents complained of in this action occurred in the City of Adelanto, San Bernardino County, State of California.  Defendant denies any remaining allegations for lack of information and belief.

## PRELIMINARY STATEMENT

3.     In response to paragraphs 3 and 4 of plaintiffs' Complaint, defendant lacks sufficient information to admit or deny allegations regarding plaintiffs' journey to the United States or reasons for their attempted immigration, and on that basis, denies the allegations.  Defendant denies any remaining allegations for lack of information and belief.

4.     In response to paragraph 5 of plaintiffs' Complaint, defendant admits plaintiffs were taken into custody and transported to the Adelanto Detention Center.  Defendant denies any remaining allegations for lack of information and belief.

5.     In response to paragraph 6 of plaintiffs' Complaint, defendant denies that the conditions of Adelanto are deplorable.  Defendant specifically denies the claimed number of suicides.  Defendant denies any remaining allegations for lack of information and belief.

6.     In response to paragraph 7 of plaintiffs' Complaint, defendant denies that plaintiffs had inhumane conditions, dirty clothes, inedible meals, lack of access to drinking water, or any other poor living conditions.  Defendant has no input on the amount of bond set for plaintiffs.  Defendant denies any remaining allegations for lack of information and belief.

7.     In response to paragraph 8 of plaintiffs' Complaint, defendant denies

the conditions at Adelanto were inhumane or unlawful.  Defendant denies any remaining allegations for lack of information and belief.

8.     In response to paragraph 9 of plaintiffs' Complaint, defendant denies that the City or any City employees attacked or beat plaintiffs.  Defendant denies any remaining allegations for lack of information and belief.

9.     In response to paragraph 10 of plaintiffs' Complaint, defendant denies that it committed any misconduct and denies that the conditions at Adelanto are "depraved."  Defendant denies any remaining allegations for lack of information and belief.

## PARTIES

10.     In response to paragraphs 11-13 of plaintiffs' Complaint, defendant admits that plaintiff Omar Rivera Martinez was detained at Adelanto.  Defendant denies that Martinez was attacked and denies that his rights were violated. Defendant denies that Martinez's nose was fractured as a result of this incident. Defendant denies any remaining allegations for lack of information and belief.

11.     In response to paragraphs 14-15 of plaintiffs' Complaint, defendant admits that plaintiff Castillo was detained at Adelanto.  Defendant denies Castillo was brutally attacked and denies that his rights were violated.  Defendant denies that Castillo had pepper spray burns, bleeding, or bruising as a result of this incident. Defendant denies any remaining allegations for lack of information and belief.

12.     In response to paragraphs 18-19 of plaintiffs' Complaint, defendant admits that plaintiff Campos was detained at Adelanto.  Defendant denies Campos was brutally attacked and denies that his rights were violated.  Defendant denies that Campos suffered pepper spray burns, bruising, or shoulder pain as a result of this incident. Defendant denies any remaining allegations for lack of information and belief.

13.     In response to paragraphs 20-21 of plaintiffs' Complaint, defendant

admits that plaintiff Rodriguez was detained at Adelanto.  Defendant denies Rodriguez was brutally attacked and denies that his rights were violated.  Defendant denies that Rodriguez had pepper spray burns, bruising, or a head injury as a result of this incident. Defendant denies any remaining allegations for lack of information and belief.

14.    In response to paragraphs 22-23 of plaintiffs' Complaint, defendant admits that plaintiff Burgos Mejia was detained at Adelanto.  Defendant denies Burgos Mejia was brutally attacked and denies that his rights were violated.  Defendant denies that Burgos Mejia had pepper spray burns, bruising, or a head injury as a result of this incident. Defendant denies any remaining allegations for lack of information and belief.

15.    In response to paragraphs 24-25 of plaintiffs' Complaint, defendant admits that plaintiff Garcia was detained at Adelanto.  Defendant denies Garcia was brutally attacked and denies that his rights were violated.  Defendant denies that Garcia had pepper spray burns, bruising, or a head injury as a result of this incident. Defendant denies any remaining allegations for lack of information and belief.

16.    In response to paragraphs 26-27 of plaintiffs' Complaint, defendant admits that plaintiff Cornejo was detained at Adelanto.  Defendant denies Cornejo was brutally attacked and denies that his rights were violated.  Defendant denies that Cornejo had pepper spray burns, bruising, or injuries to his abdomen and knee as a result of this incident. Defendant denies any remaining allegations for lack of information and belief.

17.    In response to paragraph 28 of plaintiffs' Complaint, these allegations do not concern the responding City of Adelanto, and therefore are not answered herein.

18.    In response to paragraph 29 of plaintiffs' Complaint, defendant admits that it is a municipality.  Defendant denies that liability can be imposed against the City for the allegations contained in the complaint.  Defendant denies any

remaining allegations for lack of information and belief.

19. In response to paragraph 30 of plaintiffs' Complaint, defendant admits that ICE detainees were housed at the Adelanto detention center. Defendant admits that it had contracts with the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), as well as the GEO Group regarding the Adelanto detention center. Defendant denies any remaining allegations for lack of information and belief.

20. In response to paragraphs 31 and 32 of plaintiffs' Complaint, the allegations concerning GEO defendants and DOE defendants do not concern the responding City of Adelanto, and therefore are not answered herein.

## FACTUAL ALLEGATIONS

21. In response to paragraphs 33-35 of plaintiff's Complaint, defendant lacks sufficient information to admit or deny allegations regarding plaintiffs' alleged hunger strike, and on that basis, denies the allegations. Defendant denies any remaining allegations for lack of information and belief.

22. In response to paragraphs 33-57 of plaintiffs' Complaint, the allegations concerning GEO defendants do not concern the responding City of Adelanto, and therefore are not answered herein.

23. In response to paragraph 58 of plaintiffs' Complaint, defendant lacks sufficient information to admit or deny what ICE agents said to plaintiff, if anything, regarding the hunger strike, and on that basis, denies the allegations. Defendant denies any remaining allegations for lack of information and belief.

24. In response to paragraph 59 of plaintiffs' Complaint, defendant denies that plaintiffs were unlawfully detained. Defendant denies any remaining allegations for lack of information and belief.

25. In response to paragraph 60 of plaintiffs' Complaint, defendant lacks sufficient information to admit or deny whether there were complaints filed against GEO and ICE with the U.S. Department of Homeland Security's Office for Civil

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4825-2630-8975 v1                                   - 5 -                     5:18-CV-01125-R-GJS
CITY OF ADELANTO'S ANSWER

Rights and Civil Liberties compliance branch, and on that basis, denies the allegations. Defendant denies any remaining allegations for lack of information and belief.

26.     In response to paragraph 61 of plaintiff's Complaint, defendant denies that it placed a block on telephone numbers that Plaintiffs regularly contacted following the civil rights complaint. Defendant denies any remaining allegations for lack of information and belief.

## MONELL ALLEGATIONS

27.     In response to paragraphs 62 to 65 of plaintiffs' Complaint, defendant denies that it had policies, practices, and/or customs that were the cause of plaintiffs' alleged injuries. Defendant denies that it failed to provide adequate training or supervisions, failed to adequately discipline or retrain officer, that it selected, retained, and assigned officers with demonstrable propensities for excessive force, violence, dishonesty, or other misconduct, or that it condoned or encouraged officers in the belief that they could violate rights. Defendant denies any remaining allegations for lack of information and belief.

## FIRST CAUSE OF ACTION: BATTERY

28.     In response to paragraphs 66 to 71 of plaintiffs' Complaint, defendant denies that plaintiffs were assaulted or battered. Defendant denies that plaintiffs were injured as a result of its conduct. Defendant denies that the GEO Group or any of its officers were acting as an agent of the City. Defendant denies any remaining allegations for lack of information and belief.

## SECOND CAUSE OF ACTION: ASSAULT

29.     In response to paragraphs 72 to 77 of plaintiffs' Complaint, defendant denies that plaintiffs were assaulted. Defendant denies that plaintiffs were injured as a result of its conduct. Defendant denies that the GEO Group or any of its officers were acting as an agent of the City. Defendant denies any remaining allegations for lack of information and belief.

**THIRD CAUSE OF ACTION:**

**NEGLIGENT HIRING, TRAINING, AND SUPERVISION**

30. In response to paragraphs 78 to 84 of plaintiffs' Complaint, defendant denies that it negligently hired, retained, or supervised its employees at Adelanto. Defendant denies that it intended to cause plaintiffs to suffer injury and denies that plaintiffs were injured physically or emotionally as a result of its conduct. Defendant denies that the GEO Group or any of its officers were acting as an agent of the City. Defendant denies any remaining allegations for lack of information and belief.

**FOURTH CAUSE OF ACTION: IIED**

31. In response to paragraphs 85 to 92 of plaintiffs' Complaint, defendant denies that it engaged in extreme or outrageous conduct. Defendant denies that it intended to cause plaintiffs to suffer injury and denies that plaintiffs were injured physically or emotionally as a result of its conduct. Defendant denies that the GEO Group or any of its officers were acting as an agent of the City. Defendant denies any remaining allegations for lack of information and belief.

**FIFTH CAUSE OF ACTION: FIRST AMENDMENT RETALIATION**

32. In response to paragraphs 93 to 99 of plaintiffs' Complaint, defendant denies that it violated plaintiffs' rights. Defendant denies that it retaliated against plaintiffs. Defendant denies that plaintiffs were injured emotionally as a result of its conduct. Defendant denies that the GEO Group or any of its officers were acting as an agent of the City, and denies that vicarious liability extends to Section 1983 claims. Defendant denies any remaining allegations for lack of information and belief.

**SIXTH CAUSE OF ACTION: FOURTH AND FOURTEENTH**

**AMENDMENT EXCESSIVE FORCE**

33. In response to paragraphs 100 to 104 of plaintiffs' Complaint, defendant denies that it used excessive force against plaintiffs. Defendant denies

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4825-2630-8975 v1          - 7 -          5:18-CV-01125-R-GJS
CITY OF ADELANTO'S ANSWER

that it intended to cause plaintiffs to suffer injury and denies that plaintiffs were injured physically or emotionally as a result of its conduct. Defendant denies that the GEO Group or any of its officers were acting as an agent of the City, and denies that vicarious liability extends to Section 1983 claims. Defendant denies any remaining allegations for lack of information and belief.

## SEVENTH CAUSE OF ACTION: FIFTH AND FOURTEENTH AMENDMENTS RIGHT TO DUE PROCESS OF LAW

34. In response to paragraphs 106 to 111 of plaintiffs' Complaint, defendant denies that it deprived plaintiffs of liberty without due process of law. Defendant denies that it assaulted plaintiffs or retaliated against them. Defendant denies that plaintiffs were injured physically or emotionally as a result of its conduct. Defendant denies that the GEO Group or any of its officers were acting as an agent of the City, and denies that vicarious liability extends to Section 1983 claims. Defendant denies any remaining allegations for lack of information and belief.

## EIGHTH CAUSE OF ACTION: BANE ACT

35. In response to paragraphs 112 to 116 of plaintiffs' Complaint, defendant denies that it used threats, intimidation or coercion to interfere with plaintiffs' exercise of their constitutional rights. Defendant denies that the GEO Group or any of its officers were acting as an agent of the City. Defendant denies any remaining allegations for lack of information and belief.

## NINTH CAUSE OF ACTION: CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS

36. In response to paragraphs 117 to 120 of plaintiffs' Complaint, defendant denies that it conspired to deprive plaintiffs of equal protection. Defendant denies that plaintiffs were injured physically or emotionally as a result of its conduct. Defendant denies that the GEO Group or any of its officers were acting as an agent of the City. Defendant denies any remaining allegations for lack of

information and belief.

## TENTH CAUSE OF ACTION: NEGLIGENCE AND FAILURE TO PROVIDE MEDICAL CARE

37. In response to paragraphs 121 to 123 of plaintiffs' Complaint, defendant denies that plaintiffs were denied medical care. Defendant denies that plaintiffs were injured physically or emotionally as a result of their actions or inactions. Defendant denies that the GEO Group or any of its officers were acting as an agent of the City. Defendant denies any remaining allegations for lack of information and belief.

## PRAYER FOR RELIEF

38. In response to plaintiffs' prayer for relief, defendant denies that plaintiff is entitled to declaratory judgment or monetary damages, or any other relief. Defendant asserts that plaintiff is not entitled to punitive damages.

## AFFIRMATIVE DEFENSES

As separate and affirmative defenses, defendant alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

39. Plaintiffs' Complaint fails to state a claim upon which relief can be granted. Plaintiffs' Complaint also fails to state a claim against defendant.

## SECOND AFFIRMATIVE DEFENSE

40. Defendant denies that plaintiffs have been deprived of any rights, privileges, or immunities guaranteed by the laws of the United States or by the laws of the State of California.

## THIRD AFFIRMATIVE DEFENSE

41. At all relevant times, Defendant acted within the scope of discretion, with due care, and good faith fulfillment of responsibilities pursuant to applicable statutes, rules and regulation, within the bounds of reason under all circumstances known, and with the good faith belief that its actions comported with federal and state laws. Defendant therefore asserts qualified immunity from liability.

## FOURTH AFFIRMATIVE DEFENSE

42.     Plaintiffs have suffered no actual injury due to Defendant's conduct.

## FIFTH AFFIRMATIVE DEFENSE

43.     Defendant asserts that this action may be subject to the doctrine of collateral estoppel or res judicata due to the pendency of any related state court proceedings arising from the same incidents and/or due to any duplicated federal claims.

## SIXTH AFFIRMATIVE DEFENSE

44.     Plaintiffs' claims are barred by all applicable statutes of limitations.

## SEVENTH AFFIRMATIVE DEFENSE

45.     Any and all happenings, events, damages and injuries, if any, referred to in the Complaint were proximately caused and contributed by plaintiffs' own conduct in that they failed to comply with orders at the alleged times and places.

## EIGHTH AFFIRMATIVE DEFENSE

46.     Plaintiffs' own conduct estops them from claiming the damages in the Complaint.

## NINTH AFFIRMATIVE DEFENSE

47.     Plaintiffs are not entitled to punitive damages because defendant did not act with malicious intent to deprive them of any constitutional right or to cause any injury.  Punitive damages are not recoverable for the claims set forth.

## TENTH AFFIRMATIVE DEFENSE

48.      Defendant is not vicariously liable for acts of subordinates or subject to liability under the doctrine of *respondeat superior*.

## ELEVENTH AFFIRMATIVE DEFENSE

49.     Plaintiffs failed to mitigate their own damages, if any exist.

## TWELFTH AFFIRMATIVE DEFENSE

50.     Should plaintiffs recover damages against defendant, defendant is entitled to have the amount abated, apportioned or reduced to the extent that any

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4825-2630-8975 v1                          - 10 -                    5:18-CV-01125-R-GJS
CITY OF ADELANTO'S ANSWER

other party's negligence caused or contributed to damages, if any there were.

## THIRTEENTH AFFIRMATIVE DEFENSE

51. Answering defendant alleges by way of a plea of comparative negligence that plaintiffs and other parties were negligent in and about the matters and activities alleged in the Complaint, that said negligence contributed to and was a proximate cause of the alleged injuries and damages, if any, and that if plaintiffs and/or other parties are found to have been negligent, and if the plaintiffs are entitled to recover damages against the answering defendant by virtue of the Complaint, defendant prays that said recovery be diminished by reason of the negligence of the plaintiffs in proportion to the degree of fault attributable to the plaintiffs.

## FOURTEENTH AFFIRMATIVE DEFENSE

52. Defendant alleges that Plaintiffs' claims are barred by the equitable doctrines of estoppel, laches and unclean hands.

## FIFTEENTH AFFIRMATIVE DEFENSE

53. Defendant alleges that at no time did Defendant breach any mandatory legal duty owed to Plaintiffs the proximate cause of which was Plaintiffs' alleged injury and/or damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

54. Defendant alleges that none of its agents and/or employees engaged in any interference, or attempts to interfere, by threats, intimidation, violence or coercion with Plaintiffs' exercise or enjoyment of their constitutional rights.

## SEVENTEENTH AFFIRMATIVE DEFENSE

55. Defendant is not liable because it did not operate the detention center where plaintiffs were held.

## EIGHTEENTH AFFIRMATIVE DEFENSE

56. Plaintiffs' state law claims are barred by his failure to comply with the strictures of the Government Tort Claims Act.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4825-2630-8975 v1
- 11 -
5:18-CV-01125-R-GJS
CITY OF ADELANTO'S ANSWER

## NINETHEENTH AFFIRMATIVE DEFENSE

57.    Defendant is immune from liability for their actions by the application of one or more of the immunities set forth in the California *Government Code,* including the immunities set forth in §§ 820, 820.2, 820.4, 820.6, 820.8.

## TWENTIETH AFFIRMATIVE DEFENSE

58.    There is no liability for any injury or damages, if any there were, caused by the failure to furnish or obtain medical care for any prisoner.  (Cal. Gov. Code, § 845.6.)

## TWENTY-FIRST AFFIRAMTIVE DEFENSE

59.    There is no liability for any injury or damages, if any there were, caused by a prisoner or to a prisoner.  (Cal. Gov. Code, § 844.6.)

## TWENTY-SECOND AFFIRMATIVE DEFENSE

60.    To the extent that the Complaint attempts to predicate liability upon any public entity defendant, or any agent or employee thereof, for purported negligence in removal, prescription, disinfection, or assessment, liability is barred by Government Code sections 815.2 and 820.2 and *Herndon v. County of Marin* (1972) 25 Cal. App. 3d 933, 935, 936, reversed on other grounds by *Sullivan v. County of Los Angeles* (1974) 12 Cal.3d 710; by the lack of any duty running to Plaintiff; by the fact that any such purported act or omission is governed exclusively by statute and is outside the purview of any public employees' authority; and by the failure of any such acts or omissions to be the proximate cause of any injury alleged in the Complaint.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

61.    The Defendant is immune from liability except as provided by statute pursuant to California Government Code §§ 815 and 820.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

62.    Plaintiffs' claim for punitive damages is barred because a public entity is not liable for damages awarded under Civil Code section 3294 or other damages

imposed primarily for the sake of example and by way of punishing defendant(s).

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

63.   Because the Complaint is couched in conclusory terms, answering defendant cannot fully anticipate all affirmative defenses that may be applicable to this action.  Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is hereby reserved.

## DEMAND FOR JURY TRIAL

Defendant hereby demands a trial before a jury on all issues presented by Plaintiffs' Complaint triable to a jury.

WHEREFORE, Defendant prays that:

1. Judgment be rendered in favor of Defendant and against Plaintiffs; and

2. Plaintiffs take nothing by the Complaint; and

3. Defendant be awarded costs of suit incurred herein; and

4. Defendant be awarded such other and further relief as the Court may deem necessary and proper.


Dated:  August 3, 2018                    BURKE, WILLIAMS & SORENSEN, LLP


                                          By: */s/ Kristina Doan Strottman*
                                              Susan E. Coleman
                                              Kristina Doan Strottman

                                          Attorneys for Defendants
                                          THE GEO GROUP, INC., R. DURAN and
                                          CITY OF ADELANTO

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4825-2630-8975 v1                        - 13 -                    5:18-CV-01125-R-GJS
                                                              CITY OF ADELANTO'S ANSWER