Susan E. Coleman (SBN 171832)
E-mail: scoleman@bwslaw.com
Kristina Doan Strottman (SBN 268188)
E-mail: kstrottman@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, Suite 2400
Los Angeles, CA 90071-2953
Tel: 213.236.0600   Fax: 213.236.2700

Attorneys for Defendants
THE GEO GROUP, INC., DURAN, DIAZ,
CAMPOS and CITY OF ADELANTO

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR ARNOLDO RIVERA MARTINEZ; ISAAC ANTONIO LOPEZ CASTILLO; JOSUE VLADIMIR CORTEZ DIAZ; JOSUE MATEO LEMUS CAMPOS; MARVIN JOSUE GRANDE RODRIGUEZ; ALEXANDER ANTONIO BURGOS MEJIA; LUIS PEÑA GARCIA; JULIO CESAR BARAHONA CORNEJO, as individuals,<br><br>              Plaintiffs,<br><br>v.<br><br>THE GEO GROUP, Inc., a Florida corporation; the CITY OF ADELANTO, a municipal entity; GEO LIEUTENANT DURAN, sued in her individual capacity; GEO LIEUTENANT DIAZ, sued in her individual capacity;  GEO SERGEANT CAMPOS, sued in his individual capacity; SARAH JONES, sued in her individual capacity; THE UNITED STATES OF AMERICA; and DOES 1-10, individuals,<br><br>              Defendants. | Case No. 5:18-cv-01125-R-GJS<br><br>**DEFENDANTS DIAZ AND CAMPOS' ANSWER TO FIRST AMENDED COMPLAINT; AND DEMAND FOR JURY TRIAL**<br><br><br>Judge:      Honorable Manuel L. Real |

Defendants DIAZ and CAMPOS answer Plaintiffs' First Amended

Complaint (FAC) (Doc. #32), filed on October 11, 2018, as follows:

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4841-5685-5938 v1                           - 1 -                    5:18-CV-01125-R-GJS
                                                          DEFTS' DIAZ AND CAMPOS ANSWER

## JURISDICTION AND VENUE

1.      In response to paragraph 1 of plaintiffs' FAC, defendants admit that this court has jurisdiction over this case under its federal question jurisdiction, pursuant to 28 U.S.C. § 1331.  Defendants deny any remaining allegations for lack of information and belief.

2.      In response to paragraph 2 of plaintiffs' FAC, defendants admit that the incidents complained of in this action occurred in the City of Adelanto, San Bernardino County, State of California.  Defendants deny any remaining allegations for lack of information and belief.

## PRELIMINARY STATEMENT

3.      In response to paragraphs 3 and 4 of plaintiffs' FAC, defendants lack sufficient information to admit or deny the allegations regarding plaintiffs' journey to the United States or reasons for their attempted immigration, and on that basis, deny the allegations.  Defendants deny any remaining allegations for lack of information and belief.

4.      In response to paragraph 5 of plaintiffs' FAC, defendants admit plaintiffs were taken into custody and transported to the Adelanto Detention Center.  Defendants deny any remaining allegations for lack of information and belief.

5.      In response to paragraph 6 of plaintiffs' Complaint, defendants deny that the conditions of Adelanto are deplorable.  Defendants specifically deny the claimed number of suicides.  Defendants deny any remaining allegations for lack of information and belief.

6.      In response to paragraph 7 of plaintiffs' FAC, defendants deny that plaintiffs had inhumane conditions, dirty clothes, inedible meals, lack of access to drinking water, or any other poor living conditions.  Defendants have no input on the amount of bond set for plaintiffs.  Defendants deny any remaining allegations for lack of information and belief.

7.      In response to paragraph 8 of plaintiffs' FAC, defendants deny the

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4841-5685-5938 v1                              - 2 -                              5:18-CV-01125-R-GJS
DEFTS' DIAZ AND CAMPOS ANSWER

conditions at Adelanto were inhumane or unlawful. Defendants deny any remaining allegations for lack of information and belief.

8. In response to paragraph 9 of plaintiffs' FAC, defendants deny that they or any GEO employees attacked or beat plaintiffs. Defendants deny any remaining allegations for lack of information and belief.

9. In response to paragraph 10 of plaintiffs' FAC, defendants deny that they committed any misconduct and deny that the conditions at Adelanto are "depraved." Defendants deny any remaining allegations for lack of information and belief.

## PARTIES

10. In response to paragraphs 11-13 of plaintiffs' FAC, defendants admit that plaintiff Omar Rivera Martinez was detained at Adelanto. Defendants deny that Martinez was attacked and deny that his rights were violated. Defendants deny that Martinez's nose was fractured as a result of this incident. Defendants deny any remaining allegations for lack of information and belief.

11. In response to paragraphs 14-15 of plaintiffs' FAC, defendants admit that plaintiff Castillo was detained at Adelanto. Defendants deny Castillo was brutally attacked and deny that his rights were violated. Defendants deny that Castillo had pepper spray burns, bleeding, or bruising as a result of this incident. Defendants deny any remaining allegations for lack of information and belief.

12. In response to paragraphs 18-19 of plaintiffs' FAC, defendants admit that plaintiff Campos was detained at Adelanto. Defendants deny Campos was brutally attacked and deny that his rights were violated. Defendants deny that Campos suffered pepper spray burns, bruising, or shoulder pain as a result of this incident. Defendants deny any remaining allegations for lack of information and belief.

13. In response to paragraphs 20-21 of plaintiffs' FAC, defendants admit that plaintiff Rodriguez was detained at Adelanto. Defendants deny Rodriguez was

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4841-5685-5938 v1    - 3 -    5:18-CV-01125-R-GJS
DEFTS' DIAZ AND CAMPOS ANSWER

brutally attacked and deny that his rights were violated. Defendants deny that Rodriguez had pepper spray burns, bruising, or a head injury as a result of this incident. Defendants deny any remaining allegations for lack of information and belief.

14. In response to paragraphs 22-23 of plaintiffs' FAC, defendants admit that plaintiff Burgos Mejia was detained at Adelanto. Defendants deny Burgos Mejia was brutally attacked and deny that his rights were violated. Defendants deny that Burgos Mejia had pepper spray burns, bruising, or a head injury as a result of this incident. Defendants deny any remaining allegations for lack of information and belief.

15. In response to paragraphs 24-25 of plaintiffs' FAC, defendants admit that plaintiff Garcia was detained at Adelanto. Defendants deny Garcia was brutally attacked and deny that his rights were violated. Defendants deny that Garcia had pepper spray burns, bruising, or a head injury as a result of this incident. Defendants deny any remaining allegations for lack of information and belief.

16. In response to paragraphs 26-27 of plaintiffs' FAC, defendants admit that plaintiff Cornejo was detained at Adelanto. Defendants deny Cornejo was brutally attacked and deny that his rights were violated. Defendants deny that Cornejo had pepper spray burns, bruising, or injuries to his abdomen and knee as a result of this incident. Defendants deny any remaining allegations for lack of information and belief.

17. In response to paragraph 28 of plaintiffs' FAC, defendants admit The GEO Group, Inc. is a private corporation headquartered in Boca Raton, Florida. Defendants deny any remaining allegations for lack of information and belief.

18. In response to paragraph 29 of plaintiffs' FAC, these allegations do not concern the responding GEO defendants, and therefore are not answered herein.

19. In response to paragraph 30 of plaintiffs' FAC, defendants admit that ICE detainees were housed at the Adelanto detention center. Defendants deny any

remaining allegations for lack of information and belief.

20.    In response to paragraphs 31-34, Defendants admit that R. Duran, Lieutenant Diaz, and Sergeant Campos were employees of GEO during all relevant time periods.  Defendants deny that Licensed Vocational Nurse Jones was an employee of GEO.  Defendants deny any remaining allegations for lack of information and belief.

21.    In response to paragraphs 35-36 of plaintiffs' FAC, the allegations concerning the United States of America do not concern the responding defendants, and therefore are not answered herein.

22.    In response to paragraph 37 of plaintiffs' FAC, the allegations concerning DOE defendants do not concern the responding defendants, and therefore are not answered herein.

### FACTUAL ALLEGATIONS

23.    In response to paragraphs 39-45 of plaintiffs' FAC, defendants admit that GEO staff ordered plaintiffs to leave the day room and return to their assigned bunks after breakfast on the morning of June 12, 2017.  Defendants admit that backup was requested after plaintiffs refused to leave the area.  Defendants deny any remaining allegations for lack of information and belief.

24.    In response to paragraphs 46-47 of plaintiffs' FAC, defendants admit that a supervisor arrived and displayed a can of pepper spray.  Defendants admit that short bursts of pepper spray were used to gain compliance with lawful orders. Defendants deny that any detainees were pepper sprayed at close range. Defendants deny any remaining allegations for lack of information and belief.

25.    In response to paragraph 48 of plaintiffs' FAC, defendants admit that plaintiffs were physically separated and restrained.  Defendants deny that any detainees were assaulted or slammed onto the floor and walls.  Defendants deny any remaining allegations for lack of information.

26.    In response to paragraphs 49-50 of plaintiffs' FAC, defendants deny

that Defendant Campos sprayed plaintiffs at close range.  Defendants deny any remaining allegations for lack of information.

27.     In response to paragraphs 51-55 of plaintiffs' FAC, defendants admit that plaintiffs were physically separated and restrained.  Defendants deny that any detainees were assaulted or slammed onto the floor and walls.  Defendants deny any remaining allegations for lack of information. Defendants deny that plaintiffs were taken to a small area where they were suffocated with pepper spray fumes. Defendants deny that medical staff ignored pleas for medical treatment and attention. Defendants deny any remaining allegations for lack of information.

28.     In response to paragraph 56 of plaintiffs' FAC, defendants deny that they improperly restrained plaintiffs or caused injury to plaintiffs' wrists. Defendants deny any remaining allegations for lack of information.

29.     In response to paragraphs 57-58 of plaintiffs' FAC, defendants deny that plaintiffs were forced to shower in hot water.  Defendants deny that plaintiffs were denied medical attention. Defendants deny any remaining allegations for lack of information and belief.

30.     In response to paragraphs 59-61 of plaintiffs' FAC, defendants admit that plaintiffs were taken to a restricted housing unit pending potential disciplinary action.  Defendants deny any remaining allegations for lack of information and belief.

31.     In response to paragraph 62 of plaintiffs' FAC, defendants deny that plaintiffs were denied medical attention.  Defendants deny any remaining allegations for lack of information and belief.

32.     In response to paragraphs 63-68 of plaintiffs' FAC, defendants admit that plaintiffs began a hunger strike.  Defendants deny that they retaliated against plaintiffs. Defendants lack sufficient information to admit or deny what ICE agents said to plaintiff, if anything, regarding the hunger strike.  Defendants deny any remaining allegations for lack of information and belief.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4841-5685-5938 v1                                   - 6 -

5:18-CV-01125-R-GJS
DEFTS' DIAZ AND CAMPOS ANSWER

**ADMINITRATIVE CLAIM UNDER FEDERAL TORT CLAIM ACT**

33.    In response to paragraph 69 of plaintiffs' FAC, the allegations concerning the United States of America do not concern the responding defendants, and therefore are not answered herein.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

34.    In response to paragraph 70 of plaintiffs' FAC, defendants deny that plaintiffs filed a timely state tort claim.  Defendants deny any remaining allegations for lack of information and belief.

**MONELL ALLEGATIONS**

35.    In response to paragraphs 71 to 74 of plaintiffs' Complaint, the allegations do not concern the responding defendants, and therefore are not answered herein.  Defendant denies any remaining allegations for lack of information and belief.

**FIRST CAUSE OF ACTION: BATTERY**

36.    In response to paragraphs 75 to 80 of plaintiffs' FAC, defendants deny that they assaulted or battered plaintiffs and deny they acted with the intent to harm plaintiffs.  Defendants deny that plaintiffs were injured as a result of their conduct.  Defendants deny they acted with malice, oppression, or conscious disregard of rights, and deny that they are liable for punitive damages.  Defendants deny any remaining allegations for lack of information and belief.

**SECOND CAUSE OF ACTION: ASSAULT**

37.    In response to paragraphs 81 to 86 of plaintiffs' FAC, defendants deny that they assaulted plaintiffs.  Defendants deny that plaintiffs were injured as a result of their conduct.  Defendants deny they acted with malice, oppression, or conscious disregard of rights, and deny that they are liable for punitive damages.  Defendants deny any remaining allegations for lack of information and belief.

///

///

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4841-5685-5938 v1                - 7 -                5:18-CV-01125-R-GJS
DEFTS' DIAZ AND CAMPOS ANSWER

## THIRD CAUSE OF ACTION:

## NEGLIGENT HIRING, TRAINING, AND SUPERVISION

38.     In response to paragraphs 87 to 91 of plaintiffs' FAC, the allegations do not concern the responding defendants, and therefore are not answered herein.

39.     In response to paragraph 92 of plaintiffs' FAC, the allegations concerning the United States of America do not concern the responding defendants, and therefore are not answered herein.

40.     In response to paragraph 93 of plaintiffs' FAC, the allegations do not concern the responding defendants, and therefore are not answered herein.

41.     In response to paragraph 94 of plaintiffs' FAC, Defendants deny they acted with malice, oppression, or conscious disregard of rights, and deny that they are liable for punitive damages.  Defendants deny any remaining allegations for lack of information and belief.

## FOURTH CAUSE OF ACTION: IIED

42.     In response to paragraphs 95-99 of plaintiffs' FAC, defendants deny that they engaged in extreme or outrageous conduct.  Defendants deny that they intended to cause plaintiffs to suffer injury and deny that plaintiffs were injured physically or emotionally as a result of their conduct.  Defendants deny they acted with malice, oppression, or conscious disregard of rights, and deny that they are liable for punitive damages.  Defendants deny any remaining allegations for lack of information and belief.

43.     In response to paragraphs 100-101 of plaintiffs' FAC, the allegations concerning the United States of America do not concern the responding defendants, and therefore are not answered herein.

44.     In response to paragraph 102 of plaintiffs' FAC, the allegations do not concern the responding defendants, and therefore are not answered herein.

45.     In response to paragraph 103 of plaintiffs' FAC, Defendants deny they acted with malice, oppression, or conscious disregard of rights, and deny that they

are liable for punitive damages. Defendants deny any remaining allegations for lack of information and belief.

## FIFTH CAUSE OF ACTION: FIRST AMENDMENT RETALIATION

46. In response to paragraphs 104-109 of plaintiffs' FAC, defendants deny that they violated plaintiffs' rights. Defendants deny that they retaliated against plaintiffs. Defendants deny that plaintiffs were injured emotionally as a result of their conduct. Defendants deny any remaining allegations for lack of information and belief.

47. In response to paragraph 110 of plaintiffs' FAC, the allegations concerning the United States of America do not concern the responding defendants, and therefore are not answered herein.

48. In response to paragraph 111 of plaintiffs' FAC, Defendants deny that they retaliated against Plaintiffs or violated clearly established law. Defendants deny any remaining allegations for lack of information and belief.

49. In response to paragraph 112 of plaintiffs' FAC, Defendants deny they acted with malice, oppression, or conscious disregard of rights, and deny that they are liable for punitive damages. Defendants deny any remaining allegations for lack of information and belief.

## SIXTH CAUSE OF ACTION: FOURTH AND FOURTEENTH AMENDMENT EXCESSIVE FORCE

50. In response to paragraphs 113-117 of plaintiffs' FAC, defendants deny that they used excessive force against plaintiffs. Defendants deny that they intended to cause plaintiffs to suffer injury and deny that plaintiffs were injured physically or emotionally as a result of their conduct. Defendants deny any remaining allegations for lack of information and belief.

51. In response to paragraph 118 of plaintiffs' FAC, the allegations concerning the United States of America do not concern the responding defendants, and therefore are not answered herein.

52. In response to paragraphs 119 of plaintiffs' FAC, Defendants deny that they used excessive force against Plaintiffs or violated clearly established law. Defendants deny any remaining allegations for lack of information and belief.

53. In response to paragraphs 120 of plaintiffs' FAC, Defendants deny they acted with malice, oppression, or conscious disregard of rights, and deny that they are liable for punitive damages. Defendants deny any remaining allegations for lack of information and belief.

## SEVENTH CAUSE OF ACTION: FIFTH AND FOURTEENTH AMENDMENTS RIGHT TO DUE PROCESS OF LAW

54. In response to paragraphs 121 to 125 of plaintiffs' FAC, defendants deny that they deprived plaintiffs of liberty without due process of law. Defendants deny that they assaulted plaintiffs or retaliated against them. Defendants deny that plaintiffs were injured physically or emotionally as a result of their conduct. Defendants deny any remaining allegations for lack of information and belief.

55. In response to paragraph 126 of plaintiffs' FAC, the allegations concerning the United States of America do not concern the responding defendants, and therefore are not answered herein.

56. In response to paragraphs 127 of plaintiffs' FAC, Defendants deny that they used excessive force or retaliated against Plaintiffs or violated clearly established law. Defendants deny any remaining allegations for lack of information and belief.

57. In response to paragraphs 128 of plaintiffs' FAC, Defendants deny they acted with malice, oppression, or conscious disregard of rights, and deny that they are liable for punitive damages. Defendants deny any remaining allegations for lack of information and belief.

## EIGHTH CAUSE OF ACTION: BANE ACT

58. In response to paragraphs 129-132 of plaintiffs' FAC, defendants deny that they used threats, intimidation or coercion to interfere with plaintiffs' exercise

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4841-5685-5938 v1

- 10 -

5:18-CV-01125-R-GJS
DEFTS' DIAZ AND CAMPOS ANSWER

of their constitutional rights. Defendants deny they acted with malice, oppression, or conscious disregard of rights, and deny that they are liable for punitive damages. Defendants deny any remaining allegations for lack of information and belief.

59. In response to paragraph 133 of plaintiffs' FAC, the allegations concerning the United States of America do not concern the responding defendants, and therefore are not answered herein.

60. In response to paragraph 134 of plaintiffs' FAC, Defendants deny that they caused Plaintiffs severe physical injury or emotional distress. Defendants deny any remaining allegations for lack of information and belief.

61. In response to paragraph 135 of plaintiffs' FAC, Defendants deny they acted with malice, oppression, or conscious disregard of rights, and deny that they are liable for punitive damages. Defendants deny any remaining allegations for lack of information and belief.

## NINTH CAUSE OF ACTION: CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS

62. In response to paragraphs 136 to 140 of plaintiffs' FAC, defendants deny that they conspired to deprive plaintiffs of equal protection. Defendants deny that plaintiffs were injured physically or emotionally as a result of their conduct. Defendants deny they acted with malice, oppression, or conscious disregard of rights, and deny that they are liable for punitive damages. Defendants deny any remaining allegations for lack of information and belief.

## TENTH CAUSE OF ACTION: NEGLIGENCE AND FAILURE TO PROVIDE MEDICAL CARE

63. In response to paragraphs 141-142 of plaintiffs' FAC, defendants deny that plaintiffs were denied medical care. Defendants deny that they failed to properly assess the need of use of force against plaintiff or failure to provide timely medical assistance to plaintiffs. Defendants deny that plaintiffs were injured physically or emotionally as a result of their actions or inactions. Defendants deny

any remaining allegations for lack of information and belief.

64.     In response to paragraph 143 of plaintiffs' FAC, the allegations concerning the United States of America do not concern the responding defendants, and therefore are not answered herein.

65.     In response to paragraph 135 of plaintiffs' FAC, Defendants deny they acted with malice, oppression, or conscious disregard of rights, and deny that they are liable for punitive damages.  Defendants deny any remaining allegations for lack of information and belief.

## PRAYER FOR RELIEF

66.     In response to plaintiffs' prayer for relief, defendants deny that plaintiff is entitled to declaratory judgment or monetary damages, or any other relief.  Defendants assert that plaintiff is not entitled to punitive damages.

## AFFIRMATIVE DEFENSES

As separate and affirmative defenses, defendants allege as follows:

### FIRST AFFIRMATIVE DEFENSE

67.     Plaintiffs' FAC fails to state a claim upon which relief can be granted. Plaintiffs' FAC also fails to state a claim against defendants.

### SECOND AFFIRMATIVE DEFENSE

68.     Defendants deny that plaintiffs have been deprived of any rights, privileges, or immunities guaranteed by the laws of the United States or by the laws of the State of California.

### THIRD AFFIRMATIVE DEFENSE

69.     At all relevant times, Defendants acted within the scope of discretion, with due care, and good faith fulfillment of responsibilities pursuant to applicable statutes, rules and regulation, within the bounds of reason under all circumstances known, and with the good faith belief that its actions comported with federal and state laws.  Defendants therefore assert their qualified immunity from liability.

///

## FOURTH AFFIRMATIVE DEFENSE

70.     Plaintiffs have suffered no actual injury due to Defendants' conduct.

## FIFTH AFFIRMATIVE DEFENSE

71.     Defendants assert that this action may be subject to the doctrine of collateral estoppel or res judicata due to the pendency of any related state court proceedings arising from the same incidents and/or due to any duplicated federal claims.

## SIXTH AFFIRMATIVE DEFENSE

72.     Plaintiffs' claims are barred by all applicable statutes of limitations.

## SEVENTH AFFIRMATIVE DEFENSE

73.     Any and all happenings, events, damages and injuries, if any, referred to in the FAC were proximately caused and contributed by plaintiffs' own conduct in that they failed to comply with orders at the alleged times and places.

## EIGHTH AFFIRMATIVE DEFENSE

74.     Plaintiffs' own conduct estops them from claiming the damages in the FAC.

## NINTH AFFIRMATIVE DEFENSE

75.     Plaintiffs are not entitled to punitive damages because defendants did not act with malicious intent to deprive them of any constitutional right or to cause any injury.  Punitive damages are not recoverable for the claims set forth.

## TENTH AFFIRMATIVE DEFENSE

76.     Defendants are not vicariously liable for acts of subordinates or subject to liability under the doctrine of *respondeat superior*.

## ELEVENTH AFFIRMATIVE DEFENSE

77.     Plaintiffs failed to mitigate their own damages, if any exist.

## TWELFTH AFFIRMATIVE DEFENSE

78.     Should plaintiffs recover damages against defendants, defendants are entitled to have the amount abated, apportioned or reduced to the extent that any

other party's negligence caused or contributed to damages, if any there were.

## THIRTEENTH AFFIRMATIVE DEFENSE

79.    Answering defendants allege by way of a plea of comparative negligence that plaintiffs and other parties were negligent in and about the matters and activities alleged in the FAC, that said negligence contributed to and was a proximate cause of the alleged injuries and damages, if any, and that if plaintiffs and/or other parties are found to have been negligent, and if the plaintiffs are entitled to recover damages against the answering defendants by virtue of the FAC, these defendants pray that said recovery be diminished by reason of the negligence of the plaintiffs in proportion to the degree of fault attributable to the plaintiffs.

## FOURTEENTH AFFIRMATIVE DEFENSE

80.    Defendants allege that Plaintiffs' claims are barred by the equitable doctrines of estoppel, laches and unclean hands.

## FIFTEENTH AFFIRMATIVE DEFENSE

81.    Defendants allege that at no time did Defendants breach any mandatory legal duty owed to Plaintiffs the proximate cause of which was Plaintiffs' alleged injury and/or damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

82.    Defendants allege that none of their agents and/or employees engaged in any interference, or attempts to interfere, by threats, intimidation, violence or coercion with Plaintiffs' exercise or enjoyment of their constitutional rights.

## SEVENTEENTH AFFIRMATIVE DEFENSE

83.    Defendant City of Adelanto is not liable because it did not operate the detention center where plaintiffs were held.

## EIGHTEENTH AFFIRMATIVE DEFENSE

84.    Plaintiffs' state law claims are barred by his failure to comply with the strictures of the Government Tort Claims Act.

///

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4841-5685-5938 v1                - 14 -              5:18-CV-01125-R-GJS
DEFTS' DIAZ AND CAMPOS ANSWER

## NINETHEENTH AFFIRMATIVE DEFENSE

85.    Defendant City of Adelanto is immune from liability for their actions by the application of one or more of the immunities set forth in the California *Government Code,* including the immunities set forth in §§ 820, 820.2, 820.4, 820.6, 820.8.

## TWENTIETH AFFIRMATIVE DEFENSE

86.    There is no liability for any injury or damages, if any there were, caused by the failure to furnish or obtain medical care for any prisoner. (Cal. Gov. Code, § 845.6.)

## TWENTY-FIRST AFFIRAMTIVE DEFENSE

87.    There is no liability for any injury or damages, if any there were, caused by a prisoner or to a prisoner.  (Cal. Gov. Code, § 844.6.)

## TWENTY-SECOND AFFIRMATIVE DEFENSE

88.    To the extent that the Complaint attempts to predicate liability upon any public entity defendant, or any agent or employee thereof, for purported negligence in removal, prescription, disinfection, or assessment, liability is barred by Government Code sections 815.2 and 820.2 and *Herndon v. County of Marin* (1972) 25 Cal. App. 3d 933, 935, 936, reversed on other grounds by *Sullivan v. County of Los Angeles* (1974) 12 Cal.3d 710; by the lack of any duty running to Plaintiff; by the fact that any such purported act or omission is governed exclusively by statute and is outside the purview of any public employees' authority; and by the failure of any such acts or omissions to be the proximate cause of any injury alleged in the Complaint.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

89.    The Defendant is immune from liability except as provided by statute pursuant to California Government Code §§ 815 and 820.

///

///

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4841-5685-5938 v1                - 15 -

5:18-CV-01125-R-GJS
DEFTS' DIAZ AND CAMPOS ANSWER

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

90.     Plaintiffs' claim for punitive damages is barred because a public entity is not liable for damages awarded under Civil Code section 3294 or other damages imposed primarily for the sake of example and by way of punishing defendant(s).

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

91.     Because the Complaint is couched in conclusory terms, answering defendant cannot fully anticipate all affirmative defenses that may be applicable to this action.  Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is hereby reserved.

## DEMAND FOR JURY TRIAL

Defendants hereby demand a trial before a jury on all issues presented by Plaintiffs' FAC triable to a jury.

WHEREFORE, Defendants pray that:

1. Judgment be rendered in favor of Defendants and against Plaintiffs; and

2. Plaintiffs take nothing by the FAC; and

3. Defendants be awarded costs of suit incurred herein; and

4. Defendants be awarded such other and further relief as the Court may deem necessary and proper.

Dated:  December 10, 2018                 BURKE, WILLIAMS & SORENSEN, LLP


By:  /s/ Kristina Doan Strottman
         Susan E. Coleman
         Kristina Doan Strottman

Attorneys for Defendants
THE GEO GROUP, INC., DURAN, DIAZ, CAMPOS, and CITY OF ADELANTO