NO JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

RIVERA MARTINEZ; et al.,                    )   CASE NO. EDCV 18-1125-R
                                            )
                Plaintiffs,                 )   ORDER GRANTING IN PART AND
                                            )   DENYING IN PART DEFENDANT
       v.                                   )   SARAH JONES' MOTION TO DISMISS
                                            )   AND DENYING MOTION TO STRIKE
THE GEO GROUP, INC.; et al.,                )   REQUEST FOR PUNITIVE DAMAGES
                                            )
                Defendants.                 )
                                            )
                                            )

       Before the Court is Defendant Sarah Jones' Motion to Dismiss and Motion to Strike, filed on March 8, 2019.  (Dkt. No. 52).  Having been thoroughly briefed by the parties, this Court took the matter under submission on April 9, 2019.

       United States Immigration and Customs Enforcement ("ICE") entered into an intergovernmental services agreement ("IGSA") with the city of Adelanto, California ("Adelanto") to operate the Adelanto ICE Processing Center ("APC").  The APC is owned by Defendant The GEO Group, Inc. ("GEO"), which entered into an independent subcontractor agreement with Adelanto for GEO to operate the facility per the terms of the IGSA and in accordance with Performance-Based National Detention Standards 2011 ("PBNDS").  The Services Contract between GEO and Adelanto provides that GEO will perform all obligations and

responsibilities under the IGSA, with the exception of "providing all health care services," which was reserved as the sole responsibility of Adelanto by § 13.0 of the Services Contract.

Plaintiffs allege that they were forced to flee their home countries of El Salvador and Honduras after becoming the targets of violent criminal organizations and that they sought political asylum in the United States. Plaintiffs were placed at the APC and allege that, while there, they were subjected to abusive and inhumane conditions. Plaintiffs undertook a hunger strike while at the APC and demanded that they be permitted to present their grievances to ICE officials. They allege that in response to the hunger strike, they were beaten, pepper sprayed, and otherwise physically abused by APC staff.

Against Defendant Jones in particular, Plaintiffs allege that "Defendant Jones was at all times relevant to this complaint an employee and agent of the GEO Group and is responsible for the acts and omissions complained of herein. Defendant Jones, a Licensed Vocational Nurse at Adelanto detention center, is sued in her individual and supervisory capacities." They further allege that while they were in a holding cell, after allegedly being abused by other employees of GEO, "Defendant Sarah Jones and Doe 6 arrived. The pepper spray fumes were so intolerable that Defendant Jones demanded that the room be ventilated before she approached Plaintiffs. Despite Plaintiffs' pleas for medical treatment and attention, the nurse only checked their vitals before leaving the cell."

Plaintiffs' operative First Amended Complaint ("FAC") raises the following causes of action against Defendant Jones: (1) intentional infliction of emotional distress ("IIED") (fourth cause of action), (2) 42 U.S.C. § 1983 due process violation (seventh cause of action), (3) 42 U.S.C. § 1985 conspiracy (ninth cause of action), and (4) negligent failure to provide medical care (tenth cause of action). Defendant Jones moves for dismissal under Federal Rule of Civil Procedure 12(b)(6).

Dismissal under Rule 12(b)(6) is proper when a complaint exhibits either "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). Under the heightened pleading standards of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*,

2

556 U.S. 662 (2009), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face," so that the defendant receives "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 547; *Iqbal*, 556 U.S. at 698. "All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

**<u>Seventh Cause of Action: Due Process Violation (42 U.S.C. § 1983)</u>**

Plaintiffs' seventh cause of action for violation of their due process rights under the Fifth and Fourteenth Amendments alleges, among other things, "fail[ure] to provide adequate medical care." This allegation appears to be aimed at Defendant Jones in particular.

To the extent Plaintiffs' seventh cause of action is premised on alleged violations of Article 1, Section 7 of the California Constitution, Plaintiffs' Opposition brief notes their non-opposition to dismissal of those allegations against Defendant Jones.

As a preliminary matter, to state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981) (overruled in part on other grounds by *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986)); *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978). "As a general matter, private persons do not act under color of state law absent significant governmental involvement in the action." *Visintini v. Hayward*, 2009 WL 2413356, at *3 (N.D. Cal. Aug. 5, 2009). "[C]onduct allegedly causing the deprivation of a federal right [must] be fairly attributable to the State." *Lugar v. Edmundson Oil Co., Inc.*, 457 U.S. 922, 937 (1982). Determining "fair attribution" entails a two-part analysis. *Id*. "First, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible." *Id*. "Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor. This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State." *Id*.

In 1988, the United States Supreme Court held that medical personnel operating within a

detention facility are state actors who can be sued under § 1983 for their failure to provide adequate medical care. *West v. Atkins*, 487 U.S. 42, 55 (1988). In *West*, the defendant-physician argued that he did not act under color of state law in providing health care to the plaintiff-inmates because he was an independent contractor. The Court rejected that argument and held that a person who provides medical care in a detention facility is "a person who may fairly be said to be a state actor," as it "is only those physicians authorized by the State to whom the inmate may turn." *Id*. (citations and quotations omitted); *see also J.M.M. v. County of Los Angeles*, 2016 WL 11002595, at *9 (C.D. Cal. Oct. 3, 2016) (applying *West* to find defendant-therapist working as an independent contractor in a juvenile detention center a state actor); *Alexander v. Bay*, 2010 WL 2951139, at *14 (C.D. Cal. June 14, 2010). Defendant Jones' situation is somewhat different from that of the physician-defendant in *West* in the sense that Jones is an employee of GEO and did not directly contract with the state. However, Jones' decision to provide medical services at APC was no less voluntary than that of the defendant in *West*. Accordingly, this Court finds that Jones may be fairly classified as a state actor for the purposes of Plaintiffs' cause of action under § 1983.

Defendant Jones argues that even if she is found to be a state actor, Plaintiffs nevertheless fail to state a claim because they have not pled facts supporting a finding of deliberate indifference to medical needs. However, the less-stringent objective test for deliberate indifference under the Fourteenth Amendment, as opposed to the Eighth Amendment test, applies in this case. *See Porro v. Barnes*, 624 F.3d 1322, 1326 (10th Cir. 2010). Under that test, "a pretrial detainee need not prove those subjective elements about the officer's actual awareness of the level of risk." *Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016). "*Castro*'s objective deliberate indifference standard extends to Fourteenth Amendment claims by pretrial detainees for violations of the right to adequate medical care." *Horton v. City of Santa Maria*, 915 F.3d 592, 602 (9th Cir. 2019). The required elements for a detainee to state a claim for deliberate indifference under the Fourteenth Amendment are: (1) that the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (2) that those conditions put the plaintiff at substantial risk of suffering serious harm; (3) that the defendant did not take reasonable available measures to abate the risk, even though a reasonable official in the circumstances would have

appreciated the high degree of risk involved; and (4) that by not taking such measures, the defendant caused the plaintiff's injuries. *Gordon v. Cty. of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018) (citing *Castro*, 833 F.3d at 1071).

Here, the FAC alleges that Defendant Jones checked Plaintiffs' vitals but made the deliberate decision not to provide additional immediate medical care, that at least some of the Plaintiffs were at substantial risk of suffering exacerbated injuries in the absence of immediate care, that Jones did not take reasonable measures to abate the risk even though the seriousness of Plaintiffs' conditions was readily apparent, and that Plaintiffs' injuries were exacerbated as a result. Although the FAC contains no allegations regarding Defendant Jones' subjective intent, such allegations are not required to state a claim under the objective Fourteenth Amendment standard. In sum, Plaintiffs have stated a claim for deliberate indifference to medical needs under the Fourteenth Amendment and § 1983.

**Ninth Cause of Action: Conspiracy (42 U.S.C. § 1985)**

The FAC fails to allege all required elements of a § 1985 conspiracy claim against Defendant Jones, and Plaintiffs' Opposition brief notes their non-opposition to the dismissal of their ninth cause of action against Jones. Accordingly, the ninth cause of action against Defendant Jones is dismissed.

**Tenth Cause of Action: Negligent Failure to Provide Medical Care**

With respect to Plaintiffs' tenth cause of action, the FAC alleges that "Defendants' actions and omissions were negligent and reckless, including but not limited to: [(a)] The failure to properly assess the need to use force against Plaintiffs; and [(b)] The failure to provide timely medical assistance to Plaintiffs, despite the Defendants' knowledge that Plaintiffs needed immediate medical care, as specified in Government Code § 845.6 and the 2011 ICE Operations Manual; as there is a special relationship between Defendants GEO Group, City of Adelanto, and the United States and the inmates within their custody and control."

Negligence requires four elements: (1) duty, (2) breach, (3) causation, and (4) damages. *Ileto v. Glock Inc.*, 349 F.3d 1191, 1203 (9th Cir. 2003). Although one person is generally under no duty to protect another from harm, an affirmative duty to protect another from harm may arise

5

where a "special relationship" exists between the parties, such as "where a special relation . . . between the actor and the other [] gives to the other a right of protection." *See Tarasoff v. Regents of Univ. of Cal.*, 17 Cal. 3d 425, 435 (1976) (citing Restatement Second of Torts § 315). Such special relations include that between jailer and prisoner, *Giraldo v. Dept. of Corrs. & Rehab.*, 168 Cal. App. 4th 231, 250 (2008), and between doctor and patient. *See, e.g.*, *Tarasoff* 17 Cal. 3d at 435-36. "[I]mportant factors in determining whether a relationship is 'special' include vulnerability and dependence." *Lawson v. Superior Court*, 180 Cal. App. 4th 1372, 1390 (2010) (quoting *Giraldo*, 168 Cal. App. 4th at 250).

Immigrant detainees, such as Plaintiffs here, are vulnerable and dependent upon the government agents and/or contractors in whose care they are placed in much the same way as a prisoner is vulnerable and dependent upon his jailers. Likewise, Plaintiffs were largely, if not entirely, dependent upon Defendant Jones for their medical care. This is sufficient to establish, at least for purposes of this Motion to Dismiss, that Jones owed a duty of care to Plaintiffs. Additionally, the FAC adequately alleges that Jones breached the duty of care by failing to act upon actual or constructive knowledge of their injuries and that this failure to act exacerbated Plaintiffs' injuries.

Assuming Plaintiffs qualify as "prisoners," under the California Government Code, they have also pled a viable claim arising from Government Code Section 845.6, which provides that "a public employee . . . is liable if the employee knows or has reason to know that the prisoner is in need of immediate medical care and he fails to take reasonable action to summon such medical care." "[T]he term 'immediate medical care' as used in the statute includes both diagnosis and treatment;" therefore, "the need for 'immediate medical care' can arise more than once in relation to an ongoing serious medical condition." *Jett v. Penner*, 439 F.3d 1091, 1099 (9th Cir. 2006). Thus, Defendant Jones' taking of Plaintiffs' vitals did not by itself relieve her responsibilities under the statute if their need for additional immediate medical care was apparent and she failed to take reasonable action in response. The FAC alleges that Plaintiffs' pain and suffering, and consequently their need for immediate medical care beyond merely checking their vitals, was apparent and that Jones failed to take appropriate action in response.

6

In sum, Plaintiffs have stated a claim for negligent failure to provide medical care.

**Fourth Cause of Action: IIED**

To state a claim for IIED, a plaintiff must plead that (1) the defendant engaged in extreme and outrageous conduct; (2) the defendant intended to cause, or recklessly disregarded a probability of causing, emotional distress; (3) the plaintiff suffered severe emotional distress; and (4) the plaintiff's suffering was caused by the defendant's extreme and outrageous conduct. *Hughes v. Pair*, 46 Cal. 4th 1035, 1050-51 (2009) (citations omitted). To be actionable, the defendant's conduct must be "so extreme and outrageous to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. *Alcorn v. Anbro Eng'g, Inc.*, 2 Cal. 3d 493, 499, fn. 5 (1970) (internal quotations omitted).

Here, although the FAC does not explicitly allege each of the elements of an IIED claim against Defendant Jones, the same facts underlying Plaintiffs' § 1983 claim against Jones could plausibly support an inference of extreme and outrageous conduct and reckless disregard for a probability of causing emotional distress. The FAC adequately alleges that Plaintiffs suffered severe emotional distress and that such distress was caused in part by Defendant Jones' conduct.

**Motion to Strike Plaintiffs' Request for Punitive Damages**

Plaintiffs seek punitive damages against Defendant Jones. Punitive damages may be awarded when a defendant's conduct is shown to be motivated by evil motive or when it involves reckless or callous indifference to the rights of plaintiffs. *Smith v. Wade*, 461 U.S. 30, 56 (noting standard for punitive damages in § 1983 case); Cal. Civ. Code § 3294. Here, the allegation against Jones, specifically those supporting Plaintiffs' § 1983 and IIED causes of action, could support a finding of reckless or callous indifference to Plaintiffs' rights. Accordingly, the request for punitive damages should not be stricken.

**IT IS HEREBY ORDERED** that Defendant Sarah Jones' Motion to Dismiss is GRANTED in part and DENIED in part. (Dkt. No. 53). Specifically, the Motion is GRANTED with respect to Plaintiffs' ninth cause of action and all allegations against Defendant Jones under Article 1, Section 7 of the California Constitution. The Motion is DENIED with respect to Plaintiffs' fourth, seventh, and tenth causes of action.

**IT IS FURTHER ORDERED** that Defendant Sarah Jones' Motion to Strike Plaintiffs' request for punitive damages is DENIED.  (Dkt. No. 53).

Dated: April 30, 2019.

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE