NO JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

RIVERA MARTINEZ; et al.,

             Plaintiffs,

     v.

THE GEO GROUP, INC.; et al.,

             Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO. EDCV 18-1125-R

ORDER GRANTING DEFENDANT
UNITED STATES OF AMERICA'S
MOTION TO DISMISS

Before the Court is Defendant United States of America's Motion to Dismiss, filed on March 8, 2019. (Dkt. No. 52). Having been thoroughly briefed by the parties, this Court took the matter under submission on March 29, 2019.

United States Immigration and Customs Enforcement ("ICE") entered into an intergovernmental services agreement ("IGSA") with the city of Adelanto, California ("Adelanto") to operate the Adelanto ICE Processing Center ("APC"). The APC is owned by Defendant The GEO Group, Inc. ("GEO"), which entered into an independent subcontractor agreement with Adelanto for GEO to operate the facility per the terms of the IGSA and in accordance with Performance-Based National Detention Standards 2011 ("PBNDS"). The Services Contract between GEO and Adelanto provides that GEO will perform all obligations and

responsibilities under the IGSA, with the exception of "providing all health care services," which was reserved as the sole responsibility of Adelanto by § 13.0 of the Services Contract.

Plaintiffs allege that they were forced to flee their home countries of El Salvador and Honduras after becoming the targets of violent criminal organizations and that they sought political asylum in the United States.  Plaintiffs were placed at the APC and allege that, while there, they were subjected to abusive and inhumane conditions.  Plaintiffs undertook a hunger strike while at the APC and demanded that they be permitted to present their grievances to ICE officials.  They allege that in response to the hunger strike, they were beaten, pepper sprayed, and otherwise physically abused by APC staff.

Plaintiffs' operative First Amended Complaint ("FAC") contains ten causes of action, the first, third, eighth, and tenth of which are brought against Defendant United States of America pursuant to the Federal Tort Claims Act ("FTCA").  The FTCA waives federal government immunity regarding negligent or wrongful acts committed by its employees within the scope of their official duties.  28 U.S.C. § 1346(b)(1).  The FTCA explicitly excludes "any contractor of the United States" from the definition of "employee of the government."  *Id.* § 2671.  The FTCA also excludes claims based on the exercise of discretionary functions by federal agencies and employees.  28 U.S.C. § 2680(a).  Defendant United States seeks dismissal of each of the causes of action against it under Federal Rule of Civil Procedure ("FRCP") 12(b)(6) for failure to state a claim and under FRCP 12(b)(1) for lack of subject matter jurisdiction.

Dismissal under FRCP 12(b)(6) is proper when a complaint exhibits either "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).  Under the heightened pleading standards of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face," so that the defendant receives "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 547; *Iqbal*, 556 U.S. at 698.  "All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

2

Under FRCP 12(b)(1), a plaintiff, as the party invoking federal jurisdiction, has the burden of showing that jurisdiction is proper. *Thornhill Publishing Co. v. General Tel. & Electronics Corp.*, 594 F.2d 730 (9th Cir. 1979); *see also Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir.1989)).

**First Cause of Action: Battery**

Under California law, battery is defined as "any willful and unlawful use of force or violence upon the person of another." Cal. Pen. Code § 242. "Harmful or offensive contact, intentionally done, is the essence of battery." 5 B.E. Witkin, Summary of Cal. Law, Torts § 383 (10th ed. 2005) (citations omitted). Thus, to state a claim for battery against Defendant United States, Plaintiffs must allege that (1) a federal government employee intentionally applied harmful or offensive contact upon their person (2) without their consent, and (3) that such contact caused injury, damage, loss, or other harm to Plaintiffs. *See Tekle v. United States*, 511 F.3d 839, 855 (9th Cir. 2007). Moreover, in a civil battery case involving law enforcement activity, such as here, a plaintiff also must establish that the law enforcement officers' use of force was unreasonable. *Tekle v. United States*, 2009 WL 1303357, at *8 (C.D. Cal. 2009) (citing *Edson v. City of Anaheim*, 63 Cal. App. 4th 1269, 1273 (1998)).

The only allegation in the FAC of any physical contact with Plaintiffs by any United States employee is that, "an ICE agent (Doe 7) arrived [at the holding cell where Plaintiffs were being held following alleged abusive conduct by GEO employees] and asked each person how they were injured and what had occurred. The ICE agent saw that the handcuffs on Plaintiffs were extremely tight and causing their wrists to swell. He ordered that GEO guards loosen the handcuffs and left the room." This allegation is clearly insufficient to state a claim for battery against Defendant United States. Plaintiffs do not allege any harmful, offensive, or unreasonable contact by any federal government employee, nor can they possibly do so under the facts as alleged in the FAC. And Plaintiffs have cited no authority to support their position that the unidentified ICE agent's failure to intervene may serve as the basis for a battery claim. Accordingly, Plaintiffs fail to state a claim for battery against Defendant United States of America.

///

**Third Cause of Action: Negligent Hiring, Training, & Supervision**

Plaintiffs allege as part of their third cause of action for negligent hiring, training, and supervision that "Defendant DOES 7-10 were at all times acting as employees of the United States Department of Homeland Security, Immigration and Customs Enforcement and within the scope of their employment when they harmed Plaintiffs.  Defendant United States is responsible for the wrongful conduct of its employees under the Federal Torts Claim Act."  As discussed above, Plaintiffs have not alleged any physical harm caused by employees of Defendant United States.  The only allegation of non-physical harm against federal government employees is that, "Plaintiffs were placed in a room where they met with approximately five ICE agents (Does 8-10), some of whom spoke Spanish.  These agents threatened Plaintiffs with continued isolation in segregation and summary deportation if Plaintiffs did not end their hunger strike.  ICE agents also threatened to inform Plaintiffs' immigration judges of the hunger strike, with the intent to adversely affect their immigration cases."  Plaintiffs allege that they agreed to end the hunger strike in response to these threats.

Plaintiff's cause of action for negligent hiring, training, and supervision by Defendant United States is barred by the discretionary function exception to the FTCA.  The FTCA's limited waiver of sovereign immunity excludes tort claims "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused."  28 U.S.C. § 2680(a).  Where the discretionary function exception applies, no subject matter jurisdiction exists. *Berkovitz v. United States*, 486 U.S. 531, 536 (1988); *United Cook Inlet Drift Assoc. v. Trinidad Corp. (In re Glacier Bay)*, 71 F.3d 1447, 1450 (9th Cir. 1995).

The discretionary function exception bars a claim where (1) the challenged conduct is "discretionary in nature," meaning it involves "an element of judgment or choice," instead of being subject to a statute, regulation, or policy dictating "mandatory and specific action;" or (2) the challenged conduct "is of the type Congress meant to protect" under the exception, meaning it "involves a decision that is susceptible to social, economic, or political policy analysis." *Chadd v. United States*, 794 F.3d 1104, 1108-09 (9th Cir. 2015).  The exception "is not confined to the

policy or planning level" and extends "to the actions of Government agents" taken "in the course of day-to-day activities." *United States v. Gaubert*, 499 U.S. 315, 323-25, 334 (1991). The focus is on "the nature of the actions taken and whether they are susceptible to policy analysis." *Chadd*, 794 F.3d at 1109. "[A] plaintiff must advance a claim that is facially outside the discretionary function exception in order to survive a motion to dismiss." *Prescott v. United States*, 973 F.2d 696, 701 (9th Cir. 1992) (citing *Carlyle v. United States*, 674 F.2d 554 (6th Cir. 1982)).

Here, Plaintiffs have not identified a statute, regulation, or policy dictating "mandatory and specific action" with respect to hiring decisions, nor is the existence of such a policy readily apparent. Moreover, this is the type of day-to-day decision susceptible to policy analysis which the discretionary function exception is intended to protect. *See Nurse v. United States*, 226 F.3d 996, 1001 (9th Cir. 2000). The Ninth Circuit has held that allegations of "negligent and reckless employment, supervision and training" of government employees "fall squarely within the discretionary function exception." *Id.* (holding that a suit against government defendants for the hiring of airport customs agents is barred by the discretionary function exception). To the extent this cause of action is based on ICE employees' failure to adequately supervise operation of the APC by Adelanto and GEO, as Plaintiffs argue in their Opposition brief, the FAC fails to allege facts in support of this position. Accordingly, this Court lacks subject matter jurisdiction over Plaintiffs' third cause of action.

**Eighth Cause of Action: California Civil Code Section 52.1**

California Civil Code Section 52.1(c) provides a right to relief to "[a]ny individual whose exercise or enjoyment of rights secured by the Constitution or laws of the United States, or of rights secured by the Constitution or laws of this state, has been interfered with, or attempted to be interfered with[.]" There are two elements of a claim under this statute: (1) intentional interference or attempted interference with the exercise of a state or federal constitutional or legal right, and (2) that the interference or attempted interference was done by threat, intimidation, or coercion. *Allen v. City of Sacramento*, 234 Cal. App. 4th 41, 67 (2015), *as modified on denial of reh'g* (Mar. 6, 2015) (citing *Jones v. Kmart Corp.*, 17 Cal.4th 329, 334 (1998)). The statute is intended to address "only egregious [i.e. "deliberate or spiteful"] interferences with constitutional

rights, not just any tort." *Julian v. Mission Cmty. Hosp.*, 11 Cal. App. 5th 360, 395 (2017), *as modified on denial of reh'g* (May 23, 2017) (quoting *Shoyoye v. Cty. of Los Angeles*, 2013 Cal. App. 4th 947, 959 (2012)).  Section 52.1 claims are meant "to address interference with constitutional rights involving more egregious conduct than mere negligence."  *Johnson v. Shasta Cty.*, 83 F. Supp. 3d 918, 934 (E.D. Cal. 2015).  A plaintiff must show that "the defendant interfered with or attempted to interfere with the plaintiff's legal right by threatening or committing violent acts."  *Doe v. State of California*, 8 Cal. App. 5th 832, 842 (2017) (finding no claim under Section 52.1 where agents of the DOJ allegedly threatened to arrest and/or prosecute the plaintiff if he failed to register as a sex offender).  Speech is insufficient to establish the requisite threat unless it includes a threat of violence.  *Julian*, 11 Cal. App. 5th at 395 (citing *Shoyoye*, 203 Cal. App. 4th at 958); *see also* Cal. Civ. Code § 52.1(k).

Here, Plaintiffs' eighth cause of action fails against Defendant United States because, as discussed above, Plaintiffs have failed to state a claim against Defendant United States on any alleged egregious interference with Plaintiffs' constitutional or legal rights.  The only cause of action remaining to be discussed is for negligence, which cannot support a cause of action under Section 52.1.  *Id.*  Moreover, Plaintiffs do not allege that any violent acts or threats of violence occurred.  With respect to the employees of Defendant United States, the FAC alleges only that ICE agents verbally "threatened Plaintiffs with continued isolation in segregation and summary deportation if Plaintiffs did not end their hunger strike" and "threatened to inform Plaintiffs' immigration judges of the hunger strike, with the intent to adversely affect their immigration cases."  Whether or not such threats took place, they are not the types of threats covered by Section 52.1.  *See Doe*, 8 Cal. App. 5th at 842.  Accordingly, Plaintiffs' FAC fails to state a claim under California Civil Code Section 52.1 against Defendant United States.

**<u>Tenth Cause of Action: Negligent Failure to Provide Medical Care</u>**

With respect to Plaintiffs' tenth cause of action, the FAC alleges that "Defendants' actions and omissions were negligent and reckless, including but not limited to: [(a)] The failure to properly assess the need to use force against Plaintiffs; and [(b)] The failure to provide timely medical assistance to Plaintiffs, despite the Defendants' knowledge that Plaintiffs needed

6

immediate medical care, as specified in Government Code § 845.6 and the 2011 ICE Operations Manual; as there is a special relationship between Defendants GEO Group, City of Adelanto, and the United States and the inmates within their custody and control."

Negligence requires four elements: (1) duty, (2) breach, (3) causation, and (4) damages. *Ileto v. Glock Inc.*, 349 F.3d 1191, 1203 (9th Cir. 2003). Defendant United States contends that Plaintiffs have not alleged any duty held by the United States and that the acts and omissions alleged are those of Adelanto and its sub-contractor GEO, not ICE agents or other employees of the United States. Plaintiffs counter by arguing that an unidentified ICE agent witnessed Plaintiffs injured and covered in pepper spray and that he or she asked Plaintiffs "how they were injured and what had occurred" without intervening and seeing that they were given medical treatment. Plaintiffs do not dispute that the United States is immune to suit based on the conduct of its independent contractors but instead focuses on the alleged failure to act by this unidentified ICE agent.

8 U.S.C. § 1103(a)(11)(A) gives ICE the authority to enter into agreements with states and political subdivisions thereof "for the administration and enforcement of the laws relating to immigration, naturalization, and alien registration for necessary clothing, medical care, necessary guard hire, and the housing, care, and security of persons detained." The IGSA entered into with Adelanto contains a detailed list of "Covered Services," which includes medical services. Article V, Part 4, Sections 21-22 of the IGSA specifically provide that Adelanto is responsible for making medical care available and furnishing it "in a timely and efficient manner." The IGSA reserves for ICE a limited supervisory role, including "conduct[ing] periodic inspections of the facility to assure compliance with" ICE standards.

The IGSA establishes that the obligation and responsibility of providing medical care to detainees is delegated to Adelanto and, through its sub-contractor agreement, GEO. Plaintiffs do not allege a duty to provide medical care on the part of ICE, nor do they allege that ICE agents were aware of any detainee's immediate need for medical care. The fact that ICE has a right to "receive notification of all serious incidents including . . . disturbances . . . [and] assaults on staff/inmates resulting in injuries requiring medical attention . . ." does not establish any duty to

7

furnish medical care.  The provisions of the IGSA cited by Plaintiffs and Defendant establish only that ICE acts in a supervisory role and has otherwise delegated responsibility to Adelanto. Accordingly, Plaintiffs have failed to allege a duty owed by Defendant United States regarding the provision of medical services; therefore, the FAC fails to state a claim against the United States.

**IT IS HEREBY ORDERED** that Defendant United States of America's Motion to Dismiss is GRANTED.  (Dkt. No. 52).

Dated: April 30, 2019.

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE