**LEWIS BRISBOIS BISGAARD & SMITH** LLP
GEORGE E. NOWOTNY, SB# 150481
  E-Mail: George.Nowotny@lewisbrisbois.com
JUDITH M. TISHKOFF, SB# 138375
  E-Mail: Judith.Tishkoff@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendant, SARAH JONES,
L.V.N.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| OMAR ARNOLDO RIVERA MARTINEZ; ISAAC ANTONIO LOPEZ CASTILLO; JOSUE VLADIMIR CORTEZ DIAZ; JOSUE MATEO LEMUS CAMPOS; MARVIN JOSUE GRANDE RODRIGUEZ; ALEXANDER ANTONIO BURGOS MEJIA; LUIS PEÑA GARCIA; JULIO CESAR BARAHONA CORNEJO, as individuals, <br><br> Plaintiffs, <br><br> vs. <br><br> THE GEO GROUP, INC., a Florida corporation; the CITY OF ADELANTO, a municipal entity; GEO LIEUTENANT DURAN, sued in her individual capacity; GEO LIEUTENANT DIAZ, sued in her individual capacity; GEO SERGEANT CAMPOS, sued in his individual capacity; SARAH JONES, sued in her individual capacity; THE UNITED STATES OF AMERICA; and DOES 1 - 10, individuals, <br><br> Defendants. | CASE NO. 5:18-cv-01125-R-GJS <br><br> **ANSWER TO FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL** <br><br> The Hon. Manuel L. Real, Ctrm 880 |

COMES NOW, defendant, SARAH JONES, L.V.N., and answering

plaintiffs' first amended complaint ("complaint") on file herein for herself alone and

4824-0812-8405.1

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

for no other defendant, admits, denies and alleges as follows:

## JURISDICTION AND VENUE

1.    This answering defendant admits that as to this answering defendant, this is an action for damages and declaratory relief based on allegations of violations of plaintiffs' rights under the 14th Amendment to United States Constitution, and California law. The parties have stipulated that all claims under the 1st Amendment, the 4th and 14th Amendment (excessive force), and the Bane Act are dismissed. Defendant further admits that this court has jurisdiction over this matter. The court has dismissed the claim for conspiracy.

2.    This answering defendant admits that admits that venue is proper in the Central District of California.

## PRELIMINARY STATEMENT

3.    With regard to the allegations of Paragraph 3 of plaintiff's first amended complaint, this answering defendant lacks sufficient knowledge to admit or deny said allegations, and on that basis denies them.

4.    With regard to the allegations of Paragraph 4 of plaintiffs' first amended complaint, this answering defendant lacks sufficient knowledge to admit or deny said allegations contained in paragraph 4 and 4 (a), (b), (c), (d), and on that basis denies them.

5.    With regard to the allegations of Paragraph 5 of plaintiffs' first amended complaint, this answering defendant admits that plaintiffs were detainees at "Adelanto." Defendant lacks sufficient knowledge to admit or deny the remainder of the allegations and on that basis denies them.

6.    With regard to Paragraph 6 of plaintiffs' first amended complaint, this answering defendant admits that Adelanto is a government facility for political asylum seekers and other immigrant detainees. Defendant lacks sufficient knowledge to admit or deny the remainder of the allegations contained therein, and on that basis denies them.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4824-0812-8405.1

2

ANSWER TO FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

7. With regard to the allegations set forth in Paragraph 7 of plaintiffs' first amended complaint, this answering defendant denies said allegations.

8. With regard to the allegations set forth in Paragraph 8 of plaintiffs' first amended complaint, this answering defendant admits that plaintiffs engaged in a hunger strike while at Adelanto. Defendant lacks sufficient knowledge to admit or deny the remainder of the allegations contained therein, and on that basis, denies them.

9. With regard to the allegations set forth in Paragraph 9 of plaintiffs' first amended complaint, this answering defendant denies said allegations.

10. With regard to the allegations set forth in Paragraph 10 of plaintiffs' first amended complaint, this answering defendant lacks sufficient knowledge regarding said allegations and, on that basis, denies the allegations contained therein.

## PARTIES

11. With regard to the allegations set forth in Paragraph 11 of plaintiffs' first amended complaint, this answering defendant admits that OMAR ARNOLDO RIVERA MARTINEZ was detained at Adelanto. As to the remaining allegations, this answering defendant lacks sufficient knowledge regarding said allegations and, on that basis, denies the allegations contained therein..

12. With regard to the allegations set forth in Paragraph 12 of plaintiffs' first amended complaint, this answering defendant denies said allegations.

13. With regard to the allegations set forth in Paragraph 13 of plaintiffs' first amended complaint, this answering defendant denies said allegations.

14. With regard to the allegations set forth in Paragraph 14 of plaintiffs' first amended complaint, this answering defendant admits that ISAAC ANTONIA LOPEZ CASTILLO was detained at Adelanto. As to the remaining allegations, this answering defendant lacks sufficient knowledge regarding said allegations and, on that basis, denies the allegations contained therein.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4824-0812-8405.1

3

ANSWER TO FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

15. With regard to the allegations set forth in Paragraph 15 of plaintiffs' first amended complaint, this answering defendant denies said allegations.

16. With regard to the allegations set forth in Paragraph 16 of plaintiffs' first amended complaint, this answering defendant admits that JOSUE VLADIMIR CORTEZ DIAZ was detained at Adelanto. As to the remaining allegations, this answering defendant lacks sufficient knowledge regarding said allegations and, on that basis, denies the allegations contained therein.

17. With regard to the allegations set forth in Paragraph 17 of plaintiffs' first amended complaint, this answering defendant denies said allegations.

18. With regard to the allegations set forth in Paragraph 18 of plaintiffs' first amended complaint, this answering defendant admits that JOSUE MATEO LEMUS CAMPOS was detained at Adelanto. As to the remaining allegations, this answering defendant lacks sufficient knowledge regarding said allegations and, on that basis, denies the allegations contained therein.

19. With regard to the allegations set forth in Paragraph 19 of plaintiffs' first amended complaint, this answering defendant denies said allegations.

20. With regard to the allegations set forth in Paragraph 20 of plaintiffs' first amended complaint, this answering defendant admits that MARVIN JOSUE GRANDE RODRIGUEZ was detained at Adelanto. As to the remaining allegations, this answering defendant lacks sufficient knowledge regarding said allegations and, on that basis, denies the allegations contained therein.

21. With regard to the allegations set forth in Paragraph 21 of plaintiffs' first amended complaint, this answering defendant denies said allegations.

22. With regard to the allegations set forth in Paragraph 22 of plaintiffs' first amended complaint, this answering defendant admits that ALEXANDER ANTONIO BURGOS MEJIA was detained at Adelanto. As to the remaining allegations, this answering defendant lacks sufficient knowledge regarding said allegations and, on that basis, denies the allegations contained therein.

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

4824-0812-8405.1

4

ANSWER TO FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

23. With regard to the allegations set forth in Paragraph 23 of plaintiffs' first amended complaint, this answering defendant denies said allegations.

24. With regard to the allegations set forth in Paragraph 24 of plaintiffs' first amended complaint, this answering defendant admits that LUIS PENA GARCIA was detained at Adelanto. As to the remaining allegations, this answering defendant lacks sufficient knowledge regarding said allegations and, on that basis, denies the allegations contained therein.

25. With regard to the allegations set forth in Paragraph 25 of plaintiffs' first amended complaint, this answering defendant denies said allegations.

26. With regard to the allegations set forth in Paragraph 26 of plaintiffs' first amended complaint, this answering defendant admits that JULIO CESAR BARAHONA CORNEJO was detained at Adelanto. As to the remaining allegations, this answering defendant lacks sufficient knowledge regarding said allegations and, on that basis, denies the allegations contained therein.

27. With regard to the allegations set forth in Paragraph 27 of plaintiffs' first amended complaint, this answering defendant denies said allegations.

28. With regard to the allegations set forth in Paragraph 28 of plaintiffs' first amended complaint, this answering defendant admits that GEO is a private company headquartered in Boca Raton, Florida, and that it contracts to provide personnel and services. Defendant admits that GEO contracted with the City of Adelanto to provide personnel and services at Adelanto. As to the remaining allegations contained therein, defendant lacks sufficient knowledge regarding said allegations and, on that basis, denies the allegations contained therein.

29. With regard to the allegations set forth in Paragraph 28 of plaintiffs' first amended complaint, this answering defendant admits that the City of Adelanto was a municipality in California. Defendant admits that plaintiff contends that liability against Adelanto is premised on California statutes and 42 U.S.C. § 1983.

30. With regard to the allegations set forth in Paragraph 30 of plaintiffs'

4824-0812-8405.1

ANSWER TO FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

first amended complaint, this answering defendant lacks sufficient knowledge regarding said allegations and, on that basis, denies the allegations contained therein.

31. With regard to the allegations set forth in Paragraph 31 of plaintiffs' first amended complaint, this answering defendant admits that Defendant Duran was, at all relevant times, an employee of GEO. As to the remaining allegations this answering defendant lacks sufficient knowledge regarding said allegations and, on that basis, denies the allegations contained therein.

32. With regard to the allegations set forth in Paragraph 32 of plaintiffs' first amended complaint, this answering defendant admits that defendant Diaz was, at all relevant times, an employee of GEO. As to the remaining allegations this answering defendant lacks sufficient knowledge regarding said allegations and, on that basis, denies the allegations contained therein.

33. With regard to the allegations set forth in Paragraph 33 of plaintiffs' first amended complaint, this answering defendant admits that defendant Campos was, at all relevant times, an employee of GEO. As to the remaining allegations this answering defendant lacks sufficient knowledge regarding said allegations and, on that basis, denies the allegations contained therein.

34. With regard to the allegations set forth in Paragraph 34 of plaintiffs' first amended complaint, this answering defendant admits that, at all relevant times, she was a Licensed Vocational Nurse, working at Adelanto. This answering defendant denies the remaining allegations set forth therein.

35. With regard to the allegations set forth in Paragraphs 35 and 36 of plaintiffs' first amended complaint, these allegations pertain to defendants other than this answering defendant. Defendant lacks sufficient information with regard to the allegations set forth in said paragraphs of plaintiff's complaint.

36. With regard to the allegations set forth in Paragraphs 37 and 38 of plaintiffs' first amended complaint, these allegations pertain to defendants other

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4824-0812-8405.1

6

ANSWER TO FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

than this answering defendant. Defendant lacks sufficient information with regard to the allegations set forth in said paragraphs of plaintiff's complaint.

## FACTUAL ALLEGATIONS

37. With regard to the allegations set forth in Paragraphs 39, 40, 41, 42, 43, this answering defendant lacks sufficient knowledge regarding said allegations and, on that basis, denies the allegations contained therein.

38. With regard to the allegations set forth in Paragraphs 44, 45, 46, 47, this answering defendant admits that she observed the detainees with their arms linked, the arrival of additional officers, and the use of "pepper spray." As to the remaining allegations this answering defendant lacks sufficient knowledge regarding said allegations and, on that basis, denies the allegations contained therein.

39. With regard to the allegations set forth in Paragraphs 48, this answering defendant lacks sufficient knowledge regarding said allegations and, on that basis, denies the allegations contained therein.

40. With regard to the allegations set forth in Paragraphs 49, 50, 51, 52, 53, 54, this answering defendant admits that she observed the use of "pepper spray, " that the plaintiffs were removed from the area, and that the area where the incident took place was evacuated. As to the remaining allegations this answering defendant lacks sufficient knowledge regarding said allegations and, on that basis, denies the allegations contained therein.

41. With regard to the allegations set forth in Paragraph 55, this answering defendant admits that she requested that the room be ventilated. Defendant admits that she checked the vital signs of all persons involved. Defendant denies that neither she, nor the medical staff, ignored plaintiffs' request for medical attention or that the plaintiffs were not provided adequate or appropriate medical care by her or the medical staff. Defendant denies the remaining allegations of this paragraph.

42. With regard to the allegations set forth in Paragraphs 56, 57, 58, 59, 60,

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4824-0812-8405.1                                    7
ANSWER TO FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

61, this answering defendant denies that she ignored plaintiffs' request for medical attention and denies that plaintiffs were not given appropriate or adequate medical care by her or the medical staff. Defendant further admits that the hunger strike was continued by the plaintiffs. As to the remaining allegations this answering defendant lacks sufficient knowledge regarding said allegations and, on that basis, denies the allegations contained therein.

43.    With regard to the allegations set forth in Paragraph 62, this answering defendant denies that neither she, nor the medical staff, ignored plaintiffs' request for medical attention or that plaintiffs were not provided adequate or appropriate medical care by her or the medical staff. Defendant denies the remaining allegations of this paragraph.

44.    With regard to the allegations set forth in Paragraphs 63, 64, 65, 66, 67, 68, this answering defendant lacks sufficient knowledge regarding said allegations and, on that basis, denies the allegations contained therein.

## ADMINISTRTIVE CLAIM UNDER FEDERAL TORT CLAIM ACT

45.    With regard to the allegations set forth in Paragraph 69, this answering defendant lacks sufficient knowledge regarding said allegations and, on that basis, denies the allegations contained therein.

## EXHAUSTION OF ADMINISTRTIVE REMEDIES

46.    With regard to the allegations set forth in Paragraph 70, this answering defendant lacks sufficient knowledge regarding said allegations and, on that basis, denies the allegations contained therein.

## *MONELL* ALLEGATIONS

47.    With regard to the allegations set forth in Paragraphs 71, 72, 73, and 74 of plaintiffs' first amended complaint, these allegations pertain to defendants other than this answering defendant. Defendant lacks sufficient information with regard to the allegations set forth in said paragraphs of plaintiff's complaint.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4824-0812-8405.1

8

ANSWER TO FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

# FIRST CAUSE OF ACTION

## Battery

## (Against All Defendants Except Defendants Duran and Jones)

48. With regard to the allegations set forth in paragraph 75 of plaintiffs' first amended complaint, defendant refers to and incorporates by reference each of her responses to the preceding paragraphs in plaintiffs' first amended complaint

49. With regard to the allegations set forth in Paragraphs 76, 77, 78, 79, and 80 of plaintiffs' first amended complaint, this cause of action pertains to defendants other than this answering defendant.

# SECOND CAUSE OF ACTION

## Assault

## (Against All Defendants Except the United States and Defendants Duran and Jones)

50. With regard to the allegations set forth in paragraph 81 of plaintiffs' first amended complaint, defendant refers to and incorporates by reference each of her responses to the preceding paragraphs in plaintiffs' first amended complaint

51. With regard to the allegations set forth in Paragraphs 82, 83, 84 and 85 of plaintiffs' first amended complaint, this cause of action pertains to defendants other than this answering defendant.

# THIRD CAUSE OF ACTION

## Negligent Hiring, Training and Supervision

## (Against Defendants GEO, Adelanto, & United States)

52. With regard to the allegations set forth in paragraph 87 of plaintiffs' first amended complaint, defendant refers to and incorporates by reference each of her responses to the preceding paragraphs in plaintiffs' first amended complaint.

53. With regard to the allegations set forth in Paragraphs 88, 89, 90, 91, 92, 93 and 94 of plaintiffs' first amended complaint, this cause of action pertains to defendants other than this answering defendant.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4824-0812-8405.1

9

# FOURTH CAUSE OF ACTION

## Intentional Infliction of Emotional Distress

### (Against All Defendants)

54.    With regard to the allegations set forth in paragraph 95 of plaintiffs' first amended complaint, defendant refers to and incorporates by reference each of her responses to the preceding paragraphs in plaintiffs' first amended complaint.

55.    With regard to the allegations set forth in Paragraphs 96, 97, 98, and 99 of plaintiffs' first amended complaint, the allegations set forth actions committed by others than this answering defendant, as defendant is not a GEO Group guard. Assuming, arguendo, that the allegations pertain to this answering defendant, defendant denies that she engaged in extreme and outrageous conduct, or that she intended to cause, or recklessly disregarded a probability of causing, emotional distress. Defendant and the medical staff provided proper and adequate care to plaintiffs, and did not ignore their request for medical attention or deny them medical care. This answering defendant denies that any of her conduct was a substantial factor in causing injury to plaintiffs, and that plaintiffs did not suffer severe emotional distress as a result of any of defendant's actions. Defendant denies the remaining allegations of these paragraphs.

56.    With regard to the allegations set forth in Paragraph 100, of plaintiffs' first amended complaint, the allegations do not pertain to this answering defendant. Defendant lacks sufficient information with regard to the allegations set forth in said paragraphs of plaintiff's complaint and, on that basis, denies the allegations contained therein.

57.    With regard to the allegations set forth in Paragraph 101 of plaintiffs' first amended complaint, defendant refers to and incorporates by reference each of her responses to the preceding paragraphs.

58.    With regard to the allegations set forth in Paragraph 102 of plaintiffs' first amended complaint, the allegations do not pertain to this answering defendant.

Defendant lacks sufficient information with regard to the allegations set forth in said paragraphs of plaintiff's complaint.

59.    With regard to the allegations set forth in Paragraph 103 of plaintiffs' first amended complaint, the allegations set forth actions committed by others than this answering defendant, as defendant is not a GEO Group guard.  Assuming, arguendo, that the allegations pertain to this answering defendant, defendant denies that her conduct was malicious or oppressive, or with a conscious disregard for the rights of plaintiffs.  Defendant denies that she is liable for punitive damages. Defendant lacks sufficient information with regard to the remaining allegations set forth in said paragraph and, on that basis, denies the allegations contained therein.

## FIFTH CAUSE OF ACTION

### First Amendment (42 U.S.C. § 1983; *Bivens* Claim)

### Retaliation Against Protected Conduct; CA Const. At. I, §2

### (Against All Defendants Except the United States)

60.    With regard to the allegations set forth in Paragraph 104 of plaintiffs' first amended complaint, defendant refers to and incorporates by reference each of her responses to the preceding paragraphs in plaintiffs' first amended complaint.

61.    With regard to the allegations set forth in Paragraphs 105, 106, 107, 109, 109, 110, 111, and 112 of plaintiffs' first amended complaint, this cause of action was dismissed as to this answering defendant.

## SIXTH CAUSE OF ACTION

### Fourth and Fourteenth Amendments (42 U.S.C. § 1983; *Bivens* Claims)

### Excessive Force

### (Against All Defendants Except the United States and Defendant Duran)

62.    With regard to the allegations set forth in Paragraph 113 of plaintiffs' first amended complaint, defendant refers to and incorporates by reference each of her responses to the preceding paragraphs in plaintiffs' first amended complaint.

63.    With regard to the allegations set forth in Paragraphs 114, 115, 116,

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4824-0812-8405.1
11
ANSWER TO FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

117, 118, 119, and 120 of plaintiffs' first amended complaint, <u>this cause of action was dismissed as to this answering defendant.</u>

## SEVENTH CAUSE OF ACTION

**Fifth and Fourteenth Amendments (42 U.S.C. § 1983; *Bivens* Claims)**

**Right to Due Process of Law; CA Const. Art. I §7**

**(Against All Defendants Except the United States)**

64. With regard to the allegations set forth in Paragraph 121 of plaintiffs' first amended complaint, defendant refers to and incorporates by reference each of her responses to the preceding paragraphs in plaintiffs' first amended complaint.

65. With regard to the allegations set forth in Paragraphs 122 and 123 of plaintiffs' first amended complaint, this answering defendant admits that plaintiffs' lawsuit is brought pursuant to 42 U.S.C. Section 1983. However, this answering defendant denies that plaintiffs' civil rights were violated at any time by this answering defendant or the medical staff. Defendant further denies that she deprived plaintiffs of liberty without due process of law under the Fifth and Fourteenth Amendments to the United States Constitution. Defendant denies that she placed plaintiffs in segregation, blocked or restricted their access to telephones and failed to provide adequate medical care. Defendant further denies that any alleged violation of plaintiffs' rights was done willfully, intentionally, knowingly, maliciously or concertedly, or that defendant acted with deliberate indifference. Defendant further denies that she is a state actor and therefore cannot be held liable under 42 U.S.C. section 1983. Defendant denies that none of her actions placed plaintiffs at substantial risk of suffering serious harm, and that plaintiffs did not suffer serious harm as a result of any action on this answering defendant's part. The answering defendant denies that she did not take reasonable available measures to abate the risk, and denies that she acted unreasonably under the circumstances. Defendant denies that she caused plaintiffs any injury.

66. With regard to the allegations set forth in Paragraph 125 of plaintiffs'

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4824-0812-8405.1

12

ANSWER TO FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

first amended complaint, this answering defendant denies said allegations.

67.    With regard to the allegations set forth in Paragraph 126 of plaintiffs' first amended complaint, this answering defendant denies said allegations.

68.    With regard to the allegations set forth in Paragraph 127 of plaintiffs' first amended complaint, this answering defendant denies that she segregated plaintiffs and blocked or restricted their access to telephones in retaliation. Defendant denies the remainder of the allegations.

69.    With regard to the allegations set forth in Paragraph 128 of plaintiffs' first amended complaint, defendant denies that her conduct was malicious or oppressive, or with a conscious disregard for the rights of plaintiffs. Defendant denies that she is liable for punitive damages. Defendant lacks sufficient information with regard to the remaining allegations set forth in said paragraph and, on that basis, denies the allegations contained therein.

## EIGHTH CAUSE OF ACTION

### Bane Act

### Cal.Civ. Code § 52.1

### (Against All Defendants)

70.    With regard to the allegations set forth in Paragraph 129 of plaintiffs' first amended complaint, defendant refers to and incorporates by reference each of her responses to the preceding paragraphs in plaintiffs' first amended complaint.

71.    With regard to the allegations set forth in Paragraphs 130, 131, 132, 133, 134, and 135 of plaintiffs' first amended complaint, this cause of action was dismissed as to this answering defendant.

## NINTH CAUSE OF ACTION

### Conspiracy to Interfere with Civil Rights

### (42 U.S.C. § 1985(3))

### (Against All Defendants Except the United States)

72.    With regard to the allegations set forth in Paragraph 136 of plaintiffs'

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4824-0812-8405.1

13

ANSWER TO FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

first amended complaint, defendant refers to and incorporates by reference each of her responses to the preceding paragraphs in plaintiffs' first amended complaint.

73. With regard to the allegations set forth in Paragraphs 137, 138, 139 and 140 of plaintiffs' first amended complaint, this cause of action was dismissed as to this answering defendant.

## TENTH CAUSE OF ACTION

### Negligence and Failure to Provide Medical Care

### (Against All Defendants)

74. With regard to the allegations set forth in Paragraph 141 of plaintiffs' first amended complaint, this answering defendant admits that she owed a duty of care to plaintiffs as a Licensed Vocational Nurse to comply with the standard of care in providing care within her scope of practice to plaintiffs. Defendant denies that she owed a duty to ensure plaintiffs' safety, and denies that plaintiffs were in her custody and control. Defendant denies that she had a duty to properly assess the need to use force against plaintiffs. Defendant denies that she failed to provide care and treatment to plaintiff within her scope of practice. Defendant denies that she fell below the standard of care in providing care and treatment to plaintiffs. Defendant denies the remaining allegations contained therein.

75. With regard to the allegations set forth in Paragraph 142 of plaintiff's first amended complaint, this answering defendant denies said allegations.

76. With regard to the allegations set forth in Paragraph 143 of plaintiffs' first amended complaint, the allegations do not pertain to this answering defendant. Defendant lacks sufficient information with regard to the allegations set forth in said paragraphs of plaintiff's complaint.

77. With regard to the allegations set forth in Paragraph 144 of plaintiffs' first amended complaint, defendant denies that her conduct was malicious or oppressive, or with a conscious disregard for the rights of plaintiffs. Defendant denies that she is liable for punitive damages. Defendant lacks sufficient

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

information with regard to the remaining allegations set forth in said paragraph and, on that basis, denies the allegations contained therein.

## PRAYER FOR RELIEF

78.    With regard to plaintiffs' prayer for relief, this answering defendant denies that plaintiffs are entitled to declaratory judgment or monetary damages, punitive damages, statutory damages and penalties, costs and attorneys' fees or to any relief whatsoever.

## AFFIRMATIVE DEFENSES

## FIRST SEPARATE AND AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

79.    Plaintiffs' first amended complaint and each and every claim contained therein fails to state facts sufficient to state a claim upon which relief may be granted.

## SECOND SEPARATE AND AFFIRMATIVE DEFENSE

### (Failure to State a Claim for Punitive Damages)

80.    Plaintiffs' claims for punitive damages fail to state facts sufficient to state a claim upon which punitive damages can be awarded.

## THIRD SEPARATE AND AFFIRMATIVE DEFENSE

### (Code of Civil Procedure section 425.13)

81.    Plaintiffs' claim for punitive damages is limited and/or barred by the operation of Code of Civil Procedure section 425.13.

## FOURTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Intentional and/or Negligent Conduct)

82.    Defendant alleges that plaintiffs' damages, if any, were caused by plaintiffs' own intentional or negligent acts, thus barring or limiting plaintiffs' right of recovery.

## FIFTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

83. Defendant alleges upon information and belief that plaintiffs have failed to act reasonably to mitigate any damages that they have alleged in this action.

## SIXTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

84. Defendant is informed and believes and thereon alleges that plaintiffs' claims as contained in the first amended complaint are barred by the statutes of limitations as set forth in California Code of Civil Procedure including, but not limited to, sections 335.1, 340.5, 338, and 339.

## SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

### (No Deprivation)

85. This answering defendant has not deprived plaintiffs of any right, privilege, or immunity guaranteed by the Constitution or laws of the United States or the State of California.

## EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE

### (No State Action)

86. At all times relevant, this answering defendant was not a state actor and was not acting under color of state law.

## NINTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Mere Negligence)

87. Mere negligence is an insufficient predicate upon which to base a constitutional violation.

## TENTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Good Faith)

88. Defendant acted in good faith and did not directly or indirectly perform any acts whatsoever which would constitute a violation of any state or federal rights

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

possessed by plaintiffs, or any duty owed to plaintiffs.

## TWELFTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Contributory Negligence)

89. Defendant alleges based upon information and belief that any and all events and happenings, injuries and damages, if any, referred to in said first amended complaint, were proximately caused and contributed to by the negligence and fault of plaintiffs, in that plaintiffs did not exercise ordinary care on their own behalf at the times and places referred to, and therefore, plaintiffs are completely barred from recovery herein, or in the alternative, under the doctrine of pure comparative negligence and fault, said acts of plaintiffs reduces plaintiffs' right to recovery herein by the amount which such acts contributed to said incidents.

## THIRTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

### (No Concert of Action)

90. There is no concert of action between this answering defendant and any other named defendant.

## FOURTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

91. The first amended complaint is limited or subject to an absolute bar as to recoverable damages based on after-acquired evidence the defendant has presently and/or may acquire during the course of this litigation.

## FIFTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Comparative Fault)

92. Defendant alleges the damages sustained by plaintiffs were fully or in part the fault of others, whether the fault be the proximate cause of the negligence, strict liability, breach of warranty, breach of contract, or any other type of fault caused by persons, firms, corporations or entities other than this answering defendant, and that said negligence or fault comparatively reduces the percentage of fault or negligence, if any, by this answering defendant.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## SIXTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Fair Responsibility Act of 1986/Proposition 51)

93. The liability, if any, of this answering defendant is further limited by the provisions of the "Fair Responsibility Act of 1986" (commonly known as "Proposition 51"), as set forth in Civil Code §§ 1431, 1431.1, 1431.2, 1431.3, 1431.4 and 1431.5.

## SEVENTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Civil Code § 3333.1)

94. At the time of trial, this answering defendant may allege that if plaintiffs are alleging a claim for medical negligence, this answering defendant may elect to introduce evidence of any amount paid or payable, if any as a benefit to plaintiffs pursuant to Civil Code § 3333.1.

## EIGHTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Civil Code § 3333.2)

95. The damages for non-economic losses, if any, shall not exceed the amount specified in Civil Code § 3333.2.

## NINETEENTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Code of Civil Procedure § 667.7)

96. At the time of trial, this answering defendant may elect to have future damages, if any, in excess of the amount specified in Code of Civil Procedure § 667.7, paid in whole or in part, as specified in Code of Civil Procedure § 667.7.

## TWENTIETH SEPARATE AND AFFIRMATIVE DEFENSE

### (Civil Code § 1714.8)

97. Plaintiffs' first amended complaint, and each cause of action contained therein, is barred by the provisions of Civil Code § 1714.8, as there can be no liability in that plaintiffs' damages, if any, were caused by the natural course of disease or condition or was the natural or expected result of reasonable treatment rendered for the disease or condition.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4824-0812-8405.1

18

ANSWER TO FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

## TWENTY-FIRST SEPARATE AND AFFIRMATIVE DEFENSE

### (Business & Professions Code § 6146)

98.     Plaintiffs' recovery, if any, is limited by the guidelines set forth in Business & Professions Code § 6146.

## TWENTY-SECOND SEPARATE AND AFFIRMATIVE DEFENSE

### (Privilege)

99.     Defendant alleges that she is entitled to the privileges set forth in the California Civil Code, including but not limited to Civil Code sections 47(b) and 47(c).

## TWENTY-THIRD SEPARATE AND AFFIRMATIVE DEFENSE

### (Res Judicata/Collateral Estoppel)

100.   The action is barred by the doctrines of res judicata and collateral estoppel.

## TWENTY-FOURTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Unknown Defenses)

101.   Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have additional as yet unstated defenses available.  Defendant reserves herein the right to assert additional defenses in the event discovery indicates that they would be appropriate.

### PRAYER

WHEREFORE, Defendant prays as follows:

1.     Plaintiffs take nothing by the Complaint;

2.     Defendant be awarded costs of suit; and

3.     Defendant be awarded whatever further relief the Court deems just and proper.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4824-0812-8405.1

19

ANSWER TO FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

## DEMAND FOR JURY TRIAL

Defendant hereby demands a trial by jury in the above entitled action.

DATED: May 10, 2019                    GEORGE E. NOWOTNY
                                       JUDITH M. TISHKOFF
                                       LEWIS BRISBOIS BISGAARD & SMITH LLP


                                       By:    _/s/ Judith M. Tishkoff_____
                                              Judith M. Tishkoff
                                              Attorneys for Defendant, SARAH JONES,
                                              L.V.N.