Rachel Steinback, SBN 310700
LAW OFFICE OF RACHEL STEINBACK
P.O. Box 291253
Los Angeles, CA 90029
(t) 213-537-5370
(f) 213-232-4003
(e) steinbacklaw@gmail.com

Carol A. Sobel, SBN 84483
Monique A. Alarcon, SBN 311650
LAW OFFICE OF CAROL SOBEL
725 Arizona Avenue, Suite 300
Santa Monica, CA 90401
(t) 310-393-3055
(e) carolsobel@aol.com
(e) monique.alarcon8@gmail.com

Attorneys for Plaintiffs
Additional Counsel on Following Page

### UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR ARNOLDO RIVERA MARTINEZ; ISAAC ANTONIO LOPEZ CASTILLO; JOSUE VLADIMIR CORTEZ DIAZ; JOSUE MATEO LEMUS CAMPOS; MARVIN JOSUE GRANDE RODRIGUEZ; ALEXANDER ANTONIO BURGOS MEJIA; LUIS PEÑA GARCIA; JULIO CESAR BARAHONA CORNEJO, as individuals, <br><br> PLAINTIFFS, <br><br> v. <br><br> THE GEO GROUP, Inc., a Florida corporation; the CITY OF ADELANTO, a municipal entity; GEO LIEUTENANT DURAN, sued in her individual capacity; GEO LIEUTENANT DIAZ, sued in her individual capacity; GEO SERGEANT CAMPOS, sued in his individual capacity; SARAH JONES, sued in her individual capacity; THE UNITED STATES OF AMERICA; and DOES 1-10, individuals; <br><br> DEFENDANTS. | Case No.:   5:18-cv-01125-R-GJS <br><br> The Honorable Manuel L. Real <br><br> **JOINT STIPULATION REGARDING PLAINTIFFS' MOTION TO COMPEL DEFENDANT GEO GROUP, INC.'S RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION** <br><br> Hearing Date:   June 3, 2019 <br> Hearing Time:   10:00 AM <br> Courtroom:   880 <br><br> Discovery Cutoff: June 10, 2019 <br> Pretrial Conference: July 1, 2019 <br> Trial Date: August 6, 2019 |

Catherine Sweetser, SBN 271142
Kristina Harootun, SBN 308718
SCHONBRUN SEPLOW HARRIS & HOFFMAN LLP
11543 W. Olympic Boulevard
Los Angeles, CA 90064
(t) 310-396-0731
(f) 310-399-7040
(e) csweetser@sshhlaw.com
(e) Kharootun@sshhlaw.com

Colleen Flynn, SBN 2324281
LAW OFFICE OF COLLEEN FLYNN
3435 Wilshire Boulevard, Suite 2910
Los Angeles, CA 90010
(t) 213-252-9444
(f) 213-252-0091
(e) cflynnlaw@yahoo.com

Matthew Strugar, SBN 232951
LAW OFFICE OF MATTHEW STRUGAR
3435 Wilshire Boulevard, Suite 2910
Los Angeles, CA 90010
(t) 323-696-2299
(e) matthew@matthewstrugar.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# **TABLE OF CONTENTS**

Page

PLAINTIFFS' INTRODUCTORY STATEMENT ...................................................1

DEFENDANT GEO'S INTRODUCTORY STATEMENT ........................................2

PLAINTIFFS' SUMMARY OF MEET & CONFER EFFORTS ...........................4

DEFENDANT GEO'S SUMMARY OF MEET & CONFER EFFORTS...............4

REQUEST FOR PRODUCTION NOS. 11 & 12.................................................5

GEO'S RESPONSE TO REQUEST FOR PRODUCTION NOS. 11 & 12 ...........5

   Response to Request for Production No. 11: .............................................5
   Response to Request for Production No. 12: .............................................6

PLAINTIFFS' ARGUMENT RE: REQUEST FOR PRODUCTION NOS.
11 & 12............................................................................................................7

DEFENDANT'S ARGUMENT RE: REQUEST FOR PRODUCTION NOS.
11 & 12...........................................................................................................10

REQUEST FOR PRODUCTION NO. 22 ..........................................................11

GEO'S RESPONSE TO REQUEST FOR PRODUCTION NO. 22......................12

PLAINTIFFS' ARGUMENT RE: REQUEST FOR PRODUCTION NO. 22 .......12

DEFENDANT'S ARGUMENT RE: REQUEST FOR PRODUCTON NO. 22.....13

REQUEST FOR PRODUCTION NO. 27 ..........................................................13

GEO'S RESPONSE TO REQUEST FOR PRODUCTION NO. 27......................14

PLAINTIFFS' ARGUMENT RE: REQUEST FOR PRODUCTION NO. 27 .......14

DEFENDANT'S ARGUMENT RE: REQUEST FOR PRODUCTON NO. 27.....15

REQUEST FOR PRODUCTION NOS. 46-49......................................................17

GEO'S RESPONSE TO REQUEST FOR PRODUCTION NOS. 46-49 ...............18

   Response to Request for Production No. 46: ...........................................18
   Response to Request for Production No. 47: ...........................................18
   Response to Request for Production No. 48: ...........................................18
   Response to Request for Production No. 49: ...........................................19

i

1
2
## <u>TABLE OF CONTENTS - CONT'D</u>
3
Page
4  PLAINTIFFS' ARGUMENT RE: REQUEST FOR PRODUCTION NOS.
   46-49 ...........................................................................................................19
5
   DEFENDANT'S ARGUMENT RE: REQUEST FOR PRODUCTON NOS.
6  46-49 ...........................................................................................................19
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

Page(s)

*Federal Cases*

*Curtin v. County of Orange*,
   2017 WL 5593025 (C.D. Cal. Mar. 13, 2017) ........................................ 9

*Dowling v. American Hawaii Cruises, Inc.*,
   971 F.2d 423 (9th Cir. 1992) ............................................. 6, 8, 14

*Estate of Ernesto Flores v. County of San Bernardino*,
   2017 WL 3297507 (C.D. Cal. Aug. 2, 2017) ........................................ 8

*Kelly v. City of San Jose*,
   114 F.R.D. 653 (N.D. Cal. 1987) ............................................. 6, 7, 14

*Kerr v. United States District Court*,
   511 F.2d 192 (9th Cir. 1975) ............................................. 6, 8, 14

*Kerr v. U. S. Dist. Court for Northern Dist. of California*,
   426 U.S. 394, 96 S. Ct. 2119, 48 L.Ed.2d 725 (1976) .................................. 6, 14

*Martinez v. Stockton*,
   132 F.R.D. 677 (E.D. Cal. 1990) ............................................. 6, 7, 14

*Miller v. Pancucci*,
   141 F.R.D. 292 (C.D. Cal. 1992) ............................................. 6, 7, 14

*Sanchez v. City of Santa Ana*,
   936 F.2d 1027 (9th Cir. 1991) ............................................. 6, 14

*Soto v. City of Concord*,
   162 F.R.D. 603 (N.D. Cal. 1995) ............................................. 6, 7, 14

*Union Pac. R. Co. v. Mower*,
   219 F.3d 1069 (9th Cir. 2000) ............................................. 9

*United States v. Zolin*,
   491 U.S. 554, 109 S.Ct. 2619, 105 L.Ed.2d 469 (1989) ............................... 6, 7, 14

# **TABLE OF AUTHORITIES**

Page(s)

*State Statutes*

Cal. Civ. Code § 3294 ................................................................................ 9

*Federal Rules*

Federal Rule of Evidence 501 .................................................... 6, 7, 8, 14

iv

**PLAINTIFFS' INTRODUCTORY STATEMENT**

This case is brought by Plaintiffs, eight Central American refugees who were brutally assaulted, pepper sprayed, and thrown into solitary confinement after announcing they were going to wage a peaceful hunger strike at Adelanto Detention Center ("Adelanto") to protest the deplorable conditions they and all other detainees were being subjected to. Plaintiffs filed claims under federal and state law against the private prison contractor who operates Adelanto (Defendant GEO Group, Inc.), against individual GEO Group employees who participated in the abuse, and against the City of Adelanto, which maintains a contract with GEO Group to run the detention center.

Plaintiffs sought a number of documents in their requests for production concerning matters that go to the heart of their claims. By and large, the parties resolved most of the initial discovery disputes relating to those requests. Plaintiffs now approach the Court to seek assistance with the last remaining disputes.

First, Plaintiffs seek the personnel files of the GEO employees who participated in the misconduct described in their complaint. These documents are directly relevant to Plaintiffs' claims against the individual defendant GEO guards (including their claim for punitive damages), their claim against Defendant GEO Group, Inc. (hereinafter, "GEO") and Defendant City of Adelanto for negligent, hiring training and supervision, and their *Monell* claim against GEO. Defendant GEO has objected to producing these files.

Second, Plaintiffs seek documents relating to complaints against GEO employees on six specific subjects: (a) using excessive force against detainees; (b) using pepper spray against detainees; (c) improperly placing detainees in administrative segregation; (d) denying detainees access to their lawyers; (e) creating false reports; and (f) testifying falsely in any affidavit, deposition, court proceeding, or at any other time under oath. Plaintiffs need these documents to pursue their claims against GEO for their *Monell* claim and to prove that GEO and Defendant City of

1

Adelanto were negligent in their hiring, training and supervision of the staff that worked at Adelanto.

Finally, there are a number of documents which GEO has agreed to search for and produce which Plaintiffs are waiting to receive.  Plaintiffs ask the Court to order their immediate production, as it has now been a number of months since the response to the request was due.

**DEFENDANT GEO'S INTRODUCTORY STATEMENT**

Plaintiffs' Motion to Compel is a belated attempt to compel several categories of documents that Plaintiffs' counsel acknowledged several months ago were overbroad.  Plaintiffs' counsel stated they would try to narrow down these requests but failed to do so and failed to follow-up.  Now, six months later and with extremely limited notice, Plaintiffs seek to file a Motion to Compel.[1]

For example, Plaintiffs seek to compel whole categories of personnel and employment documents. (Request for Production 11-12.)  During the meet and confer process in November 2018, Plaintiffs' counsel admitted that these requests were overbroad and stated that they would examine this request again and determine if there were any specific documents they were seeking.  By example, Plaintiffs' request included complete personnel files, mental health examinations, and retirement, pension and/or disability benefits for any employee who was involved in any way in response to the June 12, 2017 hunger strike—regardless of whether or not they were a defendant or level of involvement.

Instead of narrowing down their requests as they indicated they would do, continuing to meaningfully engage in the discovery process, or following-up with

---

[1] On Thursday, May 2, 2019, Plaintiffs' counsel sent Defendants a letter to follow-up on the November 2018 teleconference (discussed in detail below). Without alloing defense counsel time to respond to the May 2 correspondence, on Monday, May 6, 2019, at 10:03 PM, Plaintiffs' counsel sent defense counsel this joint stipulation.

their position in a timely manner, Plaintiffs now unexpectedly seek to bring a Motion to Compel half a year later.  Plaintiffs' Motion to Compel should be denied because Plaintiff's discovery requests are disproportionate to the needs of the case as the requests are not narrowly tailored to requesting relevant materials.  Further, Plaintiffs' Motion should be denied because they failed to meaningfully continue in meet and confer discussions and narrow down their requests as they indicated that they would.

Plaintiffs' Motion also seeks to compel any allegations or complaints regarding (a) using excessive force against detainees; (b) using pepper spray against detainees; (c) improperly placing detainees in administrative segregation; (d) denying detainees access to their lawyers; (e) creating false reports; and (f) testifying falsely in any affidavit, deposition, court proceeding, or at any other time under oath. (Request for Production #27.)  While Plaintiffs contend that these categories are specific, they are not: use of force incidents can range greatly as does the use of administrative segregation.  Again, Plaintiffs' request is disproportionate to the needs of the case, especially because GEO informed Plaintiffs' counsel on December 5, 2019, that inmate grievances are kept based on date, and are not categorized by type of incident complained of (i.e. alleged use of force, retaliation, medical care, etc.)  After GEO explained how unduly burdensome Plaintiffs' request would be, as well as noting its other objections, Plaintiffs never followed-up on this request until this Motion to Compel.  Therefore, the Motion to Compel should be denied as to this category as well.

Finally, Plaintiff also seeks to compel emails from GEO, without any specification as to which GEO employees it seeks emails to/from, and the City of Adelanto.  GEO has produced documents it has been able to find thus far and agreed that it will continue searching and produce any relevant documents, and thus a motion to compel with respect to these documents is unnecessary.

///

3

**PLAINTIFFS' SUMMARY OF MEET & CONFER EFFORTS**

Plaintiffs' counsel sent a letter to Defendant's counsel asking to meet and confer about GEO's responses on November 20, 2018.  On November 21, 2018, the parties met and conferred for approximately 40 minutes.  Defendant's counsel indicated GEO might be amenable to responding to a narrowed version of Request Nos. 11, 12, and 27.  She further agreed to ask her client to conduct additional searches and provide supplemental document productions for Request Nos. 22 & 46-49.  Since that meet and confer, the parties have engaged in a handful of communications but have not made any further headway.

**DEFENDANT GEO'S SUMMARY OF MEET & CONFER EFFORTS**

On October 17, 2018, GEO served its discovery responses, including its Responses to the First Set of Requests for Production.  One month later, Plaintiff's counsel sent a letter to Defense counsel asking to meet and confer about GEO's responses on November 20, 2018.  GEO agreed to promptly meet the following day, on November 21, 2018, where the parties had a substantive and lengthy discussion. During this meet and confer session and in written correspondence following the meet and confer sessions on December 5, 2018, GEO confirmed that it had produced all documents in its custody, possession, and control for the majority of discovery requests raised in the meet and confer letter.  (Pl.'s Exh. D, BWS Response).  GEO also confirmed in writing that Plaintiffs' counsel had agreed to narrow down requests #11-12, and confirmed Adelanto's record keeping process making request #27 especially burdensome to respond to. (*Id.*)  Finally, GEO indicated that it would continue to look for additional emails. (*Id.*)

Following the December 5, 2018 response, Plaintiffs followed up on the emails, but did not follow-up regarding requests #11-12 and #27.  Specifically, Plaintiffs' counsel did not narrow down the scope of these documents as they indicated that they would.  Plaintiffs also did not indicate that they were still seeking

documents from requests #11-12, or #27.  Finally, GEO was not aware that they would seek a motion to compel *until six months later*.

**REQUEST FOR PRODUCTION NOS. 11 & 12**

11.    All Documents maintained by Defendant relating to each of the individual GEO Group Defendants that were involved in any way in the response to Plaintiffs' June 12, 2017 hunger strike, including but not limited to: complete personnel files; employment histories; employee complaint histories; mental health examinations; retirement, pension and/or disability benefits; Complaints, charges, investigations, or inquiries; and disciplinary actions.  This Request encompasses the time period beginning with each respective Responder's employment with Defendant and continues to the present.

12.    All Documents maintained by Defendant relating to each of the individual Responders that were involved in any way in the response to Plaintiffs' June 12, 2017 hunger strike, including but not limited to: complete personnel files; employment histories; employee complaint histories; mental health examinations; retirement, pension and/or disability benefits; Complaints, charges, investigations, or inquiries; and disciplinary actions.  This Request encompasses the time period beginning with each respective Responder's employment with Defendant and continues to the present.

**GEO'S RESPONSE TO REQUEST FOR PRODUCTION NOS. 11 & 12**
        **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Objection.  This request is vague and ambiguous including as to the term "involved in any way," overly broad in time and scope, compound, calls for speculation, assumes facts not in evidence, and is unduly burdensome.  This request seeks information which is irrelevant and unlikely to lead to the discovery of

5

admissible evidence.  This request violates the privacy rights and HIPAA rights of individuals.  Defendant also objects pursuant to the following: Self-Critical Analysis, as set forth in *Dowling v. American Hawaii Cruises, Inc*., 971 F.2d 423 (9th Cir. 1992); Official Information Privilege, as set recognized in *Kerr v. United States District Court*, 511 F.2d 192 (9th Cir. 1975) (recognizing a qualified privilege for Official Information and the need for an in camera review), a*ff*. 426 U.S. 394, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976); *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033 (9th Cir. 1991); *Soto v. City of Concord,* 162 F.R.D. 603, 613 (N.D. Cal. 1995); *Martinez v. Stockton*, 132 F.R.D. 677 (E.D. Cal. 1990); *Kelly v. City of San Jose*, 114 F.R.D. 653 (N.D. Cal. 1987).  Moreover, the principles of Federal Common Law apply and guide questions of evidentiary privilege that arise in the litigation of federal rights.  *United States v. Zolin*, 491 U.S. 554, 562, 109 S.Ct. 2619, 2625, 105 L.Ed.2d 469 (1989) and Federal Rule of Evidence 501.  Specifically, federal common law applies to cases involving allegations of an individual's federal civil rights.  *Miller v. Pancucci*, 141 F.R.D. 292, 297-298 (C.D. Cal. 1992). Accordingly, no response is provided hereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Objection.  This request is vague and ambiguous including as to the terms "individual Responders," "involved in any way," overly broad in time and scope, compound, calls for speculation, assumes facts not in evidence, and is unduly burdensome.  This request seeks information which is irrelevant and unlikely to lead to the discovery of admissible evidence.  This request violates the privacy rights and HIPAA rights of individuals.  Defendant also objects pursuant to the following: Self-Critical Analysis, as set forth in *Dowling v. American Hawaii Cruises, Inc*., 971 F.2d 423 (9th Cir. 1992); Official Information Privilege, as set recognized in *Kerr v. United States District Court*, 511 F.2d 192 (9th Cir. 1975) (recognizing a qualified privilege for Official Information and the need for an in camera review), a*ff*. 426 U.S. 394, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976); *Sanchez v. City of Santa*

*Ana*, 936 F.2d 1027, 1033 (9th Cir. 1991); *Soto v. City of Concord,* 162 F.R.D. 603, 613 (N.D. Cal. 1995); *Martinez v. Stockton*, 132 F.R.D. 677 (E.D. Cal. 1990); *Kelly v. City of San Jose*, 114 F.R.D. 653 (N.D. Cal. 1987).  Moreover, the principles of Federal Common Law apply and guide questions of evidentiary privilege that arise in the litigation of federal rights.  *United States v. Zolin*, 491 U.S. 554, 562, 109 S.Ct. 2619, 2625, 105 L.Ed.2d 469 (1989) and Federal Rule of Evidence 501.  Specifically, federal common law applies to cases involving allegations of an individual's federal civil rights.  *Miller v. Pancucci*, 141 F.R.D. 292, 297-298 (C.D. Cal. 1992).  Accordingly, no response is provided hereto.

**PLAINTIFFS' ARGUMENT RE: REQUEST FOR PRODUCTION NOS. 11 & 12**

Counsel for Plaintiffs and Defendant discussed these Requests in their meet and confer.  Defendant maintained its objection and stated it would be willing to consider a narrowed-down version of the request.  Defendant also represented that neither Defendant Campos nor Defendant Diaz (two of the individually-named GEO Defendants in Plaintiffs' First Amended Complaint) had been subjected to any discipline in the course of their employment with Defendant GEO.  Plaintiffs hereby respectfully request that the Court compel Defendant to produce all documents responsive to these requests, as they are directly relevant to (i) Plaintiffs' *Monell* claim against GEO, (ii) Plaintiffs' Negligent Hiring, Training and Supervision claim against GEO and Defendant City of Adelanto, and (iii) Plaintiffs' punitive damages claim against the individual GEO Defendants.

Plaintiffs' Request Nos. 11 & 12 seek, among other things, the personnel files, employment histories, employee complaint histories, and disciplinary histories of all of the GEO Group employees, agents and officers who responded to Plaintiffs' hunger strike on June 12, 2017, or who were involved in any way in the ongoing response to Plaintiffs' hunger strike beyond June 12, 2017.  GEO refuses to produce

any documents, reciting boilerplate objections calling the Requests "vague and ambiguous … overly broad in time and scope, compound, call[] for speculation, assume[] facts not in evidence, and unduly burdensome." As boilerplate objections without any discussion of how they apply to these Requests, they are not credited as objections. GEO further proffers that the Requests "violate[] the privacy rights and HIPAA rights of individuals" and object pursuant to the "Self-Critical Analysis, as set forth in *Dowling v. American Hawaii Cruises, Inc*., 971 F.2d 423 (9th Cir. 1992)," the "Official Information Privilege, as set recognized in *Kerr v. United States District Court*, 511 F.2d 192 (9th Cir. 1975)," "the principles of Federal Common Law [that] apply and guide questions of evidentiary privilege that arise in the litigation of civil rights," and "Federal Rule of Evidence 501." None of those objections justify the withholding of the documents Plaintiffs seek. Moreover, GEO's failure to follow the proper procedures in lodging its objections forfeits its ability to maintain these objections going forward.

It is well-established that a "party asserting [a] privilege must properly invoke the privilege by making a 'substantial threshold showing.'" *Estate of Ernesto Flores v. County of San Bernardino*, 2017 WL 3297507, at *3 (C.D. Cal., Aug. 2, 2017). Specifically, "[t] he party must file an objection and submit a declaration or affidavit from a responsible official with personal knowledge of the matters attested to by the official." *Id*. "The affidavit or declaration must include (1) an affirmation that the agency has generated or collected the requested material and that it has maintained its confidentiality, (2) a statement that the material has been personally reviewed by the official, (3) a description of the governmental or privacy interests that would be threatened by disclosure of the material to the plaintiff or plaintiff's attorney, (4) a description of how disclosure under a protective order would create a substantial risk of harm to those interests, and (5) a projection of the harm to the threatened interest or interests if disclosure were made." *Id*. (citations omitted).

///

GEO has done none of these in its privilege-related objections to Plaintiffs' First Set of Requests for Production. Nor has it tendered a privilege log of any sort. Accordingly, it has waived its right to maintain these privileges, to the extent they might exist. Moreover, even if GEO had followed the proper procedure to invoke privilege, the Ninth Circuit does not recognize the self-critical analysis privilege as a valid bar to disclosure. *See Curtin v. County of Orange*, 2017 WL 5593025, at *7 (C.D. Cal. Mar. 13, 2017) (citing *Union Pac. R. Co. v. Mower*, 219 F.3d 1069, 1076 n.7 (9th Cir. 2000)).

The personnel files, complaint histories, and disciplinary histories of the GEO Group employees and agents who Plaintiffs allege engaged in significant misconduct are directly relevant to three of Plaintiffs' claims – against GEO, against the individual GEO Defendants, and against Defendant City of Adelanto – and they are reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs allege that GEO's hiring process was deficient, and that it hired, in essence, unqualified individuals who displayed a propensity to engage in misconduct (*see* Docket No. 32, Pls.' First Am. Compl., ¶¶ 71, 72, 88).  Plaintiffs also intend to seek punitive damages pursuant to Cal. Civ. Code § 3294 against the individual GEO Defendants, which will require them to demonstrate to the jury what level of deterrence will be necessary and appropriate for each individual Defendant.  The documents Plaintiffs seek in these Requests go to the heart of those claims.  Moreover, they are standard items disclosed during discovery in civil rights lawsuits. A stipulated protective order has been entered in this case. *See* Docket Nos. 33, 37. If there is anything GEO has good cause to believe merits protection, the protective order entered in this case provides the mechanism by which all parties to this litigation – including GEO – may safely produce confidential materials.  Plaintiffs respectfully request the Court order GEO to produce all responsive documents.

///

///

9

**DEFENDANT'S ARGUMENT RE: REQUEST FOR PRODUCTION NOS. 11 & 12**

Plaintiffs' Motion to Compel with respect to Request for Production Number 11 and 12 is incorrect in several aspects. First, GEO's objections were not boiler-plate. For example, GEO explained in its written objections that seeking documents for employees "involved in any way" in the June 12, 2017 hunger strike was vague and ambiguous. Was Plaintiff seeking full personnel files for officers who were not actually involved in the use of force, but reported to the scene afterwards and wrote incident reports? Was Plaintiff seeking full personnel files for supervisors of offic-ers? Was Plaintiff seeking full personnel files of every medical staff member who saw any Plaintiffs on June 12, 2017?

Further, Plaintiffs acknowledged the validity of GEO's objections as to the overbreadth and invasion of privacy/HIPPA. For example, Plaintiff was and is still unable to provide any explanation as to why they sought mental health examinations, as well as retirement, pension and/or disability benefits for every employee who was involved in any way in response to the June 12, 2017 hunger strike. Given the over-breadth and privacy concerns of these requests, Plaintiffs' counsel agreed to narrow down the scope of Requests 11 and 12 during the meet and confer discussion in November 2018; but they failed to do so. Plaintiffs should not be able to now seek to compel all documents in these requests several months later because GEO be-lieved in good faith that Plaintiffs' request would be narrowed down.

Plaintiffs' Motion to Compel suggests that documents were solely withheld based on privilege. However, it was the combination of the disproportionate request paired with privilege concerns that led to GEO's objections. GEO was not able to prepare a privilege log due to the overbreadth and vagueness of Plaintiffs' request, as it was unclear which documents GEO would be looking for and needed to with-hold on the grounds of privilege. Especially because Plaintiffs agreed to re-examine this request and narrow it down due to its overbreadth, Plaintiffs could have not

expected Defendants to prepare a privilege log when it was unclear what Plaintiffs were seeking.

Finally, Plaintiffs have failed to demonstrate how these disproportionate requests are proportional to the needs of the case.  It is unclear how these documents are related to Plaintiffs' request for punitive damages, as punitive damages focuses on the Defendants' culpability for this incident, not others.  Plaintiffs have no legal support for their argument.  Likewise, the full personnel files are disproportional to the needs of Plaintiffs' *Monell* claim.  During depositions, Defendants have answered questions as to their disciplinary history related to use of force incidents. It is unclear why Plaintiffs need documents when they have *already* obtained the information that they seek through this Motion.

While Plaintiffs claim that personnel files "are standard items disclosed during discovery in civil rights lawsuits," they cite no legal authority for this proposition or any explanation as to how records relating to any type of disciplinary history (even if it is completely dissimilar to the incident at issue), disability records, pension/retirement benefits, and mental health examinations are related to their *Monell* claims.

Plaintiffs' Motion to Compel should be denied because Plaintiff's discovery requests are disproportionate to the needs of the case as the requests are not narrowly tailored to requesting relevant materials.  Further, Plaintiffs' Motion should be denied because they failed to meaningfully continue in meet and confer discussions and narrow down their requests as they indicated that they would.

**REQUEST FOR PRODUCTION NO. 22**

All Documents comprising Communications of any kind relating to the events described in Plaintiffs' complaint, including but not limited to Communications: (a) by and between any of Defendant's employees or agents;  (b) with any member of the San Bernardino County Sheriff's Department; (c) with any employee or agent of the United States Department of Homeland Security Immigrations and Customs

Enforcement; (d) with any employee or agent of the United States Department of Homeland Security Civil Rights Division; (e) with any employee or agent of the City of Adelanto; (f) with any witness or potential witness; (g) with the media; (h) with any of Plaintiffs' immigration attorneys, advocates, or family members; and (i) with any other law enforcement agency or office – federal, state, or local – including, but not limited to, memos, letters, faxes, e-mails, or reports

**GEO'S RESPONSE TO REQUEST FOR PRODUCTION NO. 22**

Objection.  This request is vague and ambiguous, overly broad, unduly burdensome, compound, calls for speculation, and assumes facts not in evidence.  This request seeks information which is irrelevant and unlikely to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing objections, and as Defendant understands the language contained in this request, Defendant responds as follows:

Defendant refers Plaintiff to the documents and video regarding the June 12, 2017 incident which have already been produced (GEO 00001-00013, GEO 00668).  Defendant also refers Plaintiff to the incident reports/disciplinary reports and medical records regarding the June 12, 2017 incident contained in Plaintiffs' prison records and medical records which have already been produced for Plaintiffs Rivera-Martinez and Lemus-Campos, and are produced herein for the remaining Plaintiffs.  Discovery is ongoing and Defendant will supplement this response if there are additional non-privileged responsive documents.

**PLAINTIFFS' ARGUMENT RE: REQUEST FOR PRODUCTION NO. 22**

Counsel for Plaintiffs and Defendant discussed this Request in their meet and confer.  Counsel for GEO confirmed that she would contact GEO and request that it search its records (including but not limited to its email server) for all responsive documents, and that those documents would be produced to Plaintiffs.  As of the

time of this filing, GEO has not produced any responsive documents.  Plaintiffs therefore respectfully request that the Court order GEO to produce these documents immediately, as it has had since December 2018 to search for and produce them, and the discovery cutoff is approaching.

**DEFENDANT'S ARGUMENT RE: REQUEST FOR PRODUCTON NO. 22**

Plaintiffs' characterization of GEO's response is not completely accurate. GEO has produced responsive documents.  As indicated in GEO's response to Request for Production #22, GEO had produced responsive incident reports, videos, disciplinary reports, and medical records through its initial disclosures.  Defense counsel confirmed that these were all of the communications accessible by the institution, and that it would consult with GEO's headquarters to see if *additional* documents could be found on its email server.  GEO has conducted a diligent search and has not yet been able to find any responsive documents.  GEO will continue to search for documents on the headquarters' servers and produce any documents.  However, GEO has thus far produced all documents in its custody, control, and possession from its Adelanto facility, where the incident occurred.  Accordingly, a motion to compel is not necessary.

**REQUEST FOR PRODUCTION NO. 27**

All Documents relating to any allegations or Complaints against any of the individual GEO Group Defendants, the individual Responders and/or any of Defendant's agents or employees on the following subjects from June 12, 2012 to the present:

      a.  Using excessive force against detainees;

      b.  Using pepper spray against detainees;

      c.  Improperly placing detainees in administrative segregation;

      d.  Denying detainees access to their lawyers;

e.  Creating false reports; and

f.  Testifying falsely in any affidavit, deposition, court proceeding, or at any other time under oath.

**GEO'S RESPONSE TO REQUEST FOR PRODUCTION NO. 27**

Objection.  This request is vague and ambiguous including as to the terms "individual Responders," and "agents", overly broad in time and scope, compound, calls for speculation, assumes facts not in evidence, and is unduly burdensome. This request seeks information which is irrelevant and unlikely to lead to the discovery of admissible evidence.  This request violates the privacy rights of defendants and third parties.  Defendant also objects pursuant to the following: Self-Critical Analysis, as set forth in *Dowling v. American Hawaii Cruises, Inc*., 971 F.2d 423 (9th Cir. 1992); Official Information Privilege, as set recognized in *Kerr v. United States District Court*, 511 F.2d 192 (9th Cir. 1975) (recognizing a qualified privilege for Official Information and the need for an in camera review), a*ff.* 426 U.S. 394, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976); *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033 (9th Cir. 1991); *Soto v. City of Concord,* 162 F.R.D. 603, 613 (N.D. Cal. 1995); *Martinez v. Stockton*, 132 F.R.D. 677 (E.D. Cal. 1990); *Kelly v. City of San Jose*, 114 F.R.D. 653 (N.D. Cal. 1987).  Moreover, the principles of Federal Common Law apply and guide questions of evidentiary privilege that arise in the litigation of federal rights.  *United States v. Zolin*, 491 U.S. 554, 562, 109 S.Ct. 2619, 2625, 105 L.Ed.2d 469 (1989) and Federal Rule of Evidence 501.  Specifically, federal common law applies to cases involving allegations of an individual's federal civil rights.  *Miller v. Pancucci*, 141 F.R.D. 292, 297-298 (C.D. Cal. 1992).  Accordingly, no response is provided hereto.

///

///

///

14

**PLAINTIFFS' ARGUMENT RE: REQUEST FOR PRODUCTION NO. 27**

Counsel for Plaintiffs and Defendant discussed this Request in their meet and confer.  Defendant maintained its objections and stated it would be willing to consider a narrowed-down version of the request.  Plaintiffs respectfully submit that this is not sufficient.

This Request seeks all documents in GEO's possession or control relating to allegations that any GEO Group employee, agent or officer has engaged in the specific types of misconduct alleged by Plaintiffs in this case, from June 2012 to the present.  As with Request Nos. 11 & 12, the evidence Plaintiffs seek is crucial to their ability to prosecute their *Monell* claim against GEO. In response, GEO recites boilerplate objections and proffers the same objections it listed in its response to Request Nos. 11 & 12, with the same deficiencies. Plaintiffs incorporate by reference their response to GEO's identical objections to Request Nos. 11 & 12 and request that the Court order GEO to promptly produce all responsive documents – if appropriate, under the terms of the stipulated protective order entered in this case.

**DEFENDANT'S ARGUMENT RE: REQUEST FOR PRODUCTON NO. 27**

Plaintiffs seek documents relating to any allegation or complaint of numerous categories of conduct.  Although Plaintiffs maintain these categories are specific, they are not.  As noted above, use of force incidents and placement in administrative segregation can range greatly. It is unclear how an inmate alleging use of force on a transportation bus (as one hypothetical example) would be related to the *Monell* claim in this case, which has do with the use of force (e.g. use of OC spray) in response to Plaintiffs' alleged hunger strike.  As another example, it is unclear how an inmate's claim that he was improperly placed in administrative segregation due to possessing illegal contraband would have to do with this case.

Coupled with the overbreadth of this request is the administrative feasibility of complying with this request, as defense counsel already explained to Plaintiffs.

In the written follow-up to the meet and confer call, Defense counsel informed Plaintiffs' counsel: "Finally, as to request number 27, I have confirmed with Adelanto Detention Center that inmate grievances are kept based on date, and are not categorized by type of incident complained of (i.e. alleged use of force, retaliation, medical care.)  Therefore, in addition to all the other objections noted in our response, I am confirming that this request would be unduly burdensome and oppressive as it would require GEO to individually look through all inmate grievances." (Pl.'s Exh. D, BWS Response).

Plaintiffs' counsel never responded to this request, either narrowing down their request or stating that this objection/explanation was unfounded.  GEO was unaware that Plaintiffs' would continue to seek documents relating to this request months later until this Motion to Compel.

Additionally, during depositions, Defendants have answered questions related to grievances made by detainees and Plaintiffs are now aware that Defendants Campos and Diaz – the only Defendants that used force in this matter – do not have any complaints or grievances made by detainees. It is unclear why Plaintiffs seek documents responsive this request when they *already* obtained the information that they seek through this Motion.

Plaintiffs' request to compel should therefore be denied because Plaintiff's request is disproportionate to the needs of the case and unduly burdensome and oppressive, especially because GEO informed Plaintiffs' counsel on December 5, 2019 that there was not a way to complete a search for these documents without going through every inmate request over a 7 year period.

///
///
///
///
///

**REQUEST FOR PRODUCTION NOS. 46-49**

46.     Any and all records of inspections, site visits, inquiries into, or queries regarding the Adelanto Detention Center undertaken by the City of Adelanto or its officers, agents or employees between May 1, 2010 and the present.

47.     Any and all records of any phone calls, emails, facsimiles, letters, or other Communications between any executive of the GEO Group and any City of Adelanto employee concerning any aspect of treatment of detainees, including but not limited to: (i) the use of force against detainees, (ii) medical treatment of detainees, and (iii) detainees' First Amendment rights, between May 1, 2010 and the present.

48.     Any and all records of any phone calls, emails, facsimiles, letters, or other Communications between the Command Staff at the Adelanto Detention Center and any City of Adelanto employee concerning any aspect of treatment of detainees, including but not limited to: (i) the use of force against detainees, (ii) medical treatment of detainees, and (iii) detainees' First Amendment rights, between May 1, 2010 and the present.

49.     Any and all Documents and/or written responses provided to the City of Adelanto and/or its employees and agents in response to any inspection, site visit, inquiry into, or query regarding the Adelanto Detention Center, between May 1, 2010 and the present.

///

///

///

///

17

**GEO'S RESPONSE TO REQUEST FOR PRODUCTION NOS. 46-49**

<u>**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**</u>

Objection.  This request is vague and ambiguous, overly broad, unduly burdensome, compound, and calls for speculation.  This request seeks information which is irrelevant and unlikely to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing objections, and as Defendant understands the language contained in this request, Defendant responds as follows:

Defendant has requested relevant documents and will supplement this response with any non-privileged responsive documents, if any such documents exist.

<u>**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**</u>

Objection.  This request is vague and ambiguous, overly broad, unduly burdensome, compound, and calls for speculation.  This request seeks information which is irrelevant and unlikely to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing objections, and as Defendant understands the language contained in this request, Defendant responds as follows:

Defendant has requested relevant documents and will supplement this response with any non-privileged responsive documents, if any such documents exist.

<u>**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**</u>

Objection.  This request is vague and ambiguous, overly broad, unduly burdensome, compound, and calls for speculation.  This request seeks information which is irrelevant and unlikely to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing objections, and as Defendant understands the language contained in this request, Defendant responds as follows:

Defendant has requested relevant documents and will supplement this response with any non-privileged responsive documents, if any such documents exist.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Objection.  This request is vague and ambiguous, overly broad, unduly bur-densome, compound, and calls for speculation.  This request seeks information which is irrelevant and unlikely to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing objections, and as Defendant under-stands the language contained in this request, Defendant responds as follows:

Defendant has requested relevant documents and will supplement this re-sponse with any non-privileged responsive documents, if any such documents ex-ist.

**PLAINTIFFS' ARGUMENT RE: REQUEST FOR PRODUCTION NOS. 46-49**

Counsel for Plaintiffs and Defendant discussed these Requests in their meet and confer.  Counsel for GEO confirmed that these documents would be produced to Plaintiffs, but that she needed to follow up with GEO as to the timing of that production.  As of the time of this filing, GEO has not produced any responsive documents.  Plaintiffs therefore respectfully request that the Court order GEO to produce these documents immediately, as it has had since December 2018 to search for and produce them, and the discovery cutoff is approaching

**DEFENDANT'S ARGUMENT RE: REQUEST FOR PRODUCTON NOS. 46-49**

Defense counsel has been unable to find any communications accessible by the institution, and has indicated to Plaintiffs' counsel that it would consult with GEO's headquarters to see if *additional* documents could be found on its email server.  GEO has conducted a diligent search and has not yet been able to find any responsive documents.  GEO will continue to search for documents on the headquar-ters' servers and produce any documents.  Finally, because it appears that Plaintiffs

19

are using this to establish liability against the City, document requests should be accordingly addressed to them.  Accordingly, a motion to compel is not necessary.

Dated: May 13, 2019             LAW OFFICE OF RACHEL STEINBACK
                                     LAW OFFICE OF CAROL A. SOBEL
                                     SCHONBRUN SEPLOW HARRIS & HOFFMAN LLP
                                     LAW OFFICE OF MATTHEW STRUGAR
                                     LAW OFFICE OF COLLEEN FLYNN

                                     By:  /s/ Rachel Steinback
                                         Rachel Steinback
                                         *Attorney for Plaintiffs*

Dated: May 13, 2019             BURKE, WILLIAMS & SORENSEN, LLP

                                     By:  /s/ Carmen Aguado
                                         Susan E. Coleman
                                         Kristina Doan Strottman
                                         Carmen M. Aguado
                                       *Attorneys for Defendants*
                                       *THE GEO GROUP, INC., DIAZ, CAMPOS,*
                                       *DURAN and CITY OF ADELANTO.*