NO JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR ARNALDO RIVERA MARTINEZ; et al., <br><br> Plaintiffs, <br><br> v. <br><br> THE GEO GROUP, INC.; et al., <br><br> Defendants. | CASE NO. 5:18-cv-01125-R-GJS <br><br> ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL |

Before the Court is Plaintiffs' Motion to Compel, filed on May 13, 2019. (Dkt. No. 73). The parties filed a Joint Stipulation concerning the Motion also on May 13, 2019. (Dkt. No. 74). Having been thoroughly briefed by the parties, this Court took the matter under submission on May 30, 2019.

Plaintiffs seek an order compelling Defendant The GEO Group, Inc. ("Defendant") to produce documents Responsive to Requests for Production ("RFP") Nos. 11, 12, 22, 27, and 46-49. Federal Rule of Civil Procedure 26(b)(1) provides that parties may obtain discovery regarding: "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties'

1  resources, the importance of the discovery in resolving the issues, and whether the burden or
2  expense of the proposed discovery outweighs its likely benefit." Rule 34(a)(1) specifically
3  permits a party to make a request for production of documents within the scope of Rule 26(b).
4  Where a party fails to respond or provides an evasive or incomplete response, the requesting party
5  may move under Rule 37(a) for an order compelling discovery. Fed. R. Civ. P. 37(a)(3)(B); *see*
6  *also* Fed. R. Civ. P. 37(a)(4) (treating evasive or incomplete answers as a failure to respond).
7      "The party moving to compel bears the burden of demonstrating why the information
8  sought is relevant and why the responding party's objections lack merit." *Bluestone Innovations*
9  *LLC v. LG Elecs. Inc.*, 2013 WL 6354419, at *2 (N.D. Cal. Dec. 5, 2013) (citing *Fields v.*
10 *Banuelos*, 2012 WL 2888734, at *2 (E.D. Cal. July 13, 2012)). "Relevancy alone is no longer
11 sufficient to obtain discovery, the discovery requested must also be proportional to the needs of
12 the case." *Centeno v. City of Fresno*, 2016 WL 7491634, at *4 (E.D. Cal. Dec. 29, 2016) (citing
13 *In re Bard IVC Filters Prod. Liab. Litig.*, 317 F.R.D. 562, 564 (D. Ariz. 2016)).

14 **RFP Nos. 11 & 12**

15     RFP No. 11 requests: "All Documents maintained by Defendant relating to each of the
16 individual GEO Group Defendants that were involved in any way in the response to Plaintiffs'
17 June 12, 2017 hunger strike, including but not limited to: complete personnel files; employment
18 histories; employee complaint histories; mental health examinations; retirement, pension and/or
19 disability benefits; Complaints, charges, investigations, or inquiries; and disciplinary actions. This
20 Request encompasses the time period beginning with each respective Responder's employment
21 with Defendant and continues to the present."

22     RFP No. 12 requests: "All Documents maintained by Defendant relating to each of the
23 individual Responders that were involved in any way in the response to Plaintiffs' June 12, 2017
24 hunger strike, including but not limited to: complete personnel files; employment histories;
25 employee complaint histories; mental health examinations; retirement, pension and/or disability
26 benefits; Complaints, charges, investigations, or inquiries; and disciplinary actions. This Request
27 encompasses the time period beginning with each respective Responder's employment with
28 Defendant and continues to the present."

1 Defendant did not provide responses to RFP Nos. 11 or 12 and objected as follows: (1) vague and ambiguous, (2) overly broad in time and scope, (3) compound, (4) calls for speculation, (5) assumes facts not in evidence, (6) unduly burdensome, (7) seeks information that is irrelevant and unlikely to lead to the discovery of admissible evidence, (8) violative of privacy rights, (9) violative of HIPAA rights, (10) self-critical analysis as set forth in *Dowling v. American Hawaii Cruises, Inc.*, 971 F.2d 423 (9th Cir. 1992), (11) official information privilege as recognized in *Kerr v. United States District Court*, 511 F.2d 192 (9th Cir. 1975), (12) federal common law protections, and (13) Federal Rule of Evidence 501.

In the parties' Joint Stipulation, Plaintiffs explain that "Request Nos. 11 & 12 seek, among other things, the personnel files, employment histories, employee complaint histories, and disciplinary histories of all of the GEO Group employees, agents and officers who responded to Plaintiffs' hunger strike on June 12, 2017, or who were involved in any way in the ongoing response to Plaintiffs' hunger strike beyond June 12, 2017."  Plaintiffs contend that RFP Nos. 11 and 12 are relevant to its allegations that "GEO's hiring process was deficient, and that it hired, in essence, unqualified individuals who displayed a propensity to engage in misconduct" and to its punitive damages claims against the individual GEO Defendants.

Defendant has failed to properly assert a privilege by making the required "substantial threshold showing" that any of the above privileges apply.  *See Estate of Ernesto Flores v. County of San Bernardino*, 2017 WL 3297507, at *3 (C.D. Cal., Aug. 2, 2017).  Moreover, to the extent Defendant objects on privacy grounds, those concerns are obviated by the parties' stipulated protective order.  (*See* Dkt. Nos. 33, 37).

On the other hand, the Court finds that RFP Nos. 11 and 12 are vague, ambiguous, and overbroad.  The requests seek documents relating to individuals "involved in any way" in the June 12, 2017 hunger strike and subsequent response by GEO Group employees.  This phrasing could be interpreted to apply not only to those who were directly involved but also supervisors, medical staff members, and others who have not been accused of any wrongdoing.  Plaintiffs have apparently been unresponsive to Defendant's efforts to obtain from them a narrower request pertaining to those employees who were directly involved.  Moreover, the requested documents

themselves are overbroad and vaguely worded.  For instance, "personnel files" and "employment histories" could be interpreted in a number of different ways and could include many pages of irrelevant information such as financial and tax records, personal information, salary and wage records, etc.  Such documents are highly unlikely to prove relevant to the issues of this case, and their production may be unduly burdensome and disproportionate to the needs of the case.  Likewise, documents pertaining to individuals' mental health, retirement, pension, and/or disability benefits appear to have virtually no relation to this case, and Plaintiffs do not make a convincing argument to the contrary.

Nevertheless, the allegations in this case are serious, and some of the information requested is relevant to the issues.  Accordingly, Plaintiffs' Motion to Compel responses to RFP Nos. 11 and 12 is GRANTED IN PART.  Specifically, Defendant shall produce all personnel and employment records for the named Defendants and other employees of Defendant who responded directly to the June 12, 2017 incident that refer to discipline, use of force, or other incidents of misconduct.

**RFP No. 22**

RFP No. 22 requests: "All Documents comprising Communications of any kind relating to the events described in Plaintiffs' complaint, including but not limited to Communications: (a) by and between any of Defendant's employees or agents; (b) with any member of the San Bernardino County Sheriff's Department; (c) with any employee or agent of the United States Department of Homeland Security Immigrations and Customs Enforcement; (d) with any employee or agent of the United States Department of Homeland Security Civil Rights Division; (e) with any employee or agent of the City of Adelanto; (f) with any witness or potential witness; (g) with the media; (h) with any of Plaintiffs' immigration attorneys, advocates, or family members; and (i) with any other law enforcement agency or office—federal, state, or local—including, but not limited to, memos, letters, faxes, e-mails, or reports."

Defendant made the following objections: (1) vague and ambiguous, (2) overly broad, (3) unduly burdensome, (4) compound, (5) calls for speculation, (6) assumes facts not in evidence, and (7) seeks information that is irrelevant and unlikely to lead to the discovery of admissible

1  evidence.  Defendant responded to the request by referring Plaintiffs to documents and video
2  concerning the June 12, 2017 incident which were produced in response to other requests, as well
3  as incident/disciplinary reports and medical records contained in Plaintiffs' prison and medical
4  records.  Plaintiffs assert that Defendant has not produced any responsive documents.  However,
5  Defense counsel asserts that they confirmed that all available responsive documents have been
6  produced and no further responsive documents have been found following a diligent search by
7  Defendant.

8  Plaintiffs claim to have discovered information during their depositions of persons
9  connected to Defendant that suggests the existence of responsive documents that have not yet been
10 produced.  Accordingly, Plaintiffs' Motion to Compel responses to RFP No. 22 is GRANTED IN
11 PART.  Specifically, Defendant shall produce all records of communications by and between
12 Defendant and Defendant's employees and/or agents, including communications with the agencies
13 and offices identified in the request, relating to the June 12, 2017 incident.

**RFP No. 27**

RFP No. 27 requests: "All Documents relating to any allegations or Complaints against any of the individual GEO Group Defendants, the individual Responders and/or any of Defendant's agents or employees on the following subjects from June 12, 2012 to the pre-sent: [a] Using excessive force against detainees; [b] Using pepper spray against detainees; [c] Improperly placing detainees in administrative segregation; [d] Denying detainees access to their lawyers; [e] Creating false reports; and [f] Testifying falsely in any affidavit, deposition, court proceeding, or at any other time under oath."

Defendant provided no response and made the following objections: (1) vague and ambiguous, (2) overly broad in time and scope, (3) compound, (4) calls for speculation, (5) assumes facts not in evidence, (6) unduly burdensome, (7) seeks information that is irrelevant and unlikely to lead to the discovery of admissible evidence, (8) violative of privacy rights, (9) self-critical analysis as set forth in *Dowling v. American Hawaii Cruises, Inc.*, 971 F.2d 423 (9th Cir. 1992), (10) official information privilege as recognized in *Kerr v. United States District Court*, 511 F.2d 192 (9th Cir. 1975), (11) federal common law protections, and (12) Federal Rule of

1 Evidence 501.

2 The Court agrees that RFP No. 27 is compound, overbroad, and unduly burdensome. Moreover, Defendant has stated to Plaintiffs' counsel that individual Defendants Campos and Diaz, the only Defendants who used force in the alleged incidents, do not have any complaints or grievances made by detainees against them. RFP No. 27 also is duplicative of RFP Nos. 11 and 12, as clarified and narrowed by this Order. Accordingly, Plaintiffs' Motion to Compel responses to RFP No. 27 is DENIED.

**RFP Nos. 46-49**

RFP No. 46 requests: "Any and all records of inspections, site visits, inquiries into, or queries regarding the Adelanto Detention Center undertaken by the City of Adelanto or its officers, agents or employees between May 1, 2010 and the present."

RFP No. 47 requests: "Any and all records of any phone calls, emails, facsimiles, letters, or other Communications between any executive of the GEO Group and any City of Adelanto employee concerning any aspect of treatment of detainees, including but not limited to: (i) the use of force against detainees, (ii) medical treatment of detainees, and (iii) detainees' First Amendment rights, between May 1, 2010 and the present."

RFP No. 48 requests: "Any and all records of any phone calls, emails, facsimiles, letters, or other Communications between the Command Staff at the Adelanto Detention Center and any City of Adelanto employee concerning any aspect of treatment of detainees, including but not limited to: (i) the use of force against detainees, (ii) medical treatment of detainees, and (iii) detainees' First Amendment rights, between May 1, 2010 and the present."

RFP No. 49 requests: "Any and all Documents and/or written responses provided to the City of Adelanto and/or its employees and agents in response to any inspection, site visit, inquiry into, or query regarding the Adelanto Detention Center, between May 1, 2010 and the present."

Defendant objected to RFP Nos. 46-49 as follows: (1) vague and ambiguous, (2) overly broad, (3) unduly burdensome, (4) compound, (5) calls for speculation, and (6) seeks information that is irrelevant and unlikely to lead to the discovery of admissible evidence.

RFP Nos. 46-49 appear to be duplicative of RFP No. 22. Moreover, Defendant asserts that

1 | it has diligently searched for documents responsive to RFP Nos. 46-49, and that it will continue to
2 | do so, but no responsive documents have been found as of the date of this Motion. Accordingly,
3 | Plaintiffs' Motion to Compel responses to RFP Nos. 46-49 is DENIED.

4 | **IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel is GRANTED IN PART AND DENIED IN PART. (Dkt. No. 73). Defendant The GEO Group, Inc. is ordered to produce documents responsive to RFP Nos. 11, 12, and 22 in accordance with the Court's instructions above.

Dated: June 28, 2019.

_____
HON. R. GARY KLAUSNER
UNITED STATES DISTRICT JUDGE