Susan E. Coleman (SBN 171832)
E-mail: scoleman@bwslaw.com
Carmen M. Aguado (SBN 291941)
E-mail: caguado@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, Suite 2400
Los Angeles, CA 90071-2953
Tel: 213.236.0600    Fax: 213.236.2700

Attorneys for Defendants
THE GEO GROUP, INC., CITY OF ADELANTO, CAMPOS, and DIAZ

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR ARNOLDO RIVERA MARTINEZ; ISAAC ANTONIO LOPEZ CASTILLO; JOSUE VLADIMIR CORTEZ DIAZ; JOSUE MATEO LEMUS CAMPOS; MARVIN JOSUE GRANDE RODRIGUEZ; ALEXANDER ANTONIO BURGOS MEJIA; LUIS PEÑA GARCIA; JULIO CESAR BARAHONA CORNEJO, as individuals,<br><br>Plaintiffs,<br><br>v.<br><br>THE GEO GROUP, Inc., a Florida corporation; the CITY OF ADELANTO, a municipal entity; GEO LIEUTENANT DIAZ, sued in her individual capacity; GEO SERGEANT CAMPOS, sued in his individual capacity; SARAH JONES, sued in her individual capacity; THE UNITED STATES OF AMERICA; CORRECT CARE SOLUTIONS, INC.; and DOES 1-10, individuals,<br><br>Defendants. | Case No. 5:18-cv-01125-SP<br><br>**DEFENDANTS THE GEO GROUP, INC., THE CITY OF ADELANTO, DIAZ, AND CAMPOS' ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT; AND DEMAND FOR JURY TRIAL**<br><br>Magistrate Judge:    Honorable Sheri Pym |

///

///

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4821-1448-4386 v1
8/21/19

- 1 -

5:18-CV-01125-SP
DEFTS' ANSWER TO SAC

Defendants THE GEO GROUP INC., CITY OF ADELANTO, DIAZ (former employee of the GEO GROUP), DIAZ, and CAMPOS (former employees of the GEO GROUP) (collectively, "Defendants") answer Plaintiffs' Second Amended Complaint ("SAC") (Doc. #95), filed on August 15, 2019, as follows:

**JURISDICTION AND VENUE**

1. In response to paragraph 1 of Plaintiffs' SAC, Defendants admit that this Court has jurisdiction over this case under its federal question jurisdiction, pursuant to 28 U.S.C. § 1331. Defendants deny any remaining allegations for lack of information and belief.

2. In response to paragraph 2 of Plaintiffs' SAC, Defendants admit that the incidents complained of in this action allegedly occurred in the City of Adelanto, San Bernardino County, State of California. Defendants deny any remaining allegations for lack of information and belief.

**PRELIMINARY STATEMENT**

3. In response to paragraphs 3 and 4 of Plaintiffs' SAC, Defendants lack sufficient information to admit or deny the allegations regarding Plaintiffs' respective journeys to the United States or reasons for their attempted immigration, and on that basis, deny the allegations. Defendants deny any remaining allegations for lack of information and belief.

4. In response to paragraph 5 of Plaintiffs' SAC, Defendants admit Plaintiffs were taken into custody and transported to the Adelanto Detention Center. Defendants deny any remaining allegations for lack of information and belief.

5. In response to paragraph 6 of Plaintiffs' SAC, Defendants deny that the conditions of Adelanto are deplorable. Defendants specifically deny the claimed number of suicides. Defendants deny any remaining allegations for lack of information and belief.

6. In response to paragraph 7 of Plaintiffs' SAC, Defendants deny that Plaintiffs had inhumane conditions, dirty clothes, inedible meals, lack of access to

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4821-1448-4386 v1
8/21/19

- 2 -

5:18-CV-01125-SP
DEFTS' ANSWER TO SAC

drinking water, or any other poor living conditions. Defendants have no input on the amount of bond set for Plaintiffs as it is set by the U.S. Defendants deny any remaining allegations for lack of information and belief.

7. In response to paragraph 8 of Plaintiffs' SAC, Defendants deny the conditions at Adelanto were inhumane or unlawful. Defendants deny any remaining allegations for lack of information and belief.

8. In response to paragraph 9 of Plaintiffs' SAC, Defendants deny that they or any other GEO employees attacked or beat Plaintiffs on the date of the incident. Defendants deny any remaining allegations for lack of information and belief.

9. In response to paragraph 10 of Plaintiffs' SAC, Defendants deny that they committed any misconduct and deny that the conditions at Adelanto are "depraved." Defendants deny any remaining allegations for lack of information and belief.

**PARTIES**

10. In response to paragraphs 11-13 of Plaintiffs' SAC, Defendants admit that plaintiff Omar Rivera Martinez was detained at Adelanto. Defendants deny that Martinez was attacked and deny that his rights were violated. Defendants deny that Martinez's nose was fractured as a result of this incident. Defendants deny any remaining allegations for lack of information and belief.

11. In response to paragraphs 14-15 of Plaintiffs' SAC, Defendants admit that plaintiff Castillo was detained at Adelanto. Defendants deny Castillo was brutally attacked and deny that his rights were violated. Defendants deny that Castillo had pepper spray burns, bleeding, or bruising as a result of this incident. Defendants deny any remaining allegations for lack of information and belief.

12. In response to paragraphs 18-19 of Plaintiffs' SAC, Defendants admit that plaintiff Campos was detained at Adelanto. Defendants deny Campos was brutally attacked and deny that his rights were violated. Defendants deny that

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4821-1448-4386 v1
8/21/19

- 3 -

5:18-CV-01125-SP
DEFTS' ANSWER TO SAC

Campos suffered pepper spray burns, bruising, or shoulder pain as a result of this incident. Defendants deny any remaining allegations for lack of information and belief.

13. In response to paragraphs 20-21 of Plaintiffs' SAC, Defendants admit that plaintiff Rodriguez was detained at Adelanto. Defendants deny Rodriguez was brutally attacked and deny that his rights were violated. Defendants deny that Rodriguez had pepper spray burns, bruising, or a head injury as a result of this incident. Defendants deny any remaining allegations for lack of information and belief.

14. In response to paragraphs 22-23 of Plaintiffs' SAC, Defendants admit that plaintiff Burgos Mejia was detained at Adelanto. Defendants deny Burgos Mejia was brutally attacked and deny that his rights were violated. Defendants deny that Burgos Mejia had pepper spray burns, bruising, or a head injury as a result of this incident. Defendants deny any remaining allegations for lack of information and belief.

15. In response to paragraphs 24-25 of Plaintiffs' SAC, Defendants admit that plaintiff Garcia was detained at Adelanto. Defendants deny Garcia was brutally attacked and deny that his rights were violated. Defendants deny that Garcia had pepper spray burns, bruising, or a head injury as a result of this incident. Defendants deny any remaining allegations for lack of information and belief.

16. In response to paragraphs 26-27 of Plaintiffs' SAC, Defendants admit that plaintiff Cornejo was detained at Adelanto. Defendants deny Cornejo was brutally attacked and deny that his rights were violated. Defendants deny that Cornejo had pepper spray burns, bruising, or injuries to his abdomen and knee as a result of this incident. Defendants deny any remaining allegations for lack of information and belief.

17. In response to paragraph 28 of Plaintiffs' SAC, Defendants admit The GEO Group, Inc. is a private corporation headquartered in Boca Raton, Florida.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4821-1448-4386 v1
8/21/19

- 4 -

5:18-CV-01125-SP
DEFTS' ANSWER TO SAC

Case 5:18-cv-01125-SP   Document 101   Filed 08/29/19   Page 5 of 18   Page ID #:1422

Defendants deny any remaining allegations for lack of information and belief.

18. In response to paragraph 29 of Plaintiffs' SAC, Defendants admit that Defendant City of Adelanto is a municipality. Defendants deny that liability can be imposed against the Defendant City of Adelanto for the allegations contained in the SAC. Defendants deny any remaining allegations for lack of information and belief.

19. In response to paragraph 30 of Plaintiffs' SAC, Defendants admit that ICE detainees were housed at the Adelanto detention center. Defendants admit that Defendant City of Adelanto contracts with the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), as well as The GEO Group, Inc. regarding the Adelanto ICE processing center. Defendants deny any remaining allegations for lack of information and belief.

20. In response to paragraphs 31-32, Defendants admit that Lieutenant Diaz and Sergeant Campos were employees of GEO during all relevant time periods. Defendants deny any remaining allegations for lack of information and belief.

21. In response to paragraph 33 of Plaintiffs' SAC, Defendants admit that it had a contract with Correct Care Solutions, Inc. (now Wellpath) related to detainees' medical care at the Adelanto Detention Facility. Defendants deny that Defendant Jones is an employee of Defendant The GEO Group, Inc. The remainder of the allegations do not concern the responding Defendants, and therefore are not answered herein.

22. In response to paragraph 34 of Plaintiffs' SAC, Defendants deny that Defendant Jones was an employee of the Geo Group. The remainder of the allegations do not concern the responding Defendants, and therefore are not answered herein.

23. In response to paragraphs 35-36 of Plaintiffs' SAC, the allegations concerning the USA do not concern these responding defendants, and therefore are not answered herein.

ATTORNEYS AT LAW
LOS ANGELES

LA #4821-1448-4386 v1
8/21/19

- 5 -

5:18-CV-01125-SP
DEFTS' ANSWER TO SAC

22. In response to paragraph 37-38 of Plaintiffs' SAC, the allegations concerning DOE defendants do not concern the responding Defendants, and therefore are not answered herein.

**FACTUAL ALLEGATIONS**

23. In response to paragraphs 39-45 of Plaintiffs' SAC, Defendants admit that GEO staff ordered Plaintiffs to leave the day room and return to their assigned bunks after breakfast on the morning of June 12, 2017, in order to be counted. Defendants admit that backup was requested after Plaintiffs refused to leave the area. Defendants deny any remaining allegations for lack of information and belief.

24. In response to paragraphs 46-47 of Plaintiffs' SAC, Defendants admit that a supervisor arrived and displayed a can of pepper spray. Defendants admit that short bursts of pepper spray were used to gain compliance with lawful orders and to prevent a riot. Defendants deny that any detainees were pepper sprayed at close range or for any non-penological reason. Defendants deny any remaining allegations for lack of information and belief.

25. In response to paragraph 48 of Plaintiffs' SAC, Defendants admit that Plaintiffs were physically separated and restrained. Defendants deny that any detainees were assaulted or slammed onto the floor and walls. Defendants deny any remaining allegations for lack of information.

26. In response to paragraphs 49-50 of Plaintiffs' SAC, Defendants deny that Defendant Campos sprayed plaintiffs at close range. Defendants deny any remaining allegations for lack of information.

27. In response to paragraphs 51-55 of Plaintiffs' SAC, Defendants admit that plaintiffs were physically separated and restrained. Defendants deny that any detainees were assaulted or slammed onto the floor and walls. Defendants deny any remaining allegations for lack of information. Defendants deny that Plaintiffs were taken to a small area where they were suffocated with pepper spray fumes. Defendants deny that CCS medical staff ignored pleas for medical treatment and

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4821-1448-4386 v1
8/21/19

- 6 -

5:18-CV-01125-SP
DEFTS' ANSWER TO SAC

1 attention. Defendants deny any remaining allegations for lack of information.

2     28. In response to paragraph 56 of Plaintiffs' SAC, Defendants deny that they improperly restrained plaintiffs or caused injury to plaintiffs' wrists. Defendants deny any remaining allegations for lack of information.

    29. In response to paragraphs 57 of Plaintiffs' SAC, Defendants deny that plaintiffs were forced to shower in hot water. Defendants deny any remaining allegations for lack of information and belief.

    30. In response to paragraphs 58 of Plaintiffs' SAC, Defendants deny that Plaintiffs were not permitted to change their uniforms and that Plaintiffs were not provided medical care (which is subcontracted to CCS). Defendants deny any remaining allegations for lack of information and belief.

    31. In response to paragraphs 59-61 of Plaintiffs' SAC, Defendants admit that plaintiffs were taken to a restricted housing unit pending potential disciplinary action. Defendants deny that Plaintiffs were limited in their ability to shower and/or make phone calls. Defendants deny any remaining allegations for lack of information and belief.

    32. In response to paragraph 62 of Plaintiffs' SAC, Defendants deny that Plaintiffs were denied medical attention; however, medical care is contracted to CCS. Defendants deny any remaining allegations for lack of information and belief.

    33. In response to paragraphs 63-68 of Plaintiffs' SAC, Defendants lack sufficient information to admit or deny allegations regarding Plaintiffs' alleged hunger strike, and on that basis, denies the allegations. Defendants deny that they retaliated against Plaintiffs. Defendants deny that they unlawfully held Plaintiffs in segregation. Defendants lack sufficient information to admit or deny what ICE agents said to plaintiffs, if anything, regarding the hunger strike. Defendants deny any remaining allegations for lack of information and belief.

///

///

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4821-1448-4386 v1
8/21/19

- 7 -

5:18-CV-01125-SP
DEFTS' ANSWER TO SAC

## ADMINISTRATIVE CLAIM UNDER FEDERAL TORT CLAIM ACT

34. In response to paragraph 69 of Plaintiffs' SAC, the allegations concerning the USA do not concern the responding defendants, and therefore are not answered herein.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

35. In response to paragraph 70 of Plaintiffs' SAC, Defendants deny that Plaintiffs filed timely state tort claim(s). Defendants deny any remaining allegations for lack of information and belief.

## *MONELL* ALLEGATIONS

36. In response to paragraphs 71 to 74 of Plaintiffs' SAC, Defendants deny that the City of Adelanto had policies, practices, and/or customs that were the cause of plaintiffs' alleged injuries. Defendants deny that the City of Adelanto failed to provide adequate training or supervision, failed to adequately discipline or retrain officers, that it selected, retained, and assigned officers with demonstrable propensities for excessive force, violence, dishonesty, or other misconduct, or that it condoned or encouraged officers in the belief that they could violate rights. GEO was responsible for correctional duties and supervision. Defendants deny any remaining allegations for lack of information and belief.

## FIRST CAUSE OF ACTION: BATTERY

37. In response to paragraphs 75 to 80 of Plaintiffs' SAC, Defendants deny that they assaulted or battered plaintiffs and deny they acted with the intent to harm plaintiffs. Defendants deny that plaintiffs were injured as a result of their conduct. Defendants deny they acted with malice, oppression, or conscious disregard of rights, and deny that they are liable for punitive damages. Defendants deny any remaining allegations for lack of information and belief.

## SECOND CAUSE OF ACTION: ASSAULT

38. In response to paragraphs 81 to 86 of Plaintiffs' SAC, Defendants deny that they assaulted plaintiffs. Defendants deny that plaintiffs were injured as a

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4821-1448-4386 v1
8/21/19

- 8 -

5:18-CV-01125-SP
DEFTS' ANSWER TO SAC

result of their conduct. Defendants deny they acted with malice, oppression, or conscious disregard of rights, and deny that they are liable for punitive damages. Defendants deny any remaining allegations for lack of information and belief.

### THIRD CAUSE OF ACTION:
### NEGLIGENT HIRING, TRAINING, AND SUPERVISION

39. In response to paragraphs 87-94 of Plaintiffs' SAC, Defendants deny that Defendant GEO negligently hired, retained, or supervised its employees at Adelanto. Defendants deny that Defendant GEO intended to cause plaintiffs to suffer injury and denies that plaintiffs were injured physically or emotionally as a result of its conduct. Defendants deny that Defendant GEO or any of its officers were acting as an agent of the City. Defendants deny any remaining allegations for lack of information and belief.

### FOURTH CAUSE OF ACTION: IIED

40. In response to paragraphs 95-99 and 102 of Plaintiffs' SAC, Defendants deny that they engaged in extreme or outrageous conduct. Defendants deny that they intended to cause plaintiffs to suffer injury and deny that plaintiffs were injured physically or emotionally as a result of their conduct. Defendants deny they acted with malice, oppression, or conscious disregard of rights, and deny that they are liable for punitive damages. Defendants deny that the GEO Group or any of its officers were acting as an agent of Defendant the City of Adelanto. Defendants deny any remaining allegations for lack of information and belief.

41. In response to paragraphs 100-101 of Plaintiffs' SAC, the allegations concerning Corrective Care Solutions and United States of America do not concern these responding defendants, and therefore are not answered herein.

42. In response to paragraph 103-104 of Plaintiffs' SAC, Defendants deny they acted with malice, oppression, or conscious disregard of rights, and deny that they are liable for punitive damages. Defendants deny that the GEO Group or any of its officers were acting as an agent of the City, and deny that vicarious liability

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4821-1448-4386 v1
8/21/19

- 9 -

5:18-CV-01125-SP
DEFTS' ANSWER TO SAC

extends to Section 1983 claims. Defendants deny any remaining allegations for lack of information and belief.

**FIFTH CAUSE OF ACTION: FIRST AMENDMENT RETALIATION**

43. In response to paragraphs 105-110 of Plaintiffs' SAC, Defendants deny that they violated plaintiffs' rights. Defendants deny that they retaliated against plaintiffs. Defendants deny that plaintiffs were injured emotionally as a result of their conduct. Defendants deny any remaining allegations for lack of information and belief.

44. In response to paragraph 111 of Plaintiffs' SAC, the allegations concerning the USA do not concern the responding defendants, and therefore are not answered herein.

45. In response to paragraph 112 of Plaintiffs' SAC, Defendants deny that they retaliated against Plaintiffs or violated clearly established law. Defendants deny any remaining allegations for lack of information and belief.

46. In response to paragraph 113 of Plaintiffs' SAC, Defendants deny they acted with malice, oppression, or conscious disregard of rights, and deny that they are liable for punitive damages. Defendants deny any remaining allegations for lack of information and belief.

**SIXTH CAUSE OF ACTION: FOURTH AND FOURTEENTH AMENDMENT EXCESSIVE FORCE**

47. In response to paragraphs 114-118 of Plaintiffs' SAC, Defendants deny that they used excessive force against plaintiffs. Defendants deny that they intended to cause plaintiffs to suffer injury and deny that plaintiffs were injured physically or emotionally as a result of their conduct. Defendants deny that the GEO Group or any of its officers were acting as an agent of the City, and deny that vicarious liability extends to Section 1983 claims. Defendants deny any remaining allegations for lack of information and belief.

48. In response to paragraph 119 of Plaintiffs' SAC, the allegations

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4821-1448-4386 v1
8/21/19

- 10 -

5:18-CV-01125-SP
DEFTS' ANSWER TO SAC

concerning the USA do not concern the responding defendants, and therefore are not answered herein.

49. In response to paragraphs 120 of Plaintiffs' SAC, Defendants deny that they used excessive force against Plaintiffs or violated clearly established law. Defendants deny any remaining allegations for lack of information and belief.

50. In response to paragraphs 121 of Plaintiffs' SAC, Defendants deny they acted with malice, oppression, or conscious disregard of rights, and deny that they are liable for punitive damages. Defendants deny any remaining allegations for lack of information and belief.

## SEVENTH CAUSE OF ACTION: FIFTH AND FOURTEENTH AMENDMENTS RIGHT TO DUE PROCESS OF LAW

51. In response to paragraphs 122 to 126 of Plaintiffs' SAC, Defendants deny that they deprived plaintiffs of liberty without due process of law. Defendants deny that they assaulted plaintiffs or retaliated against them. Defendants deny that plaintiffs were injured physically or emotionally as a result of their conduct. Defendants deny that plaintiffs were injured physically or emotionally as a result of its conduct. Defendants deny that the GEO Group or any of its officers were acting as agent(s) of the City, and deny that vicarious liability extends to Section 1983 claims. Defendants deny any remaining allegations for lack of information and belief.

52. In response to paragraph 127 of Plaintiffs' SAC, the allegations concerning the USA do not concern these responding defendants, and therefore are not answered herein.

53. In response to paragraphs 128 of Plaintiffs' SAC, Defendants deny that they used excessive force or retaliated against Plaintiffs or violated clearly established law. Defendants deny any remaining allegations for lack of information and belief.

54. In response to paragraphs 129 of Plaintiffs' SAC, Defendants deny

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4821-1448-4386 v1
8/21/19

- 11 -

5:18-CV-01125-SP
DEFTS' ANSWER TO SAC

they acted with malice, oppression, or conscious disregard of rights, and deny that they are liable for punitive damages. Defendants deny any remaining allegations for lack of information and belief.

### EIGHTH CAUSE OF ACTION: BANE ACT

55. In response to paragraphs 130-133 of Plaintiffs' SAC, Defendants deny that they used threats, intimidation or coercion to interfere with plaintiffs' exercise of their constitutional rights. Defendants deny they acted with malice, oppression, or conscious disregard of rights, and deny that they are liable for punitive damages. Defendants deny any remaining allegations for lack of information and belief.

56. In response to paragraph 134 of Plaintiffs' SAC, the allegations concerning the USA do not concern the responding defendants, and therefore are not answered herein.

57. In response to paragraph 135 of Plaintiffs' SAC, Defendants deny that they caused Plaintiffs severe physical injury or emotional distress. Defendants deny any remaining allegations for lack of information and belief.

58. In response to paragraph 136 of Plaintiffs' SAC, Defendants deny they acted with malice, oppression, or conscious disregard of rights, and deny that they are liable for punitive damages. Defendants deny any remaining allegations for lack of information and belief.

### NINTH CAUSE OF ACTION: CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS

59. In response to paragraphs 137 to 141 of Plaintiffs' SAC, Defendants deny that they conspired to deprive plaintiffs of equal protection. Defendants deny that plaintiffs were injured physically or emotionally as a result of their conduct. Defendants deny they acted with malice, oppression, or conscious disregard of rights, and deny that they are liable for punitive damages. Defendants deny any remaining allegations for lack of information and belief.

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4821-1448-4386 v1
8/21/19

- 12 -

5:18-CV-01125-SP
DEFTS' ANSWER TO SAC

## TENTH CAUSE OF ACTION: NEGLIGENCE AND FAILURE TO PROVIDE MEDICAL CARE

60. In response to paragraphs 142-143 of Plaintiffs' SAC, Defendants deny that plaintiffs were denied medical care. GEO contracts with CCS to provide medical care. Defendants deny that they failed to properly assess the need of use of force against plaintiff or failure to provide timely medical assistance to plaintiffs. Defendants deny that plaintiffs were injured physically or emotionally as a result of their actions or inactions. Defendants deny any remaining allegations for lack of information and belief.

61. In response to paragraph 144 of Plaintiffs' SAC, the allegations concerning the USA do not concern these responding defendants, and therefore are not answered herein.

62. In response to paragraph 145 of Plaintiffs' SAC, Defendants deny they acted with malice, oppression, or conscious disregard of rights, and deny that they are liable for punitive damages. Defendants deny any remaining allegations for lack of information and belief.

## PRAYER FOR RELIEF

63. In response to Plaintiffs' prayer for relief, defendants deny that plaintiffs are entitled to declaratory judgment or monetary damages, or any other relief. Defendants assert that plaintiffs are not entitled to punitive damages.

## AFFIRMATIVE DEFENSES

As separate and affirmative defenses, defendants allege as follows:

## FIRST AFFIRMATIVE DEFENSE

64. Plaintiffs' SAC fails to state a claim upon which relief can be granted. Plaintiffs' SAC also fails to state a claim against defendants.

## SECOND AFFIRMATIVE DEFENSE

65. Defendants deny that plaintiffs have been deprived of any rights, privileges, or immunities guaranteed by the laws of the United States or by the laws

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4821-1448-4386 v1
8/21/19

- 13 -

5:18-CV-01125-SP
DEFTS' ANSWER TO SAC

of the State of California.

**THIRD AFFIRMATIVE DEFENSE**

66. At all relevant times, Defendants acted within the scope of discretion, with due care, and good faith fulfillment of responsibilities pursuant to applicable statutes, rules and regulation, within the bounds of reason under all circumstances known, and with the good faith belief that their actions comported with federal and state laws. Defendants therefore assert their qualified immunity from liability.

**FOURTH AFFIRMATIVE DEFENSE**

67. Plaintiffs have suffered no actual injury due to Defendants' conduct.

**FIFTH AFFIRMATIVE DEFENSE**

68. Defendants assert that this action may be subject to the doctrine of collateral estoppel or res judicata due to the pendency of any related state court proceedings arising from the same incidents and/or due to any duplicated federal claims.

**SIXTH AFFIRMATIVE DEFENSE**

69. Plaintiffs' claims are barred by all applicable statutes of limitations.

**SEVENTH AFFIRMATIVE DEFENSE**

70. Any and all happenings, events, damages and injuries, if any, referred to in the SAC were proximately caused and contributed by plaintiffs' own conduct in that they failed to comply with orders at the alleged times and places.

**EIGHTH AFFIRMATIVE DEFENSE**

71. Plaintiffs' own conduct estops them from claiming the damages in the SAC.

**NINTH AFFIRMATIVE DEFENSE**

72. Plaintiffs are not entitled to punitive damages because defendants did not act with malicious intent to deprive them of any constitutional right or to cause any injury. Punitive damages are not recoverable for the claims set forth.

///

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4821-1448-4386 v1
8/21/19

- 14 -

5:18-CV-01125-SP
DEFTS' ANSWER TO SAC

## TENTH AFFIRMATIVE DEFENSE

73. Defendants are not vicariously liable for acts of subordinates or subject to liability under the doctrine of *respondeat superior*.

## ELEVENTH AFFIRMATIVE DEFENSE

74. Plaintiffs failed to mitigate their own damages, if any exist.

## TWELFTH AFFIRMATIVE DEFENSE

75. Should Plaintiffs recover damages against defendants, defendants are entitled to have the amount abated, apportioned or reduced to the extent that any other party's negligence caused or contributed to damages, if any there were.

## THIRTEENTH AFFIRMATIVE DEFENSE

76. Answering defendants allege by way of a plea of comparative negligence that plaintiffs and other parties were negligent in and about the matters and activities alleged in the SAC, that said negligence contributed to and was a proximate cause of the alleged injuries and damages, if any, and that if plaintiffs and/or other parties are found to have been negligent, and if the plaintiffs are entitled to recover damages against the answering defendants by virtue of the SAC, these defendants pray that said recovery be diminished by reason of the negligence of the plaintiffs in proportion to the degree of fault attributable to the plaintiffs.

## FOURTEENTH AFFIRMATIVE DEFENSE

77. Defendants allege that Plaintiffs' claims are barred by the equitable doctrines of estoppel, laches and unclean hands.

## FIFTEENTH AFFIRMATIVE DEFENSE

78. Defendants allege that at no time did they breach any mandatory legal duty owed to Plaintiffs the proximate cause of which was Plaintiffs' alleged injuries and/or damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

79. Defendants allege that none of their agents and/or employees engaged in any interference, or attempts to interfere, by threats, intimidation, violence or

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4821-1448-4386 v1
8/21/19

- 15 -

5:18-CV-01125-SP
DEFTS' ANSWER TO SAC

1  coercion with Plaintiffs' exercise or enjoyment of their constitutional rights.

## SEVENTEENTH AFFIRMATIVE DEFENSE

80. Defendant City of Adelanto is not liable because it did not operate the detention center where plaintiffs were held. It delegated operation of the facility to an independent contractor, The GEO Group, Inc. Similarly, CCS was an independent contractor in charge of medical care of detainees.

## EIGHTEENTH AFFIRMATIVE DEFENSE

81. Plaintiffs' state law claims are barred by their failure to comply with the strictures of the Government Tort Claims Act.

## NINETEENTH AFFIRMATIVE DEFENSE

82. Defendant City of Adelanto is immune from liability for its actions by the application of one or more of the immunities set forth in the California *Government Code,* including the immunities set forth in §§ 820, 820.2, 820.4, 820.6, 820.8.

## TWENTIETH AFFIRMATIVE DEFENSE

83. There is no liability for any injury or damages, if any there were, caused by the failure to furnish or obtain medical care for any prisoner. (Cal. Gov. Code, § 845.6.)

## TWENTY-FIRST AFFIRMATIVE DEFENSE

84. There is no liability for any injury or damages, if any there were, caused by a prisoner or to a prisoner. (Cal. Gov. Code, § 844.6.)

## TWENTY-SECOND AFFIRMATIVE DEFENSE

85. To the extent that the SAC attempts to predicate liability upon any public entity defendant, or any agent or employee thereof, for purported negligence in removal, prescription, disinfection, or assessment, liability is barred by Government Code sections 815.2 and 820.2 and *Herndon v. County of Marin* (1972) 25 Cal. App. 3d 933, 935, 936, reversed on other grounds by *Sullivan v. County of Los Angeles* (1974) 12 Cal.3d 710; by the lack of any duty running to

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4821-1448-4386 v1
8/21/19

- 16 -

5:18-CV-01125-SP
DEFTS' ANSWER TO SAC

Plaintiffs; by the fact that any such purported act or omission is governed exclusively by statute and is outside the purview of any public employees' authority; and by the failure of any such acts or omissions to be the proximate cause of any injury alleged in the SAC.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

86. Defendant City of Adelanto is immune from liability except as provided by statute pursuant to California Government Code sections 815 and 820.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

87. Plaintiffs' claim for punitive damages is barred against Defendant City of Adelanto because a public entity is not liable for damages awarded under Civil Code section 3294 or other damages imposed primarily for the sake of example and by way of punishing defendant(s).

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

88. Because the SAC is couched in conclusory terms, answering defendants cannot fully anticipate all affirmative defenses that may be applicable to this action. Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is hereby reserved.

**DEMAND FOR JURY TRIAL**

Defendants hereby demand a trial before a jury on all issues presented by Plaintiffs' SAC triable to a jury.

WHEREFORE, Defendants pray that:

1. Judgment be rendered in favor of Defendants and against Plaintiffs; and
2. Plaintiffs take nothing by the SAC; and
3. Defendants be awarded costs of suit incurred herein; and

///
///
///
///

1    4. Defendants be awarded such other and further relief as the Court may
2 deem necessary and proper.
3
4 Dated: August 29, 2019          BURKE, WILLIAMS & SORENSEN, LLP
5
6                                 By: /s/ Carmen M. Aguado
                                       Susan E. Coleman
7                                      Carmen M. Aguado

8                                 Attorneys for Defendants
                                  THE GEO GROUP, INC., CITY OF
9                                 ADELANTO, CAMPOS, and DIAZ

Attorneys At Law
Los Angeles

LA #4821-1448-4386 v1
8/21/19

- 18 -

5:18-CV-01125-SP
DEFTS' ANSWER TO SAC