Susan E. Coleman (SBN 171832)
E-mail: scoleman@bwslaw.com
Carmen M. Aguado (SBN 291941)
E-mail: caguado@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, Suite 2400
Los Angeles, CA 90071-2953
Tel: 213.236.0600    Fax: 213.236.2700

Attorneys for Defendants
THE GEO GROUP, INC., CITY OF ADELANTO, CAMPOS, and DIAZ

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR ARNOLDO RIVERA MARTINEZ; ISAAC ANTONIO LOPEZ CASTILLO; JOSUE VLADIMIR CORTEZ DIAZ; JOSUE MATEO LEMUS CAMPOS; MARVIN JOSUE GRANDE RODRIGUEZ; ALEXANDER ANTONIO BURGOS MEJIA; LUIS PEÑA GARCIA; JULIO CESAR BARAHONA CORNEJO, as individuals,<br><br>Plaintiffs,<br><br>v.<br><br>THE GEO GROUP, Inc., a Florida corporation; the CITY OF ADELANTO, a municipal entity; GEO LIEUTENANT DIAZ, sued in her individual capacity; GEO SERGEANT CAMPOS, sued in his individual capacity; SARAH JONES, sued in her individual capacity; THE UNITED STATES OF AMERICA; CORRECT CARE SOLUTIONS, INC.; and DOES 1-10, individuals,<br><br>Defendants. | Case No. 5:18-cv-01125-SP<br><br>**DECLARATION OF JAMES JANECKA IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION**<br><br>Magistrate Judge:     Honorable Sheri Pym |

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4836-3808-5035 v1
10/28/19

- 1 -

5:18-CV-01125-SP
JANECKA DECL. ISO MSJ

I, James Janecka, declare as follows:

1. I have personal knowledge of the matters set forth herein, except as to those matters stated on information and belief, and would competently testify thereto if called and sworn as a witness.

2. Currently, I am employed by The GEO Group, Inc. ("GEO") as the Facility Administrator at the Adelanto Detention Facility ("Facility"). Prior to becoming the Facility Administrator in August 2019, I was the Warden at the Facility from September 2014 to August 2019. My role as the Warden was substantively similar to my role as the Facility Administrator. Namely, in my capacity as warden and, now, Facility Administrator, I was/am responsible for the day-to-day operations at the Facility, which encompasses a wide range of duties and responsibilities including, but not limited to, monitoring and overseeing contracts with third parties, overseeing grievances and complaints made by detainees, and participating in after-action reviews of use of force incidents.

3. In May 2011, GEO entered into contract with U.S. Immigration & Customs Enforcement ("ICE") for the detention and care of immigrant detainees at the Facility, which houses immigrant detainees, through an intergovernmental service agreement with the City of Adelanto. Since June 2019, GEO has directly contracted with ICE to manage and operate the Facility. Irrespective of the change of parties to the contract, GEO has been solely responsible for the management and operations of the Facility and, thus, GEO's policies and procedures have governed the operations at the Facility since 2011.

4. Since GEO contracted with DHS, the day-to-day operations at the Facility have not changed including GEO's responsibility to report any serious incidents, which include use of force incidents, to U.S. Immigration and Customs Enforcement ("ICE").

///

///

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4836-3808-5035 v1
10/28/19

- 2 -

5:18-CV-01125-SP
JANECKA DECL. ISO MSJ

5. In addition to reporting serious incidents, ICE personnel participate in the after-action review of the incident, which is a meeting with the Facility Administrator (formerly referred to as the Warden) or the Facility Administrator's designee, Assistant Facility Administrator, Captain, Health Services Administrator and the ICE Field Office Director's designee to review the incident. The review is intended to (a) assess the reasonableness of the actions taken by staff (e.g., if the force used was appropriate and in proportion to the detainee's actions) and (b) confirm the actions conform to GEO's policies and procedures. The after-action review is documented in the form of a report, which demonstrates the items reviewed during the meeting.

6. As the current Facility Administrator, I have access to the after-action review reports. Attached to the Appendix of Exhibits as Exhibit "E" is a true and correct copy of the after-action review report related to June 12, 2017, use of force incident that gives rise to this litigation.

7. The after-action review report indicates that it was determined, upon review of a video of the incident, staff reports, and medical reports of examination and injuries, that the force used by Lt. Jane Diaz and Sgt. Campos (the only GEO personnel that used force on June 12, 2017) was reasonable and appropriate. Attached to the Appendix of Exhibits as Exhibit "F" is a true and correct copy of the video recording of the June 12, 2017, use of force incident.

8. Generally, prior to the after-action review, GEO staff will notify select GEO administrators and supervisors of the incident. Specifically, a serious incident report ("SIR") is prepared by a shift supervisor, and a notification of the SIR is transmitted to GEO administrators and supervisors (there is a distribution list that SIRs are automatically transmitted to). The notification is a means to prompt an administrator to review the SIR. Afterwards, an administrator will review the SIR to confirm that it contains all requisite information and, then, transmit the final version of the SIR to GEO corporate. This procedure is not only for documentation

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4836-3808-5035 v1
10/28/19

- 3 -

5:18-CV-01125-SP
JANECKA DECL. ISO MSJ

1  purposes, but it serves as another mechanism to review the reasonableness of the
2  actions taken by staff and confirm the actions conform to GEO's policies and
3  procedures.

4  9. As the Warden in June 2017, I was included on the distribution list and
5  received an e-mail notifying me that the SIR had been created in relation to the June
6  12, 2017, use of force incident and I am aware that the SIR was transmitted it to
7  GEO corporate. Attached to the Appendix of Exhibits as Exhibit "G" is a true and
8  correct copy of the SIR, notification of the SIR, and documentation that the SIR
9  was transmitted to GEO corporate.

10 10. As part of managing the day-to –day operations, I am aware of
11 grievances and complaints made by detainees. Detainees are permitted to submit
12 grievances while at the Facility. There is a grievance form that is made available to
13 the detainees in their dorms. Once it is filled out, the detainee places the form inside
14 a box that is within the dorm and the Grievance Coordinator will retrieve the form.
15 The Grievance Coordinator will log the grievance, assign an appropriate individual
16 to investigate the grievance, the investigator will report back to the Grievance
17 Coordinator, and then the Grievance Coordinator will meet with the detainee to
18 provide the detainee with a response. The Grievance Coordinator does not share
19 with GEO staff (officers, sergeants, lieutenants) the content of grievances or the
20 names of the detainees that have submitted grievances unless it is necessary for
21 investigative purposes or to schedule a meeting with the grieving detainee.

22 11. The Grievance Coordinator is supervised by the Deputy Facility
23 Administrator, and the Deputy Facility Administrator reports to me. Additionally, I
24 receive monthly reports from the Grievance Coordinator that reports the number of
25 grievances filed and the category that the grievance falls within (e.g. medical,
26 visitation, operations, etc.). I have never been made aware of any complaints
27 regarding the Grievance Coordinator failing to respond or timely respond to
28 grievances. Alternately, detainees can use a request form as an informal means to

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4836-3808-5035 v1
10/28/19

- 4 -

5:18-CV-01125-SP
JANECKA DECL. ISO MSJ

communicate with GEO staff. In some instances, the request can be resolved on the spot. Other requests, however, may require a written response. For example, if a detainee requests a new pair of shoes via a request form, a written response is provided acknowledging that the request was met. All request forms are maintained in the detainee's detention file.

12. In addition to submitting a grievance form or a request form, detainees can verbally inform officers of their concerns. A verbal complaint is investigated in the same manner as a formal grievance. In June 2017, I completed walk-throughs of the Facility (select areas at a time) so I could interact with the officers and detainees. During my walk-throughs, if a detainee made a verbal complaint I would determine whether it was an issue that could be addressed on the spot or if it required a write-up/report (e.g. a work order to have an issue fixed by maintenance).

13. I have never been made aware of any detainees complaining about the cleanliness of their clothing or that the water in the showers was too hot.

14. Since September 2014, I have been responsible for reviewing and approving requests from GEO personnel to restrict a detainee's access to telephones and/or calls. GEO personnel that can request to have a detainee's access restricted include the Security Threat Groups Investigator and the Intelligence Investigator. On occasion, the PREA investigator will work in conjunction with the Security Threat Groups Investigator to make a request.

15. The Facility may restrict the number and duration of telephone calls for the following reasons only: (a) availability (i.e., the usage demands of other detainees); (b) orderly operation of the facility (e.g., scheduled detainee movements, security threats, counts, etc.); and (c) emergencies (e.g., escapes, escape attempts, disturbances, fires, power outages, etc.). Additionally, three way calling is strictly forbidden and will cause an *automatic* block of the number. In other words, the three-way call does not need to be monitored for the block to be

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4836-3808-5035 v1
10/28/19

- 5 -

5:18-CV-01125-SP
JANECKA DECL. ISO MSJ

1  placed.

2  16.  After I approve a request, I make a recommendation to ICE personnel
3  that the restriction be placed. ICE will thereafter make a final determination on the
4  recommended restriction. The only circumstance where I will place a restriction
5  before receiving authorization from ICE is in emergency situation (e.g. outside
6  coordination of a major security concern such as facility disturbance, possible
7  assault, introduction of dangerous contraband, etc.). In an emergency, I will
8  approve the request to restrict the detainee's access to telephones and/or calls and,
9  immediately thereafter, contact ICE personnel.

10  17.  Calls from detainees to attorneys are unmonitored *if* the detainee
11  submits a request form to the shift supervisor with the phone number of the attorney
12  that is representing him/her. The provided number will be verified by on site staff
13  as well by Talton Communications (the company that ICE contracts with to provide
14  telecommunication services at the Facility) in order to validate the number. Once
15  approved as a legal representative, the number will be placed as unmonitored. The
16  detainee handbook details the aforementioned information under the section titled,
17  "LEGAL CALLS TO ATTORNEY (Unmonitored)."

18  18.  Additionally, ICE and Talton Communications have the ability to
19  restrict a detainee's ability to make calls at the Facility without notifying GEO
20  personnel. When ICE or Talton Communications restrict calls, they do not provide
21  me with an explanation as to why nor do I request one.

22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4836-3808-5035 v1
10/28/19

- 6 -

5:18-CV-01125-SP
JANECKA DECL. ISO MSJ

19. During my tenure at the Facility, I have never received a request to restrict a detainee's access to telephones and/or calls because the detainee filed a grievance, the detainee's attorney filed a complaint (assuming GEO and I were somehow made aware of the complaint), or for any other retaliatory purpose. Even if I had received such a request, I would have *never* approved it and/or recommended the restriction to ICE.

I declare under penalty of perjury under the laws of California and the United States of America that the foregoing is true and correct.

Executed on November 6, 2019, at Adelanto, California.

_____
James Janecka

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4836-3808-5035 v1
10/28/19

- 7 -

5:18-CV-01125-SP
JANECKA DECL. ISO MSJ