1   Susan E. Coleman (SBN 171832)
    E-mail: scoleman@bwslaw.com
2   Carmen M. Aguado (SBN 291941)
    E-mail: caguado@bwslaw.com
3   BURKE, WILLIAMS & SORENSEN, LLP
    444 South Flower Street, Suite 2400
4   Los Angeles, CA 90071-2953
    Tel: 213.236.0600    Fax: 213.236.2700
5
    Attorneys for Defendants
6   THE GEO GROUP, INC., DIAZ, CAMPOS and
    CITY OF ADELANTO
7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11  OMAR ARNOLDO RIVERA                  Case No. 5:18-cv-01125-SP
    MARTINEZ; ISAAC ANTONIO
12  LOPEZ CASTILLO; JOSUE               **DEFENDANTS DIAZ AND**
    VLADIMIR CORTEZ DIAZ; JOSUE         **CAMPOS' OBJECTIONS AND**
13  MATEO LEMUS CAMPOS;                 **RESPONSE TO PLAINTIFFS'**
    MARVIN JOSUE GRANDE                 **ADDITIONAL MATERIAL FACTS**
14  RODRIGUEZ; ALEXANDER                **IN RESPONSE TO DEFENDANTS'**
    ANTONIO BURGOS MEJIA; LUIS          **MOTION FOR SUMMARY**
15  PEÑA GARCIA; JULIO CESAR            **JUDGMENT**
    BARAHONA CORNEJO, as
16  individuals,

17              Plaintiffs,            Hearing Date: December 17, 2019
                                       Time:         10:00 a.m.
18  v.                                 Courtroom:    3

19  THE GEO GROUP, Inc., a Florida     Magistrate Judge: Honorable Sheri Pym
    corporation; the CITY OF
20  ADELANTO, a municipal entity; GEO
    LIEUTENANT DURAN, sued in her
21  individual capacity; GEO
    LIEUTENANT DIAZ, sued in her
22  individual capacity;  GEO
    SERGEANT CAMPOS, sued in his
23  individual capacity; SARAH JONES,
    sued in her individual capacity; THE
24  UNITED STATES OF AMERICA;
    and DOES 1-10, individuals,
25
                Defendants.
26

27  ///

28  ///

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4829-2817-4510 v1                      - 1 -        5:18-CV-01125-SP
                                                    DIAZ AND CAMPOS' ADDITIONAL
                                                  RESPONSES TO STATEMENT OF FACTS

Defendants, CAMPOS and DIAZ, hereby respond to Plaintiffs' Statement of

Additional Material Facts (Doc. #123) in response to Defendants' Motions for

Summary Judgment (Doc. # 111), as follows:

## REPLY TO PLAINTIFF'S STATEMENT OF ADDITIONAL

## MATERIAL FACTS

| No. | PLAINTIFF'S STATED FACTS | EVIDENTIARY SUPPORT | DEFENDANTS' REPLY |
|---|---|---|---|
| 1. | Plaintiffs, eight asylum seekers from Central America, arrived at Adelanto Detention Facility in May 2017. | Ex. 47, Plaintiffs' ICE Detention Orders. | Irrelevant and immaterial to Defendants' Motion for Summary Judgment. FRE 402, 403. |
| 2. | After enduring more than a month of degrading conditions and being deprived of basic human needs, Plaintiffs decided, as a group, they would begin a hunger strike until a GEO or ICE supervisor would address their complaints, and they wrote out a two-page letter in Spanish that explained this. | Ex. 23, Castillo Dep. 63:10-13, 74:21-75:20, 76:12-25; Ex. 25, Cornejo Dep. 52:25-54:16; | Lack of foundation. FRE 602. Misstates/mischaracterizes evidence. FRE 403.<br><br>Irrelevant and immaterial to Defendants' Motion for Summary Judgment as to whether Plaintiffs endured "more than a month of degrading conditions and being deprived of basic human needs" as this does not relate to any of their claims and relies on their opinion. FRE 402, 403.<br><br>There is no evidence to support the contention that the letter explained that Plaintiffs' "would begin a hunger strike until a GEO or ICE supervisor would address their complaints." To the contrary, the evidence demonstrates that Plaintiffs presented a two-page letter in Spanish that explained their demands and a second piece of paper that was a list of their name. *See* Doc. 111- |

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4829-2817-4510 v1

- 2 -

5:18-CV-01125-SP
DIAZ AND CAMPOS' ADDITIONAL
RESPONSES TO STATEMENT OF FACTS

| No. | PLAINTIFF'S STATED FACTS | EVIDENTIARY SUPPORT | DEFENDANTS' REPLY |
|---|---|---|---|
| | | | 1 Diaz and Campos Separate Statement], Nos. 9-11 (*citing* Ex. "P" [Castillo Depo.] at 72:2-10, 73:7-19, 77:5-15 (acknowledging Officer Gillon was unable to read or understand the list of demands), 74:21-75:19; Ex. "Q" [Mejia Depo.] at 61:7-62:25; Ex. "R" [Rodriguez Depo.] at 79:16-80:14, Ex. 1 [Copy of list of demands], 81:4-82:25 [Translation of List of Demands]; Ex. "S" [Garcia Depo.] at 34:16-36:5 (explaining that Officer Gillon, who only spoke English, was informed that they wanted someone to respond to their list of demands); Ex. "T" [Diaz Depo] at 50:19-51:25, 62:19-63:3; 78:2-79:13 (stating second piece of paper was a list of names); Ex. "U" [Martinez Depo.] at 78:24-80:2 (stating the detainee was asked to translate the list of demands, which did not mention the hunger strike, to Officer Gillon); Ex. "V" [Gillon Depo] at 14:1-4 (confirming he cannot speak Spanish), 86:11-20 (acknowledging that he received the list of demands), 142:6-21. |
| 3. | The first page of the letter explained that Plaintiffs were starting a peaceful hunger strike and were requesting to speak with ICE officials and GEO supervisors. | Ex. 23, Castillo Dep. 73:1-8, 74:21-75:20. | Lack of foundation. FRE 602. Misstates/mischaracterizes evidence. FRE 403. There is no evidence to support the contention that the letter explained that Plaintiffs' "would begin a hunger strike until a GEO |

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles
LA #4829-2817-4510 v1
- 3 -
5:18-CV-01125-SP
DIAZ AND CAMPOS' ADDITIONAL RESPONSES TO STATEMENT OF FACTS

| No. | PLAINTIFF'S STATED FACTS | EVIDENTIARY SUPPORT | DEFENDANTS' REPLY |
|-----|--------------------------|---------------------|-------------------|
|     |                          |                     | or ICE supervisor would address their complaints." To the contrary, the evidence demonstrates that Plaintiffs presented a two-page letter in Spanish that explained their demands and a second piece of paper that was a list of their name. *See* Doc. # 111-1 [Diaz and Campos Separate Statement], Nos. 9-11 (citing Ex. "P" [Castillo Depo.] at 72:2-10, 73:7-19, 77:5-15 (acknowledging Officer Gillon was unable to read or understand the list of demands), 74:21-75:19; Ex. "Q" [Mejia Depo.] at 61:7-62:25; Ex. "R" [Rodriguez Depo.] at 79:16-80:14, Ex. 1 [Copy of list of demands], 81:4-82:25 [Translation of List of Demands]; Ex. "S" [Garcia Depo.] at 34:16-36:5 (explaining that Officer Gillon, who only spoke English, was informed that they wanted someone to respond to their list of demands); Ex. "T" [Diaz Depo] at 50:19-51:25, 62:19-63:3; 78:2-79:13 (stating second piece of paper was a list of names); Ex. "U" [Martinez Depo.] at 78:24-80:2 (stating the detainee was asked to translate the list of demands, which did not mention the hunger strike, to Officer Gillon); Ex. "V" [Gillon Depo] at 14:1-4 (confirming he cannot speak Spanish), 86:11-20 (acknowledging that he received the list of demands), 142:6-21. |

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4829-2817-4510 v1

- 4 -

5:18-CV-01125-SP
DIAZ AND CAMPOS' ADDITIONAL
RESPONSES TO STATEMENT OF FACTS

| No. | PLAINTIFF'S STATED FACTS | EVIDENTIARY SUPPORT | DEFENDANTS' REPLY |
|---|---|---|---|
| 4. | The second page of the letter consisted of Plaintiffs list of grievances and issues they wanted to raise with ICE and GEO officials. | Ex. 23, Castillo Dep. 73:20-74:25; Ex. 3, List of Grievances. | Undisputed for purposes of this motion. |
| 5. | On the morning of June 12, 2017, they presented their letter to Officer Gillon, the dorm officer, who was stationed at the podium in the dayroom. | Ex. 23, Castillo Dep. 73:1-8, 73:20-75:20 ; Ex. F, [Video, Views C-2 and C-4] at 06:22:24 a.m. to 6:23:01 a.m. | Undisputed that a letter written in Spanish was presented to Officer Gillon. |
| 6. | Because Plaintiffs only speak Spanish, they asked other detainees to translate for them with the Officer Gillon. | Ex. 30, Rodriguez Dep. 95:9-22. | Undisputed for purposes of this motion. |
| 7. | Plaintiffs, through the detainee-interpreter, told Officer Gillon that they were on a hunger strike when they presented him with the letter. | Ex. 17, Gillon Dep. 86:11-87:15, 87:25-88:2. | Undisputed that the plaintiffs used a third party detainee to translate.<br><br>However, there is no evidence to support the contention that a third party detainee explained to Officer Gillon that Plaintiffs were participating in a hunger strike. Misstates evidence. FRE 403. Contrary to Plaintiffs' assertion, the evidence cited by Plaintiffs demonstrates that Gillon *thought* during his deposition that he learned of a hunger strike from the letter that he was handed; however, he admitted that he had no recollection of the contents of the letter and, given he cannot read Spanish, this is simply impossible:<br>      Q What do you mean when you say that you're not sure what the letter said? |

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4829-2817-4510 v1

- 5 -

5:18-CV-01125-SP
DIAZ AND CAMPOS' ADDITIONAL
RESPONSES TO STATEMENT OF FACTS

| No. | PLAINTIFF'S STATED FACTS | EVIDENTIARY SUPPORT | DEFENDANTS' REPLY |
|---|---|---|---|
| | | | A I don't remember what it said on there. |
| | | | Q So you don't recall as you sit here today what the letter said? |
| | | | A No. |
| | | | Q But you do recall that it was in English? |
| | | | A Yeah. |
| | | | Q As you sit here today, do you recall anything that was said in the letter? |
| | | | A No. |
| | | | Additionally, Plaintiffs' contention is based on speculation as Plaintiffs admitted that they are guessing that Officer Gillon was informed and knew they were on a hunger strike. *See* Doc. # 111-1 [Diaz and Campos Separate Statement], No. 13 (*citing* Ex. "Q" [Mejia Depo.] at 58:15-59:14, 60:11-14, 63:23-25, 67:8-11, 159:7-24 (admitting that the papers that were given to Officer Gillon did not mention the hunger strike, but he assumes that someone verbally told Officer Gillon); Ex. "R" [Rodriguez Depo.] at 95:9-7; Ex. "S" [Garcia Depo.] at 38:20-24; Ex. "T" [Diaz Depo.] at 50:4-10, 73:7-14, 77:23-78:3; Ex. "U" [Martinez Depo.] at 78:24-80:2; Ex. "V" [Gillon Depo.] at 92:25-93:3 |

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4829-2817-4510 v1

- 6 -

5:18-CV-01125-SP
DIAZ AND CAMPOS' ADDITIONAL
RESPONSES TO STATEMENT OF FACTS

| No. | PLAINTIFF'S STATED FACTS | EVIDENTIARY SUPPORT | DEFENDANTS' REPLY |
|---|---|---|---|
| | | | (demonstrating that he was never told verbally of the hunger strike)). |
| 8. | At approximately 6:29:59 a.m., Officer Jindi arrived to the dorm to relieve Officer Gillon. | Ex. 18, Jindi Dep. 58:23-25. | Undisputed for purposes of this motion. |
| 9. | When Officer Gillon was relieved from his post as dorm officer, he reported the letter that Plaintiffs gave him to his supervisor, Lt. Diaz. | Ex. 17, Gillon Dep. 90:19-21, 90:25-91:11. | Undisputed that Officer Gillon was relieved by Officer Jindi. However, the evidence cited by Plaintiffs does not support Plaintiffs' contention that Gillon took the letter to Lt. Diaz. Mischaracterizes evidence. FRE 403. Plaintiffs' evidence demonstrates that Gillon did not know if he gave Lt. Diaz the letter. Moreover, the evidence demonstrates Lt. Diaz only received the list of names. See Diaz Decl. ¶ 9. |
| 10. | Lt. Diaz was the First Watch supervisor on the morning of June 12, 2017. | Ex. 17, Gillon Dep. 91:6-8; Ex. 18, Jindi Dep. 35:4-8. | Undisputed for purposes of this motion. |
| 11. | At approximately 6:32:57 a.m., Lt. Diaz entered 2-Charlie with a group of officers and medical staff, waiving a canister of OC Spray in her hand. | Ex. F, [Video, View C-1] at 6:32:57 a.m.; Ex. 18, Jindi Dep. 63:18-64:5, 64:17-23, 65:5-9; Ex. 16, Lt. Diaz Dep. 319:2-14. | Irrelevant and immaterial to Defendants' Motion for Summary Judgment. FRE 402, 403. Mischaracterizes the evidence. FRE 403. The evidence cited by Plaintiffs' demonstrates that from the time Lt. Diaz entered the dorm (6:32:51 a.m.) to the time she reached the tables where Plaintiffs were sitting, she raised her arm with the canister three times. See Defs.' Ex. F, [Video, View C-1] at 6:32:57 a.m. |

| No. | PLAINTIFF'S STATED FACTS | EVIDENTIARY SUPPORT | DEFENDANTS' REPLY |
|---|---|---|---|
| 12. | GEO policy requires its officers to keep their OC canisters holstered unless a situation has arisen that requires its use. | Ex. 16, Lt. Diaz Dep. 319:15-22. | Irrelevant and immaterial to Defendants' Motion for Summary Judgment, because Diaz, who was *not* designated as GEO's person most knowledgeable of GEO's policies and procedures, provided her *opinion* as to GEO's policy. FRE 402, 403. Improper opinion. Lacks foundation. Moreover, this "fact" is not material for purposes of this motion. |
| 13. | No GEO Group policy permits the use of OC spray in response to a hunger strike. | Ex. 8, GEO Group Hunger Strike Response Plan (No. 15) at 2-3 (Sec. B); Ex. H, GEO Group Use of Force Policy (No. 10.2.15) at 9 (Sec. II(G)). | Compound. Mischaracterizes the evidence. FRE 403. Incomplete hypothetical. Improper opinion and conclusion by Plaintiffs' counsel.<br><br>Plaintiffs ignore their Exhibit 1, which are GEO's training materials and state "Chemical agents may be useful to control the following situations: - In self-defense or in defense of other persons; …- To quell a disturbance that is likely to develop into a serious disorder or riot; … - To compel an inmate/detainee in a contained area to comply with direct orders…."<br><br>Additionally, GEO's use of force policy states that the use of chemical agents or non-lethal weapons, may be authorized when the situation is such that the detainee:<br>Is armed and/or |

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4829-2817-4510 v1

- 8 -

5:18-CV-01125-SP
DIAZ AND CAMPOS' ADDITIONAL
RESPONSES TO STATEMENT OF FACTS

| No. | PLAINTIFF'S STATED FACTS | EVIDENTIARY SUPPORT | DEFENDANTS' REPLY |
|---|---|---|---|
| | | | barricaded; or |
| | | | Cannot be approached without danger to self or others; and |
| | | | It is determined that a delay in bringing the situation under control would constitute a serious hazard to the detainee or others, or would result in a major disturbance or serious property damage. *See* Doc. # 111-2 [Campos and Diaz Appendix of Exhibits], Ex. "H" [GEO's Use of Force policy]. |
| 14. | GEO policy categorizes the deployment of chemical agents (i.e., OC spray) as a "Major Use of Force." | Ex. H, GEO Group Use of Force Policy (No. 10.2.15) at 3. | Undisputed for purposes of this motion. |
| 15. | Unless "immediate use" is necessary, GEO policy requires an officer to obtain authorization from the Facility Administrator (or his designee) before using OC spray in the Facility. | Ex. H, GEO Group Use of Force Policy (No. 10.2.15) at 3 & 9 (Sec. II(G)); Ex. 1, GEO Group Use of Force Training Presentation, Slide 32. | Irrelevant and immaterial to Defendants' Motion for Summary Judgment as an alleged policy violation is not a per se violation of the law; thus, this "fact" is not material. FRE 402, 403; *Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009) (quoting *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997)). <br><br> Mischaracterizes the evidence. FRE 403. Incomplete hypothetical. Improper opinion and conclusion by Plaintiffs' counsel. <br><br> Per GEO policy, "[t]he major use of force [including the use of OC spray] *is specifically authorized* when there is imminent and immediate |

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4829-2817-4510 v1

- 9 -

5:18-CV-01125-SP
DIAZ AND CAMPOS' ADDITIONAL
RESPONSES TO STATEMENT OF FACTS

| No. | PLAINTIFF'S STATED FACTS | EVIDENTIARY SUPPORT | DEFENDANTS' REPLY |
|---|---|---|---|
| | | | danger of physical injury to employees, detainees and/or other persons, to maintain or regain control of a facility or in the event of a rebellion, riot or disturbance and when all of the following conditions exist: • Minor use of force would be insufficient to manage the situation. • All reasonable actions have been taken to stabilize the situation, and to bring in additional staff to help in responding to the situation." *See* Ex. "H" [GEO's Use of Force policy] at 3 of 17 (emphasis added). In other words, once authorized to use OC spray, an individual is – authorized to use OC spray.<br><br>Moreover, the Facility Administrator explained staff that are trained with OC spray *are authorized* to use OC spray. *See* Aguado Decl. ISO Reply, Ex. "C" [Janecka Dep.] at 61:4-11. There are no GEO policies that thereafter require *additional* authorization from the Facility Administrator. *See e.g.,* Doc. #111-2 [Campos and Diaz Appendix of Exhibits.] Ex "H" [GEO's Use of Force policy]. |
| 16. | A facility supervisor, or "Administrator of the Day" is always available on-call. | Ex. 16, Lt. Diaz Dep. 268:10-269:10; Ex. 11, Janecka Dep. 59:7-60:20. | Undisputed for purposes of this motion. |
| 17. | In addition, an Administrative Duty | Ex. 11, Janecka Dep.62:13-24. | Undisputed for purposes of this motion. |

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4829-2817-4510 v1

- 10 -

5:18-CV-01125-SP
DIAZ AND CAMPOS' ADDITIONAL
RESPONSES TO STATEMENT OF FACTS

| No. | PLAINTIFF'S STATED FACTS | EVIDENTIARY SUPPORT | DEFENDANTS' REPLY |
|---|---|---|---|
|  | Officer - an individual who carried the administrative duties through the weekends and after hours - was always stationed at the Facility. |  |  |
| 18. | Pursuant to GEO policy, the Facility Administrator may authorize the use of OC spray only when the situation is such that the detainee: (1) is armed and/or barricaded, or (2) cannot be approached without danger to self or others; and (3) it is determined that a delay in bringing the situation under control would constitute a serious hazard to the detainee or others, or would result in a major disturbance or serious property damage. | Ex. H, GEO Group Use of Force Policy (No. 10-2.15) at 9 (Sec. II(G)). | Irrelevant and immaterial to Defendants' Motion for Summary Judgment as an alleged policy violation is not a per se violation of the law; thus, this "fact" is not material. FRE 402, 403; *Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009) (quoting *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997)).<br><br>Misstates/mischaracterizes the evidence. FRE 403. Plaintiffs' cited evidence provides an incomplete summation of GEO's use of force policy.<br><br>Plaintiffs ignore their Exhibit 1, which are GEO's training materials and state "Chemical agents may be useful to control the following situations: - In self-defense or in defense of other persons; …- To quell a disturbance that is likely to develop into a serious disorder or riot; … - To compel an inmate/detainee in a contained area to comply with direct orders…."<br><br>Additionally, per GEO policy, "[t]he major use of force [including the use of OC spray] is specifically authorized when there is |

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4829-2817-4510 v1

- 11 -

5:18-CV-01125-SP
DIAZ AND CAMPOS' ADDITIONAL
RESPONSES TO STATEMENT OF FACTS

| No. | PLAINTIFF'S STATED FACTS | EVIDENTIARY SUPPORT | DEFENDANTS' REPLY |
|---|---|---|---|
| | | | imminent and immediate danger of physical injury to employees, detainees and/or other persons, to maintain or regain control of a facility or in the event of a rebellion, riot or disturbance and when all of the following conditions exist:<br>• Minor use of force would be insufficient to manage the situation.<br>• All reasonable actions have been taken to stabilize the situation, and to bring in additional staff to help in responding to the situation." *See* Ex. "H" [GEO's Use of Force policy] at 3 of 17. |
| 19. | GEO policy specifically sets forth that the use of OC spray is "not to be taken lightly" and that each and every staff member present must ensure that all other stages of the continuum-of-force have been "fully exhausted" before making a decision to use the chemical agent. | Ex. H, GEO Group Use of Force Policy (No. 10.2.15) at 10 (Sec. II(G)(3) (emphasis in original)). | Irrelevant and immaterial to Defendants' Motion for Summary Judgment as an alleged policy violation is not a per se violation of the law; thus, this "fact" is not material. FRE 402, 403; *Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009) (quoting *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997)).<br><br>Nevertheless, undisputed for purposes of this motion. |
| 20. | GEO policy requires the staff member deploying the OC spray to (1) verbally warn the detainee that they will be spraying, and (2) warn the detainee about the effects of the chemical agent. | Ex. H, GEO Group Use of Force Policy (No. 10-2.15) at 9 (Sec. II(G)). | Irrelevant and immaterial to Defendants' Motion for Summary Judgment as an alleged policy violation is not a per se violation of the law; thus, this "fact" is not material. FRE 402, 403; *Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th |

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4829-2817-4510 v1

- 12 -

5:18-CV-01125-SP
DIAZ AND CAMPOS' ADDITIONAL
RESPONSES TO STATEMENT OF FACTS

| No. | PLAINTIFF'S STATED FACTS | EVIDENTIARY SUPPORT | DEFENDANTS' REPLY |
|---|---|---|---|
| | | | Cir. 2009) (quoting *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997)).<br><br>Nevertheless, undisputed for purposes of this motion. |
| 21. | Officers must stand at least five feet away from the target detainee(s) when they are deploying OC spray. | Ex. 1, GEO Group Use of Force Training Presentation, Slide 35. | Irrelevant and immaterial to Defendants' Motion for Summary Judgment as an alleged policy violation is not a per se violation of the law; thus, this "fact" is not material. FRE 402, 403; *Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009) (quoting *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997)).<br><br>Nevertheless, undisputed for purposes of this motion. |
| 22. | Lt. Diaz and Sgt. Campos both deployed OC spray in the dayroom of 2-Charlie on the morning of June 12, 2017. | Defendants' Exhibit "G" [Serious Incident Report, notification and emails to GEO Corporate] at 7, 9. | Undisputed for purposes of this motion. |
| 23. | Lt. Diaz did not contact the Facility Administrator (or his designee) to receive authorization before using OC spray on June 12, 2017. | Ex. 16, Lt. Diaz Dep. 219:4-220:7. | Undisputed that Lt. Diaz did not contact the Facility Administrator prior to her deployment of OC spray.<br><br>Mischaracterizes the evidence and lacks foundation that Lt. Diaz was required to contact the Facility Administrator for additional authorization once she received training on and authorization to use OC spray. FRE 403. Improper opinion and conclusion by Plaintiffs' |

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4829-2817-4510 v1

- 13 -

5:18-CV-01125-SP
DIAZ AND CAMPOS' ADDITIONAL
RESPONSES TO STATEMENT OF FACTS

| No. | PLAINTIFF'S STATED FACTS | EVIDENTIARY SUPPORT | DEFENDANTS' REPLY |
|-----|--------------------------|---------------------|-------------------|
|     |                          |                     | counsel.<br><br>Per GEO policy, "[t]he major use of force [including the use of OC spray] *is specifically authorized* when there is imminent and immediate danger of physical injury to employees, detainees and/or other persons, to maintain or regain control of a facility or in the event of a rebellion, riot or disturbance and when all of the following conditions exist:<br>• Minor use of force would be insufficient to manage the situation.<br>• All reasonable actions have been taken to stabilize the situation, and to bring in additional staff to help in responding to the situation." *See* Ex. "H" [GEO's Use of Force policy] at 3 of 17 (emphasis added). In other words, once authorized to use OC spray, an individual is – authorized to use OC spray.<br><br>Moreover, the Facility Administrator explained staff that are trained with OC spray *are authorized* to use OC spray. *See* Aguado Decl. ISO Reply, Ex. "C" [Janecka Dep.] at 61:4-11. There are no GEO policies that thereafter require *additional* authorization from the Facility Administrator. *See e.g.*, Doc. #111-2 [Campos and Diaz Appendix of Exhibits.] Ex "H" [GEO's |

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4829-2817-4510 v1

- 14 -

5:18-CV-01125-SP
DIAZ AND CAMPOS' ADDITIONAL
RESPONSES TO STATEMENT OF FACTS

| No. | PLAINTIFF'S STATED FACTS | EVIDENTIARY SUPPORT | DEFENDANTS' REPLY |
|-----|--------------------------|---------------------|-------------------|
| | | | Use of Force policy]. |
| 24. | Sgt. Campos did not contact the Facility Administrator (or his designee) to receive authorization before using OC spray on June 12, 2017. He deployed the spray within a minute of entering the room. | Ex. 14, Sgt. Campos Dep. 51:18-20, 51:25-52:3. | Undisputed that Sgt. Campos did not contact the Facility Administrator prior to his deployment of OC spray. Undisputed that Sgt. Campos deployed OC spray within a minute of entering the dorm and witnessing a major disturbance. |
| | | | Mischaracterizes the evidence and lacks foundation that Sgt. Campos was required to contact the Facility Administrator for additional authorization once he received training on and authorization to use OC spray. FRE 403. Improper opinion and conclusion by Plaintiffs' counsel. |
| | | | Per GEO policy, "[t]he major use of force [including the use of OC spray] *is specifically authorized* when there is imminent and immediate danger of physical injury to employees, detainees and/or other persons, to maintain or regain control of a facility or in the event of a rebellion, riot or disturbance and when all of the following conditions exist: • Minor use of force would be insufficient to manage the situation. • All reasonable actions have been taken to stabilize the situation, and to bring in additional staff to help in responding to |

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4829-2817-4510 v1

- 15 -

5:18-CV-01125-SP
DIAZ AND CAMPOS' ADDITIONAL
RESPONSES TO STATEMENT OF FACTS

| No. | PLAINTIFF'S STATED FACTS | EVIDENTIARY SUPPORT | DEFENDANTS' REPLY |
|-----|--------------------------|---------------------|-------------------|
| | | | the situation." *See* Ex. "H" [GEO's Use of Force policy] at 3 of 17 (emphasis added). In other words, once authorized to use OC spray, an individual is – authorized to use OC spray.

Moreover, the Facility Administrator explained staff that are trained with OC spray *are authorized* to use OC spray. *See* Aguado Decl. ISO Reply, Ex. "C" [Janecka Dep.] at 61:4-11. There are no GEO policies that thereafter require *additional* authorization from the Facility Administrator. *See e.g.,* Doc. #111-2 [Campos and Diaz Appendix of Exhibits.] Ex "H" [GEO's Use of Force policy]. |
| 25. | No GEO staff member present on June 12, 2017 ever warned Plaintiffs about the effects of the chemical agent prior to Lt. Diaz's deployment of the OC spray. | Ex. 20, GEO Martinez Dep. 90:5-25, 96:7-21; Ex. 28, Mejia Dep.72:14-23; Ex. 25, Cornejo Dep. 47:1848:11; Ex. 23, Castillo Dep. 82:17-83:5, 84:4-6, 84:18-85:15, 142:24-143:7, 142:24-143:7; Ex. 27, Martinez Dep. 90:24-91:11. | Irrelevant and immaterial to Defendants' Motion for Summary Judgment. FRE 402, 403.

Lacks foundation that a warning of the effects was required.

Misstates/mischaracterizes the cited evidence. FRE 403. Plaintiffs placed their heads down on the table immediately before Lt. Diaz sprayed OC spray down the middle of the table that they were seated out; thus indicating they were well aware of the effects. *See* Diaz Decl. ¶ 25; Doc. # 111-2 [Campos and Diaz Appendix of Exhibits], Ex. "F" [Video recording], 6:42:21. |

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4829-2817-4510 v1    - 16 -    5:18-CV-01125-SP
DIAZ AND CAMPOS' ADDITIONAL
RESPONSES TO STATEMENT OF FACTS

| No. | PLAINTIFF'S STATED FACTS | EVIDENTIARY SUPPORT | DEFENDANTS' REPLY |
|---|---|---|---|
| 26. | There is no evidence that Plaintiffs had ever seen OC spray deployed at the Facility before June 12, 2017. | Ex. 20, GEO Martinez Dep. 96:7-21. | Undisputed for purposes of this motion. |
| 27. | Before June 12, 2017, none of the Plaintiffs had ever been sprayed with OC spray at the Facility. | Ex. 28, Mejia Dep 74:5-8. | Undisputed for purposes of this motion. |
| 28. | Lt. Diaz deployed her OC spray at Plaintiffs from a distance of approximately one foot. | Ex. 27, Martinez Dep. 93:10-20; Ex. F, [Video, Views C-3 and C-1] at 06:37:24 a.m. to 6:38:15 a.m. | To the extent that Plaintiffs are attempting to demonstrate Lt. Diaz was in violation of a policy, this "fact" is irrelevant and immaterial to Defendants' Motion for Summary Judgment as an alleged policy violation is not a per se violation of the law. FRE 402, 403; *Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009) (quoting *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997)). <br><br> Misstates/mischaracterizes the cited evidence. FRE 403. <br><br> Plaintiffs' assertion contradicts the video recording of the incident that is attached as Exhibit "F", which demonstrates (1) Diaz did not directly spray any plaintiff and (2) the distance that Diaz stood away from the plaintiffs when she deployed the spray. *See Scott v. Harris*, 550 U.S. 372, 378–80 (2007) ("Respondent's version of events is so utterly discredited by the record that no reasonable jury |

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4829-2817-4510 v1

- 17 -

5:18-CV-01125-SP
DIAZ AND CAMPOS' ADDITIONAL
RESPONSES TO STATEMENT OF FACTS

| No. | PLAINTIFF'S STATED FACTS | EVIDENTIARY SUPPORT | DEFENDANTS' REPLY |
|---|---|---|---|
| | | | could have believed him. The Court of Appeals should not have relied on such visible fiction; it should have viewed the facts in the light depicted by the videotape."). |
| 29. | Sgt. Campos deployed his OC spray at Plaintiffs from very close range, less than five feet away. | Ex. F, [Video, View C-3] at 06:46:45 a.m. to 6:47:23 a.m. | To the extent that Plaintiffs are attempting to demonstrate Sgt. Campos was in violation of a policy, this "fact" is irrelevant and immaterial to Defendants' Motion for Summary Judgment as an alleged policy violation is not a per se violation of the law. FRE 402, 403; *Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009) (quoting *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997)). Misstates/mischaracterizes the cited evidence. FRE 403. Plaintiffs' assertion contradicts the video recording of the incident that is attached as Exhibit "F." *See Scott v. Harris*, 550 U.S. 372, 378–80 (2007) ("Respondent's version of events is so utterly discredited by the record that no reasonable jury could have believed him. The Court of Appeals should not have relied on such visible fiction; it should have viewed the facts in the light depicted by the videotape."). |
| 30. | Sgt. Campos was not aware that spraying at | Ex. 14, Sgt. Campos Dep. 16:10-12; 20-22. | Irrelevant and immaterial to Defendants' Motion for |

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4829-2817-4510 v1

5:18-CV-01125-SP
DIAZ AND CAMPOS' ADDITIONAL
RESPONSES TO STATEMENT OF FACTS

| No. | PLAINTIFF'S STATED FACTS | EVIDENTIARY SUPPORT | DEFENDANTS' REPLY |
|---|---|---|---|
| | three feet was out of policy and was trained that he could spray at three to five feet. | | Summary Judgment as an alleged policy violation is not a per se violation of the law; thus, this "fact" is not material. FRE 402, 403; *Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009) (quoting *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997)). |
| | | | Misstates/mischaracterizes the cited evidence. FRE 403. |
| | | | Plaintiffs' cited evidence demonstrates that Campos stated that *during his time in the military,* it was acceptable to deploy OC spray when he was 3-5 feet away. However, he could not recall the distance that he was trained by GEO. *See* Pls. Ex. 14 [Sgt. Campos Dep.] 16:4-15. Additionally, Plaintiffs ignore that Sgt. Campos has not worked with GEO since 2017. *See* Campos Decl. ¶ 2. |
| 31. | In fact, Sgt. Campos moved around the table to get closer to the detainees and deploy spray against the detainees. | Ex. 14, Sgt. Campos Dep. 115:15-24. | Misstates/mischaracterizes the cited evidence. FRE 403. The cited evidence does not support this "fact." Sgt. Campos stated, "… And I went around so I can control this side also, and I deployed OC spray there." *See* Pls.' Ex. 14 [Sgt. Campos Dep.], 115:15-24. |
| 32. | Medical staff arrived at the same time as Lt. Diaz in case the situation escalated and there was a need for a medical evaluation. | Ex. 18, Jindi Dep. 65:10-23; Ex. 21, Jones Dep. 85:2-22, 87:6-11; Ex. F, [Video, View C-4] at | Undisputed for purposes of this motion. |

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4829-2817-4510 v1

- 19 -

5:18-CV-01125-SP
DIAZ AND CAMPOS' ADDITIONAL
RESPONSES TO STATEMENT OF FACTS

| No. | PLAINTIFF'S STATED FACTS | EVIDENTIARY SUPPORT | DEFENDANTS' REPLY |
|---|---|---|---|
| | | 06:32:52 a.m. to 6:33:07 a.m. | |
| 33. | Officer Jindi announced that it was time to prepare for count at 6:30 a.m. | Ex. 5, Logbook at 3. Ex. 18, Jindi Dep. 40:6-16. | Undisputed for purposes of this motion. |
| 34. | From the time Officer Jindi announced prep for count, Plaintiffs had a 10-minute grace period to return to their bunks before count might begin. During that time, as seen in the video, other detainees were still wandering around the dorm and at least one detainee was in the showers. | Ex. 18, Jindi Dep. 40:17-20; Ex. F, [Video, View C-3] at 06:32:58. | Undisputed for purposes of this motion. Nevertheless, mischaracterizes the evidence as Plaintiffs made clear that they had no intent to return to their bunks on the date of the incident. FRE 403; *see See* Doc. # 111-1 [Diaz and Campos Separate Statement], Nos. 18-19 (Ex. "N" [Cornejo Depo.] at 73:13-16; Ex. "O" [Campos Depo.] at 97:5-12, 103:11-104:6; Ex. "P" [Castillo Depo.] at 78:7-79:4, 80:1-81:3, 82:17-83:20, 84:7-14, 84:18-25; Ex. "Q" [Mejia Depo.] at 70:1-71:25, 73:16-18; Ex. "R" [Rodriguez Depo.] at 97:2-16; Ex. "T" [Diaz Depo] at 83:2-3 ("Because we were already there. We needed to fight for it, to struggle, to be heard."); Ex. "U" [Martinez Depo.] at 87:1-89:3). |
| 35. | Per GEO policy, the dorm officer cannot begin count until the utility officer is present in the dorm. | Ex.18, Jindi Dep. 21:3-21; Ex. 16, Lt. Diaz Dep. 302:24-303:12. | Irrelevant and immaterial to Defendants' Motion for Summary Judgment as an alleged policy violation is not a per se violation of the law; thus, this "fact" is not material. FRE 402, 403; *Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009) (quoting *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997)). Moreover, this |

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4829-2817-4510 v1

- 20 -

5:18-CV-01125-SP
DIAZ AND CAMPOS' ADDITIONAL
RESPONSES TO STATEMENT OF FACTS

| No. | PLAINTIFF'S STATED FACTS | EVIDENTIARY SUPPORT | DEFENDANTS' REPLY |
|---|---|---|---|
| | | | "fact" is irrelevant and immaterial as Jindi, who was not designated as GEO's person most knowledgeable, provided her *opinion* on the policy. Nevertheless, mischaracterizes the evidence as Plaintiffs made clear that they had no intent to return to their bunks in compliance on the count procedures on the date of the incident. FRE 403; *see See* Doc. # 111-1[Diaz and Campos Separate Statement], Nos. 18-19 (Ex. "N" [Cornejo Depo.] at 73:13-16; Ex. "O" [Campos Depo.] at 97:5-12, 103:11-104:6; Ex. "P" [Castillo Depo.] at 78:7-79:4, 80:1-81:3, 82:17-83:20, 84:7-14, 84:18-25; Ex. "Q" [Mejia Depo.] at 70:1-71:25, 73:16-18; Ex. "R" [Rodriguez Depo.] at 97:2-16; Ex. "T" [Diaz Depo] at 83:2-3 ("Because we were already there. We needed to fight for it, to struggle, to be heard."); Ex. "U" [Martinez Depo.] at 87:1-89:3). |
| 36. | Although Lt. Diaz was told multiple times that Plaintiffs announced they were going on a hunger strike, she never considered calling medical staff. | Ex. 16, Lt. Diaz Dep. 201:24-202:16. | Incomplete and mischaracterizes the evidence. FRE 403. Lacks foundation that Lt. Diaz was required to contact medical staff when she was aware that medical staff was already present at the incident – which Plaintiffs admit. *See* Doc. # 123 [Pls. Separate Statement] at 121, No. 11 ("...Lt. Diaz entered 2- |

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4829-2817-4510 v1

- 21 -

5:18-CV-01125-SP
DIAZ AND CAMPOS' ADDITIONAL
RESPONSES TO STATEMENT OF FACTS

| No. | PLAINTIFF'S STATED FACTS | EVIDENTIARY SUPPORT | DEFENDANTS' REPLY |
|---|---|---|---|
| | | | Charlie with a group of officers and Medical staff…") |
| | | | To the extent that Plaintiffs are attempting to use this "fact" to demonstrate a violation of policy, this "fact" is irrelevant and immaterial to Defendants' Motion for Summary Judgment as an alleged policy violation is not a per se violation of the law. FRE 402, 403; *Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009) (quoting *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997)). |
| 37. | When Lt. Diaz entered the dorm, she was carrying a copy of Plaintiffs' letter. In addition, Plaintiffs had copies of their written demands on the table in front of them. | Ex. 16, Lt. Diaz Dep. 321:17-19 Ex. F, [Video, Views C-2 and C-3] at 06:33:22 a.m. to 6:33:29 a.m. | Misstates and mischaracterizes the evidence. FRE 403. Plaintiffs' cited evidence demonstrates Lt. Diaz stated she had "[t]he list of names…." *See* Pls. Ex. 15 [Lt. Diaz Dep.] 321:17-19. |
| 38. | Lt. Diaz entered the dorm with her OC spray canister in her right hand. | Ex. 16, Lt. Diaz Dep. 319:2-24. | Irrelevant and immaterial to Defendants' Motion for Summary Judgment. FRE 402, 403. Nevertheless, undisputed for purposes of this motion. |
| 39. | Lt. Diaz immediately began yelling at the detainees in English. | Ex. 21, Jones Dep. 98:6-99:6; Ex. 16, Reyes Dep. 80:7-11; Ex. 28, Mejia Dep. 71:5-15. | Irrelevant and immaterial to Defendants' Motion for Summary Judgment. FRE 402, 403. Misstates and mischaracterizes the evidence. FRE 403. Plaintiffs' cited evidence demonstrates that neither Jones nor Reyes stated "Diaz immediately began yelling…." *See* Pls. Ex. 21 [Jones Dep.] 98:6-99:6; |

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4829-2817-4510 v1

- 22 -

5:18-CV-01125-SP
DIAZ AND CAMPOS' ADDITIONAL
RESPONSES TO STATEMENT OF FACTS

| No. | PLAINTIFF'S STATED FACTS | EVIDENTIARY SUPPORT | DEFENDANTS' REPLY |
|---|---|---|---|
| | | | Ex. 16 [Reyes Dep.] 80:7-11.<br><br>Moreover, whether Diaz was speaking English is immaterial because Plaintiffs nevertheless admitted that they knew Lt. Diaz and the responding GEO officers ordered them to return to their bunks and/or leave the tables. *See* Doc. # 111-1 [Diaz and Campos Separate Statement], No. 18 (Ex. "N" [Cornejo Depo.] at 73:13-16; Ex. "P" [Castillo Depo.] at 78:7-79:4, 80:1-81:3, 82:17-83:20, 84:7-14, 84:18-25; Ex. "Q" [Mejia Depo.] at 70:1-71:25, 73:16-18; Ex. "R" [Rodriguez Depo.] at 97:2-16; Ex. "U" [Martinez Depo.] at 87:1-89:3). |
| 40. | Lt. Diaz does not speak any Spanish. | Ex. 16, Lt. Diaz Dep. 39:12-13; Ex. 20, GEO Martinez Dep. 71:6-9. | Undisputed for purposes of this motion.<br><br>Mischaracterizes the evidence. FRE 403. Whether Diaz was speaking English is immaterial because Plaintiffs admitted that they knew Lt. Diaz and the responding GEO officers ordered them to return to their bunks and/or leave the tables. *See* Doc. # 111-1 [Diaz and Campos Separate Statement], No. 18 (Ex. "N" [Cornejo Depo.] at 73:13-16; Ex. "P" [Castillo Depo.] at 78:7-79:4, 80:1-81:3, 82:17-83:20, 84:7-14, 84:18-25; Ex. "Q" [Mejia Depo.] at 70:1-71:25, 73:16-18; Ex. "R" |

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4829-2817-4510 v1

- 23 -

5:18-CV-01125-SP
DIAZ AND CAMPOS' ADDITIONAL
RESPONSES TO STATEMENT OF FACTS

| No. | PLAINTIFF'S STATED FACTS | EVIDENTIARY SUPPORT | DEFENDANTS' REPLY |
|---|---|---|---|
| | | | [Rodriguez Depo.] at 97:2-16; Ex. "U" [Martinez Depo.] at 87:1-89:3). |
| 41. | Only one officer was present who spoke any Spanish to the detainees the morning of June 12, 2017, Officer Martinez. | Ex. 20, GEO Martinez Dep. 13:10-12, 46:18-47:7; Ex. 16, Reyes Dep. 43:7-14, 181:23-182:6, 183:25184:6. | Irrelevant and immaterial to Defendants' Motion for Summary Judgment. FRE 402, 403. Mischaracterizes the evidence. FRE 403. Plaintiffs admitted that they knew Lt. Diaz and the responding GEO officers ordered them to return to their bunks and/or leave the tables. *See* Doc. # 111-1 [Diaz and Campos Separate Statement], No. 18 (Ex. "N" [Cornejo Depo.] at 73:13-16; Ex. "P" [Castillo Depo.] at 78:7-79:4, 80:1-81:3, 82:17-83:20, 84:7-14, 84:18-25; Ex. "Q" [Mejia Depo.] at 70:1-71:25, 73:16-18; Ex. "R" [Rodriguez Depo.] at 97:2-16; Ex. "U" [Martinez Depo.] at 87:1-89:3). Additionally, Sgt. Campos spoke in Spanish to Plaintiffs. *See* Aguado Decl. ISO Reply, Ex. "A" [Sgt. Campos Dep.] at 51:18-22; 64:5-14; 111:18-24. |
| 42. | Officer Martinez did not translate for Lt. Diaz, but simply told the detainees to go back to their bunks. | Ex. 20, GEO Martinez Dep. 61:1-63:19; Ex. 16, Reyes Dep., 80:7-81:8; Ex. 23, Castillo Dep. 82:17-83:5; 84:4-6, 84:18-85:15, 142:24-143:7, 143:20144:2; Ex. 14, Sgt. Campos Dep. 91:25-92:5, 94:1-3; Ex. 30, Rodriguez Dep. | Irrelevant and immaterial to Defendants' Motion for Summary Judgment. FRE 402, 403. Mischaracterizes the evidence. FRE 403. Plaintiffs admitted that they knew Lt. Diaz and the responding GEO officers ordered them to return to their bunks and/or leave |

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4829-2817-4510 v1

- 24 -

5:18-CV-01125-SP
DIAZ AND CAMPOS' ADDITIONAL
RESPONSES TO STATEMENT OF FACTS

| No. | PLAINTIFF'S STATED FACTS | EVIDENTIARY SUPPORT | DEFENDANTS' REPLY |
|---|---|---|---|
| | | 142:7-8, 144:14-18. | the tables. *See* Doc. # 111-1 [Diaz and Campos Separate Statement], No. 18 (Ex. "N" [Cornejo Depo.] at 73:13-16; Ex. "P" [Castillo Depo.] at 78:7-79:4, 80:1-81:3, 82:17-83:20, 84:7-14, 84:18-25; Ex. "Q" [Mejia Depo.] at 70:1-71:25, 73:16-18; Ex. "R" [Rodriguez Depo.] at 97:2-16; Ex. "U" [Martinez Depo.] at 87:1-89:3). Moreover, Reyes stated he translated for Diaz. *See* Doc. # 111-1[Diaz and Campos Separate Statement], No. 16 (Ex. "Y" [GEO Martinez Depo.] at 54:10-17).

Additionally, Plaintiffs state that no one other than Martinez spoke Spanish; thus, Castillo and Rodriguez would be speculating as to what Martinez said in Spanish. |
| 43. | Due to the hostility of the situation, Plaintiffs were afraid to get up from the tables where they were seated. | Ex. 30, Rodriguez Dep. 141:21-142:5, 142:13-21, 143:4-7; Ex. 23, Castillo Dep. 144:3-18; Ex. 25, Cornejo Dep. 63 :24-65:2. | Vague and ambiguous as to "hostility of the situation." Lacks foundation that the situation was "hostile." Mischaracterizes the evidence. FRE 403.

Plaintiffs admitted they had no intention of complying with the commands to get up from the table unless force was used as this would help them garner more attention for their strike. *See* Doc. # 111-2 [Campos and Diaz Appendix of Exhibits], Ex. "O" [Campos Depo.] at 97:5-12, 103:11-104:6; Ex. "T" [Diaz Depo] at |

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4829-2817-4510 v1                  - 25 -                  5:18-CV-01125-SP
DIAZ AND CAMPOS' ADDITIONAL
RESPONSES TO STATEMENT OF FACTS

| No. | PLAINTIFF'S STATED FACTS | EVIDENTIARY SUPPORT | DEFENDANTS' REPLY |
|-----|--------------------------|---------------------|-------------------|
| | | | 83:2-3 ("Because we were already there. We needed to fight for it, to struggle, to be heard."). |
| | | | Additionally, GEO Officers Martinez, who speaks Spanish fluently, and Reyes unsuccessfully <u>tried to negotiate</u> and reason with Plaintiffs. They explained that ICE was not present at the Facility; thus, Plaintiffs should return to their bunks for count and revisit their strike/protest after count, when ICE was present. But, Plaintiffs refused and repeated they wanted to see ICE. *See* Doc. # 111-1 [Diaz and Campos Separate Statement], No. 17 (Ex. "V" [Gillon Depo] at 163:21-25, 164:1-4; Ex. "Y" [GEO Martinez Depo.] at 13:6-12, 45:12-25, 46:21-47:4, 47:5-9, 60:7-61:13, 61:21-63:19, 65:4-18, 72:6-73:8, 94:23-95:8, 99:17-100:18; Ex. "Z" [Reyes Depo.] at 92:10-24, 147:13-18; 149:2-150:25, 164:7-25; 183:19-24). |
| | | | Plaintiffs admitted they had no intention of complying with the commands not because of the alleged "hostile situation" but because they wanted attention. *See* Doc. # 111-1 [Diaz and Campos Separate Statement], No. 19 (Ex. "O" [Campos Depo.] at 97:5-12, 103:11-104:6; Ex. "T" [Diaz Depo] at 83:2-3 ("Because |

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4829-2817-4510 v1

- 26 -

5:18-CV-01125-SP
DIAZ AND CAMPOS' ADDITIONAL
RESPONSES TO STATEMENT OF FACTS

| No. | PLAINTIFF'S STATED FACTS | EVIDENTIARY SUPPORT | DEFENDANTS' REPLY |
|---|---|---|---|
| | | | we were already there. We needed to fight for it, to struggle, to be heard."). |
| 44. | Pursuant to GEO policy and practice, no GEO officer would have laid hands on Plaintiffs on June 12, 2017, without Lt. Diaz's specific directive. | Ex. 16, Lt. Diaz Dep. 336:8-13; Ex. 20, GEO Martinez Dep. 76:20-23, 78:13-15, 90:16-22. | Irrelevant and immaterial to Defendants' Motion for Summary Judgment as an alleged policy violation is not a per se violation of the law; thus, this "fact" is not material. FRE 402, 403; *Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009) (quoting *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997)). |
| | | | Moreover, Plaintiffs' cited evidence is further irrelevant and immaterial because Diaz and Martinez provided their *opinions* on GEO policy. |
| | | | Vague and ambiguous as to time and scope. |
| 45. | When Lt. Diaz ordered Officer Martinez to use force against Plaintiffs on June 12, 2017, he was surprised and had not expected the command. | Ex. 20, GEO Martinez Dep. 90:5-25. | Mischaracterizes the evidence. FRE 403. Argumentative. Irrelevant and immaterial to Defendants' Motion for Summary Judgment as Officer Martinez's emotions are not a material issue. FRE 402, 403. Improper legal conclusion that "force" was used. |
| | | | Plaintiffs cited evidence does not state that Martinez was "surprised" by the directive to "remove" the plaintiffs. *See* Pls. Ex. 20 [GEO Martinez Dep.] 90:5-25. |
| | | | Plaintiffs' assertion contradicts the video |

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4829-2817-4510 v1

- 27 -

5:18-CV-01125-SP
DIAZ AND CAMPOS' ADDITIONAL
RESPONSES TO STATEMENT OF FACTS

| No. | PLAINTIFF'S STATED FACTS | EVIDENTIARY SUPPORT | DEFENDANTS' REPLY |
|---|---|---|---|
| | | | recording of the incident that is attached as Exhibit "F", which demonstrates the only persons that used "force" were Campos and Diaz. *See Scott v. Harris*, 550 U.S. 372, 378–80 (2007) ("Respondent's version of events is so utterly discredited by the record that no reasonable jury could have believed him. The Court of Appeals should not have relied on such visible fiction; it should have viewed the facts in the light depicted by the videotape."). |
| 46. | When Lt. Diaz ordered the GEO officers to use force on Plaintiffs, Plaintiffs posed no threat to themselves or others. | Decl. of Schwartz ¶¶ 6, 7 (incorporating Expert Report). | Vague and ambiguous as to time. Improper legal argument and conclusion. Argumentative. Lacks foundation. Speculation.<br><br>The declaration of Schwartz and his report are improper expert opinion based on speculation and lack of foundation. Lack of foundation/speculation. Fed. R. Evid. 602. Unreliable expert opinion. Fed. R. Evid. 702. *See Daubert v. Merrell Dow Pharms.*, Inc. 43 F.3d 1311, 1315, 1321 n. 17 (9th Cir. 1995).<br><br>cc |
| 47. | When Lt. Diaz ordered the GEO officers to use force on Plaintiffs, there was no major or serious disturbance within 2-Charlie. | Decl. of Schwartz 1 6, 7 (incorporating Expert Report); Ex. 10, McCusker Dep. 42:22-44:19, 46:17-19. | Vague and ambiguous as to time. Improper legal argument and conclusion. Argumentative. Lacks foundation. Speculation.<br><br>The declaration of Schwartz and his report are improper expert |

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4829-2817-4510 v1

- 28 -

5:18-CV-01125-SP
DIAZ AND CAMPOS' ADDITIONAL
RESPONSES TO STATEMENT OF FACTS

| No. | PLAINTIFF'S STATED FACTS | EVIDENTIARY SUPPORT | DEFENDANTS' REPLY |
|-----|--------------------------|---------------------|-------------------|
| | | | opinion based on speculation and lack of foundation. Lack of foundation/speculation. Fed. R. Evid. 602. Unreliable expert opinion. Fed. R. Evid. 702. *See Daubert v. Merrell Dow Pharms.*, Inc. 43 F.3d 1311, 1315, 1321 n. 17 (9th Cir. 1995).<br><br>Incomplete and misstates/mischaracterizes the evidence. FRE 403. Misleading. Plaintiffs' cited evidence refers to McCusker describing which box to check on an incident report when categorizing the report. *See* Pls. Ex. 10 [McCusker Dep.] 44-46 ("The incident in its totality can be just a use-of-force incident, such as this, with the detainees being pepper sprayed. If the term disturbance was going to be used, it very likely would be coined as a disturbance by the Facility Administrator before it was reported as a facility disturbance.").<br><br>Plaintiffs' assertion contradicts the video recording of the incident that is attached as Exhibit "F", which demonstrates Plaintiffs did cause a major disturbance. *See Scott v. Harris*, 550 U.S. 372, 378–80 (2007) ("Respondent's version of events is so utterly discredited by the record that no reasonable jury |

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4829-2817-4510 v1

- 29 -

5:18-CV-01125-SP
DIAZ AND CAMPOS' ADDITIONAL
RESPONSES TO STATEMENT OF FACTS

| No. | PLAINTIFF'S STATED FACTS | EVIDENTIARY SUPPORT | DEFENDANTS' REPLY |
|---|---|---|---|
| | | | could have believed him. The Court of Appeals should not have relied on such visible fiction; it should have viewed the facts in the light depicted by the videotape."). |
| | | | Plaintiff Rodriguez acknowledged other detainees in dorm were yelling – which is a major disturbance. *See* Doc. # 111-1[Diaz and Campos Separate Statement], No. 42 (Diaz Decl. ¶ 27; Campos Decl. ¶¶ 4-5; Ex. "R" [Rodriguez Depo.] at 100:22-24 [acknowledged other detainees in dorm were yelling]; Ex. "W" [Jones Depo.] at 103:20-104:10; Ex. "X" [Jindi Depo.] at 46:8-47:2; Ex. "Y" [GEO Martinez Depo.] at 131:24-132:12, 133:1-18). |
| 48. | When Lt. Diaz deployed OC spray at Plaintiffs, Plaintiffs posed no threat to themselves or others. | Decl. of SchwartzT16, 7 (incorporating Expert Report). | Vague and ambiguous as to time. Improper legal argument and conclusion. Argumentative. Lacks foundation. Speculation.<br><br>The declaration of Schwartz and his report are improper expert opinion based on speculation and lack of foundation.  Lack of foundation/speculation. Fed. R. Evid. 602. Unreliable expert opinion. Fed. R. Evid. 702. *See Daubert v. Merrell Dow Pharms.*, Inc. 43 F.3d 1311, 1315, 1321 n. 17 (9th Cir. 1995).<br><br>Plaintiffs' assertion |

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4829-2817-4510 v1

- 30 -

5:18-CV-01125-SP
DIAZ AND CAMPOS' ADDITIONAL
RESPONSES TO STATEMENT OF FACTS

| No. | PLAINTIFF'S STATED FACTS | EVIDENTIARY SUPPORT | DEFENDANTS' REPLY |
|---|---|---|---|
| | | | contradicts the video recording of the incident that is attached as Exhibit "F", which demonstrates the only persons that used "force" were Campos and Diaz. *See Scott v. Harris*, 550 U.S. 372, 378–80 (2007) ("Respondent's version of events is so utterly discredited by the record that no reasonable jury could have believed him. The Court of Appeals should not have relied on such visible fiction; it should have viewed the facts in the light depicted by the videotape."). |
| 49. | When Lt. Diaz first deployed OC spray at Plaintiffs, there was no major or serious disturbance within 2-Charlie. | Decl. of Schwartz ¶¶ 6, 7 (incorporating Expert Report); Ex. 10, McCusker Dep. 42:22-44:19, 46:17-19. | Improper legal argument and conclusion. Argumentative. Lacks foundation. Speculation. Incomplete and misstates/mischaracterizes the evidence. FRE 403. Misleading.<br><br>The declaration of Schwartz and his report are improper expert opinion based on speculation and lack of foundation.  Lack of foundation/speculation. Fed. R. Evid. 602. Unreliable expert opinion. Fed. R. Evid. 702. *See Daubert v. Merrell Dow Pharms.*, Inc. 43 F.3d 1311, 1315, 1321 n. 17 (9th Cir. 1995).<br><br>The admissible evidence demonstrates that Plaintiffs were causing not only a major disturbance in their dorm but throughout the entire Facility. *See e.g.*, Doc. # |

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4829-2817-4510 v1                                        - 31 -

5:18-CV-01125-SP
DIAZ AND CAMPOS' ADDITIONAL
RESPONSES TO STATEMENT OF FACTS

| No. | PLAINTIFF'S STATED FACTS | EVIDENTIARY SUPPORT | DEFENDANTS' REPLY |
|-----|--------------------------|---------------------|-------------------|
|     |                          |                     | 111-1 [Diaz and Campos Separate Statement], Nos. 6-7, 21-33 (citing, in part, Diaz Decl. ¶ 27; Campos Decl. ¶¶ 4-5; Ex. "R" [Rodriguez Depo.] at 100:22-24 [acknowledged other detainees in dorm were yelling]; Ex. "W" [Jones Depo.] at 103:20-104:10; Ex. "X" [Jindi Depo.] at 46:8-47:2; Ex. "Y" [GEO Martinez Depo.] at 131:24-132:12, 133:1-18.) |
| 50. | There was no justification under GEO policy, the PNBS, or generally accepted correctional practices for Lt. Diaz or Sgt. Campos to deploy OC spray at Plaintiffs. | Decl. of Schwartz vii 6, 7 (incorporating Expert Report). | Irrelevant and immaterial to Defendants' Motion for Summary Judgment as an alleged policy violation is not a per se violation of the law; thus, this "fact" is not material. FRE 402, 403; *Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009) (quoting *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997)).

Improper legal argument and conclusion. Argumentative. Lacks foundation. Speculation.

The declaration of Schwartz and his report are improper expert opinion based on speculation and lack of foundation. Lack of foundation/speculation. Fed. R. Evid. 602. Unreliable expert opinion. Fed. R. Evid. 702. *See Daubert v. Merrell Dow Pharms.*, Inc. 43 F.3d 1311, 1315, 1321 n. 17 (9th Cir. 1995).

Misstates/mischaracterizes |

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4829-2817-4510 v1

- 32 -

5:18-CV-01125-SP
DIAZ AND CAMPOS' ADDITIONAL
RESPONSES TO STATEMENT OF FACTS

| No. | PLAINTIFF'S STATED FACTS | EVIDENTIARY SUPPORT | DEFENDANTS' REPLY |
|---|---|---|---|
| | | | the evidence. FRE 403. Misleading.<br><br>Plaintiffs' assertion contradicts the video recording of the incident that is attached as Exhibit "F." *See Scott v. Harris*, 550 U.S. 372, 378–80 (2007) ("Respondent's version of events is so utterly discredited by the record that no reasonable jury could have believed him. The Court of Appeals should not have relied on such visible fiction; it should have viewed the facts in the light depicted by the videotape."). |
| 51. | Officer Reyes testified that he and his partner were able to get detainees away from the table using pressure points and by pulling them. | Ex. 16, Reyes Dep. 168:6-11, 168:21-169:1. | Undisputed for purposes of this motion. |
| 52. | The uncontroverted video evidence shows that Plaintiffs only began to link arms once force was used on them by the GEO officers. | Ex. F, [Video, Views C-1 and C-3] at 06:37:55 a.m. to 6:38:13 a.m. | Undisputed that Plaintiffs linked arms in a form of active resistance.<br><br>Vague and ambiguous as to time.<br><br>Plaintiffs' assertion contradicts the video recording of the incident that is attached as Exhibit "F", which demonstrates the only persons that used "force" were Campos and Diaz. *See Scott v. Harris*, 550 U.S. 372, 378–80 (2007) ("Respondent's version of events is so utterly discredited by the record that no reasonable jury could have believed him. The Court of Appeals |

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4829-2817-4510 v1

- 33 -

5:18-CV-01125-SP
DIAZ AND CAMPOS' ADDITIONAL
RESPONSES TO STATEMENT OF FACTS

| No. | PLAINTIFF'S STATED FACTS | EVIDENTIARY SUPPORT | DEFENDANTS' REPLY |
|---|---|---|---|
| | | | should not have relied on such visible fiction; it should have viewed the facts in the light depicted by the videotape."). |
| 53. | Plaintiffs were shocked by the GEO officers' reaction and scared that if they got up the other Plaintiffs would be more drastically punished. | Ex. 24, Campos Dep. 92:3-93:3, 94:6-7, 96:6-17, 97:8-12, 103:11-20, 105:1-7. | Irrelevant and immaterial to Defendants' Motion for Summary Judgment as Plaintiffs *opinions* are not material issues. FRE 402, 403.<br><br>Misstates/mischaracterizes the evidence. FRE 403. Misleading. Incomplete.<br><br>Plaintiffs admitted they had no intention of complying with the commands to get up from the table unless force was used as this would help them garner more attention for their strike. *See* Doc. # 111-2 [Campos and Diaz Appendix of Exhibits], Ex. "O" [Campos Depo.] at 97:5-12, 103:11-104:6; Ex. "T" [Diaz Depo] at 83:2-3 ("Because we were already there. We needed to fight for it, to struggle, to be heard."). |
| 54. | Plaintiff Martinez testified that Lt. Diaz approached him while he was seated at the table, stretched out her arm, and sprayed him. | Ex. 27, Martinez Dep. 90:24-91:11, 93:10-20. | Misstates/mischaracterizes the evidence. FRE 403. Incomplete summation of the evidence.<br><br>Plaintiffs' assertion contradicts the video recording of the incident that is attached as Exhibit "F." *See Scott v. Harris*, 550 U.S. 372, 378–80 (2007) ("Respondent's version of events is so utterly discredited by the record that no reasonable |

| No. | PLAINTIFF'S STATED FACTS | EVIDENTIARY SUPPORT | DEFENDANTS' REPLY |
|---|---|---|---|
| | | | jury could have believed him. The Court of Appeals should not have relied on such visible fiction; it should have viewed the facts in the light depicted by the videotape."). |
| | | | The evidence demonstrates that Diaz only deployed OC spray once. *See* Doc. # 111-1 [Diaz and Campos Separate Statement]. No. 35 (Diaz Decl. ¶¶ 25-27; Ex. "X" [Jindi Depo.] at 49:24-50:23; Ex. "Y" [GEO Martinez Depo.] at 84:20-85:7, 98:3-5); *see* Aguado Decl. ISO Reply, Ex. "B" [Diaz Dep.] at 345:14-24, 353:3-16. |
| 55. | GEO officers grabbed Plaintiff Martinez and injured him while doing so. | Ex. 27, Martinez Dep. 94:15-95:5; Ex. 49, Decl. of Hussain Turk (documenting Plaintiff Martinez's injuries after the incident). | Undisputed that GEO officers pulled Plaintiff Martinez so as to escort him out of the dorm. The declaration of Hussain Turk relies on hearsay and speculation. Additionally, it is improper opinion evidence; thus, any "facts" derived therefrom, including "facts" related to Plaintiff Martinez's injuries, are irrelevant and immaterial to Defendants' Motion for Summary Judgment. FRE 402; 403. |
| 56. | Plaintiff Rodriguez, who was seated next to Plaintiff Martinez, likewise testified that Lt. Diaz initially sprayed the OC spray three or four times. | Ex. 30, Rodriguez Dep. 145:24-25, 152:12-24. | Misstates/mischaracterizes the evidence. FRE 403. Incomplete summation of the evidence. Plaintiffs' assertion contradicts the video recording of the incident that is attached as Exhibit |

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4829-2817-4510 v1

- 35 -

5:18-CV-01125-SP
DIAZ AND CAMPOS' ADDITIONAL
RESPONSES TO STATEMENT OF FACTS

| No. | PLAINTIFF'S STATED FACTS | EVIDENTIARY SUPPORT | DEFENDANTS' REPLY |
|---|---|---|---|
| | | | "F." *See Scott v. Harris*, 550 U.S. 372, 378–80 (2007) ("Respondent's version of events is so utterly discredited by the record that no reasonable jury could have believed him. The Court of Appeals should not have relied on such visible fiction; it should have viewed the facts in the light depicted by the videotape.").<br><br>The evidence demonstrates that Diaz only deployed OC spray once. *See* Doc. # 111-1 [Diaz and Campos Separate Statement], No. 35 (Diaz Decl. ¶¶ 25-27; Ex. "X" [Jindi Depo.] at 49:24-50:23; Ex. "Y" [GEO Martinez Depo.] at 84:20-85:7, 98:3-5); *see* Aguado Decl. ISO Reply, Ex. "B" [Diaz Dep.] at 345:14-24, 353:3-16. |
| 57. | The video evidence shows Lt. Diaz aiming her OC canister at Plaintiffs while they were being restrained by the group of officers, and Plaintiffs visibly responding to the OC spray. | Ex. F, [Video, Views C-1 and C-3] at 6:38:04 to 6:38:28; Ex. 27, Martinez Dep. 90:24-91:11, 93:10-20; Ex. 28, Mejia Dep. 75:19-76:13. Ex. 23, Castillo Dep. 91:13-3; Ex. 30, Rodriguez Dep. 152:1224. | Vague and ambiguous as to time and "visibly responding." Incomplete summation of the evidence. Misstates and mischaracterizes the evidence. FRE 403.<br><br>Plaintiffs' assertion contradicts the video recording of the incident that is attached as Exhibit "F." *See Scott v. Harris*, 550 U.S. 372, 378–80 (2007) ("Respondent's version of events is so utterly discredited by the record that no reasonable jury could have believed him. The Court of Appeals should not have relied on such visible fiction; it |

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4829-2817-4510 v1

- 36 -

5:18-CV-01125-SP
DIAZ AND CAMPOS' ADDITIONAL
RESPONSES TO STATEMENT OF FACTS

| No. | PLAINTIFF'S STATED FACTS | EVIDENTIARY SUPPORT | DEFENDANTS' REPLY |
|---|---|---|---|
| | | | should have viewed the facts in the light depicted by the videotape."). |
| | | | The evidence demonstrates that Diaz only deployed OC spray once. *See* Doc. # 111-1 [Diaz and Campos Separate Statement], No. 35 (Diaz Decl. ¶¶ 25-27; Ex. "X" [Jindi Depo.] at 49:24-50:23; Ex. "Y" [GEO Martinez Depo.] at 84:20-85:7, 98:3-5); *see* Aguado Decl. ISO Reply, Ex. "B" [Diaz Dep.] at 345:14-24, 353:3-16. |
| 58. | GEO officers hit Plaintiff Rodriguez in the ribs. | Ex. 30, Rodriguez Dep. 145:24-25. | Misstates and mischaracterizes the evidence. FRE 403. |
| | | | Plaintiffs' assertion contradicts the video recording of the incident that is attached as Exhibit "F." *See Scott v. Harris*, 550 U.S. 372, 378–80 (2007) ("Respondent's version of events is so utterly discredited by the record that no reasonable jury could have believed him. The Court of Appeals should not have relied on such visible fiction; it should have viewed the facts in the light depicted by the videotape."). |
| 59. | After handcuffing Plaintiff Rodriguez, GEO officers forcefully lifted Plaintiff Rodriguez's arms up behind his back, injuring his shoulders. | Ex. 30, Rodriguez Dep. 153:2-4. | Undisputed that Plaintiff Rodriguez was handcuffed with his hands behind his back. |
| | | | Rodriguez's *opinions* regarding his alleged injuries are irrelevant and immaterial to Defendants' Motion for Summary |

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4829-2817-4510 v1

- 37 -

5:18-CV-01125-SP
DIAZ AND CAMPOS' ADDITIONAL
RESPONSES TO STATEMENT OF FACTS

| No. | PLAINTIFF'S STATED FACTS | EVIDENTIARY SUPPORT | DEFENDANTS' REPLY |
|---|---|---|---|
| | | | Judgment. FRE 402, 403. |
| | | | Additionally, a physical examination of Plaintiff Rodriguez completed by a medical professional revealed he had **no** reportable injuries. (*See* Pls. Ex. "1" [Medical Report on Injuries/Non-Injuries].) |
| 60. | After handcuffing Plaintiff Rodriguez, GEO officers walked him to the basketball court. While en route, they twice pushed him forward, causing his face to slam into the wall. | Ex. 30, Rodriguez Dep. 109:24-110:7, 130:19-25, 171:22-24, 172:8-12. | Undisputed that Plaintiff was walked out of the dorm to the recreation area.<br><br>Misstates and mischaracterizes the evidence. FRE 403. The evidence demonstrates that the only force used was inside the dorm room. *See* Doc. # 111-2 [Campos and Diaz Appendix of Exhibits], Ex. "B" [Use of Force Report]. |
| 61. | When Plaintiff Rodriguez was finally seen by a medical professional after the incident, he tried to communicate to the nurse that his ears and head were injured and he had scratches on his arm. | Ex. 30, Rodriguez Dep. 176:17-20. | Undisputed that Plaintiff Rodriguez was examined by a nurse.<br><br>Irrelevant and immaterial to Defendants' Motion for Summary Judgment as to what Plaintiff Rodriguez communicated to the nurse. FRE 402, 403.<br><br>Misstates and mischaracterizes the evidence. FRE 403. A physical examination of Plaintiff Rodriguez completed by a medical professional revealed he had **no** reportable injuries nor did he communicate any injuries. (*See* Pls. Ex. |

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4829-2817-4510 v1

- 38 -

5:18-CV-01125-SP
DIAZ AND CAMPOS' ADDITIONAL
RESPONSES TO STATEMENT OF FACTS

| No. | PLAINTIFF'S STATED FACTS | EVIDENTIARY SUPPORT | DEFENDANTS' REPLY |
|---|---|---|---|
| | | | "1" [Medical Report on Injuries/Non-Injuries].) |
| 62. | Nurse Jones only noted that he had an abrasion on his left ear. | Ex. 7, Medical Reports at 6. | Irrelevant and immaterial to Defendants' Motion for Summary Judgment. FRE 402, 403. Nevertheless, undisputed that Nurse Jones documented Plaintiff Rodriguez's injuries. |
| 63. | Plaintiff Martinez's nose was broken as a result of the incident. | Ex. 22, Medrano Dep. 93:9-15. | Misstates and mischaracterizes the evidence. FRE 403. Incomplete.<br><br>The evidence demonstrates that Plaintiff Martinez had a broken nose while at the Facility but it is uncertain and speculative that he broke his nose as a result of the incident; especially, given he did not make any complaints regarding his nose after the incident. See Pls. Ex. "7" [Medical Report on Injuries/Non-Injuries] at GEO 02242.<br><br>Additionally, Plaintiffs' cited evidence demonstrates Plaintiff Martinez had a broken nose on or around July 5, 2017. *See* Pls.' Ex. 22 [Medrano Dep.] 93:9-15. A complete reading of Dr. Medrano's testimony demonstrates that Plaintiff Martinez did not make any complaints regarding his nose immediately after the incident and reported that a detainee broke his nose. *See* Aguado Decl. ISO Reply, Ex. "I" [Medrano Dep.] at 86:16-22; 87:12- |

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4829-2817-4510 v1

- 39 -

5:18-CV-01125-SP
DIAZ AND CAMPOS' ADDITIONAL
RESPONSES TO STATEMENT OF FACTS

| No. | PLAINTIFF'S STATED FACTS | EVIDENTIARY SUPPORT | DEFENDANTS' REPLY |
|---|---|---|---|
| | | | 18, 88:16-24, 91:13-18, 91:24-2:5, 93:4-21. |
| 64. | After being sprayed with OC spray at close range, Plaintiff Martinez was grabbed and mistreated by two officers as they dragged him out of the dorm with his arms behind his back. The officers slammed him against the wall in the hallway, knocking out his tooth and dental crown. | Ex. 27, Martinez Dep. 93:10-96:8, 99:19-100:17. | Undisputed that Plaintiff Martinez was walked out of the dorm to the recreation area with his arms behind his back.<br><br>Vague and ambiguous as to "close range" and "mistreated." Misstates and mischaracterizes the evidence. FRE 403.<br><br>The evidence demonstrates that the only force used was inside the dorm room. *See* Doc. # 111-2 [Campos and Diaz Appendix of Exhibits], Ex. "B" [Use of Force Report].<br><br>Plaintiffs' assertion that Plaintiff Martinez was sprayed at "close range" and "mistreated" contradicts the video recording of the incident that is attached as Exhibit "F." *See Scott v. Harris*, 550 U.S. 372, 378–80 (2007) ("Respondent's version of events is so utterly discredited by the record that no reasonable jury could have believed him. The Court of Appeals should not have relied on such visible fiction; it should have viewed the facts in the light depicted by the videotape.").<br><br>The evidence demonstrates that Diaz only deployed OC spray once. *See* Doc. # 111-1 [Diaz and Campos Separate Statement], No. |

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4829-2817-4510 v1

- 40 -

5:18-CV-01125-SP
DIAZ AND CAMPOS' ADDITIONAL
RESPONSES TO STATEMENT OF FACTS

| No. | PLAINTIFF'S STATED FACTS | EVIDENTIARY SUPPORT | DEFENDANTS' REPLY |
|---|---|---|---|
| | | | 35 (Diaz Decl. ¶¶ 25-27; Ex. "X" [Jindi Depo.] at 49:24-50:23; Ex. "Y" [GEO Martinez Depo.] at 84:20-85:7, 98:3-5); *see* Aguado Decl. ISO Reply, Ex. "B" [Diaz Dep.] at 345:14-24, 353:3-16. |
| 65. | Officer Martinez could not remember whether he or anyone else had given Plaintiff Martinez any verbal commands. | Ex. 20, GEO Martinez Dep. 74:15-21, 75:13-76:7, 76:20-77:19, 78:2-7; Ex. 17, Gillon Dep. 164: 23-165:3, 166:22-167:1 (could not remember whether he gave more than one command to "get up" at this point). | Misstates and mischaracterizes the evidence. FRE 403. Speculation.<br><br>The evidence demonstrates verbal commands were given to Plaintiffs and they chose to ignore the commands. *See* Doc. # 111-1 [Diaz and Campos Separate Statement], Nos. 18-19. |
| 66. | Officer Martinez also testified that he had not tried to use "pressure points" on Plaintiff Martinez before attempting to remove him from the table. | Ex. 20, GEO Martinez Dep. 74:15-21, 75:13-76:7, 76:20-77:19, 78:2-7; Ex. 17, Gillon Dep. 164: 23-165:3, 166:22-2 (could not remember whether he gave more than one command to "get up" at this point). | Undisputed for purposes of this motion. |
| 67. | Plaintiffs were unable to understand the GEO officers' commands. Plaintiffs were not given commands in Spanish. | Ex. 23, Castillo Dep. 79:21-80:9, 144:3-18; Ex. 24, Campos Dep. 91:25-92:5, 94:1-3; Ex. 30, Rodriguez Dep. 144:14-18. | Misstates and mischaracterizes the evidence. FRE 403.<br><br>*See* Doc. #111-1 [Diaz and Campos Separate Statement], Nos 18-19 (Ex. "N" [Cornejo Depo.] at 73:13-16; Ex. "P" [Castillo Depo.] at 78:7-79:4, 80:1-81:3, 82:17-83:20, 84:7-14, 84:18-25; Ex. "Q" [Mejia Depo.] at 70:1-71:25, 73:16-18; Ex. |

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4829-2817-4510 v1                              - 41 -

5:18-CV-01125-SP
DIAZ AND CAMPOS' ADDITIONAL
RESPONSES TO STATEMENT OF FACTS

| No. | PLAINTIFF'S STATED FACTS | EVIDENTIARY SUPPORT | DEFENDANTS' REPLY |
|---|---|---|---|
| | | | "R" [Rodriguez Depo.] at 97:2-16; Ex. "U" [Martinez Depo.] at 87:1-89:3). |
| 68. | After the incident, Sgt. Campos falsely reported that he observed Plaintiffs "being combative" and "striking staff with elbows" as a partial justification for his use of OC spray. Lt. Diaz did not document that in any reports, but testified to that effect at her deposition. That claim is not supported by any evidence, including any of the reports authored by the GEO officers involved in the incident. | Ex. 4, General Incident Reports at 10; Ex. 16, Lt. Diaz Dep. 254:10-258:9. | Irrelevant and immaterial to Defendants' Motion for Summary Judgment. FRE 402, 403.  Misstates and mischaracterizes the evidence. FRE 403. The cited evidence simply does not support Plaintiffs' contention; instead, it demonstrates that it was reported to Lt. Diaz that Plaintiffs *were* being combative. *See* Pls.' Ex. 16 [Lt. Diaz Dep.] 254:10-258:9. |
| 69. | Plaintiffs deny having struck or elbowed any GEO officers at any time. | Ex. 27, Martinez Dep. 74:4-21. | Plaintiffs' denial is irrelevant and immaterial to Defendants' Motion for Summary Judgment. FRE 402, 403. |
| 70. | An assault on an officer by a detainee is an incredibly serious offense. It would most certainly result in discipline at the Facility, if not an arrest by the San Bernardino County Sheriff's Office and the imposition of criminal charges. | Ex. 16, Lt. Diaz Dep. 160:13-162:8, 254:10-258:9; Decl. of Schwartz (incorporating Expert Report at 13-14). | Undisputed for purposes of this motion. |
| 71. | No Plaintiff was written up for, or disciplined for, an assault on an officer. | Ex. 2, Plaintiffs' Segregation Orders. | Undisputed for purposes of this motion. |
| 72. | When Plaintiff Martinez was being dragged away from the tables, he tried to hold on to his friend because he could not see and was in pain from the | Ex. 27, Martinez Dep. 102:1-5. | Plaintiff Martinez's after the fact justification for resisting is, ultimately, irrelevant and immaterial to Defendants' Motion for Summary Judgment. FRE |

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4829-2817-4510 v1                    - 42 -

5:18-CV-01125-SP
DIAZ AND CAMPOS' ADDITIONAL
RESPONSES TO STATEMENT OF FACTS

| No. | PLAINTIFF'S STATED FACTS | EVIDENTIARY SUPPORT | DEFENDANTS' REPLY |
|---|---|---|---|
| | OC spray. | | 402, 403. Misstates and mischaracterizes the evidence. FRE 403. *See* Doc. # 111-1 [Diaz and Campos Separate Statement]. No. 25 (Diaz Decl. ¶ 18; Ex. "F" [Video recording] at 6:38:55 to 6:39:07; Ex. "T" [Diaz Depo] at 83:17-23; Ex. "V" [Gillon Depo] at 168:15-19; Ex. "U" [Martinez Depo.] at 89:10-91:19, 93:4-94:6, 94:11-95:5; Ex. "Y" [GEO Martinez Depo.] at 74:7-75:14, 75:22-76:1, 79:22-80:2, 80:6-21, 80:22-81:24, 84:2-85:16, 87:20-88:24, 88:25-89:2, 89:3-4; Ex. "W" [Jones Depo.] at 110:11-21). |
| 73. | Plaintiff Martinez's medical records demonstrate that immediately after the incident, he complained of a missing tooth and injured right shoulder. | Ex. 7, Medical Reports at 3. | Undisputed for purposes of this motion. |
| 74. | At the time, Plaintiff Martinez could not feel the pain in his nose due to the overwhelming burning sensation caused by the OC spray. | Ex. 27, Martinez Dep. 102:1-16. | Plaintiff Martinez's after the fact explanation for not reporting his alleged injurie is, ultimately, irrelevant and immaterial to Defendants' Motion for Summary Judgment. FRE 402, 403. Misstates and mischaracterizes the evidence. FRE 403. Plaintiffs' cited evidence demonstrates Plaintiff Martinez had a broken nose on or around July 5, 2017. *See* Pls.' Ex. 22 [Medrano Dep.] 93:9-15. |

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4829-2817-4510 v1

- 43 -

5:18-CV-01125-SP
DIAZ AND CAMPOS' ADDITIONAL
RESPONSES TO STATEMENT OF FACTS

| No. | PLAINTIFF'S STATED FACTS | EVIDENTIARY SUPPORT | DEFENDANTS' REPLY |
|---|---|---|---|
| | | | A complete reading of Dr. Medrano's testimony demonstrates that Plaintiff Martinez did not make any complaints regarding his nose immediately after the incident and reported that a detainee broke his nose. *See* Aguado Decl. ISO Reply, Ex. "I" [Medrano Dep.] at 86:16-22; 87:12-18, 88:16-24, 91:13-18, 91:24-2:5, 93:4-21. |
| 75. | GEO officers pulled, pushed, and hit Plaintiff Garcia - including in the ribs - after he was blinded by the OC spray, and they pushed him against a wall, causing him to bang his head. He was also pushed against a wall a second time in the hallway, after being handcuffed. | Ex. 29, Garcia Dep. 45:19-24; 47:1-10. | Misstates and mischaracterizes the evidence. FRE 403.<br><br>The evidence demonstrates none of the Plaintiffs were struck. *See* Doc. # 111-1[Diaz and Campos Separate Statement], No. 71 (Ex. "V" [Gillon Depo] at 165:4-9; Ex. "W" [Jones Depo.] at 101:23-25, 110:11-21, 114:4-10, 117:8-13, 120:25-121:8, 124:14-25).<br><br>Plaintiffs' assertion contradicts the video recording of the incident that is attached as Exhibit "F" which depicts that Plaintiff Garcia place his head down to avoid being sprayed in the face, he was completely unfazed by the spray, and he was never pushed into a wall. *See Scott v. Harris*, 550 U.S. 372, 378–80 (2007) ("Respondent's version of events is so utterly discredited by the record that no reasonable jury could have believed him. The Court of Appeals should not have relied on |

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4829-2817-4510 v1                - 44 -

5:18-CV-01125-SP
DIAZ AND CAMPOS' ADDITIONAL
RESPONSES TO STATEMENT OF FACTS

| No. | PLAINTIFF'S STATED FACTS | EVIDENTIARY SUPPORT | DEFENDANTS' REPLY |
|---|---|---|---|
| | | | such visible fiction; it should have viewed the facts in the light depicted by the videotape."). The evidence demonstrates that the only force used was inside the dorm room. *See* Doc. # 111-2 [Campos and Diaz Appendix of Exhibits], Ex. "B" [Use of Force Report]. |
| 76. | Plaintiff Garcia had marks on his body from the GEO officers' use of force. | Ex. 29, Garcia Dep. 47:2-10. | Misstates and mischaracterizes the evidence. FRE 403. Plaintiff Garcia had no reportable injuries after being evaluated by a medical professional. *See* Pls. Ex. "7" [Medical Reports]. |
| 77. | GEO officers threw Plaintiff Campos to the ground after he was subjected to OC spray and prevented him from using his hands to try to wipe the OC spray from his face. | Ex. 24, Campos Dep. 106:20-107:2; Ex. F, [Video, Views C-1 and C-3] at 6:47:09 to 6:47:56. | Misstates and mischaracterizes the evidence. FRE 403. Plaintiff Campos admitted that he fell on his own. *See* Doc. # 111-2 [Campos and Diaz Appendix of Exhibits], Ex. "O" [Campos Dep.] at 110:25-111:4 ("And then after that once we were pulled apart, *that's when I fell down* to the ground, and I was trying to clean my face…"), 113:20-23 ("No, first *I fell down*."); *see also* Doc. # 111-1 [Diaz and Campos Separate Statement], Nos. 61-63. Plaintiffs' assertion contradicts the video recording of the incident that is attached as Exhibit "F". *See Scott v. Harris,* |

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4829-2817-4510 v1

- 45 -

5:18-CV-01125-SP
DIAZ AND CAMPOS' ADDITIONAL
RESPONSES TO STATEMENT OF FACTS

| No. | PLAINTIFF'S STATED FACTS | EVIDENTIARY SUPPORT | DEFENDANTS' REPLY |
|---|---|---|---|
| | | | 550 U.S. 372, 378–80 (2007) ("Respondent's version of events is so utterly discredited by the record that no reasonable jury could have believed him. The Court of Appeals should not have relied on such visible fiction; it should have viewed the facts in the light depicted by the videotape."). |
| 78. | One GEO officer violently put Plaintiff Campos against the wall, bending Campos's right arm and injuring his shoulder. | Ex. 24, Campos Dep. 108:3-12. | Misstates and mischaracterizes the evidence. FRE 403.<br><br>Plaintiff Campos admitted that he was never struck, kicked, or punched during the entire incident, and he admits that he was never "brutally beaten" as alleged in his operative complaint. *See* Doc. # 111-1 [Diaz and Campos Separate Statement], Nos. 61-63.<br><br>Plaintiffs' assertion contradicts the video recording of the incident that is attached as Exhibit "F". *See Scott v. Harris*, 550 U.S. 372, 378–80 (2007) ("Respondent's version of events is so utterly discredited by the record that no reasonable jury could have believed him. The Court of Appeals should not have relied on such visible fiction; it should have viewed the facts in the light depicted by the videotape.").<br><br>Plaintiff Campos had no reportable injuries after |

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4829-2817-4510 v1

- 46 -

5:18-CV-01125-SP
DIAZ AND CAMPOS' ADDITIONAL
RESPONSES TO STATEMENT OF FACTS

| No. | PLAINTIFF'S STATED FACTS | EVIDENTIARY SUPPORT | DEFENDANTS' REPLY |
|---|---|---|---|
| | | | being evaluated by a medical professional. *See* Pls. Ex. "7" [Medical Reports]. |
| 79. | A second GEO officer grabbed Plaintiff Campos's stomach and a third grabbed one of his feet, forcing him to hop on one foot. | Ex. 24, Campos Dep. 108:15-19. | Irrelevant and immaterial to Defendants' Motion for Summary Judgment. FRE 402, 403. |
| 80. | Lt. Diaz deployed OC onto Plaintiff Mejia's face and shoulders. | Ex. 28, Mejia Dep. 76:16-77:4, 77:10-79:13. | Misstates and mischaracterizes the evidence. FRE 403.<br><br>Plaintiffs' assertion contradicts the video recording of the incident that is attached as Exhibit "F" which demonstrates that Diaz did not spray any plaintiff in the face. *See Scott v. Harris*, 550 U.S. 372, 378–80 (2007) ("Respondent's version of events is so utterly discredited by the record that no reasonable jury could have believed him. The Court of Appeals should not have relied on such visible fiction; it should have viewed the facts in the light depicted by the videotape."). |
| 81. | After Lt. Diaz deployed OC spray onto Plaintiff Mejia, GEO officers hit him on his ribs and behind his ears and twisted his arms backwards painfully before taking him away from the table. | Ex. 28, Mejia Dep. 76:16-77:4, 77:10-79:13. | Misstates and mischaracterizes the evidence. FRE 403.<br><br>Plaintiffs' assertion contradicts the video recording of the incident that is attached as Exhibit "F" which demonstrates that Diaz did not spray any plaintiff in the face. *See Scott v. Harris*, 550 U.S. |

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4829-2817-4510 v1                - 47 -

5:18-CV-01125-SP
DIAZ AND CAMPOS' ADDITIONAL
RESPONSES TO STATEMENT OF FACTS

| No. | PLAINTIFF'S STATED FACTS | EVIDENTIARY SUPPORT | DEFENDANTS' REPLY |
|---|---|---|---|
| | | | 372, 378–80 (2007) ("Respondent's version of events is so utterly discredited by the record that no reasonable jury could have believed him. The Court of Appeals should not have relied on such visible fiction; it should have viewed the facts in the light depicted by the videotape."). |
| 82. | Two GEO officers and Sgt. Campos shoved Plaintiff Mejia into a wall, where the right side of his face hit the wall. | Ex. F, [Video, Views C-1 and C-3] at 6:46:18 to 6:46:22; Ex. 28, Mejia Dep. 81:17-82:24. | Misstates and mischaracterizes the evidence. FRE 403. Plaintiffs' assertion contradicts the video recording of the incident that is attached as Exhibit "F" which demonstrates no one was shoved into a wall. *See Scott v. Harris*, 550 U.S. 372, 378–80 (2007) ("Respondent's version of events is so utterly discredited by the record that no reasonable jury could have believed him. The Court of Appeals should not have relied on such visible fiction; it should have viewed the facts in the light depicted by the videotape."). |
| 83. | In removing Plaintiff Castillo from the table, two GEO officers punched him in the ribs with closed fists and a third GEO officer leaned over the other side of the table and dug her nails in the back of his ears. | Ex. 23, Castillo Dep. 88:12-89:10, 89:15-24. | Misstates and mischaracterizes the evidence. FRE 403. Plaintiffs' assertion contradicts the video recording of the incident that is attached as Exhibit "F." *See Scott v. Harris*, 550 U.S. 372, 378–80 (2007) ("Respondent's version of events is so |

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4829-2817-4510 v1

- 48 -

5:18-CV-01125-SP
DIAZ AND CAMPOS' ADDITIONAL
RESPONSES TO STATEMENT OF FACTS

| No. | PLAINTIFF'S STATED FACTS | EVIDENTIARY SUPPORT | DEFENDANTS' REPLY |
|---|---|---|---|
| | | | utterly discredited by the record that no reasonable jury could have believed him. The Court of Appeals should not have relied on such visible fiction; it should have viewed the facts in the light depicted by the videotape."); *see also* Doc. # 111-1[Diaz and Campos Separate Statement], No. 71. |
| 84. | After Plaintiff Castillo was carried away from the table, he was taken near the stair railing and thrown against glass, injuring his face. | Ex. 23, Castillo Dep. 96:8-96:21; Ex. F, [Video, View C-3] at 06:46:23 a.m. to 06:46:54 a.m.. | Misstates and mischaracterizes the evidence. FRE 403.<br><br>Plaintiffs' assertion contradicts the video recording of the incident that is attached as Exhibit "F." *See Scott v. Harris*, 550 U.S. 372, 378–80 (2007) ("Respondent's version of events is so utterly discredited by the record that no reasonable jury could have believed him. The Court of Appeals should not have relied on such visible fiction; it should have viewed the facts in the light depicted by the videotape.") |
| 85. | The officers did not tell Plaintiff Cornejo why they were pulling him or what they wanted him to do in response. | Ex. 25, Cornejo Dep. 68:16-69:14. | Incomplete and misstates/mischaracterizes the evidence. FRE 403. Misleading.<br><br>Plaintiffs admitted that they knew Lt. Diaz and the responding GEO officers ordered them in English and Spanish to return to their bunks and/or leave the tables. They also understood that there would be consequences, |

| No. | PLAINTIFF'S STATED FACTS | EVIDENTIARY SUPPORT | DEFENDANTS' REPLY |
|---|---|---|---|
| | | | including the use of OC spray, for their decision to ignore the commands. *See* Doc. # 111-1 [Diaz and Campos Separate Statement], No. 18. |
| 86. | Plaintiff Cornejo was not resisting and was merely sitting at the table, trying to clean his face with his shirt and protect himself from the overwhelming amount of pepper spray that Sgt. Campos had just directly sprayed on him. | Ex. F, [Video, View C-1, C-3, and C-4] 6:47:09-6:47:24. | Incomplete and misstates/mischaracterizes the evidence. FRE 403. Misleading.<br><br>Plaintiffs' assertion contradicts the video recording of the incident that is attached as Exhibit "F." *See Scott v. Harris*, 550 U.S. 372, 378–80 (2007) ("Respondent's version of events is so utterly discredited by the record that no reasonable jury could have believed him. The Court of Appeals should not have relied on such visible fiction; it should have viewed the facts in the light depicted by the videotape."); *see also* Doc. # 111-1[Diaz and Campos Separate Statement], Nos. 53-55, 59, 66-69. |
| 87. | While GEO guards were pulling at Plaintiff Cornejo, they hit his abdomen against the table edge multiple times and then threw him on the ground, causing him to bleed from his abdomen and injuring his knee and shoulder. | Ex. 25, Cornejo Dep. 73:25-75:11. | Incomplete and misstates/mischaracterizes the evidence. FRE 403. Misleading.<br><br>Plaintiffs' assertion contradicts the video recording of the incident that is attached as Exhibit "F." *See Scott v. Harris*, 550 U.S. 372, 378–80 (2007) ("Respondent's version of events is so utterly discredited by the |

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4829-2817-4510 v1

- 50 -

5:18-CV-01125-SP
DIAZ AND CAMPOS' ADDITIONAL
RESPONSES TO STATEMENT OF FACTS

| No. | PLAINTIFF'S STATED FACTS | EVIDENTIARY SUPPORT | DEFENDANTS' REPLY |
|---|---|---|---|
| | | | record that no reasonable jury could have believed him. The Court of Appeals should not have relied on such visible fiction; it should have viewed the facts in the light depicted by the videotape."); *see also* Doc. # 111-1 [Diaz and Campos Separate Statement], Nos. 53-55, 59, 66-69. |
| 88. | After Plaintiff Diaz was sprayed in the face with OC spray he got up screaming, blinded by the spray that had gone into his eyes and mouth. | Ex. 26, Diaz Dep. 58:15-59:8. | Incomplete and misstates/mischaracterizes the evidence. FRE 403. Misleading.<br><br>Plaintiffs' assertion contradicts the video recording of the incident that is attached as Exhibit "F." *See Scott v. Harris*, 550 U.S. 372, 378–80 (2007) ("Respondent's version of events is so utterly discredited by the record that no reasonable jury could have believed him. The Court of Appeals should not have relied on such visible fiction; it should have viewed the facts in the light depicted by the videotape."). |
| 89. | GEO guards dug their nails behind Plaintiff Diaz's ears, dug their nails into his hand, squeezed painfully between his thumb and pointer finger, and pinched and pulled the skin on his sides near his ribs. | Ex. 26, Diaz Dep. 55:9-56:5, 57:6-10. | Incomplete and misstates/mischaracterizes the evidence. FRE 403. Misleading.<br>Plaintiffs' assertion contradicts the video recording of the incident that is attached as Exhibit "F." *See Scott v. Harris*, 550 U.S. 372, 378–80 (2007) ("Respondent's |

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles
LA #4829-2817-4510 v1
- 51 -
5:18-CV-01125-SP
DIAZ AND CAMPOS' ADDITIONAL RESPONSES TO STATEMENT OF FACTS

| No. | PLAINTIFF'S STATED FACTS | EVIDENTIARY SUPPORT | DEFENDANTS' REPLY |
|---|---|---|---|
| | | | version of events is so utterly discredited by the record that no reasonable jury could have believed him. The Court of Appeals should not have relied on such visible fiction; it should have viewed the facts in the light depicted by the videotape."). <br><br> At most, Plaintiff Diaz alleges that the officers "pinched" him, pulled on his arms in an effort to separate him from the other plaintiffs, and applied pressure behind his ears; but admitted that no one ever punched him. *see also* Doc. # 111-1[Diaz and Campos Separate Statement], Nos. 65. |
| 90. | GEO officers injured Plaintiff Diaz as they removed him from the table, hurting his arms before handcuffing him. | Ex. 26, Diaz Dep. 59:12-17. | Incomplete and misstates/mischaracterizes the evidence. FRE 403. Misleading. <br><br> Plaintiffs' assertion contradicts the video recording of the incident that is attached as Exhibit "F." *See Scott v. Harris*, 550 U.S. 372, 378–80 (2007) ("Respondent's version of events is so utterly discredited by the record that no reasonable jury could have believed him. The Court of Appeals should not have relied on such visible fiction; it should have viewed the facts in the light depicted by the videotape."). |

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4829-2817-4510 v1

- 52 -

5:18-CV-01125-SP
DIAZ AND CAMPOS' ADDITIONAL
RESPONSES TO STATEMENT OF FACTS

| No. | PLAINTIFF'S STATED FACTS | EVIDENTIARY SUPPORT | DEFENDANTS' REPLY |
|---|---|---|---|
| 91. | All Plaintiffs were handcuffed and taken to the recreation yard. | Lt. Diaz Dep. 237:14-17, 238:6-10; Ex. 23, Castillo Dep. 95:8-96:21, 102:1-6; Ex. 28, Mejia Dep. 83:2-3 | Irrelevant and immaterial to Defendants' Motion for Summary Judgment. FRE 402, 403. Nevertheless, undisputed for purposes of this motion. |
| 92. | GEO policy states that hard restraints (i.e., steel handcuffs) shall be used only after soft restraints prove (or have previously proven) ineffective. | Ex. H, GEO Group Use of Force Policy (No. 10.2.15), at 1 (Sec. II(A)(8). | Irrelevant and immaterial to Defendants' Motion for Summary Judgment as an alleged policy violation is not a per se violation of the law; thus, this fact is not material. FRE 402, 403; *Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009) (quoting *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997)). Moreover, this "fact" does not relate to any material issue.<br><br>Nevertheless, undisputed for purposes of this motion. |
| 93. | GEO policy requires staff to document their attempt(s) to use soft restraints prior to hard restraints in a use of force report. | Ex. H, GEO Group Use of Force Policy (No. 10.2.15), at 2 (Sec. II(A)(13). | Irrelevant and immaterial to Defendants' Motion for Summary Judgment as an alleged policy violation is not a per se violation of the law; thus, this fact is not material. FRE 402, 403; *Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009) (quoting *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997)). Moreover, this "fact" does not relate to any material issue.<br><br>Nevertheless, undisputed for purposes of this motion. |
| 94. | On June 12, 2017, Lt. Diaz directed the GEO officers to handcuff Plaintiffs | Lt. Diaz Dep. 237:14-17, 238:6-10; Ex. 23, Castillo Dep. 95:8- | Irrelevant and immaterial to Defendants' Motion for Summary Judgment as an |

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4829-2817-4510 v1

- 53 -

5:18-CV-01125-SP
DIAZ AND CAMPOS' ADDITIONAL
RESPONSES TO STATEMENT OF FACTS

| No. | PLAINTIFF'S STATED FACTS | EVIDENTIARY SUPPORT | DEFENDANTS' REPLY |
|---|---|---|---|
| | without first directing them to use soft restraints. | 96:21, 102:1-6; Ex. 28, Mejia Dep. 83:2-3. | alleged policy violation is not a per se violation of the law; thus, this fact is not material. FRE 402, 403; *Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009) (quoting *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997)). Moreover, this "fact" does not relate to any material issue.<br><br>Misstates and mischaracterizes the evidence. FRE 403. Lacks foundation that Diaz could have ordered the use of soft restraints given she testified the Facility does not have soft restraints. *See* Pls. Ex. 15 [Lt. Diaz Dep.] 237:14-17.<br><br>Nevertheless, undisputed for purposes of this motion. |
| 95. | The Use of Force report Lt. Diaz authored regarding the June 12, 2017 force incident made no mention of any attempt by any staff member to use soft restraints. | Ex. B, Diaz Use of Force Report. | Irrelevant and immaterial to Defendants' Motion for Summary Judgment as an alleged policy violation is not a per se violation of the law; thus, this fact is not material. FRE 402, 403; *Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009) (quoting *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997)). Moreover, this "fact" does not relate to any material issue.<br><br>Misstates and mischaracterizes the evidence. FRE 403. Lacks foundation that Diaz could have ordered the use of soft restraints given she testified the Facility does |

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4829-2817-4510 v1

- 54 -

5:18-CV-01125-SP
DIAZ AND CAMPOS' ADDITIONAL
RESPONSES TO STATEMENT OF FACTS

| No. | PLAINTIFF'S STATED FACTS | EVIDENTIARY SUPPORT | DEFENDANTS' REPLY |
|---|---|---|---|
| | | | not have soft restraints. *See* Pls. Ex. 15 [Lt. Diaz Dep.] 237:14-17.<br><br>Nevertheless, undisputed for purposes of this motion. |
| 96. | GEO policy requires the Facility Administrator's approval for the continued use of restraints (i.e., handcuffs), if they are considered necessary, after a detainee is under control. | Ex. H, GEO Group Use of Force Policy (No. 10.2.15), at 2 (Sec. II(A)(13). | Irrelevant and immaterial to Defendants' Motion for Summary Judgment as an alleged policy violation is not a per se violation of the law; thus, this fact is not material. FRE 402, 403; *Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009) (quoting *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997)). Moreover, this "fact" does not relate to any material issue.<br><br>Nevertheless, undisputed for purposes of this motion. |
| 97. | GEO policy and practice requires that handcuffs be removed from a detainee as soon as the imminent danger is over. | Ex. 16, Lt. Diaz Dep. 244:10-13. | Irrelevant and immaterial to Defendants' Motion for Summary Judgment as an alleged policy violation is not a per se violation of the law; thus, this fact is not material. FRE 402, 403; *Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009) (quoting *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997)). Moreover, this "fact" does not relate to any material issue.<br><br>Additionally, this "fact" is Diaz's *opinion* and, thus, irrelevant and immaterial to Defendants' Motion for Summary Judgment. FRE 402, 403. |

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4829-2817-4510 v1

- 55 -

5:18-CV-01125-SP
DIAZ AND CAMPOS' ADDITIONAL
RESPONSES TO STATEMENT OF FACTS

| No. | PLAINTIFF'S STATED FACTS | EVIDENTIARY SUPPORT | DEFENDANTS' REPLY |
|---|---|---|---|
| 98. | Following the incident in the dayroom, Plaintiffs were kept in handcuffs for several hours, including while they were undisputedly "under control" in a cell, without any GEO staff member seeking the Facility Administrator's approval. | Ex. 23, Castillo Dep. 102:13-103:6, 104:18-105:10; Ex. 28, Mejia Dep. 87:4-8; Ex. 25, Cornejo Dep. 75:12-15; 75:23-25, Ex. 27, Martinez Dep. 59:1-60:11; Ex. 29, Garcia Dep. 48:21-25; Ex. 30, Rodriguez Dep. 112:12-22; Ex. 24, Campos Dep. 127:16-19. | Irrelevant and immaterial to Defendants' Motion for Summary Judgment as an alleged policy violation is not a per se violation of the law; thus, this fact is not material. FRE 402, 403; *Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009) (quoting *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997)). Moreover, this "fact" does not relate to any material issue. Lacks foundation that approval was required. |
| 99. | Not only did Lt. Diaz not seek the Facility Administrator's approval to keep Plaintiffs handcuffed after they were undisputedly "under control," but she also did not monitor whether or when Plaintiffs' handcuffs were removed. | Ex. 16, Lt. Diaz Dep. 244:10-18, 258:16-259:14; 274:17-21, 275:16-276:25, 277:12-17, 277:25-278:23. | Irrelevant and immaterial to Defendants' Motion for Summary Judgment as an alleged policy violation is not a per se violation of the law; thus, this fact is not material. FRE 402, 403; *Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009) (quoting *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997)). Moreover, this "fact" does not relate to any material issue. Lacks foundation that approval was required and that she required to monitor when the handcuffs were removed. |
| 100. | Plaintiffs were kept in handcuffs until at least 3:00PM or 3:30PM. | Ex. 16, Lt. Diaz Dep. 277:25-278:12. | Irrelevant and immaterial to Defendants' Motion for Summary Judgment. FRE 402, 403. Speculation. Lacks foundation. The evidence demonstrates Lt. Diaz had no further contact with Plaintiffs after they left the |

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4829-2817-4510 v1

- 56 -

5:18-CV-01125-SP
DIAZ AND CAMPOS' ADDITIONAL
RESPONSES TO STATEMENT OF FACTS

| No. | PLAINTIFF'S STATED FACTS | EVIDENTIARY SUPPORT | DEFENDANTS' REPLY |
|---|---|---|---|
| | | | dorm. *See* Doc. # 111-1 [Diaz and Campos Separate Statement], No. 74. |
| 101. | On June 12, 2017, GEO policy required that its staff videotape all calculated use of force incidents. | Ex. H, GEO Use of Force Policy (No. 10.2.15), at 12 (Sec. II(J)(3)); Ex. 1, GEO Use of Force Training Presentation, Slides 44-56; Ex. 10, McCusker Dep. 54:8-17. | Irrelevant and immaterial to Defendants' Motion for Summary Judgment as an alleged policy violation is not a per se violation of the law; thus, this fact is not material. FRE 402, 403; *Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009) (quoting *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997)). Moreover, this "fact" does not relate to any material issue. |
| 102. | On June 12, 2017, GEO policy required that its staff videotape all spontaneous or unanticipated use of force incidents as soon as possible and specifically set forth that once control of the situation had been obtained, staff were to record information about injuries, a description of the circumstances that gave rise to the need for immediate use of force, and the identification of the detainees, staff and others involved. | Ex. H, GEO Use of Force Policy (No. 10.2.15), at 12-13 (Sec. II(J)(3)); Ex. 1, GEO Use of Force Training Presentation, Slides 44-56; Ex. 10, McCusker Dep. 54:8-17. | Irrelevant and immaterial to Defendants' Motion for Summary Judgment as an alleged policy violation is not a per se violation of the law; thus, this fact is not material. FRE 402, 403; *Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009) (quoting *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997)). Moreover, this "fact" does not relate to any material issue. |
| 103. | On June 12, 2017, GEO required two staff members (at a minimum) to be designated as "camera operators" on their shift. | Ex. H, GEO Use of Force Policy (No. 10.2.15), at 15 ("Video Taping Procedures"); Ex. 1, GEO Use of Force Training Presentation, Slide 47. | Irrelevant and immaterial to Defendants' Motion for Summary Judgment as an alleged policy violation is not a per se violation of the law; thus, this fact is not material. FRE 402, 403; *Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009) (quoting |

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4829-2817-4510 v1

- 57 -

5:18-CV-01125-SP
DIAZ AND CAMPOS' ADDITIONAL
RESPONSES TO STATEMENT OF FACTS

| No. | PLAINTIFF'S STATED FACTS | EVIDENTIARY SUPPORT | DEFENDANTS' REPLY |
|---|---|---|---|
| | | | *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997)). Moreover, this "fact" does not relate to any material issue. |
| 104. | On June 12, 2017, GEO required staff to request video equipment "any time an employee expects a confrontational situation." | Ex. 1, GEO Use of Force Training Presentation, Slide 47. | Irrelevant and immaterial to Defendants' Motion for Summary Judgment as an alleged policy violation is not a per se violation of the law; thus, this fact is not material. FRE 402, 403; *Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009) (quoting *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997)). Moreover, this "fact" does not relate to any material issue. |
| 105. | On June 12, 2017, GEO required staff to request video equipment "as soon as possible after an unexpected confrontational situation arises." | Ex. 1, GEO Use of Force Training Presentation, Slide 47. | Irrelevant and immaterial to Defendants' Motion for Summary Judgment as an alleged policy violation is not a per se violation of the law; thus, this fact is not material. FRE 402, 403; *Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009) (quoting *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997)). Moreover, this "fact" does not relate to any material issue. |
| 106. | At no time on June 12, 2017, did Lt. Diaz request video equipment or direct any of the officers she designated as camera operators to record anything relating to Plaintiffs or the use of force. | Ex. 16, Lt. Diaz Dep. 241:13-15; Ex. 20, GEO Martinez Dep. 35: 25-34:11, 41:14-21. | Irrelevant and immaterial to Defendants' Motion for Summary Judgment as an alleged policy violation is not a per se violation of the law; thus, this fact is not material. FRE 402, 403; *Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009) (quoting |

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4829-2817-4510 v1

- 58 -

5:18-CV-01125-SP
DIAZ AND CAMPOS' ADDITIONAL
RESPONSES TO STATEMENT OF FACTS

| No. | PLAINTIFF'S STATED FACTS | EVIDENTIARY SUPPORT | DEFENDANTS' REPLY |
|---|---|---|---|
| | | | *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997)). Moreover, this "fact" does not relate to any material issue. |
| 107. | Lt. Diaz's reasons for not directing a camera operator to record the incident on June 12, 2017 -- because it was an "emergency" and because there were surveillance cameras in the facility that may have recorded what occurred -- are not supported by any GEO policy or training. | Ex. 16, Lt. Diaz Dep. 241:13-242:17; Ex. H, GEO Use of Force Policy (No. 10.2.15), at 12-13 (Sec. II(J)(3)); Ex. 1, GEO Use of Force Training Presentation, Slides 44-56; Ex. 10, McCusker Dep. 54:8-17. | Irrelevant and immaterial to Defendants' Motion for Summary Judgment as an alleged policy violation is not a per se violation of the law; thus, this fact is not material. FRE 402, 403; *Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009) (quoting *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997)). Moreover, this "fact" does not relate to any material issue. |
| 108. | Lt. Diaz stated that a rebellion was occurring that warranted a major use of force under Geo Group's policy. | Ex. 16, Lt. Diaz Dep. 348:6-18. | Undisputed that Lt. Diaz stated that the incident constituted a rebellion or a riot. |
| 109. | Sgt. Campos believed that when even a small group gave "no compliance", that was a rebellion. | Ex. 14, Sgt. Campos Dep. 141:22-142:3, 142:10-18. | Irrelevant and immaterial to Defendants' Motion for Summary Judgment, as Campos was giving his *opinion*. FRE 402, 403. |
| 110. | Sgt. Campos never received any training on what a "rebellion" was. | Ex. 14, Sgt. Campos Dep. 81:24-82:2. | Irrelevant and immaterial to Defendants' Motion for Summary Judgment, as Campos was giving his *opinion* on his training. FRE 402, 403.<br><br>Misstates/mischaracterizes the evidence. FRE 403.<br><br>Plaintiffs omit that Campos later provided an explanation of the term rebellion. *See* Pls. Ex. 14 |

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles
LA #4829-2817-4510 v1
- 59 -
5:18-CV-01125-SP
DIAZ AND CAMPOS' ADDITIONAL RESPONSES TO STATEMENT OF FACTS

| No. | PLAINTIFF'S STATED FACTS | EVIDENTIARY SUPPORT | DEFENDANTS' REPLY |
|---|---|---|---|
| | | | [Sgt. Campos Dep.] at 141:22-142:4. Additionally, while he was not trained on a precise definition, he was trained to recognize one. *See* Pls. Ex. 14 [Sgt. Campos Dep.] at 81:11-13.<br><br>McCusker explained that a "disturbance" or "riot" "would have been discussed [in training]." *See* Aguado Decl. ISO Reply, Ex. "D" [McCusker Dep.] at 61-62. |
| 111. | After Plaintiffs were taken out of the day room, GEO staff found that there was so much OC spray in the dormitory areas — comprising four large rooms adjacent to the day room, spanning two stories and two wings — that they had to evacuate all staff and detainees so that it could be decontaminated. | Ex. 18, Jindi Dep. 54:10-21. | Irrelevant and immaterial to Defendants' Motion for Summary Judgment. FRE 402, 403.<br><br>Moreover, misstates and mischaracterizes the evidence. FRE 403. Plaintiffs' cited evidence does not support this contention. |
| 112. | The detainees who were not involved in the use of force and who were simply in the dormitory area during the incident were also examined by medical staff when they were evacuated to the yard. | Ex. 18, Jindi Dep. 56:6-12; Ex. 4, General Incident Reports at 2. | Irrelevant and immaterial to Defendants' Motion for Summary Judgment. FRE 402, 403. |
| 113. | Those 90 detainees were counted in the recreation yard, the count cleared without issue, and Plaintiffs were "out counted." | Ex. 4, General Incident Reports at 2; Ex. 5, Logbook at 3. | Irrelevant and immaterial to Defendants' Motion for Summary Judgment. FRE 402, 403. |
| 114. | Officer Jindi testified that she had to go out to the yard so she could breathe and further testified that "everyone was coughing." | Ex. 18, Jindi Dep. 52:18-23, 55:18-24. | Irrelevant and immaterial to Defendants' Motion for Summary Judgment. FRE 402, 403. |

| No. | PLAINTIFF'S STATED FACTS | EVIDENTIARY SUPPORT | DEFENDANTS' REPLY |
|---|---|---|---|
| 115. | On June 12, 2017, GEO required that following the use of a chemical agent, the exposed detainee(s) had to receive a medical examination "as soon as possible after the chemical agent has been used, but not to exceed one hour after the first exposure." | Ex. 1, GEO Use of Force Training Presentation, Slide 51. | Undisputed. |
| 116. | On June 12, 2017, all Plaintiffs were forced to wait at least 2 1/2 hours (and some more than 3 hours) after they were exposed to OC spray before they received any sort of medical examination. | Ex. 7, Medical Reports; Ex. 21, Jones Dep. 176:11-15, 177:18-25, 205:25-206:3. | Mischaracterizes the evidence. FRE 403. Plaintiffs' cited evidence does not support the contention as there is no information as to the time that Plaintiffs were decontaminated within Plaintiffs' Exhibit 7 [medical reports] or Exhibit 21 [deposition of Nurse Jones]. |
| 117. | Plaintiffs, nine men, were placed in a cell with a sign indicating a maximum occupancy of three (3) while they waited to be seen by medical staff. | Ex. 23, Castillo Dep. 101:16-20, 102:5-21. | Irrelevant and immaterial to Defendants' Motion for Summary Judgment. FRE 402, 403. |
| 118. | Plaintiffs were forced to shower in hot water, while fully clothed and drenched in pepper spray, and handcuffed, contrary to accepted practices. | Decl. of Venters (incorporating Expert Report at 5-6). Ex. 19, Juarez Dep. 43:15-17; 45:746:13; Ex. 25, Cornejo Dep. 77:2-78:24, 80:9-13, 80:2581:6; Ex. 30, Rodriguez Dep. 112:13-113:4; Ex. 23, Castillo Dep. 104:18-106:7; Decl. of Castillo ¶ 4. | Undisputed that the officers placed some of the plaintiffs into showers for purposes of decontamination while the plaintiffs were fully clothed.<br><br>Vague and ambiguous as to "accepted practice."<br><br>Plaintiffs cited evidence relies on speculation that the temperate of the water was "hot." The evidence demonstrates that some plaintiffs were placed in showers with cold water |

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4829-2817-4510 v1

- 61 -

5:18-CV-01125-SP
DIAZ AND CAMPOS' ADDITIONAL
RESPONSES TO STATEMENT OF FACTS

| No. | PLAINTIFF'S STATED FACTS | EVIDENTIARY SUPPORT | DEFENDANTS' REPLY |
|---|---|---|---|
| | | | (Aguado Decl. ISO Reply, Ex. "E" [Juarez Dep.] at 61-62) and that water, irrespective of the temperature of the water, may reactivate the tingling sensation from the spray. *See* Diaz Decl. ¶ 41.<br><br>The declaration of Venters and his attached report rely on unreliable expert opinion. Fed. R. Evid. 702. *See Daubert v. Merrell Dow Pharms.*, Inc. 43 F.3d 1311, 1315, 1321 n. 17 (9th Cir. 1995). |
| 119. | Some Plaintiffs, after seeing the extreme pain their friends were suffering in the hot water, refused to shower. | Ex. 27, Martinez Dep. 55:6-25; Ex. 28, Mejia Dep. 90:9-92:4; Ex. 29, Garcia Dep. 48:15-20. | Undisputed that some plaintiffs refused to be decontaminated.<br><br>Plaintiffs cited evidence relies on speculation that the temperate of the water was "hot." The evidence demonstrates that some plaintiffs were placed in showers with cold water (Aguado Decl. ISO Reply, Ex. "E" [Juarez Dep.] at 61-62) and that water, irrespective of the temperature of the water, may reactivate the tingling sensation from the spray. *See* Diaz Decl. ¶ 41. |
| 120. | Plaintiffs were not given new clothing to wear until after they were seen by medical staff and after they were taken to the showers on June 12, 2017. | Ex. 23, Castillo Dep. 104:18-106:7; Ex. 25, Cornejo Dep. 81:15-82:17; Ex. 24, Campos Dep. 128:7-10; Ex. 30, Rodriguez Dep. 158:15-18, 162:13-16; Ex. 29, Garcia Dep. 48:16-25; Ex. 26, Diaz Dep. | Undisputed that all Plaintiffs were given new uniforms after the incident.<br><br>Whether they were given new clothing before or after they were seen by |

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4829-2817-4510 v1

- 62 -

5:18-CV-01125-SP
DIAZ AND CAMPOS' ADDITIONAL
RESPONSES TO STATEMENT OF FACTS

| No. | PLAINTIFF'S STATED FACTS | EVIDENTIARY SUPPORT | DEFENDANTS' REPLY |
|---|---|---|---|
| | | 88:14-21. | medical staff is irrelevant and immaterial to Defendants' Motion for Summary Judgment. FRE 402, 403. |
| 121. | At Lt. Diaz's deposition, she was shown the video evidence and given the opportunity to identify when she deployed OC spray. She identified three times when she either possibly sprayed Plaintiffs or definitively stated she did. She first testified that it was possible that she deployed OC spray between approximately 06:38:41-45, before ultimately concluding she did not recall.  She next testified definitively that she sprayed the table where Plaintiffs were sitting at 06:39:21. Immediately after that testimony, her counsel took a break and, upon their return, Lt. Diaz asked to "revise" her testimony to state that she did not deploy OC spray at that time. Lt. Diaz then testified that the "one time" she sprayed the Plaintiffs was at 06:42:25. | Ex. 16, Lt. Diaz Dep. 342:4-23, 343:23-345:25, 346:1-15, 353:3-12. | Irrelevant and immaterial to Defendants' Motion for Summary Judgment that Diaz corrected her testimony at her deposition. FRE 402, 403.<br><br>Misstates and mischaracterizes the evidence. FRE 403.<br><br>At her deposition, Diaz stated affirmatively and repeatedly that she only sprayed once. *See* Aguado Decl. ISO Reply, Ex. "B" [Diaz Dep.] at 345:8-25 Later, Diaz requested to go through the entire video and revised her testimony after she was shown the one instance where she did in fact deploy her OC spray (at around 6:42:25), which she was clearly able to recognize on the video once it was played. *See* Aguado Decl. ISO Reply, Ex. "B" [Diaz Dep.] at 345:10-23. She explained at her deposition that she knew she deployed OC spray in that instance "[b]ecause the officers moved." *See* Aguado Decl. ISO Reply, Ex. "B" [Diaz Dep.] at 353:3-15. In her declaration, she expanded on her statement and explained:<br>    "I would never spray if there is an |

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4829-2817-4510 v1

- 63 -

5:18-CV-01125-SP
DIAZ AND CAMPOS' ADDITIONAL
RESPONSES TO STATEMENT OF FACTS

| No. | PLAINTIFF'S STATED FACTS | EVIDENTIARY SUPPORT | DEFENDANTS' REPLY |
|---|---|---|---|
| | | | officer in very close proximity of the target of my spray because I would not want an officer to be impacted by the spray. Instead, based on my training, I would advise that I am going to use my spray and instruct the officers to step away." *See* Diaz Decl. ¶ 26. |
| 122. | Lt. Diaz and Sgt. Campos were required, per GEO policy, to weigh their OC canisters every shift upon retrieving them from the safe where they were kept and before returning them to the safe at the end of every shift, and to record the weights on a log. | Ex. 16, Lt. Diaz Dep. 143:7-144, 146:8-19, 147:8-12; Decl. of Schwartz (incorporating Expert Report at 17). | Irrelevant and immaterial to Defendants' Motion for Summary Judgment as an alleged policy violation is not a per se violation of the law; thus, this fact is not material. FRE 402, 403; *Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009) (quoting *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997)). Moreover, this "fact" is not material. The declaration of Schwartz and his report are improper expert opinion based on speculation and lack of foundation.  Lack of foundation/speculation. Fed. R. Evid. 602. Unreliable expert opinion. Fed. R. Evid. 702. *See Daubert v. Merrell Dow Pharms.* Inc. 43 F.3d 1311, 1315, 1321 n. 17 (9th Cir. 1995). |
| 123. | The document logging the weight of each canister were maintained in the | Ex. 16, Lt. Diaz Dep. 146:8-19. | Irrelevant and immaterial to Defendants' Motion for Summary Judgment. FRE |

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4829-2817-4510 v1

- 64 -

5:18-CV-01125-SP
DIAZ AND CAMPOS' ADDITIONAL
RESPONSES TO STATEMENT OF FACTS

| No. | PLAINTIFF'S STATED FACTS | EVIDENTIARY SUPPORT | DEFENDANTS' REPLY |
|---|---|---|---|
| | same, secured safe as the canisters. | | 402, 403. |
| 124. | The safe containing the OC spray canisters and the weight log was in the watch commander's office and required a code to open. | Ex. 16, Lt. Diaz Dep. 145:10-20. | Irrelevant and immaterial to Defendants' Motion for Summary Judgment. FRE 402, 403. |
| 125. | Lt. Diaz carried OC spray on her at all times when she worked shifts at Adelanto Detention Facility. | Ex. 16, Lt. Diaz Dep. 145:7-9. | Irrelevant and immaterial to Defendants' Motion for Summary Judgment. FRE 402, 403. |
| 126. | Lt. Diaz did not weigh the OC canisters every day, only "frequently". | Ex. 16, Lt. Diaz Dep. 145:7-146:4. | Irrelevant and immaterial to Defendants' Motion for Summary Judgment. FRE 402, 403. |
| 127. | Lt. Diaz does not recall whether she weighed the OC canister that she checked out on the morning of June 12, 2017. | Ex. 16, Lt. Diaz Dep. 146:5-7. | Irrelevant and immaterial to Defendants' Motion for Summary Judgment. FRE 402, 403. |
| 128. | GEO has not been able to find the log documenting the weights of the OC canisters Lt. Diaz or Sgt. Campos used on June 12, 2017. | Ex. 40, GEO's Supplemental Response to Plaintiffs' Request for Production No. 79. | Irrelevant and immaterial to Defendants' Motion for Summary Judgment. FRE 402, 403. |
| 129. | As required by GEO, the officers that were involved in the June 12, 2017 incident wrote General Incident Reports, including all relevant details. | Ex. 16, Lt. Diaz Dep. 101:2-20; Ex. 4, General Incident Reports. | Undisputed that the officers that were involved in the June 12, 2017 incident wrote General Incident Reports. Irrelevant and immaterial to Defendants' Motion for Summary Judgment as Plaintiffs' cited evidence is Diaz's *opinion* regarding GEO's policies and procedures. FRE 402, 403. |

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4829-2817-4510 v1

- 65 -

5:18-CV-01125-SP
DIAZ AND CAMPOS' ADDITIONAL
RESPONSES TO STATEMENT OF FACTS

| No. | PLAINTIFF'S STATED FACTS | EVIDENTIARY SUPPORT | DEFENDANTS' REPLY |
|-----|--------------------------|---------------------|-------------------|
| 130. | Officer Gillon's General Incident Report, which he completed following the incident, confirms that he learned of the hunger strike when Plaintiffs gave him their letter. | Ex. 4, General Incident Reports at 1. | Irrelevant and immaterial to Defendants' Motion for Summary Judgment. FRE 402, 403.<br><br>Misstates and mischaracterizes the evidence. FRE 403.<br><br>There is no evidence to support the contention that a third party detainee explained to Officer Gillon that Plaintiffs were participating in a hunger strike. Misstates evidence. FRE 403. Contrary to Plaintiffs' assertion, the evidence cited by Plaintiffs demonstrates that Gillon *thought* during his deposition that he learned of a hunger strike from the letter that he was handed; however, he admitted that he had no recollection of the contents of the letter and, given he cannot read Spanish, this is simply impossible:<br><br>Q What do you mean when you say that you're not sure what the letter said?<br>A I don't remember what it said on there.<br>Q So you don't recall as you sit here today what the letter said?<br>A No.<br>Q But you do recall that it was in |

| No. | PLAINTIFF'S STATED FACTS | EVIDENTIARY SUPPORT | DEFENDANTS' REPLY |
|---|---|---|---|
| | | | English? A Yeah. Q As you sit here today, do you recall anything that was said in the letter? A No. |
| 131. | Lt. Diaz signed an order placing Plaintiffs in administrative segregation. | Ex. 16, Lt. Diaz Dep. 243:10-20, 262:11-263:17; Ex. 2, Plaintiffs' Segregation Orders. | Undisputed for purposes of this motion. |
| 132. | Plaintiffs were not given an opportunity to be present at their disciplinary hearings. Instead, Plaintiffs remained in "administrative" segregation and were later informed of the outcome of the investigation, including the order that they remain in disciplinary segregation for 10 days. | Ex. 27, Martinez Dep. 154:12-21; Ex. 28, Mejia Dep. 161:19-163:5; Ex. 23, Castillo Dep. 111:25-112:5 (unaware of any disciplinary hearing and could not recall attending one); Ex. 25, Cornejo Dep. 86:19-20, 87:5-19, 88:1289:9, (spoke to an officer about a disciplinary investigation, but not during a hearing) Ex. 26, Diaz Dep. 92:14-23; Ex. 29, Garcia Dep. 56:2-4; Ex. 30, Rodriguez Dep. 157:9-16. | Misstates and mischaracterizes the evidence. FRE 403; see also Doc. # 111-1[Diaz and Campos Separate Statement], Nos. 79-81. |
| 133. | After Plaintiffs were placed in segregation, GEO staff blocked telephone numbers that Plaintiffs regularly contacted, including attorneys, family, friends, and advocates. | Ex. 41, Nicole Ramos Letter; Ex. 42, Belt Voicemail; Ex. 27, Martinez Dep. 157:4-8, 158:2-159:3; Ex. 43, Martinez Kites; Ex. 44, Martinez Audio Recording; Ex. 26, Diaz Dep. 93:24-95:5, 99:19-22; Ex. 23, Castillo Dep. 22:1-23:10, 112:23- | Misstates/mischaracterizes the evidence. FRE 403. Lacks foundation. Speculation. Plaintiffs omit evidence they recently obtained from Talton communications that demonstrates Plaintiffs' calls were blocked for |

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4829-2817-4510 v1

- 67 -

5:18-CV-01125-SP
DIAZ AND CAMPOS' ADDITIONAL
RESPONSES TO STATEMENT OF FACTS

| No. | PLAINTIFF'S STATED FACTS | EVIDENTIARY SUPPORT | DEFENDANTS' REPLY |
|-----|--------------------------|---------------------|-------------------|
|     |                          | 113:19; Ex. 45, Blocked Numbers; Ex. 25, Cornejo Dep. 94:4-11, 94:16-95:11, 97:2-6, 97:2198:6, 99:11-13, 100:11-13. | engaging in three-way calls and conversations that demonstrated safety concerns. (*See* Aguado Decl. ISO Reply, Ex. "J" [Phone Logs] at 1-4.). Plaintiffs also omit that during the time period that Plaintiffs claim their calls were blocked (after the June 12, 2017, strike), the evidence demonstrates they made *numerous* calls. (*Id.* at 5-41 [logs of Plaintiffs calls].) |
|     |                          |                     | Plaintiff Campos admitted that he had no issues contacting his attorney while in segregation, and stated that he only had an issue reaching his attorney for *one* day; yet, he never informed GEO of the alleged issue. *See* Defs.' Ex. "O" [Campos Depo.] 141:9-12, 142:15-18, 145:9-24, 146:13-17, 202:21-203:12, 204:1-11. |
|     |                          |                     | Plaintiff Garcia claimed that he was not permitted to contact his attorney after the incident; yet, he was permitted to visit with his attorney. After the visit, Plaintiff Garcia's attorney gave him a new number to call and he was able to contact his attorney. *See* Defs.' Ex. "S" [Garcia Depo.] at 58:6-59:23, 64:6-65:4. |
|     |                          |                     | Plaintiff Diaz stated that he had an issue contact his attorney; however, once his attorney spoke to GEO staff about the issue (since |

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4829-2817-4510 v1

- 68 -

5:18-CV-01125-SP
DIAZ AND CAMPOS' ADDITIONAL
RESPONSES TO STATEMENT OF FACTS

| No. | PLAINTIFF'S STATED FACTS | EVIDENTIARY SUPPORT | DEFENDANTS' REPLY |
|---|---|---|---|
| | | | Diaz never raised the issue with GEO), the issue was resolved. *See* Defs.' Ex. "T" [Diaz Depo] at 94:19-21, 99:19-22, 100:1-3.<br><br>Plaintiff Martinez claimed that GEO staff restricted his ability to contact his attorney and as soon as he raised the issue to GEO staff, the issue was resolved. *See* Defs.' Ex. "U" [Martinez Depo.] at 156:16-158:7, 158:14-159:3<br><br>Plaintiffs Cornejo and Castillo admitted that they did not have issues contacting their attorneys. *See* Defs.' Ex. "N" [Cornejo Depo.] at 94:4-95:11, 97:2-17 (stating he only had issues contacting his friend after the incident), 98:2-6, 100:1-4, 100:11-21; Ex. "P" [Castillo Depo.] 22:1-8 [permitted to make calls while in segregation to persons on his "approved call list"], 112:15-113:5. |
| 134. | Just prior to this incident, during the overnight shift that began on June 11, 2017 and ended on the morning of June 12, 2017, it took one hour and twenty-one minutes to clear count at the Facility. The evidence demonstrates that count was ultimately cleared without discrepancies or an emergency declaration. No evidence indicates that ICE was notified of the | Ex. 5, Logbook at GE005199. | Irrelevant and immaterial to Defendants' Motion for Summary Judgment. FRE 402, 403. Speculation. Lacks foundation. Misstates and mischaracterizes the evidence. FRE 403. |

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4829-2817-4510 v1

- 69 -

5:18-CV-01125-SP
DIAZ AND CAMPOS' ADDITIONAL
RESPONSES TO STATEMENT OF FACTS

| No. | PLAINTIFF'S STATED FACTS | EVIDENTIARY SUPPORT | DEFENDANTS' REPLY |
|---|---|---|---|
| | delay. | | |
| 135. | Plaintiff Castillo now feels nervous whenever he sees law enforcement officers or someone in uniform, his heart races, he feels faint, and it brings back memories of when he was detained and mistreated by GEO officers. | Ex. 23, Castillo Dep. 117:6-19; Ex. 36, Castillo Resp., Interrogatory No. 11. | Irrelevant and immaterial to Defendants' Motion for Summary Judgment. FRE 402, 403. |
| 136. | Plaintiff Castillo continues to have nightmares that cause him to lose sleep. | Ex. 23, Castillo Dep. 117:21-118:15, 120:19-23, 121:1-14. | Irrelevant and immaterial to Defendants' Motion for Summary Judgment. FRE 402, 403. |
| 137. | Plaintiff Castillo feels that he is not able to engage in certain hobbies like he did before, such as walking or driving peacefully, without fearing law enforcement or people that represent the law, like GEO officers. | Ex. 23, Castillo Dep. 123:21-25, 124:8-21. | Irrelevant and immaterial to Defendants' Motion for Summary Judgment. FRE 402, 403. |
| 138. | To this day, Plaintiff Cornejo remembers seeing and hearing his friends crying in pain from this incident and recalls feeling helpless and defenseless. | Ex. 25, Cornejo Dep. 111:5-112:3; Ex. 38, Cornejo Resp., Interrogatory No. 11. | Irrelevant and immaterial to Defendants' Motion for Summary Judgment. FRE 402, 403. |
| 139. | Plaintiff Cornejo recalls this being a very difficult time in his life and he thinks about this often. It is very upsetting and the memories come back to him repeatedly and frequently. | Ex. 25, Cornejo Dep. 111:5-111:23; Ex. 38, Cornejo Resp., Interrogatory No. 11. | Irrelevant and immaterial to Defendants' Motion for Summary Judgment. FRE 402, 403. |
| 140. | Following the incident, Plaintiff Campos felt traumatized, afraid, and depressed. | Ex. 24, Campos Dep. 170:22-171:8, 177:1-23. | Irrelevant and immaterial to Defendants' Motion for Summary Judgment. FRE 402, 403. |
| 141. | While detained at Adelanto after the incident, | Ex. 24, Campos Dep. 181:10-18. | Irrelevant and immaterial |

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4829-2817-4510 v1

- 70 -

5:18-CV-01125-SP
DIAZ AND CAMPOS' ADDITIONAL
RESPONSES TO STATEMENT OF FACTS

| No. | PLAINTIFF'S STATED FACTS | EVIDENTIARY SUPPORT | DEFENDANTS' REPLY |
|---|---|---|---|
| | Plaintiff Campos would feel nervous every time he saw GEO officers. He would start shaking and his hands would start to sweat. | | to Defendants' Motion for Summary Judgment. FRE 402, 403. |
| 142. | Plaintiff Campos continues to suffer from stress and anxiety as a result of this incident, which causes him headaches. The stress and anxiety cause him headaches. | Ex. 24, Campos Dep. 170:22-171:8, 176:9-25; Ex. 37, Campos Resp., Interrogatory No. 11. | Irrelevant and immaterial to Defendants' Motion for Summary Judgment. FRE 402, 403. |
| 143. | Plaintiff Campos also continues to feel depressed as a result of this incident and no a daily basis, he struggles sleeping at night. | Ex. 24, Campos Dep. 178:9-22. | Irrelevant and immaterial to Defendants' Motion for Summary Judgment. FRE 402, 403. |
| 144. | Plaintiff Diaz has recurring nightmares as a result of this incident which cause him to wake up screaming and feeling scared. | Ex. 26, Diaz Dep. 101: 9-14, 103:10-12. | Irrelevant and immaterial to Defendants' Motion for Summary Judgment. FRE 402, 403. |
| 145. | Plaintiff Diaz also suffers from headaches as a result of this incident. | Ex. 26, Diaz Dep. 101: 9-14. | Irrelevant and immaterial to Defendants' Motion for Summary Judgment. FRE 402, 403. |
| 146. | Plaintiff Mejia suffers from anxiety as a result of this incident and on a daily basis, he worries that if he were detained he would be physically attacked again. | Ex. 33, Mejia Resp., Interrogatory No. 11. | Irrelevant and immaterial to Defendants' Motion for Summary Judgment. FRE 402, 403. |
| 147. | Plaintiff Martinez experienced emotional distress when he was harmed by the guards during the incident and while he was restricted in the segregation unit. | Ex. 27, Martinez Dep. 161:21-162:2, Ex. 34, Martinez Resp., Interrogatory No. 11. | Irrelevant and immaterial to Defendants' Motion for Summary Judgment. FRE 402, 403. |
| 148. | Plaintiff Martinez continues to think about this incident frequently | Ex. 34, Martinez Resp., Interrogatory No. 11. | Irrelevant and immaterial to Defendants' Motion for |

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4829-2817-4510 v1                    - 71 -

5:18-CV-01125-SP
DIAZ AND CAMPOS' ADDITIONAL
RESPONSES TO STATEMENT OF FACTS

| No. | PLAINTIFF'S STATED FACTS | EVIDENTIARY SUPPORT | DEFENDANTS' REPLY |
|---|---|---|---|
| | and fears that he will be detained again. | | Summary Judgment. FRE 402, 403. |
| 149. | Plaintiff Martinez has had difficulty sleeping because he lies awake at night thinking about this incident. | Ex. 27, Martinez Dep. 165:1-168-5. | Irrelevant and immaterial to Defendants' Motion for Summary Judgment. FRE 402, 403. |
| 150. | Plaintiff Garcia felt angry and distressed after the incident. | Ex. 32, Garcia Resp., Interrogatory No. 11. | Irrelevant and immaterial to Defendants' Motion for Summary Judgment. FRE 402, 403. |
| 151. | Plaintiff Garcia felt alone while he was in segregation and was shocked by the brutal treatment that he received during the incident because he thought the United States was the land of freedom. | Ex. 32, Garcia Resp., Interrogatory No. 11. | Irrelevant and immaterial to Defendants' Motion for Summary Judgment. FRE 402, 403. |
| 152. | Plaintiff Garcia still things about this incident frequently which cause him nightmares and difficulty sleeping. | Ex. 29, Garcia Dep. 72:1-4; Ex. 32, Garcia Resp., Interrogatory No. 11. | Irrelevant and immaterial to Defendants' Motion for Summary Judgment. FRE 402, 403. |
| 153. | When he thinks of this incident, Plaintiff Garcia's heart starts racing and he feels afraid of being detained again. | Ex. 32, Garcia Resp., Interrogatory No. 11. | Irrelevant and immaterial to Defendants' Motion for Summary Judgment. FRE 402, 403. |
| 154. | Plaintiff Rodriguez has difficulty sleeping, and continues to suffer from stress and anxiety as a result of this incident. | Ex. 35, Rodriguez Resp., Interrogatory No. 11. | Irrelevant and immaterial to Defendants' Motion for Summary Judgment. FRE 402, 403. |
| 155. | Plaintiff Rodriguez has ongoing headaches and feelings of depression. | Ex. 35, Rodriguez Resp., Interrogatory No. 11. | Irrelevant and immaterial to Defendants' Motion for Summary Judgment. FRE |

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4829-2817-4510 v1

- 72 -

5:18-CV-01125-SP
DIAZ AND CAMPOS' ADDITIONAL
RESPONSES TO STATEMENT OF FACTS

| No. | PLAINTIFF'S STATED FACTS | EVIDENTIARY SUPPORT | DEFENDANTS' REPLY |
|---|---|---|---|
| | | | 402, 403. |

Dated:  December 6, 2019                 BURKE, WILLIAMS & SORENSEN, LLP


By: /s/ Carmen M. Aguado
     Susan E. Coleman
     Carmen M. Aguado

Attorneys for Defendants
THE GEO GROUP, INC., DIAZ,
CAMPOS and CITY OF ADELANTO

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4829-2817-4510 v1

- 73 -

5:18-CV-01125-SP
DIAZ AND CAMPOS' ADDITIONAL
RESPONSES TO STATEMENT OF FACTS