| | |
|---|---|
| Rachel Steinback, SBN 310700<br>Law Office of Rachel Steinback<br>P.O. Box 291253<br>Los Angeles, CA 90029<br>(t) 213-537-5370<br>(f) 213-232-4003<br>(e) steinbacklaw@gmail.com | Carol A. Sobel, SBN 84483<br>Monique A. Alarcon, SBN 311650<br>Law Office of Carol Sobel<br>725 Arizona Avenue, Suite 300<br>Santa Monica, CA 90401<br>(t) 310-393-3055<br>(e) carolsobel@aol.com<br>(e) monique.alarcon8@gmail.com |

*Attorneys for Plaintiffs.*
*[Additional Counsel on Following Page]*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR ARNOLDO RIVERA MARTINEZ; ISAAC ANTONIO LOPEZ CASTILLO; JOSUE VLADIMIR CORTEZ DIAZ; JOSUE MATEO LEMUS CAMPOS; MARVIN JOSUE GRANDE RODRIGUEZ; ALEXANDER ANTONIO BURGOS MEJIA; LUIS PEÑA GARCIA; JULIO CESAR BARAHONA CORNEJO, as individuals,<br><br>Plaintiffs,<br><br>v.<br><br>The GEO Group, Inc., a Florida corporation; the City of Adelanto, a municipal entity; GEO Lieutenant Diaz, sued in her individual capacity; GEO Sergeant Campos, sued in his individual capacity; Sarah Jones, sued in her individual capacity; The United States of America; Correct Care Solutions, Inc.; and DOES 1-10, individuals;<br><br>Defendants. | Case No. 5:18-cv-01125-SP<br>*[Assigned to: Honorable Sheri Pym]*<br><br>**PLAINTIFFS' SUPPLEMENTAL BRIEFING IN SUPPORT OF THEIR OPPOSITION TO DEFENDANTS THE GEO GROUP, INC. AND CITY OF ADELANTO'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT** |

Catherine Sweetser, SBN 271142
Kristina Harootun, SBN 308718
Schonbrun Seplow Harris & Hoffman LLP
11543 W. Olympic Boulevard
Los Angeles, CA 90064
(t) 310-396-0731
(f) 310-399-7040
(e) csweetser@sshhlaw.com
(e) kharootun@sshhlaw.com

Colleen Flynn, SBN 2324281
Law Office of Colleen Flynn
3435 Wilshire Boulevard, Suite 2910
Los Angeles, CA 90010
(t) 213-252-9444
(f) 213-252-0091
(e) cflynn@yahoo.com

Matthew Strugar, SBN 232951
Law Office of Matthew Strugar
3435 Wilshire Boulevard, Suite 2910
Los Angeles, CA 90010
(t) 323-696-2299
(e) matthew@matthewstrugar.com

*Attorneys for Plaintiffs.*

## I. INTRODUCTION

GEO Group was acting under color of state law when it contracted with the City of Adelanto to run a local detention facility, and the fact that federal immigration detainees were placed in that detention facility does not change the fact that the facility was being operated under state law. Federal detainees have been placed in local detention facilities in other circumstances, *see LaCedra v. Wyatt Detention Facility*, 334 F. Supp. 2d 114, 121 (D.R.I. 2004), without removing state officials' responsibilities under state law. It has previously been decisively held that private prison corporations that contract with state actors to run detention facilities are liable under §1983 to the same extent that those state actors would be liable. *Oyenik v. Corizon Health Inc.,* 696 F. App'x 792, 794 (9th Cir. 2017); *Winger v. City of Garden Grove*, No. SA13-CV-0267-AG-RNBx, 2014 WL 12852387, at *3 (C.D. Cal. Jan. 27, 2014). As discussed below, state actors continue operating under color of state law even when they contract with the federal government to hold federal immigration or pretrial detainees.[1]

## II. PRIOR RULINGS OF THIS COURT ESTABLISH THAT GEO CAN BE SUED UNDER § 1983.

The United States took the position in this case that "Plaintiffs have not alleged any duty held by the United States and that the acts and omissions alleged are those of Adelanto and its subcontractor GEO." *See* Order Granting Defendant United States of America's Motion to Dismiss, Dkt. 70 at 7 (C.D. Cal. April 30, 2019). The United States discussed the Intergovernmental Services Agreement ("IGSA") at length and noted that the City of Adelanto agreed to be responsible for the security and housing of the detainees.[2] They disclaimed a right to control

---

[1] In this case, the City of Adelanto and the federal government entered into an Intergovernmental Service Agreement. Plaintiffs and Defendants noticed after the hearing that this Agreement had already been filed at Dkt. 52-2.
[2] The relevant sentences of Dkt. 52, the United States' Motion to Dismiss, read as follows: "The City agreed to provide ICE detainees with 'safekeeping, housing, subsistence, medical, and other services.' (Valdez Decl., Ex. 1, Article III.B.) The

GEO's actions and took the position that the City of Adelanto was their independent contractor. Dkt. 52 at 13 ("ICE/ERO does not control GEO's work and does not direct their staff how to interact with the detainees on hunger strike."). This Court held that the IGSA established that ICE had delegated its responsibilities to the City of Adelanto, and dismissed the United States from the case. Dkt. 70 at 7.

The Court in this case has also already ruled that the City of Adelanto's contractors (and subcontractors) are state actors who can be sued under 42 U.S.C. § 1983. *See* Order Granting in Part and Denying in Part Sarah Jones' Motion to Dismiss, Dkt. 69 at 4 (C.D. Cal. April 30, 2019) (citing *West v. Atkins*, 487 U.S. 42, 55 (1988)). While the City of Adelanto and GEO Group did not participate in the motion to dismiss briefing or raise the specific issue of whether color of state law controlled, a finding at this point that the City of Adelanto and GEO Group are not liable under §1983 would conflict with these two prior rulings.

### III. A CONTRARY RULE WOULD CONFLICT WITH OTHER COURTS' CASE LAW CONCERNING FEDERAL DETAINEES AND WIPE OUT A LARGE NUMBER OF CIVIL RIGHTS CASES AGAINST LOCAL GOVERNMENTS.

Other courts have held in the pretrial detainee context that the federal character of the detainee does not preclude the lawsuit. *LaCedra v. Wyatt Detention Facility*, 334 F. Supp. 2d 114, 121 (D.R.I. 2004). As the court explained in that case, the county created the Wyatt Detention Facility to house federal pretrial detainees, and "authorized a municipality to create a corporation that would own and operate a detention facility." *Id*. The municipality first created a corporation and then that corporation contracted with the Cornell Corrections Corp.

---

IGSA provided that the City would be responsible for dealing with inmates on hunger strikes and for providing medical care. (Valdez Decl., Ex. 1, Article V, Part 4, Sections 21, 22). The IGSA between the City and ICE does not reserve to ICE any direct control of any part of the contracted work . . . ." Dkt. 52 at 11: 17-23.

The court held the Cornell Corrections Corp. liable under §1983, finding that "Plaintiff has an available remedy under 42 U.S.C. § 1983 because Defendants acted under color of state law when they carried on the traditional public function of prison operations at the Wyatt Facility." *Id*. at 140.  The *LaCedra* court found the fact that the city delegated its authority to operate the facility by contract with the private corporation to be dispositive of the question whether the municipality and its contractors were acting under color of state law.  *Id.*

Although these cases do not concern a privately-run corporation, a number of cases have been allowed to proceed under § 1983 even though the detainees were being held pursuant to a contract with the U.S. Marshals Service.  *See, e.g.*, *Carno v. United States*, Case No. 17-cv-7998, 2019 WL 2287966 (S.D.N.Y. May 28, 2019); *Johnson v. Cannon,* No. C.A. 4:08-776-PMD, 2010 WL 936706 (D.S.C., March 15, 2010), *aff'd*, 390 F. App'x 256 (4th Cir. 2010); *Moralis v. Flageole*, No. 06 C 2034, 2007 WL 2893652 (C.D. Ill. Sept. 28, 2007).  A contrary ruling would destroy this established avenue of relief for federal detainees and would subject federal detainees to an entirely different system of law based on why they were being held at the facility, when state and federal detainees are often housed at the same facility.  The "color of state law" test refers not to the character of the detainee but to the authority claimed by the state actors at the facility.  A contract between a local and federal government does not destroy the fact that local officials and their contractors continue to operate under the color of state law.

### IV.   GEO GROUP BENEFITED FROM THIS LEGAL STRUCTURE IN OTHER CONTEXTS

GEO Group has readily claimed state authority for the operation of its facility when it benefited the corporation.  As discussed at oral argument, Plaintiffs have presented evidence that a conflict of interest rule barred GEO Group from contracting directly with the federal government.  Dkt. 122, PSUF 3.  GEO Group was only permitted to house federal detainees if acting as a local detention facility

1 subcontracted from the City of Adelanto at the time the Services Contract was
2 signed. *Id*. Moreover, in another case before this court, GEO Group has alleged
3 that it contracted directly with the City of Adelanto in their Answer to the
4 Complaint. *Novoa v. Geo Group*, EDCV172514JGBSHKX, Dkt. 45, ¶ 28 (C.D.
5 Cal. July 3, 2018) ("Geo Group denies it contracts with ICE to operate the Adelanto
6 Detention Facility. ICE contracts with the City of Adelanto . . . with Geo serving as
7 the City's subcontractor.").

8 In their response to this point, Defendants entirely misconstrue what the court
9 found in denying the GEO Group's motion to dismiss in *Novoa v. Geo Group*,
10 EDCV172514JGBSHKX, 2018 WL 3343494 (C.D. Cal. June 21, 2018). The court
11 found that "federal immigration detainees in privately run facilities" may sue the
12 corporations holding them for state law claims such as the California Trafficking
13 Victims Protection Act. *Id*. at 10. The *Novoa* opinion does not use the words
14 "federally run" to refer to this facility, simply noting that under *Minneci* and
15 *Malesko*, detainees in both federally run and privately-run facilities may pursue
16 state law claims. *Id*. As Defendants concede, the *Novoa* court was not considering
17 whether the facility was operating under color of state law for purposes of §1983.

18 Plaintiffs' point regarding both the conflict of interest and the *Novoa* answer
19 is simply this: that the GEO Group has admitted to being under the jurisdiction of
20 the City of Adelanto when it profits the corporation to do so. Its current contention
21 that the court should ignore the actual contractual structure because the detainees
22 held therein are federal detainees lacks any merit whatsoever.
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

## V. CONCLUSION

For all of the foregoing reasons, this Court should find that Plaintiffs may proceed with their claims pursuant to § 1983.

Respectfully submitted,

Dated: December 20, 2019

LAW OFFICES OF RACHEL STEINBACK
LAW OFFICES OF CAROL A SOBEL
SCHONBRUN SEPLOW HARRIS
& HOFFMAN LLP
LAW OFFICE OF COLLEEN FLYNN
LAW OFFICE OF MATTHEW STRUGAR

By: /s/ Catherine Sweetser
     Rachel Steinback
     Monique Amanda Alarcon
     Catherine E. Sweetser
     Kristina Harootun
     Colleen Flynn
     Matthew Strugar
     *Attorneys for Plaintiffs.*