Susan E. Coleman (SBN 171832)
E-mail: scoleman@bwslaw.com
Carmen M. Aguado (SBN 291941)
E-mail: caguado@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, Suite 2400
Los Angeles, CA 90071-2953
Tel: 213.236.0600    Fax: 213.236.2700

Attorneys for Defendants
THE GEO GROUP, INC., CITY OF ADELANTO, CAMPOS, and DIAZ

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR ARNOLDO RIVERA MARTINEZ; ISAAC ANTONIO LOPEZ CASTILLO; JOSUE VLADIMIR CORTEZ DIAZ; JOSUE MATEO LEMUS CAMPOS; MARVIN JOSUE GRANDE RODRIGUEZ; ALEXANDER ANTONIO BURGOS MEJIA; LUIS PEÑA GARCIA; JULIO CESAR BARAHONA CORNEJO, as individuals, <br><br> Plaintiffs, <br><br> v. <br><br> THE GEO GROUP, Inc., a Florida corporation; the CITY OF ADELANTO, a municipal entity; GEO LIEUTENANT DIAZ, sued in her individual capacity; GEO SERGEANT CAMPOS, sued in his individual capacity; SARAH JONES, sued in her individual capacity; THE UNITED STATES OF AMERICA; CORRECT CARE SOLUTIONS, INC.; and DOES 1-10, individuals, <br><br> Defendants. | Case No. 5:18-cv-01125-SP <br><br> **DEFENDANT'S NOTICE OF MOTION AND MOTION TO BIFURCATE PUNITIVES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** <br><br> [*Proposed Order filed concurrently herewith*] <br><br> Pretrial Conference <br> Date:   January 21, 2020 <br> Time:   10:00 a.m. <br> Ctrm.:   3 <br><br> Trial date: February 3, 2020 <br> Time:   9:00 a.m. <br><br> Judge:   Honorable Sheri Pym |

TO PLAINTIFFS, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on January 21, 2019, at 10:00 a.m., in

Courtroom 3 of the above-captioned Court, Defendants THE GEO GROUP, INC., CITY OF ADELANTO, CAMPOS, and DIAZ will and hereby do move this Court for an Order to bifurcate the punitive damages portion of this trial.

The Motion is based upon the Notice of Motion, the attached Memorandum of Points and Authorities, the pleadings, records and files in this action, and such other matters as may properly come before the Court.

This motion is made following a meet and confer session with Plaintiff's counsel on December 13, 2019, and continuing thereafter. Plaintiff's counsel agreed to consider the motion but did not commit to bifurcating punitive damages.

Dated: December 30, 2019        BURKE, WILLIAMS & SORENSEN, LLP

By: */s/ Susan E. Coleman*
    Susan E. Coleman
    Carmen M. Aguado

Attorneys for Defendants
THE GEO GROUP, INC., CITY OF ADELANTO, CAMPOS, and DIAZ

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This litigation arises from an incident on June 12, 2017, when the eight (8) Plaintiffs refused to return to their beds after breakfast for count, in an effort to hold the dining area hostage in exchange for having their grievances aired. After numerous warnings, and other detainees standing and yelling and raising the specter of escalation, GEO staff eventually used pepper spray on Plaintiffs to separate them and remove them from the area. Plaintiffs are suing for various claims under section 1983 and state law, and they seek compensatory and punitive damages.

By this motion, Defendants seek an order from the Court bifurcating the trial in this matter into two phases: liability/compensatory damages and a second phase regarding punitive damages. By requiring that punitive damages be separated, it avoids the unnecessary presentation and questioning about defendants' personal finances and net worth if unnecessary, which will also help to expedite trial proceedings. Defendants still anticipate that the jury would decide if punitive damages are warranted in the initial phase, but not the amount.

## II. LEGAL STANDARD

Rule 42(b) of the Federal Rules of Civil Procedure provides, in relevant part:

"For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." *See also Arthur Young & Co. v. United States Dist. Court*, 549 F.2d 686, 697 (9th Cir.), *cert. denied*, 434 U.S. 829, 98 S.Ct. 109, 54 L.Ed.2d 88 (1977).

The District Courts have "broad discretion in deciding whether to sever issues for trial and the exercise of that discretion will be set aside only if clearly abused." *Easton v. City of Boulder, Colo.,* 776 F.2d 1441, 1447 (10th Cir. 1985); see also, *Exxon v. Sofec, Inc.,* 54 F.3d 570, 575 (9th Cir. 1985); see also, *Davis v.*

*Freels,* 583 F.2d 337, 343 (7th Cir. 1978) [excessive force case]. The factors to consider are: (1) prejudice to the parties; (2) possible confusion of jurors; and (3) resulting convenience and economy. *In re Beverly Hills Fire Litig.*, 695 F.2d 207, 216 (6th Cir. 1982). "Bifurcation is particularly appropriate when resolution of a single claim or issue could be dispositive of the entire case." *Drennan v. Maryland Casualty Co.*, 366 F.Supp. 2d 1002, 1007 (D.Nev. 2005) (citing *O'Malley v. United States Fidelity and Guarantee Co.*, 776 F.2d 494, 501 (5th Cir. 1985).

**III. BIFURCATION OF PUNITIVES IS APPROPRIATE IN THIS CASE**

Defendants requests that this Court separate the punitive damages phase of the trial. Bifurcation is appropriate in this case for several reasons.

First, there would be no prejudice to Plaintiffs by bifurcating the punitive damages portion of this case. Plaintiffs will have a full opportunity to present their case to the jury concerning their theory and evidence regarding both liability and physical and emotional damages. Conversely, there is potential prejudice and invasion of privacy to Defendants if this case is not bifurcated. Admitting evidence pertaining to Defendants' personal finances and net worth would be upsetting and embarrassing to defendants, and might confuse the jury in its consideration of liability.

Second, bifurcation of the punitive damages evidence and argument would allow a logical presentation of the evidence and avoid potential jury confusion. It would also save time and money which might not need to be expended. The presentation of evidence regarding defendant's finances and net worth may be unnecessary and would be intrusive. If there is no finding of liability, the parties will not have to present evidence or arguments regarding these issues to the jury.

Therefore, an order separating punitive damages will promote efficiency, prevent any potential prejudicial impact and confusion to the jury, and will expedite presentation of evidence and the jury's decision on Plaintiffs' claim.

///

## IV. CONCLUSION

Accordingly, for the above stated reasons, Defendants THE GEO GROUP, INC., CITY OF ADELANTO, CAMPOS, and DIAZ, hereby request that this Court bifurcate the punitive damages phase of this case.

Dated: December 30, 2019     BURKE, WILLIAMS & SORENSEN, LLP

By: */s/ Susan E. Coleman*
    Susan E. Coleman
    Carmen M. Aguado

Attorneys for Defendants
THE GEO GROUP, INC., CITY OF ADELANTO, CAMPOS, and DIAZ

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4836-6487-1856 v1

- 5 -

5:18-CV-01125-SP
MOTION TO BIFURCATE PUNITIVE PHASE