Rachel Steinback, SBN 310700
Law Office of Rachel Steinback
3435 Wilshire Blvd, Suite 2910
Los Angeles, CA 90010
(t) 213-537-5370
(f) 213-232-4003
(e) steinbacklaw@gmail.com

Carol A. Sobel, SBN 84483
Monique A. Alarcon, SBN 311650
Law Office of Carol Sobel
725 Arizona Avenue, Suite 300
Santa Monica, CA 90401
(t) 310-393-3055
(e) carolsobel@aol.com
(e) monique.alarcon8@gmail.com

*Attorneys for Plaintiffs.*
*[Additional Counsel on Following Page]*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

OMAR ARNOLDO RIVERA MARTINEZ; ISAAC ANTONIO LOPEZ CASTILLO; JOSUE VLADIMIR CORTEZ DIAZ; JOSUE MATEO LEMUS CAMPOS; MARVIN JOSUE GRANDE RODRIGUEZ; ALEXANDER ANTONIO BURGOS MEJIA; LUIS PEÑA GARCIA; JULIO CESAR BARAHONA CORNEJO, as individuals,

                    Plaintiffs,

v.

THE GEO GROUP, Inc., a Florida corporation; the CITY OF ADELANTO, a municipal entity; GEO LIEUTENANT DURAN, sued in her individual capacity; GEO LIEUTENANT DIAZ, sued in her individual capacity; GEO SERGEANT CAMPOS, sued in his individual capacity; SARAH JONES, sued in her individual capacity; THE UNITED STATES OF AMERICA; and DOES 1-10, individuals,

                    Defendants.

Case No. 5:18-cv-01125-SP
*[Magistrate Judge: Hon. Sheri Pym]*

**PLAINTIFFS' MOTION IN LIMINE #1 TO EXCLUDE EVIDENCE OF PLAINTIFF'S FELONY CONVICTIONS**

**[MOTION IN LIMINE NO. 1]**

*[Filed Concurrently with [Proposed] Order]*

<u>*Final Pretrial Conference*</u>:
Date: January 21, 2020
Time: 10:00 a.m.
Ctrm: 3

Catherine Sweetser, SBN 271142
Kristina Harootun, SBN 308718
Schonbrun Seplow Harris & Hoffman LLP
11543 W. Olympic Boulevard
Los Angeles, CA 90064
(t) 310-396-0731
(f) 310-399-7040
(e) csweetser@sshhlaw.com
(e) kharootun@sshhlaw.com

Colleen Flynn, SBN 234281
Law Office of Colleen Flynn
3435 Wilshire Boulevard, Suite 2910
Los Angeles, CA 90010
(t) 213-252-9444
(f) 213-252-0091
(e) cflynn@yahoo.com

Matthew Strugar, SBN 232951
Law Office of Matthew Strugar
3435 Wilshire Boulevard, Suite 2910
Los Angeles, CA 90010
(t) 323-696-2299
(e) matthew@matthewstrugar.com

*Attorneys for Plaintiffs.*

**TO THIS HONORABLE COURT AND ALL PARTIES OF RECORD:**

**PLEASE TAKE NOTICE** that Plaintiffs Omar Arnoldo Rivera Martinez, Isaac Antonio Lopez Castillo, Josue Vladimir Cortez Diaz, Josue Mateo Lemus Campos, Marvin Josue Grande Rodriguez, Alexander Antonio Burgos Mejia, Luis Peña Garcia, and Julio Cesar Barahona Cornejo (collectively, "Plaintiffs"), hereby move this Court for the following in limine order:

That Defendants, GEO Group Inc., the City of Adelanto, Lt. Diaz, and Sgt. Campos (collectively, "Defendants"), their attorneys, and any witnesses called by Defendants to testify at trial be precluded from introducing any evidence in the presence of the jury, whether testimonial or documentary, concerning Plaintiff Rivera Martinez's felony convictions.

This motion is based upon the grounds that the evidence it is irrelevant and would be unduly prejudicial to Plaintiffs.  Plaintiffs base this motion on this Notice, the attached Memorandum of Points and Authorities, the papers and pleadings on file in this matter, and upon such additional oral argument that may be presented at the hearing on this motion.

///
///
///
///
///
///
///
///
///
///
///
///
///

i

The hearing on his motion will take place on January 21, 2020, at 10:00 a.m. in Courtroom 3 of the above-entitled Court, located at 3470 Twelfth Street, Riverside CA, 92501.  The parties met and conferred about motions in limine on December 18, 2019. While Defendants agreed to only introduce evidence that Mr. Rivera Martinez has two felony convictions, and not to reference the nature of the underlying convinctions, Plaintiffs maintain that any reference of Mr. Rivera Martinez's felony convinctions must be excluded pursuant to Federal Rule of Evidence 403 as unduly prejudicial. The parties were unable to reach a stipulation as to the subject matter of this Motion in Limine. *See* Declaration of Catherine Sweetser at ¶ 4.

Respectfully Submitted,

DATED:      December 30, 2019        SCHONBRUN SEPLOW
HARRIS & HOFFMAN LLP

By:  /s/ Kristina A. Harootun
Catherine E. Sweetser
Kristina A. Harootun
*Attorneys for Plaintiff.*

ii

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiffs are eight asylum seeking refugees from El Salvador and Honduras who were detained at Adelanto ICE Processing Center ("Adelanto Facility") during the incident giving rise to this action.  The Adelanto Facility is operated by Defendant GEO Group Inc. ("GEO Group").  On June 12, 2017, Plaintiffs began a peaceful hunger strike in an attempt to get an audience with a supervisor to whom they could relay their grievances about the conditions at the Adelanto Facility.  In response, Plaintiffs were subjected to excessive force by GEO Group employees, in violation of Plaintiffs' rights under the United States Constitution and California law.

During discovery, Plaintiff Rivera Martinez disclosed that in El Salvador he had been convicted of two felonies, the most recent in 2006, for which he e served one seven-year sentence in prison (from 2006 to 2013).  The felony convictions took place abroad and are over 10 years old, and Mr. Rivera Martinez maintains that he was falsely accused. Defendants have indicated their intent to use evidence of Mr. Rivera Martinez's prior felony convictions for impeachment purposes.  During the meet and confer process, Defendants agreed to exclude any reference of the nature of the underlying convictions, but maintain that they will elicit testimony that Mr. Rivera Martinez has two felony convictions (using only the term "felony convictions" rather than information pertaining to the convictions). Any reference whatsoever to Mr. Rivera Martinez's past felony convictions must be excluded under Fed. R. Evid 403.  These convictions are not relevant to this litigation, which concerns the violation of Plaintiffs' constitutional rights.  The prejudicial effect of introducing Mr. Rivera Martinez's convictions would substantially outweigh any probabtive value, given their irrelevance.  Fed. R. Evid. 403.  For the reasons stated below, this Court should exclude this evidence at trial.

///

///

///

PLAINTIFF'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 1

## II.   MR. RIVERA MARTINEZ'S PRIOR FELONY CONVICTIONS ARE NOT RELEVANT TO THE ISSUES IN THIS CASE.

Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and that fact "is of consequence in determining the action." Fed. R. Evid. 401. Mr. Rivera Martinez's felonies "have no bearing on whether Defendants [violated Mr. Rivera Martinez's constitutional rights.]" *Valtierra v. City of Los Angeles*, 99 F. Supp. 3d 1190, 1194 (C.D. Cal. 2015) (concluding that "a decedent's criminal history may be relevant and admissible in an excessive force case, provided that the officers were aware of such information at the time of incident"). There is no evidence to show that Defendants Diaz and Campos had any knowledge of Mr. Rivera Martinez's felony convictions at the time of the incidents at issue in this case. Nor has any evidence been produced at any point during this litigation that Mr. Rivera Martinez's past convictions were taken into account, in any way, when determining how he should be treated. They are irrelevant to the jury's consideration of whether Plaintiffs' rights were violated in the manner Plaintiffs allege. As discussed below, even if there is minimal relevance, the minimal relevance is vastly outweighed by the prejudice of introducing the evidence and the danger of confusing the jury.

## III.   EVIDENCE OF MR. RIVERA MARTINEZ'S FELONIES IS UNDULY PREJUDICIAL EVEN IF DEFENDANTS ONLY INTRODUCE THEM FOR IMPEACHMENT PURPOSES.

Federal Rule of Evidence 609(a)(1)(A) provides that evidence of a conviction for a crime punishable for more than one year is admissible, subject to Rule 403, in a civil case to attack a witness's character for truthfulness. This Court must exclude Mr. Rivera Martinez's convictions if their probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, undue delay or wasting time. Fed. R. Evid. 403.

"The relevant factors that a district court should consider in balancing the probative value of evidence of a defendant's prior convictions against that evidence's prejudicial effect

include: '(1) the impeachment value of the prior crime; (2) the point in time of the conviction and the witness's subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of defendant's testimony; and (5) the centrality of defendant's credibility.'" *United States v. Ramos*, No. CR 13-403-CAS, 2014 WL 8817652, at *6 (C.D. Cal. Sept. 17, 2014), *aff'd,* 717 F. App'x 693 (9th Cir. 2017) (citing *United States v. Hursh,* 217 F.3d 761, 768 (9th Cir. 2000)).[1]

First, Defendants cannot establish that Mr. Rivera Martinez's assault conviction would impeach Mr. Rivera Martinez's credibility. *See id.* at *7 ("[T]he record before the Court does not establish that the assault conviction impeaches Ramos's credibility."). "[C]ourts generally find crimes of violence to be less probative of veracity than other crimes, even in the context of Rule 601(a)(1) balancing." *Id.* at *14 n.5. Courts have also excluded evidence of a felony solely on the basis that the jury's knowledge of a serious offense is too prejudicial. *See Ellis v. Navarro*, No. C 07-5126 SBA PR, 2012 WL 3580284, at *2 (N.D. Cal. Aug. 17, 2012) ("given the serious nature of Plaintiff's offense, advising the jury of his prior conviction for a violent felony would be unduly prejudicial under Rule 403.") (citing *United States v. Weiland,* 420 F.3d 1062, 1078 (9th Cir. 2005) ("Because, however, of the prejudicial nature of evidence of prior criminal history, a district court must take great care to limit the evidence of previous convictions and to avoid unnecessary prejudice to the defendant.")). In both *Ramos* and *Navarro*, the court excluded the convictions entirely and gave no indication that a "sanitized version" of the felony convictions would be admissible. *See Ramos*, 2014 WL 8817652, at *7; *Navarro*, 2012 WL 3580284, at *2. Defendants therefore should not be permitted to elicit testimony of a felony if the underlying conviction is not probative of Mr. Rivera Martinez's credibility.

Second, at the time of the incidents giving rise to this litigation, Mr. Rivera Martinez's convictions were nearly twelve years old; by the time of trial, they will be almost 14 years old. Other than these two convictions, Mr. Rivera Martinez has no other

---

[1] While this test is typically applied in criminal cases, some of the factors are instructive here.

PLAINTIFF'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 1

criminal history.  Although it is true that Mr. Rivera Martinez was released from confinement almost 7 years ago, thus putting these convictions within the ambit of Rule 609(a), the age of the actual convictions and their remoteness in time to the events at issue in this case support their exclusion.

The third factor does not apply since Mr. Rivera Martinez is not being charged with any crime.  As to the fourth and fifth factors, Mr. Rivera Martinez's testimony is not the sole piece of evidence needed to support the claims in this case given that seven other Plaintiffs will be testifying.  Additionally, there is other evidence, including video evidence, to support their claims.  Therefore, on balance, the impeachment value of Mr. Rivera Martinez's felony convictions is low.

If Defendants introduce Mr. Rivera Martinez's felonies, Mr. Rivera Martinez will need to present evidence that to this day, he maintains his innocence as to both convictions. Further, the legal system of El Salvador vastly differs from the legal system in the United States and those differences would need to be explained to the jury.  *U.S. v. Wilson*, 556 F.2d 1177, 1177-78 (4th Cir. 1977) (reasoning that if the defendant had shown that the German legal system lacks the procedural protections necessary for fundamental fairness, the trial court could have exluded evidence of a German felony conviction for rape); US. Dep't of State, 2018 Country Reports on Human Rights Practices: El Salvador, Section E: Denial of a Fair Public Trial, *available at* https://www.state.gov/reports/2018-country-reports-on-human-rights-practices/el-salvador/ (explaining that there is no right to a jury, that many cases are being brought against judges currently for corruption, and that there is no DNA or forensics capability).  As such, introducing Mr. Rivera Martinez's felonies would necessitate a "mini-trial" to ensure that the jury is not unduly prejudiced against him, wasting time and creating a diversion from the true issues in this case. The evidence should be excluded under FRE 403.

///

///

///

PLAINTIFF'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 1

**V.      CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court issue an order precluding Defendants from introducing any evidence of Mr. Rivera Martinez's felony convictions.

Respectfully Submitted,

DATED:      December 30, 2019      SCHONBRUN SEPLOW
                                   HARRIS & HOFFMAN LLP

                                   By:  /s/ Kristina A. Harootun
                                        Catherine E. Sweetser
                                        Kristina A. Harootun
                                        *Attorneys for Plaintiff.*

PLAINTIFF'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 1