Susan E. Coleman (SBN 171832)
E-mail: scoleman@bwslaw.com
Carmen M. Aguado (SBN 291941)
E-mail: caguado@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, Suite 2400
Los Angeles, CA 90071-2953
Tel: 213.236.0600     Fax: 213.236.2700

Attorneys for Defendants
THE GEO GROUP, INC., CITY OF ADELANTO,
CAMPOS, and DIAZ

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR ARNOLDO RIVERA MARTINEZ; ISAAC ANTONIO LOPEZ CASTILLO; JOSUE VLADIMIR CORTEZ DIAZ; JOSUE MATEO LEMUS CAMPOS; MARVIN JOSUE GRANDE RODRIGUEZ; ALEXANDER ANTONIO BURGOS MEJIA; LUIS PEÑA GARCIA; JULIO CESAR BARAHONA CORNEJO, as individuals, | Case No. 5:18-cv-01125-SP |
| | **DEFENDANTS' NOTICE OF MOTION AND MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE OF ALLEGED OTHER BAD ACTS OF DEFENDANTS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** |
| Plaintiffs, | *[Declaration of Carmen M. Aguado and [Proposed] Order filed concurrently Herewith]* |
| v. | |
| THE GEO GROUP, Inc., a Florida corporation; the CITY OF ADELANTO, a municipal entity; GEO LIEUTENANT DIAZ, sued in her individual capacity; GEO SERGEANT CAMPOS, sued in his individual capacity; SARAH JONES, sued in her individual capacity; THE UNITED STATES OF AMERICA; CORRECT CARE SOLUTIONS, INC.; and DOES 1-10, individuals, | Pretrial Conference:   January 21, 2020 Time:   10:00 a.m. Courtroom:   3 Judge:   Hon. Sheri Pym |
| Defendants. | |

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4827-7063-0320 v2
12/31/19

- 1 -

5:18-CV-01125-SP
MIL #1: BAD ACTS

1    TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

2    PLEASE TAKE NOTICE THAT on January 21, 2020 at 10:00 a.m., or as

3    soon thereafter as this matter may be heard in Courtroom 3 of the above-captioned

4    Court, located at 3470 12th St., 3rd Floor, Riverside California, 92501. Defendants

5    THE GEO GROUP, INC. ("GEO"), CITY OF ADELANTO ("City"), CAMPOS,

6    and DIAZ will move this Court for an Order excluding Plaintiffs from introducing

7    evidence or arguments of any alleged other bad acts of Defendants, including but

8    not limited to:

9        (1) protests that stem from the belief that immigrant detainees are mistreated

10   at the Facility;

11       (2) complaints and/or lawsuits made against Defendants related to other

12   incidents, including adverse actions within GEO employees' personnel files; and

13       (3) investigations or matters regarding/related to other incidents of alleged

14   mistreatment of immigrant detainees that purport to document rule violations or

15   sanctions against Defendants, including but not limited to (i) the September 27,

16   2018, "Management Alert – Issues Requiring Action at the Adelanto ICE

17   Processing Center in Adelanto, California" prepared by the Office of Inspector

18   General; and (ii) internal investigations/reports completed by GEO related to their

19   former and current employees failing to comply with policies and procedures

20   during unrelated incidents that are within GEO's employees' personnel files.

21   The Motion is based upon the Notice of Motion, the attached Memorandum

22   of Points and Authorities, the pleadings, records and files in this action, and such

23   other matters as may properly come before the Court.

24   ///

25   ///

26   ///

27   ///

28   ///

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4827-7063-0320 v2
12/31/19

- 2 -

5:18-CV-01125-SP
MIL #1: BAD ACTS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

This motion is made following an attempt to meet and confer with Plaintiffs' counsel pursuant to Local Rule 7-3. *See* Decl. of Carmen M. Aguado ("Aguado Decl.") at ¶ 9.

Dated:  December 31, 2019

BURKE, WILLIAMS & SORENSEN, LLP

By: /s/ Carmen M. Aguado
      Susan E. Coleman
      Carmen M. Aguado

Attorneys for Defendants
THE GEO GROUP, INC., CITY OF ADELANTO, CAMPOS, and DIAZ

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4827-7063-0320 v2
12/31/19

- 3 -

5:18-CV-01125-SP
MIL #1: BAD ACTS

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ..................................................................................................1

II.  STANDARD FOR MOTIONS IN LIMINE ..................................................2

III.  ANY EVIDENCE OR ARGUMENT OF ALLEGED OTHER BAD
ACTS OF DEFENDANTS SHOULD BE EXCLUDED...............................2

    A.  EVIDENCE OF PROTESTS, COMPLAINTS, LAWSUITS,
OR INVESTIGATIONS MADE IN RELATION TO OR
AGAINST DEFENDANTS REGARDING OTHER
INCIDENTS IS IRRELEVANT .......................................................4

    B.  EVIDENCE OF PROTESTS, COMPLAINTS, LAWSUITS,
OR INVESTIGATIONS MADE IN RELATION TO OR
AGAINST DEFENDANTS REGARDING OTHER
INCIDENTS IS IMPROPER CHARACTER EVIDENCE .................6

    C.  COMPLAINTS, REPORTS, AND INVESTIGATIONS
WITHIN THE PERSONNEL FILES OF GEO'S EMPLOYEES
RELATED TO OTHER INCIDENTS ARE PROPERLY
EXCLUDED........................................................................................8

IV.  CONCLUSION..................................................................................................9

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4827-7063-0320 v2
12/31/19

- i -

5:18-CV-01125-SP
MIL #1: BAD ACTS

# TABLE OF AUTHORITIES

**Page(s)**

## Federal Cases

*U.S. v. Black*,
  20 F.3d 1458 (9th Cir. 1994) ...................................................................4

*Brooks v. Haggett*,
  2010 WL 4226693 (N.D. Cal., Oct. 21, 2010, C 07-2615 MEJ)..........................7

*Carter v. District of Columbia*,
  795 F.2d 116 (D.C.Cir. 1986) ...............................................................7, 8

*Cohn v. Papke*,
  655 F.2d 191 (9th Cir. 1981) ..................................................................6

*Gates v. Rivera*,
  993 F.2d 697 (9th Cir. 1993) ..................................................................6

*Goodman v. Las Vegas Metro. Police Dep't*,
  963 F. Supp. 2d 1036 (D. Nev. 2013)........................................................2

*United States v. Guerrero*,
  756 F.2d 1342 (9th Cir. 1984) ................................................................4

*Luce v. United States*,
  469 U.S. 38 (1984)...............................................................................2

*Wilson v. Williams*,
  182 F.3d 562 (7th Cir. 1999) ..................................................................2

*U.S. v. Young*,
  754 F.Supp. 739 (D.S.D. 1990) ..............................................................4

## State Cases

*Tan v. City & County of San Francisco*,
  C 08-1564 MEJ, 2010 WL 726985 (N.D.Cal.2010)........................................7

## Federal Statutes

42 U.S.C. § 1983 .....................................................................................3, 6

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4827-7063-0320 v2
12/31/19

- ii -

5:18-CV-01125-SP
MIL #1: BAD ACTS

## Other Authorities

Fed. R. Evid.
    401 ................................................................................................................4, 8
    402 .......................................................................................................3, 4, 5, 8
    402-403 ............................................................................................................2
    403 ...........................................................................................................4, 5, 8
    404(b) ...............................................................................................................6
    404(b)(1) ......................................................................................................2, 3

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4827-7063-0320 v2
12/31/19

5:18-CV-01125-SP
MIL #1: BAD ACTS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION.

Plaintiffs are eight (8) civil detainees that were detained at the Adelanto ICE Processing Detention Facility ("Facility") in June 2017. [1] On June 12, 2017, Plaintiffs engaged in what they allege was the start of a hunger strike (however, it is unclear whether any GEO personnel understood their intent) in the dayroom of their dorm. Plaintiffs chose to participate in the strike during a critical period of time at the Facility that required all detainees to be at their bunks (count). If count is not completed within a specified time period, the entire Facility is placed in an emergency state. Despite numerous commands to return to their bunks, and warnings that OC spray may be used to compel their compliance, Plaintiffs refused to listen and instead remained in the dayroom to bring attention to their grievances. Their noncompliance not only caused a major disruption in the dorm, but it threatened to disrupt the entire Facility as they were delaying count. As a result of their noncompliance, and the major disturbance that resulted from their conduct, Defendants Lt. Diaz and Sgt. Campos ("Defendants"), former employees of Defendant GEO, deployed short bursts of OC spray (3 in total).

Through this Motion in Limine No. 1, Defendants move to exclude Plaintiffs from introducing any evidence or arguments of alleged other "bad acts" of Defendants. This includes, but is not limited to the following:

(1) protests that stem from the belief that immigrant detainees are mistreated at the Facility;

(2) complaints and/or lawsuits made against Defendants related to other incidents, including adverse actions within GEO employees' personnel files; and

(3) investigations or matters regarding/related to other incidents of alleged

---

[1] In May 2011, GEO entered into contract with U.S. Immigration & Customs Enforcement (ICE) for the detention and care of immigrant detainees at the Facility, which houses immigrant detainees, through an intergovernmental service agreement with the City of Adelanto, which owns the property.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4827-7063-0320 v2
12/31/19

- 1 -

5:18-CV-01125-SP
MIL #1: BAD ACTS

1  mistreatment of immigrant detainees that purport to document rule violations or

2  sanctions against Defendants, including but not limited to (a) the September 27,

3  2018, "Management Alert – Issues Requiring Action at the Adelanto ICE

4  Processing Center in Adelanto, California" prepared by the Office of Inspector

5  General ("OIG")[2]; and (b) internal investigations/reports completed by GEO related

6  to their former and current employees failing to comply with policies and

7  procedures during unrelated incidents that are within GEO's employees' personnel

8  files.

9       Defendants anticipate Plaintiffs will attempt to introduce the aforementioned

10  "evidence" in an effort to prove liability. However, such evidence is irrelevant and

11  unduly prejudicial in relation to its probative value, would create an undue

12  consumption of time, and is inadmissible under Federal Rules of Evidence

13  404(b)(1). Additionally, much of this evidence is inadmissible hearsay, or contains

14  multiple layers of hearsay not subject to any exceptions. Fed. R. Evid. 402-403.

15  **II.    STANDARD FOR MOTIONS IN LIMINE.**

16       A motion in limine is a procedural device to obtain an early and preliminary

17  ruling on the admissibility of evidence. *Goodman v. Las Vegas Metro. Police Dep't*,

18  963 F. Supp. 2d 1036, 1046-47 (D. Nev. 2013). Although the Federal Rules of

19  Evidence do not explicitly authorize a motion in limine, the Supreme Court has

20  held that trial judges are authorized to rule on motions in limine pursuant to their

21  authority to manage trials. *Luce v. United States,* 469 U.S. 38, 41 n. 4, 105 S.Ct.

22  460, 83 L.Ed.2d 443 (1984). A motion in limine is a request for the court's

23  guidance concerning an evidentiary question. *See Wilson v. Williams,* 182 F.3d 562,

24  570 (7th Cir. 1999).

25

26

---

27  [2] Defendants are willing to exclude from the evidence any conclusions reached by
the Nakatomo Group related to the June 12, 2017 incident in this case (the basis of

28  Plaintiffs' motion in limine no. 3) *if* Plaintiffs agree to exclude the 2018 OIG report.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4827-7063-0320 v2
12/31/19

- 2 -

5:18-CV-01125-SP
MIL #1: BAD ACTS

## III.   ANY EVIDENCE OR ARGUMENT OF ALLEGED OTHER BAD ACTS OF DEFENDANTS SHOULD BE EXCLUDED.

Plaintiffs allege the force used by Defendants Campos and Diaz violated their state and federal law rights, Defendants GEO and the City failed to train GEO employees and maintained unconstitutional policies and procedures (thus GEO and the City are subject to *Monell* liability),[3] and Defendants GEO and the City are vicariously liable for the conduct of GEO's employees related to the incident.

To support their claims, Plaintiffs produced in discovery a September 27, 2018, "Management Alert – Issues Requiring Action at the Adelanto ICE Processing Center in Adelanto, California" prepared by the OIG wherein the OIG identified issues (none of which relate to the use of force at the Facility or the incident at issue in this case) during an inspection that took place 11 months after the incident at issue. Similarly, throughout discovery, Plaintiffs' counsel referenced protests at the Facility to somehow demonstrate liability and sought the personnel files of GEO employees that were present at the time of the incident. Aguado Decl. at ¶¶ 4, 5, Ex. "B" [Diaz Dep.], Ex. "C" [Janecka Dep.].

As demonstrated below, (1) protests that stem from the belief that immigrant detainees are mistreated at the Facility; (2) complaints and/or lawsuits made against Defendants related to other incidents, including complaints within GEO employees' personnel files; and (3) investigations or matters regarding/related to other incidents of alleged mistreatment of immigrant detainees that purport to document rule violations or sanctions against Defendants, including but not limited to the 2018

---

[3] If the Court partially grants Defendants GEO and the City's motion for summary judgment ("MSJ"), and determines that Section 1983 claims cannot be brought against any Defendant in this matter or, alternately, determines that Section 1983 claims are viable but Plaintiffs have nevertheless failed to establish their *Monell* claims against GEO or the City, then the only remaining claims against Defendants will be Plaintiffs' state law claims that relate to the incident itself. To the extent that Plaintiffs remaining claims are solely related to the incident itself, evidence of other bad acts unrelated to the incident are clearly barred by Rules 402 and 404(b)(1) of the Federal Rules of Evidence.

1   OIG and internal investigations/reports completed by GEO related to their former

2   and current employees failing to comply with policies and procedures during

3   unrelated incidents, should be excluded.

4         **A.**   **<u>EVIDENCE OF PROTESTS, COMPLAINTS, LAWSUITS, OR</u>**

5               **<u>INVESTIGATIONS MADE IN RELATION TO OR AGAINST</u>**

6               **<u>DEFENDANTS REGARDING OTHER INCIDENTS IS</u>**

7               **<u>IRRELEVANT.</u>**

8         Federal Rule of Evidence 401 defines "relevant evidence" as "evidence

9   having any tendency to make the existence of any fact that is of consequence to the

10   determination of the action more probable or less probable than it would be without

11   the evidence." Rule 402 provides that "all relevant evidence admissible."

12   Furthermore, Rule 403 provides in pertinent part: "Although relevant, evidence

13   may be excluded if its probative value is substantially outweighed by the danger of

14   unfair prejudice, confusion of the issues, or misleading the jury, or by

15   considerations of undue delay, waste of time, or a needless presentation of

16   cumulative evidence."

17         "Unfair" in this context means the evidence has an undue tendency to suggest

18   a jury decision based upon an improper basis, typically based upon emotion. *U.S. v.*

19   *Young,* 754 F.Supp. 739, 742 (D.S.D. 1990). Additionally, where evidence is not

20   closely related to the issue being charged and is otherwise irrelevant, the probative

21   value of such evidence is substantially outweighed by the significant danger of

22   unfair prejudice. *United States v. Guerrero,* 756 F.2d 1342, 1348 (9th Cir. 1984);

23   *U.S. v. Black,* 20 F.3d 1458, 1464 (9th Cir. 1994).

24         The admission into evidence or permitting Plaintiffs' counsel, Plaintiffs or

25   any of Plaintiffs' witnesses to refer to any allegations of misconduct as evidenced in

26   or by protests, complaints, lawsuits, or investigations demonstrating rule violations

27   or sanctions on the part of the City, GEO, and GEO's former or current employees

28   outside of the incident giving rise to this litigation would violate a long-standing-

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4827-7063-0320 v2
12/31/19

- 4 -

5:18-CV-01125-SP
MIL #1: BAD ACTS

1  principle embraced in both state and federal law; a person or entity accused of a

2  particular act — criminally or civilly — should not be judged on the basis of other

3  acts or incidents. Such evidence is undisputedly inflammatory and prejudicial,

4  while providing little, if any, probative value.

5         More specifically, Defendants seek to exclude the 2018 OIG report, which

6  was produced in discovery, and that relates to three issues that were identified at the

7  Facility *11 months* after the incident. The issues that were identified in the 2018

8  OIG report do *not* relate any of the claims in this case – *e.g.,* the use of force at the

9  Facility, improper training and supervision of GEO employees related to use of

10  force incidents, or unconstitutional policies. The 2018 OIG investigation and

11  subsequent report relate to the three issues that were identified nearly a year after

12  the incident and are unrelated to the crux of this litigation: the use of force. Aguado

13  Decl.at ¶ 3, Ex. "A" [2018 OIG Report]. As such, reference to the 2018 OIG

14  investigation/report is inadmissible as it is irrelevant and, even if it was relevant, its

15  probative value is substantially outweighed by the danger of unfair prejudice,

16  confusion of the issues, or misleading the jury. *See* Fed. R. Evid. 402, 403. Also,

17  given the issues identified in the 2018 OIG investigation/report are irrelevant to the

18  claims of this case, requiring witnesses to testify regarding the 2018 OIG

19  investigation/report would waste time and amount to a needless presentation of

20  evidence. *See* Fed. R. Evid. 402, 403.

21         Consequently, any mention of unrelated incidents referenced within

22  complaints, lawsuits, or investigations demonstrating rule violations or sanctions

23  would unfairly prejudice Defendants as it would only serve to inflame the passions

24  and prejudices of the jury. Permitting Plaintiffs to raise the specter of such high-

25  profile and potentially polarizing events would also mislead the jury into thinking

26  that they should, for some unrelated reason, take these other incidents into account

27  when evaluating whether Defendants' conduct was lawful in this incident. For these

28  reasons, the evidence should be excluded.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4827-7063-0320 v2
12/31/19

- 5 -

5:18-CV-01125-SP
MIL #1: BAD ACTS

**B.** <u>**EVIDENCE OF PROTESTS, COMPLAINTS, LAWSUITS, OR**</u>
<u>**INVESTIGATIONS MADE IN RELATION TO OR AGAINST**</u>
<u>**DEFENDANTS REGARDING OTHER INCIDENTS IS**</u>
<u>**IMPROPER CHARACTER EVIDENCE.**</u>

Federal Rule of Evidence 404(b) provides that evidence of prior acts is not admissible to show conduct in conformity with those acts. Ninth Circuit case law is clear, holding that "Character evidence is normally not admissible in a civil rights case." *Cohn v. Papke,* 655 F.2d 191, 193 (9th Cir. 1981).

As confirmed within *Gates v. Rivera,* 993 F.2d 697 (9th Cir. 1993), an officer's prior conduct is inadmissible. In *Gates,* Plaintiff Allene Gates (Gates) brought a civil rights action under 42 U.S.C. § 1983 against John Rivera (Rivera), a Santa Ana police officer, related to interactions with her son, Marvin McGensey. *Id.* at 698. Rivera, off duty at the time and while house-hunting with his wife, saw a man, later identified as McGensey, jump over a wall protecting a condominium complex. *Id.* After witnessing further suspicious behavior, Rivera proceeded to investigate which ultimately escalated to an officer-involved-shooting. *Id.* 698-99.

During the trial and over Gates' objections on relevancy grounds, Rivera was permitted to testify that in his sixteen and one-half years as a police officer, he had not shot anyone, leading to the jury returning a defense verdict. Gates appealed and argued that Plaintiffs case was prejudiced as a result of such testimony. The court concluded that character evidence via prior complaints against a police officer is not admissible nor relevant to a civil rights case, stating as follows:

> "Gates' objections [to testimony and argument about past conduct] should have been sustained. Fed.R.Evid. 404. Character evidence is normally not admissible in a civil rights case. *Cohn v. Papke*, 655 F.2d 191, 193 (9th Cir. 1981). . . . The question to be resolved was whether, objectively, his use of force had been excessive. *Graham v. Connor*, 490 U.S. 386, 395, 109 S.Ct. 1865, 1871, 104 L.Ed.2d 443 (1989). His past conduct did not bear on that issue."

///

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4827-7063-0320 v2
12/31/19

- 6 -

5:18-CV-01125-SP
MIL #1: BAD ACTS

1    Other federal courts have reached similar conclusions, such as the following:

2    • Permitting a jury to hear complaints from an officer's personnel file presents

3      a grave danger of unfair prejudice. *Carter v. District of Columbia*, 795 F.2d

4      116, 131 (D.C.Cir. 1986); *see also Brooks v. Haggett*, 2010 WL 4226693

5      (N.D. Cal., Oct. 21, 2010, C 07-2615 MEJ).

6    • Past complaints of an officer's conduct involving different actors, facts, and

7      circumstances are irrelevant to determine whether the force used in the

8      instant case is objectively reasonable under the totality of the circumstances.

9      *Brooks v. Haggett*, 2010 WL 4226693 * 2 (supra) ("Here, it is clear that any

10     complaints, allegations, or investigations regarding Defendant's previous

11     conduct are inadmissible not only because such evidence would be unduly

12     prejudicial, but also because such evidence is irrelevant."); *see also Tan v.*

13     *City & County of San Francisco*, C 08-1564 MEJ, 2010 WL 726985, at *2-3

14     (N.D.Cal.2010) (excluding evidence and argument related to complaints,

15     investigations, or allegations of misconduct against the defendant officers,

16     except if used solely for purposes of impeachment).

17        Similar to *Gates*, complaints, lawsuits, or investigations (including

18   complaints, investigations, and adverse actions found within the personnel files of

19   GEO's employees that were produced pursuant to this Court's order as described in

20   detail below) that relate to other incidents involving Defendants and/or former and

21   current employees of GEO are irrelevant. Since the central question is whether the

22   conduct in the instant case was objectively reasonable and lawful, the question of

23   whether Defendants or GEO's former and/or current employees allegedly

24   committed other acts in unrelated matters is inconsequential and has no bearing on

25   the seminal question. Almost certainly, such evidence would result in prejudice,

26   confusion of the jury, and an undue waste of time, necessarily resulting in a mini-

27   trial wherein the facts, circumstances, legal issues and outcome of each complaint,

28   investigation, and any subsequent report would have to be addressed. Therefore,

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4827-7063-0320 v2
12/31/19

- 7 -

5:18-CV-01125-SP
MIL #1: BAD ACTS

1   any argument, testimony and/or evidence about unrelated complaints or other

2   incidents must be excluded under Rules 401, 402 and 403 as irrelevant, unduly

3   prejudicial, likely to confuse the jury and resulting in an undue waste of time.

4        Finally, regardless of the probative value of any potential complaints against

5   Defendants and GEO's former and current employees, if any, the use of character

6   evidence is also clearly outweighed by the danger of undue prejudice. "[P]ermitting

7   the jury to consider the complaints and accounts of misconduct contained in the

8   personnel files of-the defendant officers] present[s] a grave danger of unfair

9   prejudice." *Carter*, at 131. The unfair prejudice results from the likelihood that the

10  jury "would conclude that the evidence established the bad character of the

11  defendants and that the defendants were likely to have acted in the same way on the

12  night in question." *Id.; see also Tan*, WL 726985, at *2.

13      C.    **<u>COMPLAINTS, REPORTS, AND INVESTIGATIONS WITHIN</u>**

14           **<u>THE PERSONNEL FILES OF GEO'S EMPLOYEES RELATED</u>**

15           **<u>TO OTHER INCIDENTS ARE PROPERLY EXCLUDED.</u>**

16       Defendants were ordered to provide Plaintiffs with complaints and

17  investigations that resulted in discipline and were within the personnel files of GEO

18  employees Diaz, Alvaro Lanuza, Anthony Reyes, Frankie Juarez, Gilbert Martinez,

19  and Rodrick Gillon. At trial, Defendants anticipate that Plaintiffs will seek to

20  introduce or use for impeachment documents from the aforementioned employees'

21  personnel files that are related to other incidents. In particular, Defendants

22  anticipate Plaintiffs will rely on the following:

23      • The April 2019 complaint/investigation related to Diaz's attempt to use

24        chemical agents on a detainee in violation of GEO policy that ultimately led

25        to her termination from GEO. In the process of investigating the April 2019

26        incident, GEO personnel found that Diaz obstructed the investigation by not

27        providing complete information to the investigator, which was documented

28        within the complaint/investigation. The complete investigation includes

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Los Angeles
    LA #4827-7063-0320 v2
12/31/19
    - 8 -
    5:18-CV-01125-SP
MIL #1: BAD ACTS

1  documentation related to disciplinary action taken against Diaz, multiple

2  memorandums confirming the investigation, and documentation of her

3  termination.

4  • The February 2018 complaint/investigation related to Reyes wherein a

5  detainee alleged he was verbally abused by Reyes. The complete

6  investigation includes documentation related to disciplinary action taken

7  against Reyes, grievances filed by detainees, multiple memorandums

8  confirming the investigation, and documentation of his termination.

9  Aguado Decl. at ¶¶ 6-8.

10  As demonstrated above, permitting a jury to hear complaints, investigations,

11  or disciplinary reports from an officer's personnel file presents a grave danger of

12  unfair prejudice. Moreover, as discussed above, complaints, investigations, or

13  disciplinary reports are improper character evidence, have no probative value, and

14  are irrelevant to determine any of the critical issues in this case. For these reasons,

15  all documents within the personnel files should be excluded and Plaintiffs should be

16  precluded from providing any testimony related to said files.

17  With respect to the complaints/investigations that led to the terminations of

18  Diaz and Reyes, these complaints were well after the subject incident and irrelevant

19  to determine whether the force used in the instant case is objectively reasonable

20  under the totality of the circumstances. Thus, any evidence related to these

21  complaints and investigations (including the outcome – termination) is properly

22  excluded as unduly prejudicial, minimally relevant, and confusing.

23  **IV.   CONCLUSION.**

24  For the foregoing reasons, Defendants respectfully requests that this Court

25  grant Defendants' Motion in Limine No. 1 to exclude evidence or arguments of any

26  alleged other bad acts of Defendants, including but not limited to:

27  (1) protests that stem from the belief that immigrant detainees are mistreated

28  at the Facility;

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4827-7063-0320 v2
12/31/19

- 9 -

5:18-CV-01125-SP
MIL #1: BAD ACTS

1     (2) complaints and/or lawsuits made against Defendants related to other

2   incidents, including adverse actions and complaints within GEO employees'

3   personnel files; and

4     (3) investigations or matters regarding/related to other incidents of alleged

5   mistreatment of immigrant detainees that purport to document rule violations or

6   sanctions against Defendants, including but not limited to (a) the 2018 report

7   prepared by OIG and (b) internal investigations/reports completed by GEO related

8   to their former and current employees failing to comply with policies and

9   procedures during unrelated incidents that are within GEO's employees' personnel

10   files.

11

12   Dated:  December 31, 2019          BURKE, WILLIAMS & SORENSEN, LLP

13

14                                     By: /s/ Carmen M. Aguado

15                                         Susan E. Coleman
                                           Carmen M. Aguado

16                                     Attorneys for Defendants
17                                     THE GEO GROUP, INC., CITY OF
                                       ADELANTO, CAMPOS, and DIAZ

18

19

20

21

22

23

24

25

26

27

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4827-7063-0320 v2
12/31/19

- 10 -

5:18-CV-01125-SP
MIL #1: BAD ACTS