Susan E. Coleman (SBN 171832)
E-mail: scoleman@bwslaw.com
Carmen M. Aguado (SBN 291941)
E-mail: caguado@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, Suite 2400
Los Angeles, CA 90071-2953
Tel: 213.236.0600   Fax: 213.236.2700

Attorneys for Defendants
THE GEO GROUP, INC., CITY OF ADELANTO, CAMPOS, and DIAZ

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR ARNOLDO RIVERA MARTINEZ; ISAAC ANTONIO LOPEZ CASTILLO; JOSUE VLADIMIR CORTEZ DIAZ; JOSUE MATEO LEMUS CAMPOS; MARVIN JOSUE GRANDE RODRIGUEZ; ALEXANDER ANTONIO BURGOS MEJIA; LUIS PEÑA GARCIA; JULIO CESAR BARAHONA CORNEJO, as individuals,<br><br>Plaintiffs,<br><br>v.<br><br>THE GEO GROUP, Inc., a Florida corporation; the CITY OF ADELANTO, a municipal entity; GEO LIEUTENANT DIAZ, sued in her individual capacity; GEO SERGEANT CAMPOS, sued in his individual capacity; SARAH JONES, sued in her individual capacity; THE UNITED STATES OF AMERICA; CORRECT CARE SOLUTIONS, INC.; and DOES 1-10, individuals,<br><br>Defendants. | Case No. 5:18-cv-01125-SP<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE RELATED TO PLAINTIFFS' IMMIGRATION BACKGROUNDS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>[Declaration of Carmen M. Aguado and [Proposed] Order filed concurrently herewith]<br><br>Pretrial Conference: January 21, 2020<br>Time: 10:00 a.m.<br>Courtroom: 3<br>Judge: Hon. Sheri Pym |

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4812-6952-8240 v2
12/30/19

- 1 -

5:18-CV-01125-SP
MIL #2: BACKGROUND INFO

TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on January 21, 2020, at 10:00 a.m., or as soon thereafter as this matter may be heard in Courtroom 3 of the above-captioned Court, located at 3470 Twelfth Street, Riverside, CA 92501-3000, Defendants THE GEO GROUP, INC. ("GEO"), CITY OF ADELANTO ("City"), CAMPOS, and DIAZ will move this Court for an Order excluding regarding Plaintiffs' alleged biographical backgrounds, including the allegations within their operative complaint concerning the alleged reason(s) Plaintiffs left their home countries, their harrowing journeys from their home countries to the United States, their alleged status as asylum seekers, and their current immigration status. This testimony is unduly prejudicial and has no probative value, and is designed only to elicit juror sympathy and should therefore be excluded. Fed. R. Evid. 402-404.

The Motion is based upon the Notice of Motion, the attached Memorandum of Points and Authorities, the pleadings, records and files in this action, and such other matters as may properly come before the Court.

This motion is made following an attempt to meet and confer with Plaintiff's counsel pursuant to Local Rule 7-3. Decl. of Carmen M. Aguado ("Aguado Decl.") at ¶ 8.

Dated: December 31, 2019          BURKE, WILLIAMS & SORENSEN, LLP

By: /s/ Carmen M. Aguado
    Susan E. Coleman
    Carmen M. Aguado

Attorneys for Defendants
THE GEO GROUP, INC., CITY OF
ADELANTO, CAMPOS, and DIAZ

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4812-6952-8240 v2
12/30/19

- 2 -

5:18-CV-01125-SP
MIL #2: BACKGROUND INFO

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION.

Plaintiffs are eight (8) civil detainees that were detained at the Adelanto ICE Processing Detention Facility ("Facility") in June 2017.[1] On June 12, 2017, Plaintiffs began what they claim was the start of a hunger strike (however, it is unclear whether any GEO personnel understood their intent) in the dayroom of their dorm. Plaintiffs chose to participate in the strike during a critical period of time at the Facility that required all detainees to be at their beds for count. If the count is not completed within a specified time period, the entire Facility is placed in an emergency state. Despite numerous commands to return to their bunks, and warnings that OC spray may be used to compel their compliance, Plaintiffs refused to comply and instead remained in the dayroom to bring attention to their grievances. Their noncompliance not only caused a major disruption in the dorm, but it threatened to disrupt the entire Facility as they were delaying count. As a result of their noncompliance, and the major disturbance that resulted from their conduct, Defendants Lt. Diaz and Sgt. Campos ("Defendants"), former employees of Defendant GEO, deployed short bursts of OC spray (3 in total).

Through this Motion in Limine No. 2, Defendants move to exclude Plaintiffs from referencing their alleged biographical backgrounds, including the allegations within their operative complaint concerning the alleged reason(s) Plaintiffs left their home countries, their journeys from their home countries to the United States, their alleged status as asylum seekers, and their current immigration status. Defendants anticipate Plaintiffs will attempt to introduce the aforementioned evidence in an effort to garner sympathy from the jury and distract jurors from the critical elements of the case. However, such evidence is irrelevant and unduly prejudicial in relation

---

[1] In May 2011, GEO entered into contract with U.S. Immigration & Customs Enforcement (ICE) for the detention and care of immigrant detainees at the Facility, which houses immigrant detainees, through an intergovernmental service agreement with the City, which owns the property.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4812-6952-8240 v2
12/30/19

- 3 -

5:18-CV-01125-SP
MIL #2: BACKGROUND INFO

to its minimal probative value, would create an undue consumption of time, and is inadmissible under Federal Rules of Evidence 403.

## II. STANDARD FOR MOTIONS IN LIMINE.

A motion in limine is a procedural device to obtain an early and preliminary ruling on the admissibility of evidence. *Goodman v. Las Vegas Metro. Police Dep't*, 963 F. Supp. 2d 1036, 1046-47 (D. Nev. 2013). Although the Federal Rules of Evidence do not explicitly authorize a motion in limine, the Supreme Court has held that trial judges are authorized to rule on motions in limine pursuant to their authority to manage trials. *Luce v. United States,* 469 U.S. 38, 41 n. 4, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984). A motion in limine is a request for the court's guidance concerning an evidentiary question. *See Wilson v. Williams,* 182 F.3d 562, 570 (7th Cir. 1999).

## III. STATEMENT OF PERTINENT FACTS.

### A. Plaintiffs' Testimony Concerning The Allegations In Their Operative Complaint.

Plaintiffs' operative complaint includes boilerplate allegations that Plaintiffs "were forced to flee their home countries after becoming the targets of violent criminal organization" and that their "[l]oved ones were kidnapped and murdered in their home countries…." *See* Doc. # 95 at 3:17-4:17. During the depositions of Plaintiffs, select plaintiffs provided additional details regarding the reasons they immigrated to the United States; however, Plaintiffs Campos and Garcia were instructed by their counsel to not respond to questions concerning their backgrounds on the basis that it might impact their pending immigration cases. In contrast, Plaintiff Mejia provided testimony that was directly in conflict with the allegations in his operative complaint. For example, Plaintiff Mejia testified that his immediate family members were not kidnapped or murdered, nor did they have their lives threatened. Aguado Decl. at ¶ 3, Ex. "A" [Mejia Dep.].

///

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4812-6952-8240 v2
12/30/19

- 4 -

5:18-CV-01125-SP
MIL #2: BACKGROUND INFO

Additionally, Plaintiff Campos claimed that the lives of his parents and siblings were threatened but was thereafter instructed not to answer "questions about [his] immigration case and the factual background of his immigration case," including the facts underlying the alleged threats made to his family on the basis of privacy and because it might impact his immigration case. Aguado Decl. at ¶ 4, Ex. "B" [Mejia Dep.]. When asked why he came to the United States, his attorney instructed him not to respond. *Id.* at 25:20-26:16 ("Q How many personal reasons did you have for coming to the U.S.? MS. FLYNN: Objection. Vague. Asked and answered. Instruct him not to answer.") When defense counsel inquired as to why Mr. Campos could not answer specific questions regarding the allegations in his operative complaint, and whether Plaintiffs' counsel intended to discuss these issues at trial, counsel for Mr. Campos stated she understood the case was "about what happened at Adelanto" and that Mr. Campos was not going to testify as to why he came to the U.S. or the reasons that he left his home country. *Id.*

Likewise, during the deposition of Plaintiff Garcia, Plaintiffs' counsel stated that Plaintiff Garcia would not "get into the facts of his asylum case on the basis of the advice of his immigration attorney," which includes information concerning why he immigrated to the U.S. Aguado Decl. at ¶ 5, Ex. "C" [Garcia Dep.].

### B. Plaintiffs' Counsel Also Seeks To Exclude Select Biographical Information Concerning Plaintiffs.

When the parties met and conferred concerning their proposed motions in limine, Plaintiffs' counsel indicated that they likewise intend to seek to exclude references to Plaintiffs biographical information on the same basis as Defendants – that the information is irrelevant and unduly prejudicial. For example, Plaintiffs planned to request to exclude references to Plaintiff Omar Martinez's military background and criminal history.[2] *See* Doc. #148 [Plaintiffs' MIL]; *see also*

---

[2] Defendants intend to oppose Plaintiffs' motion in limine to exclude Plaintiff Omar Martinez's criminal history, as this information is relevant to his credibility.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4812-6952-8240 v2
12/30/19

- 5 -

5:18-CV-01125-SP
MIL #2: BACKGROUND INFO

Aguado Decl. at ¶ 6, Ex. "D" [Correspondence]. Similarly, Plaintiffs intended to move to exclude the fact that Plaintiffs entered the United States unlawfully and without inspection, that they were the subjects of deportation, and all similar "underlying concepts" on the basis that they are "irrelevant to this case." Aguado Decl. at ¶ 6, Ex. "D" [Correspondence]

Despite arguing that Plaintiffs' biographical information concerning their immigration status was confidential during depositions and that the facts concerning their entry to the United States was irrelevant to the case, Plaintiffs' counsel has cherry-picked select "facts" concerning Plaintiffs' backgrounds that are allegedly relevant including, but not limited to, Plaintiffs' alleged status as asylum seekers and details about why they came to America. Plaintiffs cannot seek to introduce the facts they believe the jury may be sympathetic to while simultaneously seeking to exclude the facts that may be unfavorable or unpopular.

### C. **Plaintiffs' Counsel Acknowledged That The Background Evidence Is Not Relevant To The Underlying Claims.**

When defense counsel met and conferred with Plaintiffs' counsel concerning this instant motion in limine, defense counsel suggested that the parties use terms that were not inflammatory or prejudicial (such as illegal entry, deportation, etc.) and, instead, simply state the undisputed facts that Plaintiffs entered the country and were detained at the Facility. In response, Plaintiffs' counsel stated:

> "After much deliberation, Plaintiffs cannot think of a blanket way of describing or limiting the information Plaintiffs intend to present about Plaintiffs' asylum claims that would apply to each Plaintiff. However, we can tell you that we do not intend to dwell on the claims at length, *but will just ask questions about plaintiffs' background and just enough factual context to understand who the plaintiffs are and why they came to this country.*"

However, in compliance with F.R.E., Defendants would use only the fact that Martinez has a felony conviction, without getting into the nature of his felony or felonies – unless the door is opened to those details. Defendants have agreed to not reference Plaintiff Martinez's military background because, as demonstrated herein and acknowledged by Plaintiffs' counsel, such information is irrelevant.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4812-6952-8240 v2
12/30/19

- 6 -

5:18-CV-01125-SP
MIL #2: BACKGROUND INFO

Aguado Decl. at ¶ 7, Ex. "E" [Correspondence]. However, "who the plaintiffs are" and "why they came to this country" have no bearing on determining liability in this case.[3]

## IV. EVIDENCE OF PLAINTIFFS' BACKGROUNDS IS PROPERLY EXCLUDED.

Plaintiffs' alleged biographical information is irrelevant and would nonetheless be highly prejudicial as compared to any marginal relevance when balanced under Rule 403. *See* Fed. R. Evid. 401 (relevance), 403 (balancing inquiry). Namely, Federal Rule of Evidence 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Rule 402 provides that "all relevant evidence is admissible." Furthermore, Rule 403 provides in pertinent part: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or a needless presentation of cumulative evidence."

"Unfair" in this context means the evidence has an undue tendency to suggest a jury decision based upon an improper basis, typically based upon emotion. *U.S. v. Young*, 754 F.Supp. 739, 742 (D.S.D. 1990). Additionally, where evidence is not closely related to the issue being charged and is otherwise irrelevant, the probative value of such evidence is substantially outweighed by the significant danger of unfair prejudice. *United States v. Guerrero*, 756 F.2d 1342, 1348 (9th Cir. 1984);

---

[3] For example, whether Plaintiff Campos is a refugee or asylum seeker – or whether he illegally crossed the border - has no bearing on whether GEO is vicariously liable for the alleged battery that took place during the incident. Similarly, whether Plaintiff Mejia left his home country because his family was threatened does not establish any element of Plaintiffs' claim under Civil Code section 52.1. The same analysis applies to all of Plaintiffs' legal theories. None require information about why Plaintiffs chose to immigrate.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4812-6952-8240 v2
12/30/19

- 7 -

5:18-CV-01125-SP
MIL #2: BACKGROUND INFO

1 | *U.S. v. Black*, 20 F.3d 1458, 1464 (9th Cir. 1994).

2 | Here, information concerning Plaintiffs' biographical backgrounds, including the allegations within their operative complaint concerning the alleged reason(s) Plaintiffs left their home countries, their journeys from their home countries to the United States, their alleged status as asylum seekers, and their current immigration status is of **no** consequence to the determination of any issue in this action – which Plaintiffs' counsel acknowledges. As such the information is irrelevant and properly excluded. Fed. R. Evid. 401, 402. Even if the information were relevant, which it is not - as Plaintiffs counsel has admitted it would merely be introduced to describe "who the plaintiffs are" and "why they came to this country" - its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Plaintiffs' intent to cherry-pick information concerning their backgrounds highlights that the information they seek to introduce is prejudicial and intended solely for the purpose of casting Plaintiffs in a more sympathetic light to the jury for reasons unrelated to the claims in this case.

Additionally, as demonstrated above, Plaintiffs Garcia and Campos were instructed to not answer questions during their depositions regarding their immigration status and backgrounds on the basis that the information was private and consequential to their pending immigration cases despite the information being referenced in their operative complaint.[4] Defense counsel was, thus, unable to question them to determine the underlying facts which support their conclusory allegations or, even, determine if the allegations are true. Plaintiffs should not be permitted to benefit from the double standard that they created and unfairly surprise Defendants at trial with new information that was deemed confidential and irrelevant during discovery.

---

[4] Plaintiffs' counsel has not provided an explanation as to why the information is now properly disclosed.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4812-6952-8240 v2
12/30/19

- 8 -

5:18-CV-01125-SP
MIL #2: BACKGROUND INFO

## V. CONCLUSION.

For the foregoing reasons, Defendants respectfully request that this Court grant Defendants' Motion in Limine No. 2 to exclude Plaintiffs' alleged biographical background information, including the allegations within their operative complaint concerning the alleged reason(s) Plaintiffs left their home countries, their journeys from their home countries to the United States, their alleged status as asylum seekers, and their current immigration status.

Dated: December 31, 2019        BURKE, WILLIAMS & SORENSEN, LLP

By: /s/ Carmen M. Aguado
    Susan E. Coleman
    Carmen M. Aguado

Attorneys for Defendants
THE GEO GROUP, INC., CITY OF ADELANTO, CAMPOS, and DIAZ