Susan E. Coleman (SBN 171832)
E-mail:  scoleman@bwslaw.com
Carmen M. Aguado (SBN 291941)
E-mail:  caguado@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, Suite 2400
Los Angeles, CA  90071-2953
Tel: 213.236.0600     Fax:  213.236.2700

Attorneys for Defendants
THE GEO GROUP, INC., CITY OF ADELANTO,
CAMPOS, and DIAZ

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

OMAR ARNOLDO RIVERA
MARTINEZ; ISAAC ANTONIO
LOPEZ CASTILLO; JOSUE
VLADIMIR CORTEZ DIAZ; JOSUE
MATEO LEMUS CAMPOS;
MARVIN JOSUE GRANDE
RODRIGUEZ; ALEXANDER
ANTONIO BURGOS MEJIA; LUIS
PEÑA GARCIA; JULIO CESAR
BARAHONA CORNEJO, as
individuals,

Plaintiffs,

v.

THE GEO GROUP, Inc., a Florida
corporation; the CITY OF
ADELANTO, a municipal entity; GEO
LIEUTENANT DIAZ, sued in her
individual capacity;   GEO
SERGEANT CAMPOS, sued in his
individual capacity; SARAH JONES,
sued in her individual capacity; THE
UNITED STATES OF AMERICA;
CORRECT CARE SOLUTIONS,
INC.; and DOES 1-10, individuals,

Defendants.

Case No. 5:18-cv-01125-SP

**DEFENDANTS' NOTICE OF
MOTION AND MOTION IN
LIMINE NO. 3 TO EXCLUDE
MEDIA REFERENCES;
MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT**

*[Declaration of Carmen M. Aguado and
[Proposed] Order filed concurrently
Herewith]*

Pretrial Conference:   January 21, 2020
Time:                          10:00 a.m.
Courtroom:                 3
Judge:                        Hon. Sheri Pym

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4810-8452-6256 v1
12/31/19

- 1 -

5:18-CV-01125-SP
MIL #3

1    TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

2    PLEASE TAKE NOTICE THAT on January 21, 2020 at 10:00 a.m., or as

3    soon thereafter as this matter may be heard in Courtroom 3 of the above-captioned

4    Court, located at 3470 12th St., 3rd Floor, Riverside California, 92501. Defendants

5    THE GEO GROUP, INC. ("GEO"), CITY OF ADELANTO ("City"), CAMPOS,

6    and DIAZ will move this Court for an Order to preclude Plaintiffs, their counsel

7    and any witnesses from introducing any evidence from or testimony related to

8    media articles (from radio, television, newspapers and the internet) pertaining to (1)

9    this federal civil rights action, (2) the incident that gives rise to the action, and/or

10   (3) other unrelated incidents at Adelanto ICE Processing Detention Facility or that

11   involve Defendants.

12   The Motion is based upon the Notice of Motion, the attached Memorandum

13   of Points and Authorities, the pleadings, records and files in this action, and such

14   other matters as may properly come before the Court.

15   This motion is made following an attempt to meet and confer with Plaintiffs'

16   counsel pursuant to Local Rule 7-3. *See* Decl. of Carmen M. Aguado ("Aguado

17   Decl.") at ¶ 5.

18

19   Dated:  December 31, 2019          BURKE, WILLIAMS & SORENSEN, LLP

20

21                                     By: /s/ Carmen M. Aguado
22                                         Susan E. Coleman
                                           Carmen M. Aguado
23
                                       Attorneys for Defendants
24                                     THE GEO GROUP, INC., CITY OF
                                       ADELANTO, CAMPOS, and DIAZ
25

26

27

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4810-8452-6256 v1
12/31/19

- 2 -

5:18-CV-01125-SP
MIL #3

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION.

Plaintiffs are eight (8) civil detainees that were detained at the Adelanto ICE Processing Detention Facility ("Facility") in June 2017. [1] On June 12, 2017, Plaintiffs engaged in what they believe was the start of a hunger strike (however, it is unclear whether any GEO personnel understood their intent) in the dayroom of their dorm. Plaintiffs chose to participate in the strike during a critical period of time at the Facility that required all detainees to be at their bunks (count). If count is not completed within a specified time period, the entire Facility is placed in an emergency state. Despite numerous commands to return to their bunks, and warnings that OC spray may be used to compel their compliance, Plaintiffs refused to listen and instead remained in the dayroom to bring attention to their grievances. Their noncompliance not only caused a major disruption in the dorm, but it threatened to disrupt the entire Facility as they were delaying count. As a result of their noncompliance and the major disturbance that resulted from their conduct, Defendants Lt. Diaz and Sgt. Campos ("Defendants"), former employees of Defendant GEO, deployed short bursts of OC spray (3 in total).

Through this Motion in Limine No. 3, Defendants move to exclude Plaintiffs from introducing any media articles (from radio, television, newspapers and the internet) pertaining to (1) this federal civil rights action, (2) the incident that gives rise to the action, and/or (3) other unrelated incidents at Adelanto ICE Processing Detention Facility to prove that Defendants are liable for their alleged damages. This should not be allowed, as these media references and third party complaints are hearsay and unduly prejudicial.

///

---

[1] In May 2011, GEO entered into contract with U.S. Immigration & Customs Enforcement (ICE) for the detention and care of immigrant detainees at the Facility, which houses immigrant detainees, through an intergovernmental service agreement with the City of Adelanto, which owns the property.

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4810-8452-6256 v1
12/31/19

- 1 -

5:18-CV-01125-SP
MIL #3

1    **II.    STANDARD FOR MOTIONS IN LIMINE.**

2         A motion in limine is a procedural device to obtain an early and preliminary

3    ruling on the admissibility of evidence. *Goodman v. Las Vegas Metro. Police Dep't,*

4    963 F. Supp. 2d 1036, 1046-47 (D. Nev. 2013). Although the Federal Rules of

5    Evidence do not explicitly authorize a motion in limine, the Supreme Court has

6    held that trial judges are authorized to rule on motions in limine pursuant to their

7    authority to manage trials. *Luce v. United States,* 469 U.S. 38, 41 n. 4, 105 S.Ct.

8    460, 83 L.Ed.2d 443 (1984). A motion in limine is a request for the court's

9    guidance concerning an evidentiary question. *See Wilson v. Williams,* 182 F.3d 562,

10   570 (7th Cir. 1999).

11   **III.   MEDIA ARTICLES RELATED TO THE INCIDENT THAT GIVES**

12        **RISE TO THIS LITIGATION ARE HEARSAY AND**

13        **UNTRUSTWORTHY.**

14        Several news stories have been written pertaining to Plaintiffs' strike and the

15   claims within this lawsuit, some of which were produced by Plaintiffs during

16   discovery. Aguado Decl. at ¶ 3, Ex. "A" [Articles Related to Incident and Lawsuit].

17        Any articles should be excluded because media articles are generally

18   considered hearsay under Federal Rules of Evidence, Rule 801(c) because they are

19   offered to prove the truth of the matter asserted. *Green v. Baca*, 226 F.R.D. 624,

20   637 (C.D. Cal. 2005). "Even when the actual statements quoted in a[n] ... article

21   constitute nonhearsay, or fall within a hearsay exception, their repetition in the

22   newspaper [or other media source] creates a hearsay problem. Thus, statements in

23   [articles] often constitute double hearsay." *Green, supra*, 226 F.R.D. at 637-38.

24        In the present case, media articles that Plaintiffs may seek to introduce are

25   double hearsay and should be excluded from this trial. Even if Plaintiffs were to

26   assert the articles are admissible under the residual hearsay exception found in Rule

27   807, their argument must fail. Rule 807 provides: "A statement not specifically

28   covered by Rule 803 or 804  but having equivalent circumstantial guarantees of

1  trustworthiness, is not excluded by the hearsay rule, if the court determines that (A)

2  the statement is offered as evidence of a material fact; (B) the statement is more

3  probative on the point for which it is offered than any other evidence which the

4  proponent can procure through reasonable efforts; and (C) the general purposes of

5  these rules and the interests of justice will best be served by admission of the

6  statement into evidence.

7       However, a statement may not be admitted under this exception unless the

8  proponent of it makes it known to the adverse party sufficiently in advance of the

9  trial or hearing to provide the adverse party with a fair opportunity to prepare to

10  meet it, the proponent's intention to offer the statement and the particulars of it,

11  including the name and address of the declarant." Fed. R. Evid. 807. In this case,

12  there are countless articles which may have been "published." Some of these

13  articles are known to Defendants, but Defendants suspect there may be additional

14  articles unknown to them. Therefore, Plaintiff must not get the benefit of Rule 807.

15       In addition, "the articles [Plaintiffs] seek[] to introduce lack the

16  circumstantial guarantees of trustworthiness that are required for admission under

17  Rule 807," as Plaintiffs have not offered any independent evidence to corroborate

18  the information contained in the articles. *Green, supra*, 226 F.R.D. at 639.  Nor are

19  the articles the best evidence of what was said; testimony from the reporters,

20  however, is. *Id.* Further, Defendants would be at a tactical disadvantage if the

21  articles are admitted and the reporters are not called to testify, as defense counsel

22  would have no opportunity to cross-examine the actual reporters.

23       Therefore, in this case, the articles are double hearsay, not the best evidence

24  of what was said or done, and untrustworthy since there are no independent sources

25  to corroborate the articles' information. In addition, the articles are irrelevant and

26  prejudicial and therefore inadmissible. Rule 402 of the Federal Rules of Evidence

27  provides in relevant part, "Evidence which is not relevant is not admissible." The

28  present articles are not relevant to the issues in this case. Specifically, they do not

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES
LA #4810-8452-6256 v1
12/31/19
- 3 -
5:18-CV-01125-SP
MIL #3

1   establish that Plaintiffs constitutional or state law rights were violated, nor are they

2   admissible as evidence of such.

3        Assuming, however, the Court were to find the articles are relevant to this

4   case, they must still be excluded under Rule 403 of the Federal Rules of Evidence

5   as unduly prejudicial. Rule 403 specifically provides, "[a]lthough relevant,

6   evidence may be excluded if its probative value is substantially outweighed by the

7   danger of unfair prejudice, confusion of the issues, or misleading the jury, or by

8   considerations of undue delay, waste of time, or needless presentation of

9   cumulative evidence." Fed. R. Evid. 403. Applying the principles of Rule 403 here,

10  the Court should conclude the articles are more prejudicial than probative because

11  they are inaccurate, and based on hearsay and speculation. Moreover, the articles

12  will confuse the issues, mislead the jury, cause undue delay and waste time because

13  the articles need to be explained and reporters may need to testify about them.

14  Evidence that this matter was actually the subject of a newspaper article alone is

15  likely to suggest to the jury that Plaintiffs' claims have merit.

16       Therefore, no such media articles should be admitted – or discussed - at the

17  time of trial since Plaintiffs bear the burden of proof. If evidence of the articles

18  attached as Exhibit "A," or any other such articles or media are admitted at the time

19  of trial, Defendants will suffer unfair prejudice.

20  **IV.   LIKEWISE, MEDIA ARTICLES RELATED TO _OTHER_ INCIDENTS**

21  **AT THE FACILITY OR THAT INVOLVE DEFENDANTS ARE**

22  **HEARSAY AND UNTRUSTWORTHY.**

23       In discovery, Plaintiffs produced the following:

24  • An article titled "Why Immigrant Detainees In California Just Launched A

25    Hunger Strike" dated November 2, 2015(Bates Stamp No.: P000419-425);

26  • An article titled, "GEO Group Whistleblower Exposes First Amendment

27    Violations, Lack of Officer Training, and Poor Conditions at the Adelanto

28    Detention Center" dated May 19, 2016 (Bates Stamp No.: P000416-418);

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4810-8452-6256 v1
12/31/19

- 4 -

5:18-CV-01125-SP
MIL #3

- An article titled "Third Death in Immigration Detention Makes the Adelanto Detention Center the Deadliest Facility in 2017" dated June 6, 2017 (Bates Stamp No.: P000426);
- An article titled "California: Immigrants go on hunger strike at Adelanto Detention Facility" dated July 8, 2017; and
- An article titled "We don't feel OK here" dated August 8, 2017 (Bates Stamp No.: P000427-432).

The aforementioned articles are related to incidents that either allegedly occurred years in advance or months after the incident that gives rise to this litigation – i.e., they are wholly irrelevant to the claims in this case. Aguado Decl. at ¶ 4, Ex. "B" [Articles Produced by Plaintiffs]. To the extent that Plaintiffs introduce the aforementioned media articles or any other articles concerning other unrelated instances of alleged misconduct, including but not limited to those concerning other use of force incidents, the alleged conditions at the Facility, and alleged mistreatment of immigrant detainees at the Facility, this evidence should be excluded because, as discussed above, media articles are generally considered hearsay.

Moreover, this evidence is barred by Rule 404(b)(1) of the Federal Rules of Evidence, which reads, "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." To the extent that Plaintiffs seek to introduce articles of alleged other bad acts, their only motivation for doing so would be to persuade the jury that Defendants acted in accordance with the character displayed by the alleged other bad acts. *See also* Fed. R. Evid. 402 (irrelevant evidence is not admissible). 403 (unduly prejudicial).

Finally, Rule 402 of the Federal Rules of Evidence provides in pertinent part, "Evidence which is not relevant is not admissible." Media articles concerning other incidents are irrelevant and prejudicial and therefore inadmissible. Specifically,

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4810-8452-6256 v1
12/31/19

- 5 -

5:18-CV-01125-SP
MIL #3

1  they do not establish that Plaintiffs' state law or constitutional rights were violated

2  as alleged in their operative pleading. Assuming, however, this Court were to find

3  the evidence is relevant to this case, it must still be excluded under Rule 403 of the

4  Federal Rules of Evidence, which provides as follows:

5  "Although relevant, evidence may be excluded if its
   probative value is substantially outweighed by the danger
6  of unfair prejudice, confusion of the issues, or misleading
   the jury, or by considerations of undue delay, waste of
7  time, or needless presentation of cumulative evidence."

8  Applying the principles of Rule 403 here, the Court should conclude such evidence

9  is more prejudicial than probative because articles may be inaccurate and are based

10 on hearsay and speculation. Moreover, articles regarding other incidents/bad acts

11 will confuse the issues, mislead the jury, cause undue delay and waste time because

12 the evidence will need to be explained and reporters may need to testify the articles.

13 **V.    CONCLUSION.**

14      For the foregoing reasons, Defendants respectfully requests that this Court

15 grant Defendants' Motion in Limine No. 3 to preclude Plaintiffs, their counsel and

16 any witnesses from introducing any evidence or testimony from media articles

17 (from radio, television, newspapers and the internet) pertaining to (1) this federal

18 civil rights action, (2) the incident that gives rise to the action, and/or (3) other

19 unrelated incidents at Adelanto ICE Processing Detention Facility or that involve

20 Defendants.

21

22 Dated:  December 31, 2019              BURKE, WILLIAMS & SORENSEN, LLP

23

24                                        By: /s/ Carmen M. Aguado
                                             Susan E. Coleman
25                                           Carmen M. Aguado

26                                        Attorneys for Defendants
                                          THE GEO GROUP, INC., CITY OF
27                                        ADELANTO, CAMPOS, and DIAZ

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4810-8452-6256 v1
12/31/19

- 6 -

5:18-CV-01125-SP
MIL #3