Susan E. Coleman (SBN 171832)
E-mail: scoleman@bwslaw.com
Carmen M. Aguado (SBN 291941)
E-mail: caguado@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, Suite 2400
Los Angeles, CA 90071-2953
Tel: 213.236.0600     Fax: 213.236.2700

Attorneys for Defendants
THE GEO GROUP, INC., CITY OF ADELANTO,
CAMPOS, and DIAZ

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR ARNOLDO RIVERA MARTINEZ; ISAAC ANTONIO LOPEZ CASTILLO; JOSUE VLADIMIR CORTEZ DIAZ; JOSUE MATEO LEMUS CAMPOS; MARVIN JOSUE GRANDE RODRIGUEZ; ALEXANDER ANTONIO BURGOS MEJIA; LUIS PEÑA GARCIA; JULIO CESAR BARAHONA CORNEJO, as individuals, | Case No. 5:18-cv-01125-SP <br><br> **DEFENDANTS' NOTICE OF MOTION AND MOTION IN LIMINE NO. 4 TO EXCLUDE IMPROPER EXPERT TESTIMONY FROM PLAINTIFFS' EXPERT DR. HOMER VENTERS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** |
| Plaintiffs, | *[Declaration of Carmen M. Aguado and [Proposed] Order filed concurrently herewith]* |
| v. | |
| THE GEO GROUP, Inc., a Florida corporation; the CITY OF ADELANTO, a municipal entity; GEO LIEUTENANT DIAZ, sued in her individual capacity;  GEO SERGEANT CAMPOS, sued in his individual capacity; SARAH JONES, sued in her individual capacity; THE UNITED STATES OF AMERICA; CORRECT CARE SOLUTIONS, INC.; and DOES 1-10, individuals, | Pretrial Conference: January 21, 2020 <br> Time: 10:00 a.m. <br> Courtroom: 3 <br> Judge: Hon. Sheri Pym |
| Defendants. | |

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4816-8889-3104 v2
12/31/19

- 1 -

5:18-CV-01125-SP
MIL #4: VENTERS

1    TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

2    PLEASE TAKE NOTICE THAT on January 21, 2020 at 10:00 a.m., or as

3    soon thereafter as this matter may be heard in Courtroom 3 of the above-captioned

4    Court, located at 3470 Twelfth Street, Riverside, CA 92501-3000, Defendants THE

5    GEO GROUP, INC. ("GEO"), CITY OF ADELANTO ("City"), CAMPOS, and

6    DIAZ will move this Court for an Order to exclude the testimony of Plaintiffs'

7    expert Dr. Homer Venters on the grounds that his testimony fails to satisfy the

8    requirements established by Federal Rules of Evidence 702 and 703 which govern

9    the admissibility of expert testimony.  Moreover, it is cumulative of Plaintiffs'

10   expert Jeffrey Schwartz, as they have overlapping opinions.  Fed. R. Evid. 403.

11   The Motion is based upon the Notice of Motion, the attached Memorandum

12   of Points and Authorities, the pleadings, records and files in this action, and such

13   other matters as may properly come before the Court.

14   This motion is made following an attempt to meet and confer with Plaintiff's

15   counsel pursuant to Local Rule 7-3.  Decl. of Carmen M. Aguado ("Aguado Decl.")

16   at ¶ 5.

17

18   Dated:  December 31, 2019          BURKE, WILLIAMS & SORENSEN, LLP

19

20                                      By:  /s/ Carmen M. Aguado
                                             Susan E. Coleman
21                                           Carmen M. Aguado

22                                      Attorneys for Defendants
                                        THE GEO GROUP, INC., CITY OF
23                                      ADELANTO, CAMPOS, and DIAZ

24

25

26

27

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4816-8889-3104 v2
12/31/19

- 2 -

5:18-CV-01125-SP
MIL #4: VENTERS

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ...................................................................................1

II.    STANDARD FOR MOTIONS IN LIMINE .............................................2

III.   DR. VENTERS' TESTIMONY INVADES THE JURY'S
       PROVINCE ...........................................................................................2

IV.    DR. VENTERS IS NOT QUALIFIED TO OPINE ON POLICE
       OR CUSTODIAL OFFICERS' PRACTICES ..........................................6

V.     VENTERS' OPINIONS RELY ON STATEMENTS THAT LACK
       FOUNDATION AND CONSIST OF HEARSAY AND
       SPECULATION .....................................................................................9

VI.    VENTERS OPINIONS ARE CUMULATIVE OF PLAINTIFFS'
       EXPERT, DR. JEFFREY SCHWARTZ ................................................10

VII.   CONCLUSION ....................................................................................10

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Los Angeles

5:18-CV-01125-SP
MIL #4: VENTERS

# **TABLE OF AUTHORITIES**

**Page(s)**

### **Federal Cases**

*Davis v. Scherer,*
    468 U.S. 183 (1984) ................................................................................4

*Domingo ex rel. Domingo v. T.K.,*
    289 F.3d 600 (9th Cir.2002) ...............................................................7

*United States v. Duncan,*
    42 F.3d 97 (2d Cir.1994)......................................................................3

*Edwards v. Baer,*
    863 F.2d 606 (8th Cir. 1989) ..............................................................4

*Elsayed Mukhtar v. California State Univ., Hayward,*
    299 F.3d 1053 (9th Cir. 2002) ............................................................2

*United States v. Frazier,*
    387 F.3d 1244 (11th Cir. 2004) (en banc) ........................................2

*Friend v. Time Mfg. Co.,*
    422 F. Supp. 2d 1079 (D. Ariz. 2005) ...............................................7

*Goodman v. Las Vegas Metro. Police Dep't,*
    963 F. Supp. 2d 1036 (D. Nev. 2013)................................................2

*Guidrox-Brault v. Missouri Pac. R.R. Co.,*
    254 F.3d 825 (9th Cir. 2001) ..............................................................7

*United States v. Hankey,*
    203 F.3d 1160 (9th Cir. 2000) ............................................................7

*Hibiscus Associates Ltd. v. Bd. of Trustees of Policemen and Firemen Retirement Sys. of City of Detroit,*
    50 F.3d 908 (11th Cir. 1995) .........................................................2, 6

*Hygh v. Jacobs,*
    961 F.2d 359 (2d Cir. 1992).................................................................5

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4816-8889-3104 v2
12/31/19

- ii -

5:18-CV-01125-SP
MIL #4: VENTERS

*In Daubert v. Merrell Dow Pharmaceuticals, Inc.,*
   509 U.S. 579 (1993)................................................................6, 7, 8

*Kumho Tire Co., Ltd v. Carmichael,*
   526 U.S. 137 (1999)................................................................7, 8

*Luce v. United States,*
   469 U.S. 38 (1984)................................................................2

*McHugh v. United Serv. Auto. Ass'n,*
   164 F.3d 451 (9th Cir.1999) ................................................................3

*Nationwide Transportation FIN v. Cass Infosystems,*
   523 F.3d 1051 (9th Cir. 2008) ................................................................5

*Reiner v. Warren Resort Hotels, Inc.,*
   No. CV 06–173–M–DWM, 2008 WL 5120682 (D. Mont. Oct. 1,
   2008) ................................................................7

*Salem v. U.S. Lines Company,*
   370 U.S. 31 (1962)................................................................6

*United States v. Sinclair,*
   74 F.3d 753 (7th Cir. 1996) ................................................................3

*United States v. Smith,*
   122 F.3d 1355 (11th Cir. 1997) ................................................................2

*Specht v. Jensen,*
   853 F.2d 805 (10th Cir. 1988) ................................................................3, 5

*Vance v. Peters,*
   97 F.3d 987 (7th Cir. 1996) ................................................................4

*Wilson v. Williams,*
   182 F.3d 562 (7th Cir. 1999) ................................................................2

**Other Authorities**

Eighth Amendment ................................................................4

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4816-8889-3104 v2
12/31/19

- iii -

5:18-CV-01125-SP
MIL #4: VENTERS

Fed. R. Evid.

403 .................................................................................................................. 10
702 ........................................................................................................ passim
703 .................................................................................................................... 1

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4816-8889-3104 v2
12/31/19

- iv -

5:18-CV-01125-SP
MIL #4: VENTERS

1                  **MEMORANDUM OF POINTS AND AUTHORITIES**

2  **I.     INTRODUCTION.**

3           Plaintiffs are eight (8) civil detainees that were detained at the Adelanto ICE

4 Processing Detention Facility ("Facility") in June 2017. [1] On June 12, 2017,

5 Plaintiffs engaged in what they believe was the start of a hunger strike (however, it

6 is unclear whether any GEO personnel understood their intent) in the dayroom of

7 their dorm. Plaintiffs chose to participate in the strike during a critical period of

8 time at the Facility that required all detainees to be at their bunks (count). If count is

9 not completed within a specified time period, the entire Facility is placed in an

10 emergency state. Despite numerous commands to return to their bunks, and

11 warnings that OC spray may be used to compel their compliance, Plaintiffs refused

12 to listen and instead remained in the dayroom to bring attention to their grievances.

13 Their noncompliance not only caused a major disruption in the dorm, but it

14 threatened to disrupt the entire Facility as they were delaying count. As a result of

15 their noncompliance, and the major disturbance that resulted from their conduct,

16 Defendants Lt. Diaz and Sgt. Campos ("Defendants"), former employees of

17 Defendant GEO, deployed short bursts of OC spray (3 in total).

18           Through this Motion in Limine No. 4, Defendants move to exclude or limit

19 the testimony of Plaintiffs' expert Dr. Homer Venters, a physician and

20 epistemologist, because his testimony fails to satisfy the requirements established

21 by Federal Rules of Evidence 702 and 703 which govern the admissibility of expert

22 testimony. Specifically, his testimony is merely legal conclusions which invades the

23 province of the jury, and it lacks proper foundation. Additionally, Dr. Venters'

24 anticipated testimony is cumulative of Plaintiffs' expert Jeffrey Schwartz, who is

25 proffered to give testimony about the use of force.

26

27 [1] In May 2011, GEO entered into contract with U.S. Immigration & Customs Enforcement (ICE) for the detention and care of immigrant detainees at the Facility,

28 which houses immigrant detainees, through an intergovernmental service agreement with the City of Adelanto, which owns the property.

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4816-8889-3104 v2
12/31/19

- 1 -

5:18-CV-01125-SP
MIL #4: VENTERS

## II.    <u>STANDARD FOR MOTIONS IN LIMINE.</u>

A motion in limine is a procedural device to obtain an early and preliminary ruling on the admissibility of evidence. *Goodman v. Las Vegas Metro. Police Dep't*, 963 F. Supp. 2d 1036, 1046-47 (D. Nev. 2013). Although the Federal Rules of Evidence do not explicitly authorize a motion in limine, the Supreme Court has held that trial judges are authorized to rule on motions in limine pursuant to their authority to manage trials. *Luce v. United States,* 469 U.S. 38, 41 n. 4, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984). A motion in limine is a request for the court's guidance concerning an evidentiary question. *See Wilson v. Williams,* 182 F.3d 562, 570 (7th Cir. 1999).

## III.    <u>DR. VENTERS' TESTIMONY INVADES THE JURY'S PROVINCE.</u>

To be admissible, expert testimony must, *inter alia*, "assist the trier of fact to understand the evidence or to determine a fact in issue." *See* Fed. R. Evid. 702; accord *United States v. Smith*, 122 F.3d 1355, 1358 (11th Cir. 1997) ["Expert testimony that does not assist the trier of fact can be excluded . . . ."]. Thus, "expert testimony is admissible if it concerns matters that are beyond the understanding of the average lay person." *United States v. Frazier*, 387 F.3d 1244, 1262 (11th Cir. 2004) (en banc) (citing *United States v. Rouco*, 765 F.2d 983, 995 (11th Cir. 1985)). By contrast, expert testimony "is properly excluded when it is not needed to clarify facts and issues of common understanding which [the trier of fact is] able to comprehend." *Hibiscus Associates Ltd. v. Bd. of Trustees of Policemen and Firemen Retirement Sys. of City of Detroit*, 50 F.3d 908, 917 (11th Cir. 1995). "[E]xpert testimony generally will not help the trier of fact when it offers nothing more than what lawyers for the parties can argue in closing arguments." *Frazier*, 387 F.3d at 1262-63 (citing 4 Weinstein's Federal Evidence § 702.03[2] [a]).

Furthermore, experts cannot testify on legal issues on which the judge will instruct the jury, or on issues that will determine the outcome of the case. *Elsayed Mukhtar v. California State Univ., Hayward*, 299 F.3d 1053, 1064 n.7 (9th Cir.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4816-8889-3104 v2
12/31/19

- 2 -

5:18-CV-01125-SP
MIL #4: VENTERS

1  2002) *citing United States v. Rahm*, 993 F.2d 1404, 1413 (9th Cir. 1993).

2  Testimony which articulates and applies relevant law circumvents the fact-finder's

3  decision making process by dictating how to decide the case or what result to reach.

4  *Specht v. Jensen*, 853 F.2d 805, 808 (10th Cir. 1988), cert. denied, 488 U.S. 1008

5  (1989). "When an expert undertakes to tell the jury what result to reach, this does

6  not aid the jury in making a decision, but rather attempts to substitute the expert's

7  judgment for the jury's." *United States v. Duncan*, 42 F.3d 97, 101 (2d

8  Cir.1994)(emphasis in original). *See also McHugh v. United Serv. Auto. Ass'n*, 164

9  F.3d 451, 454 (9th Cir.1999); *United States v. Sinclair*, 74 F.3d 753, 758 n.1 (7th

10  Cir. 1996).

11       Here, Plaintiffs' expert Dr. Venters invades the province of the jury. His

12  expert report suggests that his trial testimony will be nothing more than legal and

13  factual conclusions that usurp the decision making role of the jury. For example, in

14  his expert report, Venters renders expert opinions regarding the following:

15      &bull;  Whether "GEO security staff used force in a manner that was inconsistent

16         with GEO's use of force policy and ICE standards on Use of Force",

17         including expert opinion on whether Plaintiffs posed a threat, GEO staff

18         exhausted the use of force continuum before using force, the alleged facial

19         trauma that Plaintiffs sustained was a result of OC spray, and whether

20         health staff were notified of the planned use of force;

21      &bull;  Whether GEO security staff violated GEO policy, ICE policy, and

22         "generally accepted correctional and healthcare policies and practices"

23         after select plaintiffs were exposed to OC spray, including analysis of

24         policies created by Sabre, a third party security contractor of ICE;

25      &bull;  Whether GEO staff violated GEO and ICE policies by responding with

26         force instead of first notifying and involving health staff regarding a

27         declared hunger strike;

28      &bull;  Whether there is a difference in either soothing or  increasing pain from

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4816-8889-3104 v2
12/31/19

- 3 -

5:18-CV-01125-SP
MIL #4: VENTERS

1    OC spray based on water temperature based on his own personal

2    experience;

3    • GEO staff "unnecessarily" escalated the situation and caused unnecessary

4    harm to Plaintiffs;

5    • Whether Plaintiffs' strike caused a "immediate threat of violence" that

6    would necessitate force; and

7    • The placement of people with OC exposure into hot showers and "denial

8    of other care" for OC exposure represents an "intentional infliction of

9    pain and suffering."

10   *See* Aguado Decl. at ¶ 3, Ex. "A" [Venters' Report] at Opinion Nos. 1 -3,

11   Summary.

12       These opinions invade the province of the jury, for the following reasons.

13   First, Dr. Venters' opinions constitute nothing more than arguments for Plaintiffs

14   because it is well established that evidence of violations of internal policies are

15   irrelevant because neither an entity's rules and policies, nor an entity's employee's

16   failure to follow those internal policies, are a source of civil liability for the entity's

17   employees or the entity. *See Davis v. Scherer*, 468 U.S. 183, 194 (1984); *Edwards

18   v. Baer*, 863 F.2d 606, 608 (8th Cir. 1989) ("While the unfortunate incident that

19   gave rise to this lawsuit would not have occurred if [the defendant police officer]

20   had followed the department's guidelines, police department guidelines do not

21   create a constitutional right."); *see also Vance v. Peters*, 97 F.3d 987, 995 (7th Cir.

22   1996) ("The hearing officer's decision that C.O. Roy used excessive force was

23   based upon the standards set forth in the prison's internal rules or policies not on

24   Eighth Amendment criteria.").

25       Second, given that Plaintiffs have state and federal law claims related to the

26   amount of force used during the incident (*e.g.*, battery, assault, excessive force

27   under Section 1983) and a state law claim for intentional infliction of emotional

28   distress, Venters' opinions as to whether or not the force used was objectively

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4816-8889-3104 v2
12/31/19

- 4 -

5:18-CV-01125-SP
MIL #4: VENTERS

1   reasonable and whether or not Plaintiffs were subjected to the intentional infliction
2   of emotional distress are ultimate questions that the jury should decide. By putting
3   forth these "opinions," Venters has circumvented the jury's decision making
4   process by dictating what result to reach. *Specht v*, 853 F.2d at 808; *see also*
5   *Nationwide Transportation FIN v. Cass Infosystems*, 523 F.3d 1051, 1059-1060
6   (9th Cir. 2008) (excluding expert opinion that parties' conduct was "wrongful.").
7   Consequently, Venters' purported expert opinion as to whether the force used was
8   reasonable and necessary, and whether any conduct constituted the intentional
9   infliction of emotional distress, is absolutely inadmissible. *Hygh v. Jacobs*, 961
10  F.2d 359, 365 (2d Cir. 1992).

11          Third, the jury is well-equipped and capable of deciding the aforementioned
12  opinions Venters intends to offer -- without the assistance of an expert. Specifically,
13  the jury does not need Venters' assistance in reading and understanding GEO's or
14  ICE's policies and procedures regarding the use of force and decontamination
15  procedures. The jury is well-equipped and capable of reading the policies and
16  making a determination as to whether there was a violation of the policy, assuming
17  the evidence is even relevant and admissible. The jury is likewise equally well-
18  equipped to watch a video recording of the incident and listen to witness testimony
19  to make a determination as to whether Plaintiffs posed a threat, GEO staff
20  exhausted the use of force continuum before using force, Plaintiffs suffered
21  physical trauma during the incident, and whether health staff were notified of the
22  planned use of force (*i.e.* present at the time the force was used).

23          Fourth, the jury also does not need Venters' opinions regarding his own
24  personal experience with OC spray, as the jury can make a determination as to the
25  impact of the spray and water used for decontamination purposes based on witness
26  testimony and Plaintiffs' police practice expert; they do not need cumulative and/or
27  common sense opinions from Venters. Expert testimony is unnecessary and
28  excludable "if all the primary facts can be accurately and intelligently described to

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4816-8889-3104 v2
12/31/19

- 5 -

5:18-CV-01125-SP
MIL #4: VENTERS

1   the [trier of fact] and if [the trier of fact…is] as capable of drawing the correct

2   conclusion as" is the expert. *Salem v. U.S. Lines Company*, 370 U.S. 31, 35 (1962).

3   Finally, Venters' report demonstrates that he intends to offer opinions on Sabre's –

4   not GEO's – policy on decontamination. *See* Aguado Decl. at ¶ 3, Ex. "A"

5   [Venters' Report] at Opinion No. 2. Assuming Sabre's policy is relevant, though it

6   is not the applicable policy for Adelanto's detention facility, the jury could read and

7   interpret the policy on its own.

8          Based on the foregoing, Venters' opinions about the evidence in this case do

9   nothing more than "clarify facts and issues of common understanding which [the

10  trier of fact is] able to comprehend" and, thus, they are not needed. *Hibiscus*

11  *Associates Ltd.*, 50 F.3d at 917.

12  **IV.    DR. VENTERS IS NOT QUALIFIED TO OPINE ON POLICE OR**

13  **CUSTODIAL OFFICERS' PRACTICES.**

14         In additional the requirements for experts stated above, Federal Rule of

15  Evidence 702, entitled Testimony by Experts, states:

16         A witness who is qualified as an expert by knowledge,
17         skill, experience, training, or education may testify in the
           form of an opinion or otherwise if: (a) the expert's
18         scientific, technical, or other specialized knowledge will
           help the trier of fact to understand the evidence or to
19         determine a fact in issue; (b) the testimony is based on
           sufficient facts or data; (c) the testimony is the product of
20         reliable principles and methods; and (d) the expert has
           reliably applied the principles and methods to the facts of
21         the case.

22         This Court has an obligation under Rule 702 to exclude expert testimony that

23  is unreliable and only allow expert opinion testimony that will assist the trier of

24  fact. *In Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589-90

25  (1993), the Supreme Court held that under the Federal Rules of Evidence, trial

26  Judges have special obligations to act as "gatekeepers" with respect to certain

27  expert testimony presented to the jury. One of the preliminary gate-keeping

28  determinations a trial court must make is whether the witness is appropriately

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4816-8889-3104 v2
12/31/19

- 6 -

5:18-CV-01125-SP
MIL #4: VENTERS

1    qualified as an expert on the particular subject matter. *United States v. Hankey*, 203

2    F.3d 1160, 1168 (9th Cir. 2000). An expert must possess the requisite qualifications

3    within the specific area of expertise on which the expert is expected to express an

4    opinion. *See Reiner v. Warren Resort Hotels, Inc.*, No. CV 06–173–M–DWM, 2008

5    WL 5120682, *13 (D. Mont. Oct. 1, 2008).

6        Federal Rule of Evidence 702 requires that an expert's testimony, in the face

7    of an objection, must be screened by the Court to ensure that it "is the product of

8    reliable principles and methods." *See also Kumho Tire Co., Ltd v. Carmichael*, 526

9    U.S. 137, 152 (1999); *Guidrox-Brault v. Missouri Pac. R.R. Co.*, 254 F.3d 825, 831

10   (9th Cir. 2001). "[T]he trial Judge must ensure that any and all scientific testimony

11   or evidence admitted is not only relevant, but reliable." *Daubert*, 509 U.S. at 589.

12       An expert's opinion is deemed sufficiently reliable if his conclusions are

13   based on the knowledge and experience of his or her discipline rather than on a

14   "subjective belief or unsupported speculation." *Daubert v. Merrell Dow*

15   *Pharmaceuticals, Inc.* 509 at 590. In fact, "[a]n expert's testimony may excluded

16   where it is based on subjective beliefs or unsupported speculation which is no more

17   than unreliable *ipse dixit* guesswork." *Friend v. Time Mfg. Co.*, 422 F. Supp. 2d

18   1079, 1081 (D. Ariz. 2005), *citing General Electric Co. v. Joiner*, 522 U.S. 136,

19   146 (1997) (holding that trial court may properly exclude *ipse dixit* opinions where

20   "there is simply too great an analytical gap between the data and the opinion

21   proffered"); *Domingo ex rel. Domingo v. T.K.*, 289 F.3d 600, 607 (9th Cir.2002)

22   ("[N]othing in either *Daubert* or the Federal Rules of Evidence requires a district

23   court to admit opinion evidence that is connected to existing data only by the *ipse*

24   *dixit* of the expert.") (*citing Gen. Elec.*, 522 U.S. at 146); *see also Domingo ex rel.*

25   *Domingo v. T.K.*, 289 F.3d at 607.

26       *In Kumho Tire Company Ltd v. Carmichael*, 526 U.S. 137, 147 (1999), the

27   Supreme Court held that requirement that the District Court act as a "gate-keeper"

28   applies to all expert testimony, not just scientific testimony. The Court in *Kumho*

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4816-8889-3104 v2
12/31/19

- 7 -

5:18-CV-01125-SP
MIL #4: VENTERS

1   *Tire* stated, "The objective of that requirement is to ensure the reliability and

2   relevancy of expert testimony." *Kumho Tire Co., Ltd v. Carmichael*, 526 U.S. at

3   152 (emphasis added). It requires an expert, "whether basing testimony upon

4   professional studies or personal experience, [to] employ[] in the courtroom the

5   same level of intellectual rigor that characterizes the practice of an expert in the

6   relevant field." *Id.* The proponent of expert witness opinion testimony bears the

7   burden of establishing its admissibility. *Daubert,* 509 U.S. at 592 n.10.

8          Here, Dr. Venters is a <u>physician and epidemiologist</u> that seeks to offer

9   opinions on the force used by GEO staff at the Facility and the method that

10   Plaintiffs were decontaminated. To support his opinions, Dr. Venters states he has

11   experience in providing *health services* for the incarcerated. *See* Aguado Decl. at ¶

12   3, Ex. "A" [Venters' Report] at Background and Qualifications. He has held

13   positions that required him to analyze *physical and mental health policies* and

14   procedures, and that made him responsible for all aspects of health services at

15   corrections facilities. *Id.* While he has purportedly "conducted video review of

16   numerous use of force" incidents, he has ***no*** training or experience in (1) law

17   enforcement, (2) managing the day to day security operations of a correctional

18   facility, or (3) supervising security staff at a correctional facility. *See* Aguado Decl.

19   at ¶ 3, Ex. "A" [Venters' Report] at Background and Qualifications, Curriculum

20   Vitae.

21          Additionally, while Dr. Venters vaguely states that he has "collaborated" on

22   policies and procedures related to "restraint, use of oleoresin capsicum spray and

23   electrical conducive devices," there is no indication that this experience was

24   significant nor is there any meaningful indication of how Dr. Venters was in fact

25   involved. *Id.* Similarly, while Dr. Venters states he provides "trainings for security

26   leadership and line staff both in facilities and at the training academy," a review of

27   curriculum vitae demonstrates that his presentations and talks were related to health

28   services. He has *never* provided training for security regarding the appropriate use

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4816-8889-3104 v2
12/31/19

- 8 -

5:18-CV-01125-SP
MIL #4: VENTERS

1    of force in a correctional setting. Further, even assuming arguendo Dr. Venters had

2    experience in drafting relevant policies, it would not independently qualify him to

3    render opinions on whether the force used was appropriate in the circumstances.

4        Dr. Venters is simply not qualified to provide the opinions that he seeks to

5    testify on at trial and, as a result, his testimony should be excluded per Rule 702.

6    **V.   VENTERS' OPINIONS RELY ON STATEMENTS THAT LACK**

7    **FOUNDATION AND CONSIST OF HEARSAY AND SPECULATION.**

8        Venters' report demonstrates that he intends to testify regarding "Plaintiffs

9    failure to seek medical care upon their release from ICE custody" and that it was

10   "typical of how formerly-incarcerated patients behave." *See* Aguado Decl. at ¶ 3,

11   Ex. "A" [Venters' Report] at Opinion No. 4. However, there is no indication that

12   Venters actually spoke to any of the Plaintiffs to determine why they did not seek

13   medical care after their release from the Facility. Further, if Plaintiffs want to

14   explain why they did not seek medical care after their release, they are free to

15   testify about those facts at trial. Contrary to Venters' opinion, at least one plaintiff

16   admitted that he *did* seek medical care since his release from the Facility. Thus,

17   Venters' "opinion" is derived solely from speculation and lacks foundation.

18       Likewise, Venters' report demonstrates that he intends to speculate as to

19   when Plaintiffs sustained their injuries. *See* Aguado Decl. at ¶ 3, Ex. "A" [Venters'

20   Report] at Opinion No. 1.c. For example, he guesses that Plaintiffs' "injuries *may*

21   have occurred after the time when detainees are seen on video...." (Emphasis

22   added). *Id.* This testimony is improper expert opinion that lacks any factual basis in

23   Venters' personal knowledge. Plaintiffs may testify about when they believe their

24   injuries were sustained, based on their personal knowledge, but Dr. Venters lacks

25   any foundation to speculate about when and if they occurred.

26   ///

27   ///

28   ///

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4816-8889-3104 v2
12/31/19

- 9 -

5:18-CV-01125-SP
MIL #4: VENTERS

1

## VI. **VENTERS OPINIONS ARE CUMULATIVE OF PLAINTIFFS'**
2
## **EXPERT, DR. JEFFREY SCHWARTZ.**

3        Federal Rule of Evidence 403 states: "The ***court may exclude*** relevant

4 evidence if its probative value is substantially outweighed by a danger of one or

5 more of the following: unfair prejudice, confusing the issues, misleading the jury,

6 undue delay, wasting time, or needlessly presenting ***cumulative evidence***."

7 (Emphasis added). Here, the opinions that Venters intends to offer regarding the use

8 of force incident are cumulative of the opinions that Plaintiffs' police practices

9 expert, Dr. Jeffrey A. Schwartz, intends to offer. *Compare* Ex. "A" [Venters

10 Report] *with* Ex. "B" [Schwartz's Report]. For this reason, Venters' opinions and

11 testimony are properly excluded as they will only amount to the needless

12 presentation of cumulative evidence.

13 ## VII. **CONCLUSION.**

14        For the foregoing reasons, Defendants respectfully requests that this Court

15 grant Defendants' Motion in Limine No. 4 and exclude the opinions of Plaintiffs'

16 expert, Dr. Homer Venters.

17

18 Dated:  December 31, 2019           BURKE, WILLIAMS & SORENSEN, LLP

19

20                                     By:  /s/ Carmen M. Aguado
                                            Susan E. Coleman
21                                          Carmen M. Aguado

22                                     Attorneys for Defendants
                                       THE GEO GROUP, INC., CITY OF
23                                     ADELANTO, CAMPOS, and DIAZ

24

25

26

27

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4816-8889-3104 v2
12/31/19

- 10 -

5:18-CV-01125-SP
MIL #4: VENTERS