Susan E. Coleman (SBN 171832)
E-mail: scoleman@bwslaw.com
Carmen M. Aguado (SBN 291941)
E-mail: caguado@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, Suite 2400
Los Angeles, CA 90071-2953
Tel: 213.236.0600    Fax: 213.236.2700

Attorneys for Defendants
THE GEO GROUP, INC., CITY OF ADELANTO, CAMPOS, and DIAZ

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR ARNOLDO RIVERA MARTINEZ; ISAAC ANTONIO LOPEZ CASTILLO; JOSUE VLADIMIR CORTEZ DIAZ; JOSUE MATEO LEMUS CAMPOS; MARVIN JOSUE GRANDE RODRIGUEZ; ALEXANDER ANTONIO BURGOS MEJIA; LUIS PEÑA GARCIA; JULIO CESAR BARAHONA CORNEJO, as individuals, <br><br> Plaintiffs, <br><br> v. <br><br> THE GEO GROUP, Inc., a Florida corporation; the CITY OF ADELANTO, a municipal entity; GEO LIEUTENANT DIAZ, sued in her individual capacity; GEO SERGEANT CAMPOS, sued in his individual capacity; SARAH JONES, sued in her individual capacity; THE UNITED STATES OF AMERICA; CORRECT CARE SOLUTIONS, INC.; and DOES 1-10, individuals, <br><br> Defendants. | Case No. 5:18-cv-01125-SP <br><br> **DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE 2 TO EXCLUDE LANGUAGE CONCERNING THE LAWFULNESS OR UNLAWFULNESS OF PLAINTIFFS' ENTRIES TO AND DEPARTURES FROM THE UNITED STATES** <br><br> Pretrial Conference <br> Date: January 21, 2020 <br> Time: 10:00 a.m. <br> Ctrm: 3 <br><br> Trial date: February 3, 2020 <br> Time: 9:00 a.m. <br><br> Magistrate Judge: Honorable Sheri Pym |

Defendants THE GEO GROUP, INC., CITY OF ADELANTO, CAMPOS, and DIAZ hereby respond to Plaintiffs' Motion in Limine to exclude language

concerning the nature of Plaintiffs' entries and/or departures from the United States, and in particular to exclude terms such as unlawful entry, deportation, and similar concepts.

## ARGUMENT

Plaintiffs are citizens of Central American who entered the United States illegally, without any visa, green card, or other government-approved permission to enter. While many of them are seeking asylum on grounds of "credible threat," neither this fact nor the means of their entry are relevant to the claims at issue. Defendants agree that this trial should be focused on whether the force used was appropriate, and similar issues germane to Plaintiffs' legal claims, and not the reasons why and how Plaintiffs entered the country.

But while Plaintiffs seek to exclude the negative terms associated with their immigration, arguing they are irrelevant and prejudicial, they still want to use the sympathetic terms such as asylum. Plaintiffs would like to reference the conditions they faced in Central America that caused them to leave, the harrowing journeys they took to reach the border, and their claims for asylum, in order to influence the jury and garner sympathy. None of this background information is relevant to the claims for trial and it is unduly prejudicial to defendants. Fed. R. Evid. 402, 403; *see also,* Defts' Mot'n in Limine 2 [Doc. #152]. Moreover, allowing the positive words and not the negative ones gives a lopsided and unfair portrayal. Defendants' position is that either the door is open to <u>all terms</u> – good and bad – or that the wording should be sanitized so that neither side is prejudiced nor benefited.

During the meet and confer process, defense counsel suggested sanitized wording, to avoid filing competing motions in limine and to resolve the issue. For instance, any given Plaintiff could simply testify that he arrived in California on a certain date, and was housed at the Adelanto detention facility during a certain time period, and is now living such and such City with his family, doing a specific job, or he could even skip the history before arriving at the detention facility. While

sometimes parties provide background information to personalize themselves a bit with the jury, this information is typically limited in nature.  Here, the potential wording is too loaded – and prejudicial – not to define the parameters in advance.

Plaintiffs indicate they are concerned about what the jury will be told if Martinez and Castillo are not permitted to attend trial in person, and what the jury will be told regarding their departure from the U.S. (*See* Pl's Mot'n, Doc. 147 at 6.) However, there is no reason the jury needs to know where they live currently, when and how they departed the country, or if their visas are denied to attend trial, unless the door is opened to these topics.[1]  If a witness ends up testifying via videoconference or some other means, or can only attend trial during some portion of the proceedings, the jury may be told not to speculate as to the reason without being provided additional details.  This often occurs in trials with CEOs or other out-of-state executives, and the jury is presumed able not to hold this against them.

For the reasons cited above, and in Plaintiffs' motion, Defendants request that this Court fashion a sanitized method of discussing Plaintiffs' detention without referencing them as either illegal immigrants or asylum-seekers.

Dated:  January 7, 2020            BURKE, WILLIAMS & SORENSEN, LLP


By: */s/ Susan E. Coleman*
Susan E. Coleman
Carmen M. Aguado

Attorneys for Defendants
THE GEO GROUP, INC., CITY OF ADELANTO, CAMPOS, and DIAZ

---

[1] Defendants reserve the right to object to Plaintiffs Martinez and Castillo's deposition testimony being used at trial if they claim to be unavailable. Their depositions were not taken as trial testimony, nor is there a stipulation to deem out of country witnesses unavailable under Fed. R. Evid. 804.