Susan E. Coleman (SBN 171832)
E-mail: scoleman@bwslaw.com
Carmen M. Aguado (SBN 291941)
E-mail: caguado@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, Suite 2400
Los Angeles, CA 90071-2953
Tel: 213.236.0600     Fax: 213.236.2700

Attorneys for Defendants
THE GEO GROUP, INC., CITY OF ADELANTO, CAMPOS, and DIAZ

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR ARNOLDO RIVERA MARTINEZ; ISAAC ANTONIO LOPEZ CASTILLO; JOSUE VLADIMIR CORTEZ DIAZ; JOSUE MATEO LEMUS CAMPOS; MARVIN JOSUE GRANDE RODRIGUEZ; ALEXANDER ANTONIO BURGOS MEJIA; LUIS PEÑA GARCIA; JULIO CESAR BARAHONA CORNEJO, as individuals,<br><br>              Plaintiffs,<br><br>v.<br><br>THE GEO GROUP, Inc., a Florida corporation; the CITY OF ADELANTO, a municipal entity; GEO LIEUTENANT DIAZ, sued in her individual capacity;  GEO SERGEANT CAMPOS, sued in his individual capacity; SARAH JONES, sued in her individual capacity; THE UNITED STATES OF AMERICA; CORRECT CARE SOLUTIONS, INC.; and DOES 1-10, individuals,<br><br>              Defendants. | Case No. 5:18-cv-01125-SP<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE 3 TO EXCLUDE ANY CONCLUSIONS REACHED BY THE U.S. GOVERNMENT OR ITS CONSULTANTS FOLLOWING AN INVESTIGATION OF THE JUNE 12, 2017 INCIDENT**<br><br>Pretrial Conference<br>Date:     January 21, 2020<br>Time:    10:00 a.m.<br><br>Trial date: February 3, 2020<br>Time:       9:00 a.m.<br><br>Magistrate<br>Judge:          Honorable Sheri Pym |

///

///

Defendants THE GEO GROUP, INC., CITY OF ADELANTO, CAMPOS, and DIAZ hereby oppose Plaintiffs' Motion in Limine No. 3 to exclude any conclusions reached by the U.S. Government or its consultants following an investigation of the June 12, 2017 incident.

## I. INTRODUCTION.

Plaintiffs argue that evidence demonstrating that the U.S. Government, or its consultants including but not limited to the Nakamoto Group,[1] finding that GEO Group employees had not engaged in any wrongdoing and specifically disclaimed that improper force was used, should be excluded because it would: (1) improperly usurp the jury's duty to come it its own conclusions on the claims of this case; (2) be unduly prejudicial; and (3) confuse the jury. (Doc. # 149 at 18-22.) However, this information is admissible under Federal Rule of Evidence 803(8)(A)(iii), which creates an exception to the rule against hearsay for a statement of a public official setting forth factual findings in an authorized investigation.

## II. FACTUAL FINDINGS FROM LEGALLY AUTHORIZED INVESTIGATIONS COMPLETED BY THE US GOVERNMENT ARE ADMISSIBLE.

"Federal Rule of Evidence 803(8)(A)(iii) creates an exception to the rule against hearsay for ;[a] record or statement of a public office if ... it sets out ... in a civil case … factual findings from a legally authorized investigation' and if the opponent does not show that the source of information or other circumstances indicate a lack of trustworthiness." *POM Wonderful LLC v. Coca Cola Co.*, 166 F.

---

[1] As stated in Defendants' Motion in Limine No. 1, Defendants are willing to exclude evidence of and references to any reports prepared by or conclusions made by the Nakamoto Group regarding the incident *if* Plaintiffs are willing to exclude evidence of and references to the September 27, 2018 "Management Alert – Issues Requiring Action at the Adelanto ICE Processing Center in Adelanto, California" prepared by the Office of Inspector General that relates to other incidents that allegedly took place at the Facility. (Doc. # 151.)

ATTORNEYS AT LAW
LOS ANGELES

LA #4832-5667-6016 v1         - 2 -         5:18-CV-01125-SP
DEFTS' OPPO TO PL-MIL-3

1  Supp. 3d 1085, 1100 (C.D. Cal. 2016). While "pure" legal conclusions are not
2  admissible as factual findings, "conclusion(s) [] based on a factual investigation and
3  satisfies the Rule's trustworthiness requirement, it should be admissible." *Sullivan*
4  *v. Dollar Tree Stores, Inc.*, 623 F.3d 770, 777 (9th Cir. 2010); *Beech Aircraft Corp.*
5  *v. Rainey*, 488 U.S. 153, 170 (1988). In other words, "statements in the form of
6  opinions or conclusions are not by that fact excluded from the scope of [Rule 803]."
7  *Id*. at 154.

8      Here, ICE officials engaged in a legally authorized investigation of the
9  incident when representatives from GEO and ICE (the Assistant Field Office
10 Director for ICE who is based at the Facility) participated in an "After-Action
11 Review," as required by GEO policies and procedures. At the review, the video
12 tape of the incident, among other things, was reviewed. It was determined at the
13 conclusion of the review that the "actions taken with respect to the use of force and
14 restrains were reasonable and appropriate…." In fact, Plaintiffs rely on the After-
15 Action Review (and subsequent report) to support their argument that GEO's
16 policymaker ratified the conduct of Defendants Diaz and Campos (on both the
17 decision to use force and the amount of force used) and, consequently, that GEO
18 and the City should be liable under *Monell* (Plaintiffs' sixth claim).

19     Thus, to the extent that Defendants introduce evidence that the U.S.
20 Government/ICE made public statements through an ICE spokesperson – a
21 trustworthy source – that set forth factual findings from the legally authorized
22 investigation of the incident (the after-action review), including but not limited to,
23 factual findings that (1) the assertion(s) by plaintiffs regarding the incident are a
24 gross exaggeration of the incident; (2) GEO supervisory officers deployed pepper
25 spray only after plaintiffs refused to comply with officers' commands; (3) that
26 officers applied the necessary degree of force[2] to extract plaintiffs from the dorm;

---

[2] Significantly, only "pure legal conclusions" are inadmissible as factual findings. Here, a determination that the "necessary degree of force" was utilized is *not* a legal

and (4) Plaintiffs actively resisted GEO officers prior to the officers using force, these factual conclusions are admissible under Rule 803(8)(A)(iii).

## III. FACTUAL FINDINGS AND CONCLUSIONS FROM THE U.S. GOVERNMENT ARE RELEVANT AND PROBATIVE.

Plaintiffs argue that factual findings made by the U.S. Government related to the incident improperly usurp the jury's duty to come it its own conclusions on the claims of this case, are unduly prejudicial in that the jury will likely agree with the conclusions of the U.S. Government, will confuse the jury, and waste time; yet, Plaintiffs intend to put forth testimony from their expert, Dr. Homer Venters, that GEO failed to comply with ICE's standards on use of force, decontamination procedures, and responding to hunger strikes.[3] (*See* Doc. # 154-1 at Ex. "A" [Venters' Expert Report].) Plaintiffs' other use of force expert, Jeffrey Schwartz, reaches the same conclusions. (*See* Doc. # 154-1 at Ex. "B" [Schwartz' Expert Report].)

In other words, while Plaintiffs seek to exclude GEO's anticipated evidence that the U.S. Government/ICE found GEO was in compliance with ICE standards, Plaintiffs intend to have their experts– who are less equipped than the U.S. Government/ICE to determine whether GEO complied with its standards – provide testimony on the same issue(s) and a conclusion that directly contradicts the conclusion(s) reached by the U.S. Government/ICE. It is unclear why it is a waste of time for GEO to introduce evidence demonstrating the U.S. Government/ICE found that GEO was in compliance with is standards but it is not a waste of time when Dr. Venters or Schwartz seek to provide testimony on the same topic.

Thus, given Plaintiffs seek to have their expert witnesses provide testimony

---

conclusion as the relevant legal conclusion is that the force was "objectively reasonable." Thus, an opinion or finding that the officers used a "necessary" degree of force is not a purely legal conclusion.
[3] As demonstrated in Defendants' Motion in Limine No. 4, these opinions regarding use of force by Dr. Venters should be excluded at trial. (Doc. # 154.)

on conclusions on whether GEO was in compliance with ICE standards, it is disingenuous for Plaintiffs to then argue that conclusions or findings from the U.S. Government based on their investigation of the incident are unduly prejudicial, will confuse the jury, and waste time.  This result is lopsided, would result in an unfair trial for Defendants, and would paint an inaccurate picture.

## IV.   CONCLUSION.

For the reasons cited above, Plaintiffs' motion should be denied and Defendants should be permitted to put forth evidence demonstrating the U.S. Government's factual conclusion(s) based on its investigation of the incident.  In the alternative, since ICE or GEO policies are not the same as constitutional requirements, neither party should be permitted to refer to whether or not institutional policies were followed.

Dated:  January 7, 2020          BURKE, WILLIAMS & SORENSEN, LLP


By:  */s/ Susan E. Coleman*
     Susan E. Coleman
     Carmen M. Aguado

Attorneys for Defendants
THE GEO GROUP, INC., CITY OF ADELANTO, CAMPOS, and DIAZ