Susan E. Coleman (SBN 171832)
E-mail:  scoleman@bwslaw.com
Carmen M. Aguado (SBN 291941)
E-mail:  caguado@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, Suite 2400
Los Angeles, CA  90071-2953
Tel: 213.236.0600      Fax: 213.236.2700

Attorneys for Defendants
THE GEO GROUP, INC., CITY OF ADELANTO, CAMPOS, and DIAZ

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR ARNOLDO RIVERA MARTINEZ; ISAAC ANTONIO LOPEZ CASTILLO; JOSUE VLADIMIR CORTEZ DIAZ; JOSUE MATEO LEMUS CAMPOS; MARVIN JOSUE GRANDE RODRIGUEZ; ALEXANDER ANTONIO BURGOS MEJIA; LUIS PEÑA GARCIA; JULIO CESAR BARAHONA CORNEJO, as individuals, <br><br> Plaintiffs, <br><br> v. <br><br> THE GEO GROUP, Inc., a Florida corporation; the CITY OF ADELANTO, a municipal entity; GEO LIEUTENANT DIAZ, sued in her individual capacity;   GEO SERGEANT CAMPOS, sued in his individual capacity; SARAH JONES, sued in her individual capacity; THE UNITED STATES OF AMERICA; CORRECT CARE SOLUTIONS, INC.; and DOES 1-10, individuals, <br><br> Defendants. | Case No. 5:18-cv-01125-SP <br><br> **DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE 1 TO EXCLUDE EVIDENCE OF PLAINTIFF MARTINEZ'S FELONY CONVICTIONS** <br><br> Pretrial Conference <br> Date:   January 21, 2020 <br> Time:   10:00 a.m. <br> Ctrm:   3 <br><br> Trial date: February 3, 2020 <br> Time:   9:00 a.m. <br><br> Magistrate <br> Judge:          Honorable Sheri Pym |

Defendants THE GEO GROUP, INC., CITY OF ADELANTO, CAMPOS, and DIAZ hereby oppose Plaintiffs' Motion in Limine to exclude evidence of

Plaintiff Rivera Martinez's felony convictions. While the underlying nature of the convictions are not admissible in federal court absent Plaintiffs opening the door to those facts, the fact that Plaintiff Martinez is a convicted felon is relevant for impeachment and it goes to his credibility.

## ARGUMENT

### I. FELONY CONVICTIONS ARE ADMISSIBLE FOR IMPEACHMENT.

Under Federal Rule 609(a)(1)(A), evidence of a conviction for a crime punishable for more than one year must be admitted, subject to Rule 403, in a civil case in which the witness is not a defendant – which Plaintiffs acknowledge but, nevertheless, argue Plaintiff Martinez's convictions should be excluded. However, the factors Plaintiff cites in determining whether the crime is admissible go to whether the <u>nature</u> of the crime should be admitted, and they derive from criminal cases in which the defendant's liberty is at stake. (*See* Pl's Mot'n [Doc. 148] at 6-7, citing inter alia, *United States v. Hursh,* 217 F.3d 761, 768 (9th Cir. 2000).) Defendants have already agreed to exclude any reference to the nature of Plaintiff Martinez's underlying convictions for sexual assault/rape and theft.

Moreover, Rule 608(b) permits any questions on cross-examination that relate to specific instances of misconduct in the witness's past, including but not limited to serious allegations like theft, so long as the evidence of misconduct is probative of the witness's character for truthfulness or untruthfulness, not offered to prove propensity, and not offered to prove that the person acted in accordance with that character trait on a particular date and time. Here, Defendants have agreed to elicit sanitized testimony related to Plaintiff Martinez's convictions for purposes of impeachment and credibility only.

Additionally, while Plaintiff Martinez argues his convictions are over 10 years old, he admits that his seven year sentence ended less than 10 years ago (2013), which "put[s] these convictions within the ambit of Rule 609(a)." (Pl's

1  Mot'n [Doc. 148] at 1, 4.)

2  　　　Plaintiffs also argue that Defendants Diaz and Campos had no knowledge of
3  his felony convictions at the time of the incident. (Pl's Mot'n [Doc. 148] at 6.) But
4  this is not an officer-involved shooting case in which the fact of the suspect's
5  dangerousness is offered to justify the use of force. Defendants do not contend that
6  Lt. Diaz or Sgt. Campos knew of Martinez's felony convictions. But they are not
7  offered to show Plaintiff Martinez is dangerous; instead, the bare fact of his felony
8  conviction alone would be used to impeach his credibility on cross-examination.

9  　　　Plaintiff Martinez contends that crimes of violence are more prejudicial and
10 less probative of veracity. (Pl's Mot'n [Doc. 148] at 7.) But, again, Defendants do
11 not seek to introduce the fact that Plaintiff was convicted specifically of sexual
12 assault/rape or theft. Instead, as mentioned above, Defendants merely seek to elicit
13 testimony that Plaintiff Martinez has two felony convictions.

14 　　　Finally, Plaintiff Martinez contends that if his felonies are introduced, he will
15 need to present evidence that he maintains his innocence. (Pl's Mot'n [Doc. 148] at
16 8.) However, whether or not Plaintiff Martinez was innocent of the crimes of
17 sexual assault and theft has already been determined by a court or jury, which is
18 why he was convicted of these crimes. Thus, it is completely unnecessary to present
19 evidence of Plaintiff Martinez's opinion regarding his innocence. Even if this
20 Court were to permit Plaintiff Martinez to offer the opinion that he was innocent,
21 this single statement would consume a *negligible* amount of time at trial.
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

## II. **CONCLUSION.**

For the reasons cited above, Plaintiffs' motion should be denied and Defendants should be permitted to elicit testimony regarding the fact that Plaintiff Martinez has been convicted of two felonies to impeach his credibility.

Dated: January 7, 2020    BURKE, WILLIAMS & SORENSEN, LLP

By: */s/ Susan E. Coleman*
    Susan E. Coleman
    Carmen M. Aguado

Attorneys for Defendants
THE GEO GROUP, INC., CITY OF ADELANTO, CAMPOS, and DIAZ