Rachel Steinback, SBN 310700
Law Office of Rachel Steinback
3435 Wilshire Blvd, Suite 2910
Los Angeles, CA 90010
(t) 213-537-5370
(f) 213-232-4003
(e) steinbacklaw@gmail.com

Carol A. Sobel, SBN 84483
Monique A. Alarcon, SBN 311650
Law Office of Carol Sobel
725 Arizona Avenue, Suite 300
Santa Monica, CA 90401
(t) 310-393-3055
(e) carolsobel@aol.com
(e) monique.alarcon8@gmail.com

*Attorneys for Plaintiffs.*
*[Additional Counsel on Following Page]*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| OMAR ARNOLDO RIVERA MARTINEZ; ISAAC ANTONIO LOPEZ CASTILLO; JOSUE VLADIMIR CORTEZ DIAZ; JOSUE MATEO LEMUS CAMPOS; MARVIN JOSUE GRANDE RODRIGUEZ; ALEXANDER ANTONIO BURGOS MEJIA; LUIS PEÑA GARCIA; JULIO CESAR BARAHONA CORNEJO, as individuals,<br><br>Plaintiffs,<br><br>v.<br><br>THE GEO GROUP, Inc., a Florida corporation; the CITY OF ADELANTO, a municipal entity; GEO LIEUTENANT DURAN, sued in her individual capacity; GEO LIEUTENANT DIAZ, sued in her individual capacity; GEO SERGEANT CAMPOS, sued in his individual capacity; SARAH JONES, sued in her individual capacity; THE UNITED STATES OF AMERICA; and DOES 1-10, individuals,<br><br>Defendants. | Case No. 5:18-cv-01125-SP<br>*[Magistrate Judge: Hon. Sheri Pym]*<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE OF ALLEGED OTHER BAD ACTS OF DEFENDANTS**<br><br>*[OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 1]*<br><br><u>Final Pretrial Conference</u>:<br>Date: January 21, 2020<br>Time: 10:00 a.m.<br>Ctrm: 3 |

Catherine Sweetser, SBN 271142
Kristina Harootun, SBN 308718
Schonbrun Seplow Harris & Hoffman LLP
11543 W. Olympic Boulevard
Los Angeles, CA 90064
(t) 310-396-0731
(f) 310-399-7040
(e) csweetser@sshhlaw.com
(e) kharootun@sshhlaw.com

Colleen Flynn, SBN 234281
Law Office of Colleen Flynn
3435 Wilshire Boulevard, Suite 2910
Los Angeles, CA 90010
(t) 213-252-9444
(f) 213-252-0091
(e) cflynn@yahoo.com

Matthew Strugar, SBN 232951
Law Office of Matthew Strugar
3435 Wilshire Boulevard, Suite 2910
Los Angeles, CA 90010
(t) 323-696-2299
(e) matthew@matthewstrugar.com

*Attorneys for Plaintiffs.*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants attempt to improperly exclude as other "bad acts" evidence broad categories without much specificity. These categories include complaints, lawsuits, internal investigations, reports, and protests. Evidence of protests, however, at the Adelanto Detention Facility ("Facility") calling attention to the mistreatment of detained immigrants is relevant to Plaintiffs' negligent training and supervision claim against Defendant GEO Group. The protests establish that Defendant was on notice that its policies and practices could result in violations of detainee rights and are admissible under Federal Rule of Evidence ("Rule") 404(b).

Evidence in Diaz and Reyes' personnel files that they subsequently mistreated other detainees with OC spray and through verbal assault, respectively, is relevant for three purposes: 1) to support Plaintiffs' claims against GEO Group regarding negligent training and supervision, 2) under Rule 404(b) because their subsequent bad acts were committed close in time and are similar to the acts alleged by Plaintiffs, and are material to Plaintiffs claims regarding negligent training and supervision, and 3) for impeachment. The evidence of Diaz's misstatements to the investigator is further relevant to her character for truthfulness under Rule 608.

Furthermore, complaints, lawsuits, investigations, and reports, including the September 27, 2018 "Management Alert – Issues Requiring Action at the Adelanto ICE Processing Center in Adelanto, California," prepared by the Office of the Inspector General ("OIG Report"), are also relevant to impeach defense witnesses and necessary to rehabilitate any attempted impeachment of Plaintiffs' credibility regarding the conditions which inspired their hunger strike and are also admissible under Rule 404(b).

## II. EVIDENCE OF PROTESTS AGAINST MISTREATMENT OF DETAINEES IS RELEVANT AND ADMISSIBLE

Defendants argue that evidence of protests at the Facility against mistreatment of detained immigrants is irrelevant, unduly prejudicial, and inadmissible under Rule 404(b).

1

However, evidence of these protests is relevant to Plaintiffs' claims against GEO Group regarding negligent training and supervision. "A plaintiff alleging negligent training under California law must show that the employer negligently trained the employee as to the performance of the employee's job duties and as a result of such negligent instruction, the employee carrying out his job duties caused injury or damage to the plaintiff." *Garcia ex rel. Marin v. Clovis Unified Sch. Dist.,* 627 F. Supp. 2d 1187, 1208 (E.D. Cal. 2009) (citation omitted).

The protests, complaints, investigations and reports establish that GEO Group was on notice of serious issues in the Facility that civil society found unacceptable and that the manner in which it was training and supervising its employees could result in violations of detainee rights. That Warden James Janecka specifically refused to learn the reason people were protesting his facility is also relevant to the negligent training and supervision claims: "[t]hat's their God-given right to protest. What their content is is none of my business." Deposition of James Janecka, at 101:16-17, Exhibit C to Declaration of Carmen M. Aguado in Support of Defendants' Motion in Limine No. 1 to Exclude Evidence of Alleged Other Bad Acts of Defendants, Dkt. No. 151-1, filed 12/31/19 ("Aguado Decl."); *Flores v. Gain Capital Grp., LLC*, No. CV 17-7873-DMG (EX), 2018 WL 6133644, at *7 (C.D. Cal. June 20, 2018) ("In other words, Flores must allege that Gain was on notice that its employees needed supervision."); *Cuviello v. Feld Entm't, Inc.*, No. 13-CV-03135-LHK, 2014 WL 1379849, at *5 (N.D. Cal. Apr. 7, 2014)("Because Plaintiff may allege additional facts to show that Feld knew or should have known that Feld's employees were incompetent, were unfit, or could not be trusted to act properly without being supervised.").

Evidence is relevant if it has "*any* tendency to make a fact more or less probable than it would be without the evidence." Rule 401 (emphasis added). Under this liberal standard, evidence need only have some logical tendency to prove or disprove a fact. *U.S. v. Evans*, 728 F.3d 953, 961-62 (9th Cir. 2013) (holding that delayed birth certificate issued by the state of Idaho was relevant because it had some tendency to make alleged citizenship more probable than not); *see also U.S. v. Abu-Jihaad*, 630 F.3d 102, 132 (2nd Cir. 2010) ("To be

relevant, evidence need not be sufficient by itself to prove a fact in issue, much less to prove it beyond a reasonable doubt."); *Dortch v. Fowler*, 588 F.3d 396, 401 (6th Cir. 2009) ("[A] piece of evidence does not need to carry a party's evidentiary burden in order to be relevant; it simply has to advance the ball."). All relevant evidence is admissible unless expressly excluded by another rule. Rule 402. That GEO Group was failing to train and supervise its employees to run its facility in a manner that did not inspire public protests is relevant to Plaintiffs' claims regarding negligent training and supervision.

Defendants provide no analysis of how the probative value of this evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Rule 403. Evidence of public protests at the Facility is admissible to show knowledge, absence of mistake, and lack of accident by GEO Group and is therefore admissible under Rule 404(b)(2).

### III. EVDIENCE OF MISCONDUCT WITHIN DEFENDANTS' PERSONNEL FILES IS RELEVANT AND ADMISSIBLE

Defendants seek to exclude two items in Defendants' personnel files which are relevant to Plaintiffs' negligent supervision and training claims:

1) evidence in Defendant Diaz's personnel file of an April 2019 complaint and investigation related to Defendant Diaz's use of OC spray, including evidence that she obstructed the investigation by not providing complete information to the investigator, and evidence of her termination; and,

2) evidence in Defendant Reyes' personnel file of a February 2018 complaint and investigation related to allegations that Reyes verbally abused a detainee, including documentation of his termination.

See Aguado Decl. Para. 7-8.

Defendants first argue this evidence should be excluded because it is impermissible character evidence under Rule 404(b). However, Plaintiffs seek to introduce this evidence for a permitted purpose, *i.e.,* to prove that GEO Group negligently trained and supervised its

3

employees. Evidence of a crime, wrong, or other act may be admissible for a purpose other than "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character," such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. Rule 404(b).

" '[O]ther act' evidence is admissible under Rule 404(b) if the following test is satisfied: (1) there must be sufficient proof for the jury to find that the defendant committed the other act; (2) the other act must not be too remote in time; (3) the other act must be introduced to prove a material issue in the case; and (4) the other act must, in some cases, be similar to the offense charged." *Duran v. City of Maywood*, 221 F.3d 1127, 1132–33 (9th Cir. 2000). *Duran* sets forth the appropriate test for admissibility of prior or subsequent bad acts evidence under Rule 404(b). *Duran*, 221 F.3d at 1132–33 (requested exclusion of subsequent shooting).

The April 2019 complaint and investigation in Diaz's personnel file and the February 2018 complaint and investigation in Reyes' personnel file are both admissible under Rule 404(b). Under the first element of the "other acts" test, "there must be sufficient proof for the jury to find that the defendant committed the other act." *Duran*, 221 F.3d at 1132–33. Defendants' counsel here, Ms. Aguado, has submitted a declaration attesting that this evidence is in Diaz and Reyes' personnel files and both Diaz and Reyes testified about it in their depositions. Aguado Decl. Para. 7-8.

Second, "the other act must not be too remote in time." *Duran*, 221 F.3d at 1132–33. Up to thirteen years has been found to be not too remote. *See United States v. Espinoza*, 880 F.3d 506, 515 (9th Cir. 2018) (permitting evidence of conviction over a decade old due to similarities); *United States v. Flores-Blanco*, 623 F.3d 912, 919 (9th Cir. 2010) (finding two years is not too remote); *United States v. Johnson*, 132 F.3d 1279, 1283 (9th Cir. 1997) (permitting thirteen-year-old past bad act evidence). The other acts committed in this case are not too remote in time: the Diaz complaint is from April 2019, less than two years after the June 2017 incident, and the Reyes complaint is from February 2018, less than a year later.

4

Third, "the other act must be introduced to prove a material issue in the case." *Duran*, 221 F.3d at 1132–33. The evidence of these other acts goes to prove the material issue that GEO Group negligently trained and supervised its employees. A reasonable jury could find that had GEO Group properly trained and supervised its employees the incident at issue in the case would not have occurred. And had GEO Group properly dealt with this incident in the first place, instead of sweeping it under the rug, the subsequent misconduct by Diaz and Reyes could have been avoided.

Fourth, "the other act must, in some cases, be similar to the offense charged." *Duran*, 221 F.3d at 1132–33. The other acts are similar as they involve the pepper spraying, verbal abuse and mistreatment of immigrant detainees – the exact misconduct Plaintiffs allege in this lawsuit. This evidence is therefore relevant and admissible "other acts" evidence to prove GEO Group negligently trained and supervised its employees in the use of pepper spray and detainee discipline.

Because Plaintiffs intend to introduce this evidence for a non-character purpose, Defendants' citation to cases such as *Gates v. Rivera,* 993 F.2d 697 (9th Cir. 1993) and *Brooks v. Haggett,* 2010 WL 4226693 (N.D. Cal., Oct. 21, 2010, cv07-2615 MEJ), where the courts held prior conduct is not normally admissible as character evidence or to show whether force used in the instant case was reasonable, is irrelevant here.

Other acts evidence can still be excluded if it is significantly more prejudicial than probative. Rule 403. However, the subsequent improper use of pepper spray and verbal abuse of detainees is highly probative of GEO Group's negligent training and supervision. Any prejudicial effect of this evidence does not outweigh its highly probative value. Other acts committed by officers are admissible under 404(b) despite prejudicial effect. *See Burke v. City of Santa Monica*, No. CV-09-2259 MMM (PLAx), 2011 WL 13213593, at *15-16 (C.D. Cal. Jan. 10, 2011) (admitting evidence of an officers' prior use of a taser to show racial discrimination); *Henderson v. City & Cty. of San Francisco*, No. C05-0234 VRW/WAF, 2007 WL 2938164, at *2-9 (N.D. Cal. Oct. 9, 2007) (finding evidence of prior misconduct of an officer was properly admitted for incident, motive, intent, lack of valid

penological purpose, and plan). Subsequent bad acts are treated the same as prior bad acts for purposes of Rule 404(b). *U.S. v. Vargas,* 146 Fed.Appx. 81, 82 (9th Cir. 2005). For example, in *U.S. v. Hinostroza,* 297 F.3d 924, 928 (9th Cir. 2002), the Court found later statements probative of intent and knowledge: "[t]he timing of these later statements does not make them less relevant." *See also U.S. v. Waldron,* No. CR-09-1271 DSF, 2010 WL 11545567, at *5-6 (subsequent bad acts admissible to show knowledge).

Furthermore, the fact that Diaz obstructed the investigation by not providing complete information to the investigator is probative of her character for truthfulness and is admissible on cross-examination via Rule 608. Plaintiffs may also use officers' personnel files for impeachment purposes. See *M.R. v. City of Azusa*, No. CV-13-1510 DMG (VBKx), 2014 WL 12839737, at *5–6 (C.D. Cal. Oct. 1, 2014). Therefore, the evidence in Diaz and Reyes' personnel files which are relevant to Plaintiffs' negligent supervision and training claims should not be excluded.

## IV. COMPLAINTS, INVESTIGATIONS, AND REPORTS REGARDING OTHER INCIDENTS ARE RELEVANT AND ADMISSIBLE

Defendants also seek to exclude broad categories of evidence: complaints, internal investigations and reports regarding other incidents of mistreatment of immigrant detainees as irrelevant and barred by Rule 403.[1] However, motions in limine such as this one that seek to exclude "broad and unspecific categories of evidence" are generally disfavored. *Jackson v. County of San Bernardino,* 194 F. Supp. 3d 1004, 1008 (C.D. Cal. 2016).

Furthermore, these documents would be relevant to rehabilitate any attempted impeachment of Plaintiffs' credibility regarding the conditions they faced which inspired their hunger strike. For example, Plaintiffs' hunger strike was motivated in part by inadequate medical care and by taunting, mocking and mistreatment by guards, both issues substantiated in the OIG Report, the only document specifically identified by Defendants.

---

[1] Plaintiffs agreed at the meet and confer that they were not seeking to introduce evidence of other lawsuits brought against the facility.

6

(P000167, "we identified serious issues relating to safety, detainee rights, and medical care," P000178, "'the guards laugh at them and call them 'suicide failures'"; see also Plaintiffs' List of Motives and Demands, P000412).

Defendants argue that the OIG Report is irrelevant because the hunger strike pre-dates the inspection at issue in the OIG Report. However, the period investigated in the OIG Report starts in December 2016. OIG Report at P000169. Moreover, the fact that GEO Group had still not remediated the issues Plaintiffs complained of eleven months after the hunger strike suggests not only that Plaintiffs' complaints were legitimate but that Defendants paid no attention to detainee grievances and failed to remedy institutional problems.

If Defendants attempt to deny the issues Plaintiffs faced while in the Facility, Plaintiffs should be able to use complaints, investigations, and reports concerning similar conduct to Plaintiffs' complaints, including the OIG Report, for rehabilitation of Plaintiffs and to impeach defense witnesses who claim they were not on notice of problems at the Facility. Plaintiffs' use of this evidence for rehabilitation or impeachment would not cause unfair prejudice, confusion of the issues, or mislead the jury. Furthermore, Plaintiffs do not seek to introduce conclusions from the reports but only facts found during the investigations.

## V.   CONCLUSION

Based on the foregoing, Plaintiffs respectfully request this Court deny Defendants' Motion in Limine No. 1.

DATED:   January 8, 2019            Respectfully Submitted,

                              LAW OFFICE OF COLLEEN FLYNN

                              By: /s/ Colleen Flynn
                                    Colleen Flynn
                                    *Attorneys for Plaintiffs*

7