Susan E. Coleman (SBN 171832)
E-mail: scoleman@bwslaw.com
Carmen M. Aguado (SBN 291941)
E-mail: caguado@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, Suite 2400
Los Angeles, CA 90071-2953
Tel: 213.236.0600     Fax: 213.236.2700

Attorneys for Defendants
THE GEO GROUP, INC., CAMPOS, and DIAZ

Rachel Steinback, SBN 310700
Law Office of Rachel Steinback
3435 Wilshire Blvd, Suite 2910
Los Angeles, CA 90010
(t) 213-537-5370
(f) 213-232-4003
(e) steinbacklaw@gmail.com

*Attorneys for Plaintiffs.*
*[Additional Counsel on Following Page]*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR ARNOLDO RIVERA MARTINEZ; ISAAC ANTONIO LOPEZ CASTILLO; JOSUE VLADIMIR CORTEZ DIAZ; JOSUE MATEO LEMUS CAMPOS; MARVIN JOSUE GRANDE RODRIGUEZ; ALEXANDER ANTONIO BURGOS MEJIA; LUIS PEÑA GARCIA; JULIO CESAR BARAHONA CORNEJO, as individuals,<br><br>                    Plaintiffs,<br><br>v.<br><br>THE GEO GROUP, Inc., a Florida corporation; GEO LIEUTENANT DIAZ, sued in her individual capacity; GEO SERGEANT CAMPOS, sued in his individual capacity,<br><br>                    Defendants. | Case No. 5:18-cv-01125-SP<br><br>**PARTIES' [PROPOSED] JURY INSTRUCTIONS**<br><br>Pretrial Conference<br>Date:        January 21, 2020<br>Time:        10:00 a.m.<br><br>Trial date: February 3, 2020<br>Time:        9:00 a.m.<br><br>Magistrate<br>Judge:                Honorable Sheri Pym |

1  Carol A. Sobel, SBN 84483
2  Monique A. Alarcon, SBN 311650
   Law Office of Carol Sobel
3  725 Arizona Avenue, Suite 300
4  Santa Monica, CA 90401
   (t) 310-393-3055
5  (e) carolsobel@aol.com
6  (e) monique.alarcon8@gmail.com

7
   Catherine Sweetser, SBN 271142
8  Kristina Harootun, SBN 308718
9  Schonbrun Seplow Harris & Hoffman LLP
   11543 W. Olympic Boulevard
10 Los Angeles, CA 90064
11 (t) 310-396-0731
   (f) 310-399-7040
12 (e) csweetser@sshhlaw.com
13 (e) kharootun@sshhlaw.com

14 Colleen Flynn, SBN 234281
15 Law Office of Colleen Flynn
   3435 Wilshire Boulevard, Suite 2910
16 Los Angeles, CA 90010
17 (t) 213-252-9444
   (f) 213-252-0091
18 (e) cflynnlaw@yahoo.com

19
   Matthew Strugar, SBN 232951
20 Law Office of Matthew Strugar
21 3435 Wilshire Boulevard, Suite 2910
   Los Angeles, CA 90010
22 (t) 323-696-2299
23 (e) matthew@matthewstrugar.com

24 *Attorneys for Plaintiffs.*

25

26

27

28

1    The Parties' hereby submit their Disputed [Proposed] Jury Instructions with

2    objections attached.

3

4    Dated:  January 15, 2020          BURKE, WILLIAMS & SORENSEN, LLP

5

6                                      By: /s/ Carmen M. Aguado
                                          Susan E. Coleman
7                                         Carmen M. Aguado

8                                      Attorneys for Defendants
                                       THE GEO GROUP, INC., CAMPOS, and
9                                      DIAZ

10

11   Dated:  January 15, 2020          LAW OFFICE OF RACHEL STEINBACK
12                                     LAW OFFICES OF CAROL A SOBEL
                                       SCHONBRUN SEPLOW HARRIS
13                                     & HOFFMAN LLP
14                                     LAW OFFICE OF COLLEEN FLYNN
15                                     LAW OFFICE OF MATTHEW STRUGAR

16                                     By: /s/ Rachel Steinback
17                                         Rachel Steinback
                                           Monique Amanda Alarcon
18                                         Catherine E. Sweetser
19                                         Kristina Harootun
                                           Colleen Flynn
20                                         Matthew Strugar
21                                         *Attorneys for Plaintiffs.*

22

23

24

25

26

27

28

1

**<u>INDEX</u>**

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| Defendants' Proposed State and Federal Law Jury Instructions | | | |
|---|---|---|---|
| No. | Title | Source | Page |
| 1. | 5.3 Damages – Mitigation | Ninth Circuit Model Civil Jury Instructions, 2017 Ed., last updated October 2019 | 1 |
| 2. | 223 Opinion Testimony Of Lay Witness | Judicial Council of California Civil Jury Instructions, last updated September 2019 | 3 |
| 3. | 400 Negligence—Essential Factual Elements | Judicial Council of California Civil Jury Instructions, last updated September 2019 | 5 |
| 4. | 401 Basic Standard of Care | Judicial Council of California Civil Jury Instructions, last updated September 2019 | 7 |
| 5. | 405 Comparative Fault of Plaintiff | Judicial Council of California Civil Jury Instructions, last updated September 2019 | 9 |
| 6. | 413 Custom or Practice | Judicial Council of California Civil Jury Instructions, last updated September 2019 | 11 |
| 7. | 426 Negligent Hiring, Supervision, or Retention of Employee | Judicial Council of California Civil Jury Instructions, last updated September 2019 | 13 |
| 8. | 1304 Affirmative Defense—Self-Defense/Defense of Others | Judicial Council of California Civil Jury Instructions, last updated September 2019 | 15 |
| 9. | 1305  Assault/Battery By Peace Officer (Modified) | Judicial Council of California Civil Jury Instructions, last updated September 2019 | 17 – 18 |
| 10. | 1320 Intent | Judicial Council of California Civil Jury Instructions, last updated September 2019 | 20 |
| 11. | 3066 Bane Act—Essential Factual Elements (Civ. Code, § 52.1) | Judicial Council of California Civil Jury Instructions, last updated September 2019 | 22 |
| 12. | 1602. Intentional Infliction Of Emotional Distress | Judicial Council of California Civil Jury Instructions, last updated September 2019 | 24 |

5:18-CV-01125-SP
PARTIES' PROPOSED JURY INSTRUCTIONS

| | | | |
|---|---|---|---|
| | —"Outrageous Conduct" Defined | | |
| 13. | 1603 Intentional Infliction of Emotional Distress— "Reckless Disregard" Defined | Judicial Council of California Civil Jury Instructions, last updated September 2019 | 26 |
| 14. | 1605 Intentional Infliction Of Emotional Distress – Affirmative Defense – Privileged Conduct | Judicial Council of California Civil Jury Instructions, last updated September 2019 | 28 |
| 15. | 3941 Punitive Damages—Individual Defendant— Bifurcated Trial (First Phase) | Judicial Council of California Civil Jury Instructions, last updated September 2019 | 30 |
| 16. | 3942 Punitive Damages—Individual Defendant— Bifurcated Trial (Second Phase) | Judicial Council of California Civil Jury Instructions, last updated September 2019 | 33 – 34 |
| 17. | 3946 Punitive Damages—Entity Defendant— Bifurcated Trial (First Phase) | Judicial Council of California Civil Jury Instructions, last updated September 2019 | 37 – 38 |

| Plaintiffs' Proposed State and Federal Law Jury Instructions | | | |
|---|---|---|---|
| No. | Title | Source | Page |
| 18. | Removal of Claims or Parties | CACI 109 | 41 |
| 19. | Willful Suppression of Evidence | CACI 204 | 43 |
| 20. | Exercise of a Communication Privilege | CACI 215 | 45 |

| 21. | Battery – Essential Factual Elements | CACI 1300 | 47 |
|---|---|---|---|
| 22. | Intent | CACI 1320 | 49 |
| 23. | Assault – Essential Factual Elements | CACI 1301 | 51 |
| 24. | Negligence – Essential Factual Elements (UOF) | CACI 400 | 53 |
| 25. | Negligence – Essential Factual Elements (Timely Medical Attention) | CACI 400 | 55 |
| 26. | Negligent Training of Employee | CACI 426 | 57 |
| 27. | Negligent Supervision of Employee | CACI 426 | 59 |
| 28. | Intentional Infliction of Emotional Distress— "Outrageous Conduct" Defined | CACI 1602 | 61 |
| 29. | Intentional Infliction of Emotional Distress—"Reckless Disregard" Defined | CACI 1603 | 63 |
| 30. | Bane Act | CACI 3066 (Modified) | 65-66 |
| 31. | Particular Rights – Fourteenth Amendment – Pretrial Detainee's Claim of Excessive Force | PI 9.29 (Modified) | 68 |
| 32. | Due Process Violation | (case law) | 70 |

5:18-CV-01125-SP
PARTIES' PROPOSED JURY INSTRUCTIONS

| 33. | Deposition in Lieu of Live Testimony | PI 2.4 | 72 |
|---|---|---|---|
| 34. | Charts and Summaries Not Received in Evidence | PI 2.14 | 74 |
| 35. | Punitive Damages-Individual and Corporate Defendants-Bifurcated Trial (First Phase) | CACI 3948 | 76-77 |
| 36. | Punitive Damages-Individual and Corporate Defendants-Bifurcated Trial (Second Phase) | CACI 3949 | 81-82 |
| 37. | Ratification | CACI 3710 | 86 |

*PI = Ninth Circuit Pattern Jury Instructions

*CACI = Judicial Council of California Civil Jury Instructions

1   COURT'S INSTRUCTION NUMBER ____

2

3   ## NINTH CIRCUIT MODEL INSTRUCTION 5.3

4   ## DAMAGES—MITIGATION

5

6       The plaintiffs have a duty to use reasonable efforts to mitigate damages. To

7   mitigate means to avoid or reduce damages.  The defendants have the burden of

8   proving by a preponderance of the evidence:

9       1.      that the plaintiffs failed to use reasonable efforts to mitigate damages;

10              and

11      2.      the amount by which damages would have been mitigated.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  DEFENDANTS' STATEMENT IN SUPPORT OF THE INSTRUCTION:

2  Defendants contend this is a standard jury instruction included in any matter

3  involving claims for damages. Plaintiffs are not immune from mitigating their

4  damages.

5

6  PLAINTIFFS' STATEMENT AGAINST THE INSTRUCTION:

7  This instruction is not applicable to the facts of this case and should not be given.

8  Plaintiffss were in a custodial setting with no ability to mitigate damages.

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1    COURT'S INSTRUCTION NUMBER ____

2
3    **JUDICIAL COUNCIL OF CALIFORNIA CIVIL JURY INSTRUCTIONS**
     **223 OPINION TESTIMONY OF LAY WITNESS**

4
5         A witness who was not testifying as an expert gave an opinion during the
     trial. You may, but are not required to, accept that opinion. You may give the
6    opinion whatever weight you think is appropriate.

7         Consider the extent of the witness's opportunity to perceive the matters on
8    which the opinion is based, the reasons the witness gave for the opinion, and the
9    facts or information on which the witness relied in forming that opinion. You must
10   decide whether information on which the witness relied was true and accurate. You
11   may disregard all or any part of an opinion that you find unbelievable,
12   unreasonable, or unsupported by the evidence.

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1   DEFENDANTS' STATEMENT IN SUPPORT OF THE INSTRUCTION:

2   Defendants anticipate Plaintiffs and their witnesses will provide their opinions as to

3   the necessity of the force used and the severity of Plaintiffs' alleged injuries, among

4   other things. However, Plaintiffs and their witnesses are not police practice

5   experts/experts regarding the operations of detention facilities nor are they licensed

6   medical professionals. This unmodified jury instruction is necessary to notify the

7   jury that they do not need to accept opinions, such as the examples provided, from

8   lay witnesses.

9

10   PLAINTIFFS' STATEMENT AGAINST THE INSTRUCTION:

11   Defendants have not disclosed what lay witnesses they expect to give opinion

12   testimony.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COURT'S INSTRUCTION NUMBER _____

**JUDICIAL COUNCIL OF CALIFORNIA CIVIL JURY INSTRUCTIONS**
**400 NEGLIGENCE—ESSENTIAL FACTUAL ELEMENTS**

Plaintiffs claim that they were harmed by Defendants Diaz and Campos' negligence. To establish this claim, Plaintiffs must prove all of the following:

1. That defendant was negligent;

2. That Plaintiff was harmed; and

3. That defendant's negligence was a substantial factor in causing plaintiff's harm.

This analysis must be done separately for each defendant – Diaz and Campos.

1   DEFENDANTS' STATEMENT IN SUPPORT OF THE INSTRUCTION:

2   Defendants contend that an unmodified version of the CACI instruction is

3   appropriate. Plaintiffs can assert the specifics of their claim(s) during closing.

4

5   PLAINTIFFS' STATEMENT AGAINST THE INSTRUCTION:

6   Plaintiffs base their negligence claim on two different theories and have submitted

7   instructions as to each theory in order to ensure the jury understands, as to each

8   theory, what they are being asked to decide. Defendants' general instruction is not

9   sufficiently tailored to the facts of this case and should not be given.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3   COURT'S INSTRUCTION NUMBER ____

4

5   **JUDICIAL COUNCIL OF CALIFORNIA CIVIL JURY INSTRUCTIONS**

6   **401 BASIC STANDARD OF CARE**

7   Negligence is the failure to use reasonable care to prevent harm to oneself or

8   to others.

9   A person can be negligent by acting or by failing to act. A person is negligent

10  if he or she does something that a reasonably careful person would not do in the

11  same situation or fails to do something that a reasonably careful person would do in

12  the same situation.

13  You must decide how a reasonably careful person would have acted in [each]

14  defendant's situation.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  <u>DEFENDANTS' STATEMENT IN SUPPORT OF THE INSTRUCTION:</u>

2  Defendants contend that an unmodified version of the CACI instruction is

3  appropriate.

4

5  <u>PLAINTIFFS' STATEMENT AGAINST THE INSTRUCTION:</u>

6  Plaintiffs use the model instruction. Defendants modification is already addressed

7  by the parties' inclusion of the Multiple Parties instruction.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5:18-CV-01125-SP
PARTIES' PROPOSED JURY INSTRUCTIONS

1   COURT'S INSTRUCTION NUMBER ____

2

3   **JUDICIAL COUNCIL OF CALIFORNIA CIVIL JURY INSTRUCTIONS**

4   **405. COMPARATIVE FAULT OF PLAINTIFF**

5   Defendants claim that each plaintiff's own negligence contributed to his

6   harm. To succeed on this claim, defendants must prove both of the following:

7       1.     That Plaintiff was negligent; and

8       2.     That Plaintiff's negligence was a substantial factor in causing his

9   harm.

10   If defendants prove the above, Plaintiff's damages are reduced by your

11   determination of the percentage of his responsibility. I will calculate the actual

12   reduction.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  DEFENDANTS' STATEMENT IN SUPPORT OF THE INSTRUCTION:

2  Defendants contend this is a standard jury instruction included in any matter

3  involving claims for damages. Plaintiffs conduct should not be ignored when the

4  jury assessing damages.

5

6  PLAINTIFFS' STATEMENT AGAINST THE INSTRUCTION:

7  Plaintiffs contend that this instruction is irrelevant. The negligence of Plaintiffs is

8  not at issue in this case. Defendants claim an absolute defense to Plaintiffs'

9  negligence claims, therefore, no comparative fault applies. Defendants have never

10 argued that Plaintiffs were negligent and there is no factual basis to argue Plaintiffs

11 were negligent.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COURT'S INSTRUCTION NUMBER _____

**JUDICIAL COUNCIL OF CALIFORNIA CIVIL JURY INSTRUCTIONS**
**413 CUSTOM OR PRACTICE**

You may consider customs or practices in the community in deciding whether defendants acted reasonably. Customs and practices do not necessarily determine what a reasonable person would have done in defendants' situation. They are only factors for you to consider.

Following a custom or practice does not excuse conduct that is unreasonable. You should consider whether the custom or practice itself is reasonable.

1  <u>DEFENDANTS' STATEMENT IN SUPPORT OF THE INSTRUCTION:</u>

2  Defendants contend that an unmodified version of the CACI instruction is

3  appropriate. Given that this incident occurred at a detention facility, the jurors

4  should assess Plaintiffs' claims in light of the customs or practices of a detention

5  facility in deciding whether defendants acted reasonably.

6

7  <u>PLAINTIFFS' STATEMENT AGAINST THE INSTRUCTION:</u>

8  This instruction is unnecessary, duplicative, and potentially confusing. The basis

9  for reasonableness is already covered in the Ninth Circuit instruction that the jury

10  will here.

1  COURT'S INSTRUCTION NUMBER \_\_\_\_

2

3  **JUDICIAL COUNCIL OF CALIFORNIA CIVIL JURY INSTRUCTIONS**

4  **426 NEGLIGENT SUPERVISION OR RETENTION OF EMPLOYEE**

5  Plaintiffs' claim that they were harmed by Defendants Diaz and Campos and

6  that Defendant GEO is responsible for that harm because GEO negligently

7  supervised Defendants Diaz and Campos. To establish this claim, Plaintiffs must

8  prove all of the following:

9      1.      That GEO hired Defendant Diaz/Campos.

10      2.      That Diaz/Campos became unfit or incompetent to perform the work

11  for which he or she was hired;

12      3.      That GEO knew or should have known that Defendant Diaz/ Campos

13  became unfit and/or incompetent and that this unfitness or incompetence created a

14  particular risk to others;

15      4.      That Defendant Diaz/ Campos's unfitness or incompetence harmed

16  Plaintiffs; and

17      5.      That GEO's negligence in supervising Defendant Diaz/ Campos was a

18  substantial factor in causing Plaintiffs' harm.

19

20

21

22

23

24

25

26

27

28

5:18-CV-01125-SP
PARTIES' PROPOSED JURY INSTRUCTIONS

1   DEFENDANTS' STATEMENT IN SUPPORT OF THE INSTRUCTION:

2   Defendants contend that an unmodified version of the CACI instruction is

3   appropriate, and Plaintiffs have not demonstrated otherwise.

4

5   PLAINTIFFS' STATEMENT AGAINST THE INSTRUCTION:

6   Defendants do not include a "negligent training" instruction even though that is one

7   of Plaintiffs' claims. Plaintiffs' proposed instructions on this claim should be given.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  COURT'S INSTRUCTION NUMBER _____

2

3  **JUDICIAL COUNCIL OF CALIFORNIA CIVIL JURY INSTRUCTIONS**

4  **1304 AFFIRMATIVE DEFENSE—**

5  **SELF-DEFENSE/DEFENSE OF OTHERS**

6  Defendants Campos and Diaz claim that he/she is not responsible for the

7  plaintiffs harm because he/she was acting in defense of another. To succeed,

8  Defendants Campos and Diaz must prove both of the following:

9  1. That Campos/Diaz reasonably believed that the plaintiff was going to harm

10  other officers; and

11  2. That Campos/Diaz used only the amount of force that was reasonably

12  necessary to protect the other officers present.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' STATEMENT IN SUPPORT OF THE INSTRUCTION:

At depositions, both Diaz and Campos expressed that used force in light of Plaintiffs' combative conduct toward the other officers. As such, this jury instruction is necessary.

PLAINTIFFS' STATEMENT AGAINST THE INSTRUCTION:

Defendants have no cognizable legal defense or basis in fact for self-defense.

1  COURT'S INSTRUCTION NUMBER ____

2

3  **JUDICIAL COUNCIL OF CALIFORNIA CIVIL JURY INSTRUCTIONS**

4  **1305 ASSAULT/BATTERY BY PEACE OFFICER**

5  Plaintiffs claim that Defendants Campos and Diaz harmed them by using

6  unreasonable force to overcome their resistance and quell the major disturbance that

7  Plaintiffs had created. To establish this claim, each plaintiff must prove all of the

8  following:

9  1. That defendant intentionally touched plaintiff;

10  2. That defendant used unreasonable force to overcome their resistance and

11  quell the major disturbance that Plaintiffs created;

12  3. That plaintiff did not consent to the use of that force;

13  4. That plaintiff was harmed; and

14  5. That defendant's use of unreasonable force was a substantial factor in

15  causing plaintiff's harm.

16  A detention officer may use reasonable force to detain a person when he or

17  she has reasonable cause to believe that that person has committed a crime. Even if

18  the detention officer is mistaken, a person being detained has a duty not to use force

19  to resist a detention officer unless s/he is using unreasonable force.

20  In deciding whether Defendants Campos and Diaz used unreasonable force,

21  you must determine the amount of force that would have appeared reasonable to a

22  detention officer in each defendant's position under the same or similar

23  circumstances. You should consider, among other factors, the following:

24  (a)  The seriousness of the crime at issue;

25  (b)  Whether Plaintiff reasonably appeared to pose an immediate threat to

26  the safety of defendant or others; and

27  (c)  Whether Plaintiff was actively resisting arrest or attempting to evade

28  detention.

5:18-CV-01125-SP
PARTIES' PROPOSED JURY INSTRUCTIONS

1    A detention officer who makes or attempts to make an arrest/detain a person

2    is not required to retreat or cease from his or her efforts because of the resistance or

3    threatened resistance of the person being arrested/detained.

4    The evaluation of these elements must be done separately for each individual

5    defendant.

6

7    **Authority**: Modified Judicial Counsel of California Civil Jury Instruction 1305;

8    *Brown v. Ransweiler,* 171 Cal. App. 4th 516, 526-27, 89 Cal. Rptr. 3d 801 (2009)

9    ("A state law battery claim is a counterpart to a federal claim of excessive use of

10   force. In both, a plaintiff must prove that the peace officer's use of force was

11   unreasonable."); *Edson v. City of Anaheim,* 63 Cal. App. 4th 1269, 1272, 74 Cal.

12   Rptr. 2d 614 (1988) (holding an assault claim brought against a police officer, a

13   plaintiff must demonstrate that the officer's use of force was unreasonable); *see also*

14   *Saraceni v. City of Roseville,* 2003 WL 21363458, at *8 (Cal. Ct. App. June 13,

15   2003) (holding that plaintiff's assault and battery claims against an officer failed as a

     matter of law because the officer used reasonable force).

16

17

18

19

20

21

22

23

24

25

26

27

28

5:18-CV-01125-SP
PARTIES' PROPOSED JURY INSTRUCTIONS

1   DEFENDANTS' STATEMENT IN SUPPORT OF THE INSTRUCTION:

2   Given the duties of Defendants Campos and Diaz at the Facility, which include

3   using reasonable force to maintain order and control detainees, they are akin to

4   peace officers at a correctional facility that are permitted to use reasonable force to

5   detain a person. Defendants Campos and Diaz would not be able to effectuate their

6   jobs (or any officer at a GEO run facility) if they were not permitted to use

7   reasonable force to detain a person. This sentiment was echoed in the Court's order

8   on Defendants' motions for summary judgment wherein the Court applied case law

9   applicable to peace officers when analyzing Plaintiffs' assault and battery claims.

10  (See Doc. # 160 at 53.) Thus, this modified version of CACI 1305 is appropriate.

11

12  PLAINTIFFS' STATEMENT AGAINST THE INSTRUCTION:

13  Plaintiffs object to this instruction on multiple grounds. First, Defendants are not

14  peace officers. They were individuals working for a private corporation charged

15  with housing civil detainees. The standard Battery instruction (which Plaintiffs

16  have submitted) should be given. Additionally, this instruction is inaccurate,

17  argumentative and misleading, and it would be extremely prejudicial to Plaintiffs if

18  given. At no point have Plaintiffs ever claimed that Defendants Campos and Diaz

19  harmed them by using unreasonable force "to overcome their resistance and quell

20  the major disturbance that Plaintiffs had created." To the contrary: Plaintiffs

21  pointedly dispute both of those contentions. Nor has there ever been any claim – or

22  even scintilla of a suggestion – by Defendants that Plaintiffs were involved in any

23  criminal conduct at any point during the battery / use of force incident. Plaintiffs

24  were not written up for any crime, they were not disciplined for any crime, they

25  were not arrested for any crime, and they were not charged with any crime. Nor

26  have Defendants ever claimed they were trying to "detain" Plaintiffs. Such a claim

27  would be silly because, of course, Plaintiffs were already detained. To suggest any

28  of this would be inaccurate.

COURT'S INSTRUCTION NUMBER _____

**JUDICIAL COUNCIL OF CALIFORNIA CIVIL JURY INSTRUCTIONS**
**1320 INTENT**

Defendants Campos and Diaz acted intentionally if he/she intended to commit battery or assault plaintiff or if he/she was substantially certain that the battery or assault would result from his/her conduct.

1   <u>DEFENDANTS' STATEMENT IN SUPPORT OF THE INSTRUCTION:</u>

2   Defendants contend that an unmodified version of the CACI instruction is

3   appropriate, and Plaintiffs have not demonstrated otherwise. Moreover, the

4   modified version of the jury instruction that Plaintiffs submitted relies on case law

5   that is inapposite. Specifically, Plaintiffs cite to support a modified jury instruction

6   is a medical malpractice case where consent to a specific procedure was at issue –

7   which is not the case here. *See Ashcraft v. King*, 228 Cal. App. 3d 604, 613 (Ct.

8   App. 1991) ("In the context of battery in a medical procedure, '[w]hen the patient

9   gives permission to perform one type of treatment and the doctor performs another,

10  the requisite element of deliberate intent to deviate from the consent given is

11  present.'").

12

13  <u>PLAINTIFFS' STATEMENT AGAINST THE INSTRUCTION:</u>

14  The instruction should make clear that intent is satisfied if the jury finds that

15  Defendants acted with "willful disregard." *Ashcraft v. King*, 228 Cal.App.3d 604,

16  613 (1991) (internal citation omitted)

17

18

19

20

21

22

23

24

25

26

27

28

5:18-CV-01125-SP
PARTIES' PROPOSED JURY INSTRUCTIONS

1    COURT'S INSTRUCTION NUMBER _____

2

3        **JUDICIAL COUNCIL OF CALIFORNIA CIVIL JURY INSTRUCTIONS**

4            **3066 BANE ACT—ESSENTIAL FACTUAL ELEMENTS**

5                        **(CIV. CODE, § 52.1)**

6        Plaintiffs claim that Defendants Campos and Diaz intentionally interfered

7    with [or attempted to interfere with] their civil rights by threats, intimidation, or

8    coercion.

9        Namely, Plaintiffs claim that Defendants Campos and Diaz intentionally

10   interfered with their rights when Campos/Diaz used force against them in response

11   to Plaintiffs' strike/demonstration related to their grievances.

12       To establish this claim, Plaintiffs must prove all of the following:

13       1. That Campos/Diaz caused acted violently against plaintiff for having

14   exercised his right to grieve the conditions of their detention.

15       2. That Campos/Diaz intended to deprive plaintiff of his enjoyment of the

16   interests protected by the right;

17       3. That plaintiff was harmed; and

18       4. That defendant's conduct was a substantial factor in causing plaintiff's

19   harm.

20       The evaluation of these elements must be done separately for each individual

21   defendant.

22

23

24

25

26

27

28

1   DEFENDANTS' STATEMENT IN SUPPORT OF THE INSTRUCTION:

2   This instruction should be consistent with CACI and there is no reason to modify it.

3

4   PLAINTIFFS' STATEMENT AGAINST THE INSTRUCTION:

5   This instruction is not an accurate statement of the law, it wrongly attributes

6   language to Plaintiffs that is prejudicial ("strike/demonstration"), and it should not

7   be given. Plaintiffs' instruction, which incorporates the recent case law on the Bane

8   Act and makes clear which constitutional rights were violated, should be given.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    COURT'S INSTRUCTION NUMBER ____

2

3    **JUDICIAL COUNCIL OF CALIFORNIA CIVIL JURY INSTRUCTIONS**

4    **1602 INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS—**

5    **"OUTRAGEOUS CONDUCT" DEFINED**

6         "Outrageous conduct" is conduct so extreme that it goes beyond all possible

7    bounds of decency. Conduct is outrageous if a reasonable person would regard the

8    conduct as intolerable in a civilized community. Outrageous conduct does not

9    include trivialities such as indignities, annoyances, hurt feelings, or bad manners

10   that a reasonable person is expected to endure.

11        In deciding whether Campos's or Diaz's conduct was outrageous, you may

12   consider, among other factors, the following:

13        (a) Whether Campos/Diaz abused a position of authority or a relationship

14   that gave him/her real or apparent power to affect plaintiff's interests;

15        (b) Whether Campos/Diaz knew that plaintiff was particularly vulnerable to

16   emotional distress; and

17        (c) Whether Campos/Diaz knew that his/her conduct would likely result in

18   harm due to mental distress.

19        The evaluation of these elements must be done separately for each individual

20   defendant.

21

22

23

24

25

26

27

28

- 24 -

1    DEFENDANTS' STATEMENT IN SUPPORT OF THE INSTRUCTION:

2    This instruction should be consistent with CACI and there is no reason to modify it.

3    Moreover, at this juncture, Plaintiffs should select their theory of the case to avoid

4    providing jury instructions on both "outrageous conduct" and "reckless disregard."

5

6    PLAINTIFFS' STATEMENT AGAINST THE INSTRUCTION:

7    This instruction could cause juror confusion. Plaintiffs' instruction, which explains

8    that the jury does not need to find all three factors in order to find liability, should

9    be given.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5:18-CV-01125-SP
PARTIES' PROPOSED JURY INSTRUCTIONS

1    COURT'S INSTRUCTION NUMBER _____

2

3    **JUDICIAL COUNCIL OF CALIFORNIA CIVIL JURY INSTRUCTIONS**

4    **1603 INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS—**

5    **"RECKLESS DISREGARD" DEFINED**

6        Defendants Campos and Diaz acted with reckless disregard in causing

7    Plaintiffs' emotional distress if:

8        1. Campos/Diaz knew that emotional distress would probably result from

9    his/her conduct; or

10       2. Campos/Diaz gave little or no thought to the probable effects of his/her

11   conduct.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   DEFENDANTS' STATEMENT IN SUPPORT OF THE INSTRUCTION:

2   This instruction should be consistent with CACI and there is no reason to modify it.

3   Moreover, at this juncture, Plaintiffs should select their theory of the case to avoid

4   providing jury instructions on both "outrageous conduct" and "reckless disregard."

5

6   PLAINTIFFS' STATEMENT AGAINST THE INSTRUCTION:

7   In order to clarify what precisely a jury must find, Plaintiffs' instruction should be

8   given. That instruction makes clear that: "It is not necessary that you find the

9   Defendant acted with a malicious or evil purpose. It is enough that the Defendant

10  devoted little or no thought to the probable consequences of her or his conduct."

11  *KOVR-TV, Inc. v. Superior Court*, 31 Cal.App.4th 1023, 1031–1032 (1995).

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  COURT'S INSTRUCTION NUMBER ____

2

3  **JUDICIAL COUNCIL OF CALIFORNIA CIVIL JURY INSTRUCTIONS**

4  **1605. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS –**

5  **AFFIRMATIVE DEFENSE – PRIVILEGED CONDUCT**

6  Defendants Campos and Diaz claim that he/she is not responsible for

7  Plaintiffs' harm, if any, because his/her conduct was permissible. To succeed,

8  Defendants Campos and Diaz must prove all of the following:

9  1.  That defendant was exercising his/her legal right to restrain plaintiff

10  for refusing to follow orders to return to his bunk for count;

11  2.  That defendant's conduct was lawful and consistent with community

12  standards; and

13  3.  That defendant had a good-faith belief that he/she had a legal right to

14  engage in the conduct.

15  If you find all of the above, then Defendant's conduct was permissible.

16

17

18

19

20

21

22

23

24

25

26

27

28

5:18-CV-01125-SP
PARTIES' PROPOSED JURY INSTRUCTIONS

1   DEFENDANTS' STATEMENT IN SUPPORT OF THE INSTRUCTION:

2   Given the duties of Defendants Campos and Diaz at the Facility, which include

3   using reasonable force to maintain order and control detainees, they are akin to

4   peace officers at a correctional facility that are permitted to use reasonable force to

5   detain a person. Thus, the conduct that gives rise to Plaintiffs' claim for intentional

6   infliction of emotional distress (the use of force) was permissible. Also, given that

7   Defendants Campos and Diaz are permitted to use force in their roles as officers at

8   the Facility, they had a good-faith belief that they had a legal right to engage in the

9   conduct at issue. Thus, jury instruction is appropriate.

10

11   PLAINTIFFS' STATEMENT AGAINST THE INSTRUCTION:

12   There is no legal basis for this instruction. Defendants have not identified any

13   privileged conduct, recognized under the law, that would allow them to avail

14   themselves of this defense.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5:18-CV-01125-SP
PARTIES' PROPOSED JURY INSTRUCTIONS

1   COURT'S INSTRUCTION NUMBER _____

2

3   **JUDICIAL COUNCIL OF CALIFORNIA CIVIL JURY INSTRUCTIONS**

4   **3941 PUNITIVE DAMAGES—INDIVIDUAL DEFENDANT—**

5   **BIFURCATED TRIAL (FIRST PHASE)**

6   If you decide that Defendants Diaz's or Campos' conduct caused plaintiff

7   harm, you must decide whether that conduct justifies an award of punitive damages.

8   At this time, you must decide whether plaintiff has proved by clear and convincing

9   evidence that Defendants Diaz's or Campos' engaged in that conduct with malice,

10   oppression, or fraud. The amount of punitive damages, if any, will be decided later.

11   "Malice" means that Defendants Diaz's or Campos' acted with intent to

12   cause injury or that Defendants Diaz's or Campos' conduct was despicable and was

13   done with a willful and knowing disregard of the rights or safety of another. A

14   person acts with knowing disregard when he or she is aware of the probable

15   dangerous consequences of his or her conduct and deliberately fails to avoid those

16   consequences.

17   "Oppression" means that Defendants Diaz's or Campos' conduct was

18   despicable and subjected plaintiff to cruel and unjust hardship in knowing disregard

19   of his rights.

20   "Despicable conduct" is conduct that is so vile, base, or contemptible that it

21   would be looked down on and despised by reasonable people.

22   "Fraud" means that Defendants Diaz's or Campos' intentionally

23   misrepresented or concealed a material fact and did so intending to harm from

24   plaintiff.

25   This analysis must be done separately for each defendant – Diaz and

26   Campos.

27

28

- 30 -

1  DEFENDANTS' STATEMENT IN SUPPORT OF THE INSTRUCTION:

2  Defendants contend that CACI 3941, 3942, and 3946 are appropriate in this matter

3  because (1) there is no evidence that either Defendants Diaz or Campos were

4  "managing agents"; (2) there is no evidence that defendant GEO had "advance

5  knowledge of the unfitness of Defendants Diaz or Campos and employed him/her

6  with a knowing disregard of the rights or safety of others"; (3) there is no evidence

7  that Diaz or Campos' conduct was expressly "authorized"; and (4) Plaintiffs' have

8  abandoned their claim for ratification. *See* Cal. Civ. Code § 3294(b) ("With respect

9  to a corporate employer, the advance knowledge ***and*** conscious disregard,

10 authorization, ratification or act of oppression, fraud, or malice must be on the part

11 of an officer, director, or managing agent of the corporation."

12 Additionally, as held in *White v. Ultramar, Inc.*, 21 Cal. 4th 563, 572 (1999),

13 "Section 3294 is no longer silent on who may be responsible for imputing punitive

14 damages to a corporate employer." "For corporate punitive damages liability,

15 section 3294, subdivision (b), requires that the wrongful act giving rise to the

16 exemplary damages be committed by an 'officer, director, or managing agent.'" *Id.*

17 Defendants Diaz and Campos were not officers, directors, or managing agents of

18 GEO. See e.g., id. at 566-567 ("[W]e conclude the Legislature intended the term

19 'managing agent' to include only those corporate employees who exercise

20 ***substantial*** independent authority and judgment in their corporate decision making

21 ***so that their decisions ultimately determine corporate policy***.") (emphasis added).

22 As such, CACI 3948 and 3949 (the jury instructions proposed by Plaintiffs) are

23 inapplicable.

24

25 PLAINTIFFS' STATEMENT AGAINST THE INSTRUCTION:

26 Plaintiffs are claiming punitive damages against both Defendant GEO Group and

27 Defendants Diaz and Campos.  CACI 3946 specifically instructs: "When the

28 plaintiff is seeking punitive damages from both the employer/principal and the

5:18-CV-01125-SP
PARTIES' PROPOSED JURY INSTRUCTIONS

1  employee/agent, use CACI No. 3948, Punitive Damages—Individual and Corporate

2  Defendants (Corporate Liability Based on Acts of Named Individual)—Bifurcated

3  Trial (First Phase)."

4  Defendant GEO Group is liable for punitive damages for ratifying the conduct of

5  Defendants Diaz and Campos because the Warden both confirmed and accepted

6  Defendants Diaz and Campos's conduct after it occurred. *Cruz v. Homebase*, 83

7  Cal.App.4th 160, 167–168 (2000) ("'[R]atification is the '[c]onfirmation and

8  acceptance of a previous act.'").

5:18-CV-01125-SP
PARTIES' PROPOSED JURY INSTRUCTIONS

COURT'S INSTRUCTION NUMBER ____

## JUDICIAL COUNCIL OF CALIFORNIA CIVIL JURY INSTRUCTIONS 3942 PUNITIVE DAMAGES—INDIVIDUAL DEFENDANT— BIFURCATED TRIAL (SECOND PHASE)

You must now decide the amount, if any, that you should award plaintiff in punitive damages. The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed the plaintiff and to discourage similar conduct in the future.

There is no fixed formula for determining the amount of punitive damages, and you are not required to award any punitive damages. If you decide to award punitive damages, you should consider all of the following factors in determining the amount:

(a) How reprehensible was Defendants Diaz's or Campos' conduct? In deciding how reprehensible Defendants Diaz's or Campos' conduct was, you may consider, among other factors:

1. Whether the conduct caused physical harm;

2. Whether Defendants Diaz's or Campos' disregarded the health or safety of others;

3. Whether plaintiff was financially weak or vulnerable and Defendants Diaz's or Campos' knew plaintiff was financially weak or vulnerable and took advantage of him;

4. Whether Defendants Diaz's or Campos' conduct involved a pattern or practice; and

5. Whether Defendants Diaz's or Campos' acted with trickery or deceit.

(b) Is there a reasonable relationship between the amount of punitive damages and plaintiff's harm?

///

1    (c) In view of Defendants Diaz's or Campos' financial condition, what

2    amount is necessary to punish him/her and discourage future wrongful conduct?

3    You may not increase the punitive award above an amount that is otherwise

4    appropriate merely because Defendants Diaz's or Campos' has substantial financial

5    resources.

6    Any award you impose may not exceed Defendants Diaz's or Campos'

7    ability to pay.

8    Punitive damages may not be used to punish Defendants Diaz's or Campos'

9    for the impact of his/her alleged misconduct on persons other than plaintiff.

10    This analysis must be done separately for each defendant – Diaz and

11    Campos.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    DEFENDANTS' STATEMENT IN SUPPORT OF THE INSTRUCTION:

2    Defendants contend that CACI 3941, 3942, and 3946 are appropriate in this matter

3    because (1) there is no evidence that either Defendants Diaz or Campos were

4    "managing agents"; (2) there is no evidence that defendant GEO had "advance

5    knowledge of the unfitness of Defendants Diaz or Campos and employed him/her

6    with a knowing disregard of the rights or safety of others"; (3) there is no evidence

7    that Diaz or Campos' conduct was expressly "authorized"; and (4) Plaintiffs' have

8    abandoned their claim for ratification. *See* Cal. Civ. Code § 3294(b) ("With respect

9    to a corporate employer, the advance knowledge ***and*** conscious disregard,

10   authorization, ratification or act of oppression, fraud, or malice must be on the part

11   of an officer, director, or managing agent of the corporation."

12   Additionally, as held in *White v. Ultramar, Inc.*, 21 Cal. 4th 563, 572 (1999),

13   "Section 3294 is no longer silent on who may be responsible for imputing punitive

14   damages to a corporate employer." "For corporate punitive damages liability,

15   section 3294, subdivision (b), requires that the wrongful act giving rise to the

16   exemplary damages be committed by an 'officer, director, or managing agent.'" *Id.*

17   Defendants Diaz and Campos were not officers, directors, or managing agents of

18   GEO. See e.g., id. at 566-567 ("[W]e conclude the Legislature intended the term

19   'managing agent' to include only those corporate employees who exercise

20   ***substantial*** independent authority and judgment in their corporate decision making

21   ***so that their decisions ultimately determine corporate policy***.") (emphasis added).

22   As such, CACI 3948 and 3949 (the jury instructions proposed by Plaintiffs) are

23   inapplicable.

24

25   PLAINTIFFS' STATEMENT AGAINST THE INSTRUCTION:

26   Plaintiffs are claiming punitive damages against both Defendant GEO Group and

27   Defendants Diaz and Campos.  CACI 3946 specifically instructs: "When the

28   plaintiff is seeking punitive damages from both the employer/principal and the

5:18-CV-01125-SP
PARTIES' PROPOSED JURY INSTRUCTIONS

1    employee/agent, use CACI No. 3948, Punitive Damages—Individual and Corporate

2    Defendants (Corporate Liability Based on Acts of Named Individual)—Bifurcated

3    Trial (First Phase)."

4    Defendant GEO Group is liable for punitive damages for ratifying the conduct of

5    Defendants Diaz and Campos because the Warden both confirmed and accepted

6    Defendants Diaz and Campos's conduct after it occurred. *Cruz v. Homebase*, 83

7    Cal.App.4th 160, 167–168 (2000) ("'[R]atification is the '[c]onfirmation and

8    acceptance of a previous act.'").

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5:18-CV-01125-SP
PARTIES' PROPOSED JURY INSTRUCTIONS

1  COURT'S INSTRUCTION NUMBER ____

2

3  **JUDICIAL COUNCIL OF CALIFORNIA CIVIL JURY INSTRUCTIONS**
4  **3946 PUNITIVE DAMAGES—ENTITY DEFENDANT—**
5  **BIFURCATED TRIAL (FIRST PHASE)**

6      If you decide that The GEO Group, Inc.'s (GEO) conduct caused plaintiff
7  harm, you must decide whether that conduct justifies an award of punitive damages.
8  The amount, if any, of punitive damages will be an issue decided later.

9      At this time, you must decide whether plaintiff has proved that GEO engaged
10 in that conduct with malice, oppression, or fraud. To do this, plaintiff must prove
11 the following by clear and convincing evidence:

12      1. [That the conduct constituting malice, oppression, or fraud was committed
13 by one or more officers, directors, or managing agents of [name of defendant] who
14 acted on behalf of [name of defendant]; [or]]

15      2. [That the conduct constituting malice, oppression, or fraud was authorized
16 by one or more officers, directors, or managing agents of [name of defendant]; [or]]

17      3. [That one or more officers, directors, or managing agents of [name of
18 defendant] knew of the conduct constituting malice, oppression, or fraud and
19 adopted or approved that conduct after it occurred.]

20      "Malice" means that GEO acted with intent to cause injury or that GEO's
21 conduct was despicable and was done with a willful and knowing disregard of the
22 rights or safety of another. A person acts with knowing disregard when he or she is
23 aware of the probable dangerous consequences of his or her conduct and
24 deliberately fails to avoid those consequences.

25      "Oppression" means GEO's conduct was despicable and subjected plaintiff
26 to cruel and unjust hardship in knowing disregard of his rights.

27      "Despicable conduct" is conduct that is so vile, base, or contemptible that it
28 would be looked down on and despised by reasonable people.

1    "Fraud" means that GEO intentionally misrepresented or concealed a

2    material fact and did so intending to harm plaintiff.

3    An employee is a "managing agent" if he or she exercises substantial

4    independent authority and judgment in his or her corporate decision making such

5    that his or her decisions ultimately determine corporate policy.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' STATEMENT IN SUPPORT OF THE INSTRUCTION:

Defendants contend that CACI 3941, 3942, and 3946 are appropriate in this matter because (1) there is no evidence that either Defendants Diaz or Campos were "managing agents"; (2) there is no evidence that defendant GEO had "advance knowledge of the unfitness of Defendants Diaz or Campos and employed him/her with a knowing disregard of the rights or safety of others"; (3) there is no evidence that Diaz or Campos' conduct was expressly "authorized"; and (4) Plaintiffs' have abandoned their claim for ratification. *See* Cal. Civ. Code § 3294(b) ("With respect to a corporate employer, the advance knowledge ***and*** conscious disregard, authorization, ratification or act of oppression, fraud, or malice must be on the part of an officer, director, or managing agent of the corporation."

Additionally, as held in *White v. Ultramar, Inc.*, 21 Cal. 4th 563, 572 (1999), "Section 3294 is no longer silent on who may be responsible for imputing punitive damages to a corporate employer." "For corporate punitive damages liability, section 3294, subdivision (b), requires that the wrongful act giving rise to the exemplary damages be committed by an 'officer, director, or managing agent.'" *Id.* Defendants Diaz and Campos were not officers, directors, or managing agents of GEO. See e.g., id. at 566-567 ("[W]e conclude the Legislature intended the term 'managing agent' to include only those corporate employees who exercise ***substantial*** independent authority and judgment in their corporate decision making ***so that their decisions ultimately determine corporate policy*.") (emphasis added). As such, CACI 3948 and 3949 (the jury instructions proposed by Plaintiffs) are inapplicable.


PLAINTIFFS' STATEMENT AGAINST THE INSTRUCTION:

Plaintiffs are claiming punitive damages against both Defendant GEO Group and Defendants Diaz and Campos.  CACI 3946 specifically instructs: "When the plaintiff is seeking punitive damages from both the employer/principal and the

1  employee/agent, use CACI No. 3948, Punitive Damages—Individual and Corporate
2  Defendants (Corporate Liability Based on Acts of Named Individual)—Bifurcated
3  Trial (First Phase)."
4  Defendant GEO Group is liable for punitive damages for ratifying the conduct of
5  Defendants Diaz and Campos because the Warden both confirmed and accepted
6  Defendants Diaz and Campos's conduct after it occurred. *Cruz v. Homebase*, 83
7  Cal.App.4th 160, 167–168 (2000) ("'[R]atification is the '[c]onfirmation and
8  acceptance of a previous act.'").

COURT'S INSTRUCTION NUMBER _____

## REMOVAL OF CLAIMS OF PARTIES

Correct Care Solutions LLC and its employee, LVN Sarah Jones, are no longer parties to this case.

Do not speculate as to why these parties are no longer involved in this case. You should not consider this during your deliberations.

Authority:  CACI 109

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PLAINTIFFS' STATEMENT IN SUPPORT OF THE INSTRUCTION:

Both parties have placed LVN Sarah Jones on their Witness Lists. During the course of Ms. Jones's testimony, her status as an employee of Correct Care Solutions LLC and as a former party to this lawsuit may arise. This instruction addresses any questions the jury may have as to how to consider Ms. Jones's (and CCS's) status as a former defendant.

DEFENDANTS' STATEMENT IN SUPPORT OF THEIR OBJECTION:

Defendants object to this jury instruction and contend that it is unnecessary. The jury will only learn that Correct Care Solutions LLC and its employee, LVN Sarah Jones, were parties to this case through the jury instruction which subsequently instructs them to, essentially, disregard this information during deliberations. Absent this jury instruction informing them of the parties that have been dismissed, this instruction would not be required.

1   COURT'S INSTRUCTION NUMBER ____

2

3                    **WILLFUL SUPPRESSION OF EVIDENCE**

4        You may consider whether one party intentionally concealed or destroyed

5   evidence. If you decide that a party did so, you may decide that the evidence would

6   have been unfavorable to that party.

7

8   <u>Authority</u>:  CACI 204

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   <u>PLAINTIFFS' STATEMENT IN SUPPORT OF THE INSTRUCTION</u>:

2   In this case, the jury will hear that evidence that would have resolved some of the

3   questions central to this case – including documentation of the amount of OC spray

4   used by Defendant Diaz and Defendant Campos on June 12, 2017 and video

5   evidence depicting what happened to Plaintiffs after they were taken out of the day

6   room – no longer exists. The jury will also hear evidence regarding the evidence

7   preservation standards by which Defendant GEO Group is expected to abide, both

8   as a result of its involvement in litigation and pursuant to community standards.

9   This instruction is required so that the jury understands how it may consider that

10  evidence.

11

12  <u>DEFENDANTS' STATEMENT IN SUPPORT OF THEIR OBJECTION</u>:

13  Defendants object to this jury instruction and contend that it is unnecessary given

14  Plaintiffs have not raised this issue – suppression of evidence – with Defendants.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COURT'S INSTRUCTION NUMBER _____

## EXERCISE OF A COMMUNICATION PRIVILEGE

Plaintiffs have an absolute right not to disclose what they told their immigration attorneys in confidence because the law considers this information privileged. Do not consider, for any reason at all, the fact that Plaintiffs did not disclose what they told their immigration attorneys. Do not discuss that fact during your deliberations or let it influence your decision in any way.

<u>Authority</u>:  CACI 215

PLAINTIFFS' STATEMENT IN SUPPORT OF THE INSTRUCTION:

At their depositions, Plaintiffs gave relatively limited testimony concerning their reasons for coming to the United States on the advice of their immigration attorneys. Some Plaintiffs refused to answer questions on the ground that they were following their immigration attorneys' instructions not to answer. Defendants raised this fact repeatedly in their Motion in Limine No. 2. In the event Defendants raise this at trial, the jury must not be permitted to penalize Plaintiffs for following the advice of their immigration counsel, whose concern is simply to protect the integrity of Plaintiffs' ongoing asylum cases – not, as in the case of a 5th Amendment issue (for example), to prevent Plaintiffs from implicating themselves in any wrongdoing. Without this instruction, a lay jury, who may have exposure to what it means for an individual to (essentially) invoke their right to remain silent / to decline to answer a question posed by a lawyer in a court of law, will very likely assume that Plaintiffs' refusal to answer is grounded in a fear of saying something that could reflect negatively on the Plaintiff. That would be inaccurate and extremely prejudicial to Plaintiffs.


DEFENDANTS' STATEMENT IN SUPPORT OF THEIR OBJECTION:

Defendants object to this jury instruction and contend that it is unnecessary. Communications between Plaintiffs and their immigrations are not relevant to any issues in this case and, as such, Defendants have not inquired as to the content of their conversations.

5:18-CV-01125-SP
PARTIES' PROPOSED JURY INSTRUCTIONS

COURT'S INSTRUCTION NUMBER _____

## BATTERY—ESSENTIAL FACTUAL ELEMENTS

All Plaintiffs claim that Defendant Diaz committed a battery. Plaintiffs Mejia, Castillo, Diaz, Campos, Garcia, and Cornejo also claim that Defendant Campos committed a battery. To establish this claim, the Plaintiff must prove all of the following:

1.     That the Defendant touched the Plaintiff or caused the Plaintiff to be touched with the intent to harm him;

2.     That the Plaintiff did not consent to the touching; and

3.     That the Plaintiff was harmed by the Defendant's conduct.

The least touching may constitute battery. In other words, force against the Plaintiff is enough; it need not be violent or severe, it need not cause bodily harm or even pain, and it need not leave any mark.

The tort of battery is not limited to direct body-to-body contact. A Defendant may be liable for battery if she/he throws a substance, including water, on the Plaintiff.

Authority: Modified Judicial Council of California Civil Jury Instructions 1300; *People v. Mansfield* (1988) 200 Cal.App.3d 82, 88 [245 Cal.Rptr. 800] (internal citations omitted); Commentary to the Restatement Second of Torts; *Mount Vernon Fire Ins. Co. v. Busby* (2013) 219 Cal.App.4th 876, 881 [162 Cal.Rptr.3d 211]

5:18-CV-01125-SP
PARTIES' PROPOSED JURY INSTRUCTIONS

1  <u>PLAINTIFFS' STATEMENT IN SUPPORT OF THE INSTRUCTION</u>:

2  Defendants Diaz and Campos are citizens working for a private corporation that

3  houses civil detainees. As such, this Battery instruction (rather than Defendants'

4  proposed Assault/Battery By A Peace Officer instruction) is appropriate, applicable,

5  and should be given. Plaintiffs separately included an instruction regarding the

6  reasonableness of Defendants' actions.

7

8  <u>DEFENDANTS' STATEMENT IN SUPPORT OF THEIR OBJECTION</u>:

9  Given the duties of Defendant Campos and Diaz at the Facility, which include

10 using reasonable force to maintain order and control detainees, they are akin to

11 peace officers at a correctional facility that are permitted to use reasonable force to

12 detain a person. Defendant Campos and Diaz would not be able to effectuate their

13 jobs (or any officer at a GEO run facility) if they were not permitted to use

14 reasonable force to detain a person. This sentiment was echoed in the Court's order

15 on Defendants' motions for summary judgment wherein the Court applied case law

16 applicable to peace officers when analyzing Plaintiffs' assault and battery claims.

17 (*See* Doc. # 160 at 53.) Thus, CACI 1305 is instructive.

18

19

20

21

22

23

24

25

26

27

28

5:18-CV-01125-SP
PARTIES' PROPOSED JURY INSTRUCTIONS

1    COURT'S INSTRUCTION NUMBER _____

2

3                                    **INTENT**

4          In an action for civil battery the element of intent is satisfied if the evidence

5    shows the Defendant acted with a 'willful disregard' of the Plaintiff's rights.

6

7

8    <u>Authority</u>: Modified Judicial Council of California Civil Jury Instructions 1320;

9    *Ashcraft v. King* (1991) 228 Cal.App.3d 604, 613 [278 Cal.Rptr. 900] (internal

10   citation omitted)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    PLAINTIFFS' STATEMENT IN SUPPORT OF THE INSTRUCTION:

2    Plaintiffs' proposed instruction is an accurate statement of the law and is contained

3    in both the comments to the CACI and in related case law. Plaintiffs submit that

4    this instruction is appropriate, responsive to the facts that will be presented at trial,

5    and should be given.

6

7    DEFENDANTS' STATEMENT IN SUPPORT OF THEIR OBJECTION:

8    Defendants object to modification of the CACI instruction. There is no reason to

9    define intent as a "willful disregard" in this matter. Additionally, the legal authority

10   that Plaintiffs cite to support a modified jury instruction is a medical malpractice

11   case where consent to a specific procedure was at issue – which is not the case here.

12   *See Ashcraft v. King,* 228 Cal. App. 3d 604, 613 (Ct. App. 1991) ("In the context of

13   battery in a medical procedure, '[w]hen the patient gives permission to perform one

14   type of treatment and the doctor performs another, the requisite element of

15   deliberate intent to deviate from the consent given is present.'").

16

17

18

19

20

21

22

23

24

25

26

27

28

5:18-CV-01125-SP
PARTIES' PROPOSED JURY INSTRUCTIONS

COURT'S INSTRUCTION NUMBER _____

## ASSAULT—ESSENTIAL FACTUAL ELEMENTS

A civil action for assault is based upon an invasion of the right of a person to live without being put in fear of personal harm. All Plaintiffs claim that Defendant Diaz assaulted them. Plaintiffs Mejia, Castillo, Diaz, Campos, Garcia, and Cornejo also claim that Defendant Campos assaulted them. To establish this claim, the Plaintiff must prove all of the following:

1.  That the Defendant threatened to touch the Plaintiff in a harmful manner;
2.  That it reasonably appeared to the Plaintiff that the Defendant was about to carry out the threat;
3.  That the Plaintiff did not consent to the Defendant's conduct;
4.  That the Plaintiff was harmed; and
5.  That the Defendant's conduct was a substantial factor in causing the Plaintiff's harm.

Authority: Judicial Council of California Civil Jury Instructions 1301; *Lowry v. Standard Oil Co. of California* (1944) 63 Cal.App.2d 1, 6–7 [146 P.2d 57], internal citation omitted

PLAINTIFFS' STATEMENT IN SUPPORT OF THE INSTRUCTION:

Defendants Diaz and Campos are citizens working for a private corporation that houses civil detainees. As such, this Assault instruction (rather than Defendants' proposed Assault/Battery By A Peace Officer instruction) is appropriate, applicable, and should be given. Plaintiffs separately included an instruction regarding the reasonableness of Defendants' actions.

DEFENDANTS' STATEMENT IN SUPPORT OF THEIR OBJECTION:

Given the duties of Defendant Campos and Diaz at the Facility, which include using reasonable force to maintain order and control detainees, they are akin to peace officers at a correctional facility that are permitted to use reasonable force to detain a person. Defendant Campos and Diaz would not be able to effectuate their jobs (or any officer at a GEO run facility) if they were not permitted to use reasonable force to detain a person. This sentiment was echoed in the Court's order on Defendants' motions for summary judgment wherein the Court applied case law applicable to peace officers when analyzing Plaintiffs' assault and battery claims. (*See* Doc. # 160 at 53.) Thus, CACI 1305, which was modified in Defendants' proposed jury instructions to include Plaintiffs' batter and assault claims, is instructive.

COURT'S INSTRUCTION NUMBER \_\_\_\_

## NEGLIGENCE—ESSENTIAL FACTUAL ELEMENTS:
## USE OF FORCE

In this case, Plaintiffs claim that they were harmed by the Defendants' negligence. Specifically, each Plaintiff claims that Defendant Diaz and Defendant Campos acted negligently in failing to properly assess the need to use force against Plaintiffs. To establish this claim, the Plaintiff must prove all of the following:

1. That the Defendant had a legal duty to ensure the Plaintiff's physical safety;

2. That the Defendant breached that duty and did not properly assess the need to use force against the Plaintiff;

3. That the Plaintiff was harmed by the Defendant's failure to make a proper assessment; and

4. That the Defendant's negligence was a substantial factor in causing the Plaintiff's harm.

Authority: Modified Judicial Council of California Civil Jury Instructions 400; *Clement v. Gomez*, 298 F.3d 898, 905–06 (9th Cir. 2002); *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000)

1  PLAINTIFFS' STATEMENT IN SUPPORT OF THE INSTRUCTION:

2  Plaintiffs are proceeding to trial on two distinct negligence theories: (1) that

3  Defendants Diaz and Campos negligently failed to assess the appropriate amount of

4  force that could be used against Plaintiffs, and (2) that Defendants Diaz and

5  Campos were negligent in failing to ensure that Plaintiffs were provided medical

6  attention after Defendants deployed OC spray against them. Rather than present one

7  negligence instruction explaining both theories, which would be cumbersome and

8  confusing, Plaintiffs submit two negligence instructions, laying out for the jury

9  precisely what they need to consider as they determine whether Defendants were

10 negligence. Plaintiffs submit this approach will avoid jury confusion and ensure

11 that they are properly considering Plaintiffs' claim.

12

13 DEFENDANTS' STATEMENT IN SUPPORT OF THEIR OBJECTION:

14 Defendants object to modification from the CACI form. Plaintiffs should not be

15 able to present different theories of negligence. Additionally, Defendants Campos

16 and Diaz should be treated as peace officers when the jury analyzes Plaintiffs'

17 negligence claim.

18

19

20

21

22

23

24

25

26

27

28

5:18-CV-01125-SP
PARTIES' PROPOSED JURY INSTRUCTIONS

COURT'S INSTRUCTION NUMBER _____

## NEGLIGENCE — ESSENTIAL FACTUAL ELEMENTS:
## FAILURE TO PROVIDE TIMELY MEDICAL ASSISTANCE

In this case, Plaintiffs claim that they were harmed by the Defendants' negligence. Specifically, each Plaintiff claims that Defendant Diaz and Defendant Campos acted negligently in failing to ensure Plaintiffs received timely medical attention. To establish this claim, the Plaintiff must prove all of the following:

1.  That the Defendant had a legal duty to ensure the Plaintiff received timely medical attention following her/his use of OC spray against Plaintiffs;

2.  That the Defendant breached that duty and did not ensure that Plaintiff received that timely medical attention;

3.  That the Plaintiff was harmed by the failure to receive timely medical attention; and

4.  That the Defendant's negligence was a substantial factor in causing the Plaintiff's harm.

Authority: Modified Judicial Council of California Civil Jury Instructions 400; *Clement v. Gomez*, 298 F.3d 898, 905–06 (9th Cir. 2002)

1  <u>PLAINTIFFS' STATEMENT IN SUPPORT OF THE INSTRUCTION</u>:

2  Plaintiffs are proceeding to trial on two distinct negligence theories: (1) that

3  Defendants Diaz and Campos negligently failed to assess the appropriate amount of

4  force that could be used against Plaintiffs, and (2) that Defendants Diaz and

5  Campos were negligent in failing to ensure that Plaintiffs were provided medical

6  attention after Defendants deployed OC spray against them. Rather than present one

7  negligence instruction explaining both theories, which would be cumbersome and

8  confusing, Plaintiffs submit two negligence instructions, laying out for the jury

9  precisely what they need to consider as they determine whether Defendants were

10  negligence. Plaintiffs submit this approach will avoid jury confusion and ensure

11  that they are properly considering Plaintiffs' claim.

12

13  <u>DEFENDANTS' STATEMENT IN SUPPORT OF THEIR OBJECTION</u>:

14  Defendants object to modification from the CACI form. Plaintiffs should not be

15  able to present different theories of negligence. Additionally, Defendants Campos

16  and Diaz should be treated as peace officers when the jury analyzes Plaintiffs'

17  negligence claim.

18

19

20

21

22

23

24

25

26

27

28

5:18-CV-01125-SP
PARTIES' PROPOSED JURY INSTRUCTIONS

COURT'S INSTRUCTION NUMBER _____

## NEGLIGENT TRAINING OF EMPLOYEE

Each Plaintiff claims that he was harmed by Defendant Diaz and/or Defendant Campos and that Defendant GEO Group, Inc. is responsible for that harm because GEO Group negligently trained Defendants Diaz and Campos. To establish this claim, the Plaintiff must prove all of the following:

1.  That GEO Group was negligent in training Defendants Diaz and Campos as to the performance of their job duties;

2.  That GEO Group knew or should have known that Defendants Diaz and Campos became unfit and/or incompetent and that this unfitness and/or incompetence created a particular risk to others; '

3.  That Defendants Diaz and Campos's unfitness and/or incompetence harmed the Plaintiff; and

4.  That GEO Group's negligence in training was a substantial factor in causing the Plaintiff's harm.

Authority: Modified CACI 426; *Garcia ex rel. Marin v. Clovis Unified Sch. Dist.*, 627 F. Supp. 2d 1187, 1208 (E.D. Cal. 2009)

1    PLAINTIFFS' STATEMENT IN SUPPORT OF THE INSTRUCTION:

2    Plaintiffs bring a claim against Defendant GEO Group for negligent supervision

3    and training. This instruction accurately sets forth the elements of that claim with

4    regard to the first aspect of the claim, Defendant GEO Group's negligent training of

5    its employees. Plaintiffs divided the claim into two instructions in order to avoid

6    confusion and risk a jury believing that it must find that Defendant GEO Group

7    acted negligently as to both supervision *and* training in order to find for Plaintiffs.

8    Plaintiffs would also be receptive to a modification of a single claim that makes

9    clear that the jury need not find both in order to make a finding of liability.

10

11    DEFENDANTS' STATEMENT IN SUPPORT OF THEIR OBJECTION:

12    This instruction should be consistent with CACI and there is no reason to modify

13    this instruction.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COURT'S INSTRUCTION NUMBER _____

## NEGLIGENT SUPERVISION OF EMPLOYEE

Each Plaintiff claims that he was harmed by Defendant Diaz and Defendant Campos and that Defendant GEO Group, Inc. is responsible for that harm because GEO Group negligently supervised Defendants Diaz and Campos in violation of California law. To establish this claim, the Plaintiff must prove all of the following:

1.  Defendants Diaz and Campos became unfit and/or incompetent to perform the work for which they were hired;
2.  Defendant GEO Group knew or should have known that Defendants Diaz and Campos became unfit and/or incompetent and that this unfitness and/or incompetence created a particular risk to others;
3.  Defendants Diaz and Campos's unfitness and/or incompetence harmed the Plaintiff; and
4.  Defendant GEO Group's negligence in supervision was a substantial factor in causing the Plaintiff's harm.

Authority: Modified CACI 426; *Garcia ex rel. Marin v. Clovis Unified Sch. Dist.*, 627 F. Supp. 2d 1187, 1208 (E.D. Cal. 2009)

1   PLAINTIFFS' STATEMENT IN SUPPORT OF THE INSTRUCTION:

2   Plaintiffs bring a claim against Defendant GEO Group for negligent supervision

3   and training. This instruction accurately sets forth the elements of that claim with

4   regard to the second aspect of the claim, Defendant GEO Group's negligent

5   supervision of its employees. Plaintiffs divided the claim into two instructions in

6   order to avoid confusion and risk a jury believing that it must find that Defendant

7   GEO Group acted negligently as to both supervision *and* training in order to find

8   for Plaintiffs. Plaintiffs would also be receptive to a modification of a single claim

9   that makes clear that the jury need not find both in order to make a finding of

10  liability.

11

12  DEFENDANTS' STATEMENT IN SUPPORT OF THEIR OBJECTION:

13  This instruction should be consistent with CACI and there is no reason to modify

14  this instruction

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COURT'S INSTRUCTION NUMBER \_\_\_\_

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS — "OUTRAGEOUS CONDUCT" DEFINED

"Outrageous conduct" is conduct so extreme that it goes beyond all possible bounds of decency. Conduct is outrageous if a reasonable person would regard the conduct as intolerable in a civilized community. Outrageous conduct does not include trivialities such as indignities, annoyances, hurt feelings, or bad manners that a reasonable person is expected to endure.

In deciding whether Defendant Diaz's and/or Defendant Campos's conduct was outrageous, you may consider, among other factors, the following:

a)  Whether the Defendant abused a position of authority that gave her/him real or apparent power to affect the Plaintiff's interests;

b)  Whether the Defendant knew that the Plaintiff was particularly vulnerable to emotional distress; and

c)  Whether the Defendant knew that her or his conduct would likely result in harm due to mental distress.

You do not need to find that the Defendant met all three factors; even one would suffice to support a finding that the Defendant's conduct was "outrageous".

Authority: Modified Judicial Council of California Civil Jury Instructions 1602

1   PLAINTIFFS' STATEMENT IN SUPPORT OF THE INSTRUCTION:

2   Plaintiffs and Defendants agree on most of the instruction. However, Plaintiffs

3   contend that it is important to make clear to the jury that they are not required to

4   find all three factors, since the law does not require that.

5

6   DEFENDANTS' STATEMENT AGAINST:

7   This instruction should be consistent with CACI and there is no reason to modify it.

8   Plaintiffs have not provided any legal authority to support their modification.

9   Moreover, at this juncture, Plaintiffs should select their theory of the case to avoid

10  providing jury instructions on "outrageous conduct" and "reckless disregard."

COURT'S INSTRUCTION NUMBER _____

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS — "RECKLESS DISREGARD" DEFINED

A Defendant acted with reckless disregard in causing the Plaintiff emotional distress if:

1. The Defendant knew that emotional distress would probably result from her or his conduct; or

2. The Defendant gave little or no thought to the probable effects of her or his conduct.

It is not necessary that you find the Defendant acted with a malicious or evil purpose. It is enough that the Defendant devoted little or no thought to the probable consequences of her or his conduct.

Authority: Modified Judicial Council of California Civil Jury Instructions 1603; *KOVR-TV, Inc. v. Superior Court* (1995) 31 Cal.App.4th 1023, 1031–1032 [37 Cal.Rptr.2d 431], internal citation omitted.

1   <u>PLAINTIFFS' STATEMENT IN SUPPORT OF THE INSTRUCTION</u>:

2   Plaintiffs' instruction incorporates relevant case law in the Comments to the CACI

3   to make clear that a defendant does not need to act with malicious or evil purpose in

4   order to be held liable.

5

6

7   <u>DEFENDANTS' STATEMENT AGAINST</u>:

8   This instruction should be consistent with CACI and there is no reason to modify it.

9   Plaintiffs have not provided any legal authority to support their modification.

10   Moreover, at this juncture, Plaintiffs should select their theory of the case to avoid

11   providing jury instructions on "outrageous conduct" and "reckless disregard.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  COURT'S INSTRUCTION NUMBER ____

2

3  **BANE ACT**

4      All Plaintiffs claim that Defendant violated their rights under the Bane Act,

5  California Civil Code § 52.1. Pursuant to that law, a plaintiff who suffers damages

6  as a result of a violation of civil rights is entitled to recover compensation for such

7  damages. Here, all Plaintiffs claim their civil rights were violated under the

8  Fourteenth Amendment to the United States Constitution when (1) Defendants Diaz

9  and Campos used excessive force, and (2) Defendant Diaz violated their due

10 process rights, and that their civil rights were violated under the First Amendment

11 to the United States Constitution when Defendant GEO Group, Inc. deprived them

12 of access to their lawyers. The essential elements of this claim are:

13      1.  That the Defendant interfered with, or attempted to interfere with,

14          Plaintiff's exercise or enjoyment of rights secured by the Constitution of

15          the United States and/or the Constitution or laws of the State of

16          California, in the manners described above;

17      2.  That the Defendant's actions were intentional by means of threats,

18          intimidation or coercion; and

19      3.  The interference caused the Plaintiff to suffer injury.

20

21 Authority: CACI 3066 (Modified); BAJI 7.90 (7th ed. 1993 Supp.) (Modified to

22 conform to plaintiff's allegations of violation of Fourth Amendment rights); Cal.

23 Civ. Code § 52.1(b) ("Any individual whose exercise or enjoyment of rights

24 secured by the Constitution . . . may institute and prosecute . . . a civil action for

25 damages . . .") *United States v. Reese*, 2 F.3d 870, 885 (9th Cir. 1993); *Reese v.*

26 *County of Sacramento*, ___ F.3d ___ (9th Cir. 2018) (filed 4/24/18), Slip Opinion at

27 26-27 (For a claim of excessive force actionable under Cal. Civ. Code § 52.1(b),

28

- 65 -

5:18-CV-01125-SP
PARTIES' PROPOSED JURY INSTRUCTIONS

1    Ninth Circuit applies the intent standard of *Screws v. United States*, 325 U.S. 91

2    (1945) as explained in *United States v. Reese*, supra); *Cornell v. City and County of*

3    *San Francisco*, 17 Cal.App.5th 766, 802-803 (2017) (Adopts the Screws intent

4    standard for claims under Cal. Civ. Code § 52.1(b) ("in reckless disregard of

5    constitutional [or statutory] prohibitions or guarantees") (brackets in original).

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    PLAINTIFFS' STATEMENT IN SUPPORT OF THE INSTRUCTION:

2    The CACI instruction is outdated and no longer provides an accurate statement of

3    the law. Plaintiffs' instruction incorporates the most recent requirements of the

4    Bane Act case law and makes clear the bases on which the claims lie (i.e., which of

5    Plaintiffs' constitutional rights were violated such that the jury should find

6    Defendants liable under the Bane Act).

7

8

9    DEFENDANTS' STATEMENT AGAINST:

10   This instruction should be consistent with CACI and there is no reason to modify it.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   COURT'S INSTRUCTION NUMBER _____

2
    **PARTICULAR RIGHTS—FOURTEENTH AMENDMENT —**
3       **PRETRIAL DETAINEE'S CLAIM OF EXCESSIVE FORCE**

4
5       The Due Process Clause of the Fourteenth Amendment protects a detainee
6   from the use of excessive force. Each Plaintiff claims that Defendant Diaz and
7   Defendant Campos violated the Bane Act by using excessive force against them. In
8   order to prevail on this claim, the Plaintiff must show that the Defendant's use of
9   force was objectively unreasonable.
10      To determine whether the Defendant's use of force was objectively
11  unreasonable, you may consider the following list of non-exhaustive
12  considerations:

13          a)      The type and amount of force used;
14          b)      The extent of the Plaintiff's injury;
15          c)      The severity of the security problem at issue;
16          d)      The effort made by the Defendant to temper or to limit the
17      amount of force;
18          e)      The threat reasonably perceived by the Defendant;
19          f)      Alternatives available to the Defendant; and
20          g)      Whether the Plaintiff was actively resisting.

21
22  Authority: Modified Ninth Circuit Model Civil Jury Instruction 9.29; *Graham v.*
23  *Connor*, 490 U.S. 386, 395 n.10 (1989); *Kingsley v. Hendrickson*, 135 S. Ct. 2466,
24  2472 (2015).

25
26
27
28

                                    - 68 -    5:18-CV-01125-SP
                                            PARTIES' PROPOSED JURY INSTRUCTIONS

1   PLAINTIFFS' STATEMENT IN SUPPORT OF THE INSTRUCTION:

2   This instruction explains to the jury the contours of one of the constitutional rights

3   Plaintiffs alleged was violated by Defendants which establishes their right to relief

4   under the Bane Act. It is an accurate statement of the law and applies to the facts of

5   this case, which involve (civil) detainees at a federal immigration detention center.

6   Defendants' suggestion that Ninth Circuit Model Instruction 9.25 be modified and

7   given is improper, as it applies to a wholly different context involving categorically

8   different parties.

9

10

11   DEFENDANTS' STATEMENT AGAINST:

12   Defendants do not believe this jury instruction is necessary. Assuming that it is,

13   Ninth Circuit Model Instruction 9.25 should be modified instead given that the

14   Fourth and Fourteenth Amendments both apply a reasonable standard.

5:18-CV-01125-SP
PARTIES' PROPOSED JURY INSTRUCTIONS

COURT'S INSTRUCTION NUMBER _____

## DUE PROCESS VIOLATION

In this case, each Plaintiff claims that Defendant Diaz violated the Bane Act by depriving them of their Due Process rights under the Fourteenth Amendment to the Constitution when she placed them administrative segregation in retaliation for their act of expressing grievances about the Adelanto Detention Facility.

In order to prove Defendant Diaz deprived the Plaintiffs of this right, each Plaintiff must prove the following additional elements by a preponderance of the evidence:

1. Defendant Diaz made an intentional decision to place the Plaintiff in administrative segregation;

2. Defendant Diaz's decision was not based on a penological reason but was made in retaliation for Plaintiffs expressing their grievances.

Authority: *Barnett v. Centoni*, 31 F.3d 813, 815-16 (9th Cir. 1994)

1  PLAINTIFFS' STATEMENT IN SUPPORT OF THE INSTRUCTION:

2  This instruction explains to the jury the contours of one of the constitutional rights

3  Plaintiffs alleged was violated by Defendants which establishes their right to relief

4  under the Bane Act.

5

6

7  DEFENDANTS' STATEMENT AGAINST:

8  This jury instruction is unnecessary given Plaintiffs' argument is misguided.

9  Namely, Plaintiffs' argue that Defendants violated their right to due process by

10  placing them in administrative segregation absent a penological reason. While this

11  is an appropriate standard for a due process claim, it simply does not make sense

12  when attempting to use the violation of due process rights to support Plaintiffs'

13  Bane Act claim. Namely, what conduct by Defendant Diaz (as Plaintiffs limited

14  their due process claim to be against Diaz only) led Plaintiffs to believe that they

15  could not exercise their rights?

16

17

18

19

20

21

22

23

24

25

26

27

28

1  COURT'S INSTRUCTION NUMBER \_\_\_\_

2
3                    **DEPOSITION IN LIEU OF LIVE TESTIMONY**

4         A deposition is the sworn testimony of a witness taken before trial. The

5  witness is placed under oath to tell the truth and lawyers for each party may ask

6  questions. The questions and answers are recorded. When a person is unavailable to

7  testify at trial, the deposition of that person may be used at the trial.

8         The deposition of [*name of witness*] was taken on [*date*]. Insofar as possible,

9  you should consider deposition testimony, presented to you in court in lieu of live

10  testimony, in the same way as if the witness had been present to testify.

11

12  <u>Authority</u>: Unmodified Ninth Circuit Model Civil Jury Instruction 2.4

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1  PLAINTIFFS' STATEMENT IN SUPPORT OF THE INSTRUCTION:

2  The jury should be able to receive this instruction given that two Plaintiffs are

3  unavailable to testify at trial. Plaintiff Martinez submitted his visa application but

4  was unable to schedule an interview at any consulate agency because he is not

5  permitted to travel within Mexico. He therefore will not be able to appear in-person

6  at trial. Plaintiff Lopez Castillo is still in the process of obtaining permission to

7  enter the country to appear at trial. If that fails, Plaintiff Castillo Lopez will need to

8  testify via trial deposition.

9

10  DEFENDANTS' STATEMENT AGAINST:

11  Defendants object to this jury instruction because Defendants do not agree to

12  Plaintiffs Martinez and Lopez providing sworn testimony by way of deposition

13  excerpts. Their requests for visa applications have yet not been approved, which

14  was required for their entry and which Plaintiffs' counsel knew needed to be

15  completed at the outset of this matter. Plaintiffs Martinez and Lopez are not legally

16  "unavailable" for trial. Furthermore, it was not anticipated at the time of their

17  depositions they would be unavailable, so they were not cross-examined.

18  Defendants request they testify by live videoconference during trial and, as such,

19  this jury instruction is unnecessary.

20

21

22

23

24

25

26

27

28

5:18-CV-01125-SP
PARTIES' PROPOSED JURY INSTRUCTIONS

COURT'S INSTRUCTION NUMBER _____

## **CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE**

Certain charts and summaries not admitted into evidence [may be] [have been] shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. Charts and summaries are only as good as the underlying evidence that supports them.

You should, therefore, give them only such weight as you think the underlying evidence deserves.

Authority: Unmodified Ninth Circuit Model Civil Jury Instruction 2.14

PLAINTIFFS' STATEMENT IN SUPPORT OF THE INSTRUCTION:

Plaintiffs may present charts or summaries at trial which warrants this instruction and have reserved the right to do so through demonstratives.


DEFENDANTS' STATEMENT AGAINST THE INSTRUCTION:

Defendants object to this jury instruction and contend that it is unnecessary given Plaintiffs have not indicated that any charts or summaries are necessary for trial.

5:18-CV-01125-SP
PARTIES' PROPOSED JURY INSTRUCTIONS

1   COURT'S INSTRUCTION NUMBER _____

2   **PUNITIVE DAMAGES—INDIVIDUAL AND CORPORATE DEFENDANTS**
3   **(CORPORATE LIABILITY BASED ON ACTS OF NAMED**
4   **INDIVIDUAL)—BIFURCATED TRIAL (FIRST PHASE)**

5
6       If you decide that Defendant Diaz/Campos's conduct caused the Plaintiff
    harm, you must decide whether that conduct justifies an award of punitive damages
7   against Diaz/Campos and, if so, against GEO Group. The amount, if any, of
8   punitive damages will be an issue decided later.

9       You may award punitive damages against Diaz/Campos only if the Plaintiff
10  proves by clear and convincing evidence that Diaz/Campos engaged in that conduct
11  with malice, oppression, or fraud.

12      "Malice" means that a defendant acted with intent to cause injury or that a
13  defendant's conduct was despicable and was done with a willful and knowing
14  disregard of the rights or safety of another. A defendant acts with knowing
15  disregard when the defendant is aware of the probable dangerous consequences of
16  his, her, or its conduct and deliberately fails to avoid those consequences.

17       "Oppression" means that a defendant's conduct was despicable and
18  subjected the Plaintiff to cruel and unjust hardship in knowing disregard of his
19  rights.

20      "Despicable conduct" is conduct that is so vile, base, or contemptible that it
21  would be looked down on and despised by reasonable people.

22      "Fraud" means that a defendant intentionally misrepresented or concealed a
23  material fact and did so intending to harm the Plaintiff.

24      You may also award punitive damages against GEO Group based on
25  Diaz/Campos's conduct if the Plaintiff proves [one of] the following by clear and
26  convincing evidence:

27

28

1        1.  [That Diaz/Campos's conduct constituting malice, oppression, or fraud

2            was authorized by an officer, a director, or a managing agent of GEO

3            Group; [or]]

4        2.  [That an officer, a director, or a managing agent of GEO Group knew of

5            Diaz/Campos's conduct constituting malice, oppression, or fraud and

6            adopted or approved that conduct after it occurred.]

7        An employee is a "managing agent" if he or she exercises substantial

8 independent authority and judgment in his or her corporate decision making such

9 that his or her decisions ultimately determine corporate policy.

10

11 Authority: CACI 3948

1  PLAINTIFFS' STATEMENT IN SUPPORT OF THE INSTRUCTION:

2  Plaintiffs are claiming punitive damages against both Defendant GEO Group and

3  Defendants Diaz and Campos.  CACI 3946 specifically instructs: "When the

4  plaintiff is seeking punitive damages from both the employer/principal and the

5  employee/agent, use CACI No. 3948, Punitive Damages—Individual and Corporate

6  Defendants (Corporate Liability Based on Acts of Named Individual)—Bifurcated

7  Trial (First Phase)."

8  Under California Civil Code § 3924(b), a plaintiff is entitled to punitive damages

9  against an employer under three circumstances: (1) if the employer "had advance

10  knowledge of the unfitness of the employee and employed him or her with a

11  conscious disregard of the rights or safety of others," (2) if the employer

12  "authorized or ratified the wrongful conduct for which the damages are awarded,"

13  and (3) if the employer "was personally guilty of oppression, fraud, or malice." Cal.

14  Civ. Code § 3924(b). Plaintiff is proceeding on the second circumstance:

15  ratification. To obtain a punitive damages award on that theory, the law further

16  specifies that the ratification "must be on the part of an officer, director, or

17  managing agent of the corporation." *Id*. *See also White v. Ultramar, Inc.*, 21 Cal.

18  4th 563, 576-77 (1999) (defining who qualifies as a 'managing agent'). At trial,

19  Plaintiffs will produce evidence to satisfy both elements: Plaintiffs will establish

20  that a managing agent of Defendant GEO Group, Inc., Facility Administrator James

21  Janecka, ratified the wrongful conduct that Plaintiffs allege – namely, the use of

22  excessive force by Defendants Diaz and Campos. Plaintiffs' instruction is

23  appropriate and must be given.

24

25  DEFENDANTS' STATEMENT AGAINST THE INSTRUCTION:

26  Defendants contend that CACI 3941, 3942, and 3946 are appropriate in this matter

27  because (1) there is no evidence that either Defendants Diaz or Campos were

28  "managing agents"; (2) there is no evidence that defendant GEO had "advance

1   knowledge of the unfitness of Defendants Diaz or Campos and employed him/her

2   with a knowing disregard of the rights or safety of others"; (3) there is no evidence

3   that Diaz or Campos' conduct was expressly "authorized"; and (4) Plaintiffs' have

4   abandoned their claim for ratification (Plaintiffs previously had a *Monell* claim

5   wherein Plaintiffs argued GEO was liable under a ratification theory; however,

6   Plaintiffs' *Monell* claim has been summarily adjudicated). *See* Cal. Civ. Code §

7   3294(b) ("With respect to a corporate employer, the advance knowledge ***and***

8   conscious disregard, authorization, ratification or act of oppression, fraud, or malice

9   must be on the part of an officer, director, or managing agent of the corporation."

10

11  Additionally, as held in *White v. Ultramar, Inc.*, 21 Cal. 4th 563, 572 (1999),

12  "Section 3294 is no longer silent on who may be responsible for imputing punitive

13  damages to a corporate employer." "For corporate punitive damages liability,

14  section 3294, subdivision (b), requires that the wrongful act giving rise to the

15  exemplary damages be committed by an 'officer, director, or managing agent.'" *Id.*

16  Defendants Diaz and Campos were not officers, directors, or managing agents of

17  GEO. See e.g., id. at 566-567 ("[W]e conclude the Legislature intended the term

18  'managing agent' to include only those corporate employees who exercise

19  ***substantial*** independent authority and judgment in their corporate decision making

20  ***so that their decisions ultimately determine corporate policy***.") (emphasis added).

21  While Plaintiffs' claim in their statement in support of this jury instruction that "the

22  Warden both confirmed and accepted Diaz and Campos's conduct after it

23  occurred," the evidence does not support this contention, Plaintiffs have not

24  included any jury instructions related to ratification (e.g., CACI 3710), and

25  ratification is not an element of any of Plaintiffs' claims. This is a baseless attempt

26  to use CACI 3948 and 3949.

27  Moreover, the case cited by Plaintiffs held as follows:

28

5:18-CV-01125-SP
PARTIES' PROPOSED JURY INSTRUCTIONS

1
2
3
4
5
6
7

> "Here, there was insufficient evidence to sustain a punitive damages award based on ratification. There was no evidence that HomeBase's officers, directors, or managing agents had *actual knowledge* that Kinsel or Meraz had acted maliciously, as required under *College Hospital*. Evidence that reports routinely submitted to the officers might have provided the occasion for further investigation, possibly leading to discovery of employee misconduct, ***is not enough***."

8   *Cruz v. HomeBase*, 83 Cal. App. 4th 160, 168 (2000) (emphasis added). Here,
9   Plaintiffs' theory on ratification is based on an after-action review that is
10  comparable to a report that is routinely submitted after an incident to determine
11  whether there was employee misconduct. As was the case in *Cruz*, this is not
12  enough to establish ratification here.

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COURT'S INSTRUCTION NUMBER ____

**PUNITIVE DAMAGES—INDIVIDUAL AND CORPORATE DEFENDANTS (CORPORATE LIABILITY BASED ON ACTS OF NAMED INDIVIDUAL)—BIFURCATED TRIAL (SECOND PHASE)**

You must now decide the amount, if any, that you should award the Plaintiff in punitive damages. The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed the plaintiff and to discourage similar conduct in the future.

There is no fixed formula for determining the amount of punitive damages and you are not required to award any punitive damages. If you decide to award punitive damages, you should consider all of the following factors separately for each defendant in determining the amount:

1. How reprehensible was that defendant's conduct? In deciding how reprehensible a defendant's conduct was, you may consider, among other factors:

   1. Whether the conduct caused physical harm;

   2. Whether the defendant disregarded the health or safety of others;

   3. Whether the Plaintiff was financially weak or vulnerable and the defendant knew the Plaintiff was financially weak or vulnerable and took advantage of him;

   4. Whether the defendant's conduct involved a pattern or practice; and

   5. Whether the defendant acted with trickery or deceit.

2. Is there a reasonable relationship between the amount of punitive damages and the Plaintiff's harm [or between the amount of punitive damages and potential harm to the Plaintiff] that the defendant knew was likely to occur because of his conduct]?

- 81 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

    **3.**    In view of that defendant's financial condition, what amount is necessary to punish [him/her/it] and discourage future wrongful conduct? You may not increase the punitive award above an amount that is otherwise appropriate merely because a defendant has substantial financial resources. [Any award you impose may not exceed that defendant's ability to pay.]

[Punitive damages may not be used to punish a defendant for the impact of [his/her/its] alleged misconduct on persons other than the Plaintiff.]

<u>Authority</u>: CACI 3949

PLAINTIFFS' STATEMENT IN SUPPORT OF THE INSTRUCTION:

Plaintiffs are claiming punitive damages against both Defendant GEO Group and Defendants Diaz and Campos.  CACI 3946 specifically instructs: "When the plaintiff is seeking punitive damages from both the employer/principal and the employee/agent, use CACI No. 3948, Punitive Damages—Individual and Corporate Defendants (Corporate Liability Based on Acts of Named Individual)—Bifurcated Trial (First Phase)."

Under California Civil Code § 3924(b), a plaintiff is entitled to punitive damages against an employer under three circumstances: (1) if the employer "had advance knowledge of the unfitness of the employee and employed him or her with a conscious disregard of the rights or safety of others," (2) if the employer "authorized or ratified the wrongful conduct for which the damages are awarded," and (3) if the employer "was personally guilty of oppression, fraud, or malice." Cal. Civ. Code § 3924(b). Plaintiff is proceeding on the second circumstance: ratification. To obtain a punitive damages award on that theory, the law further specifies that the ratification "must be on the part of an officer, director, or managing agent of the corporation." *Id. See also White v. Ultramar, Inc.*, 21 Cal. 4th 563, 576-77 (1999) (defining who qualifies as a 'managing agent'). At trial, Plaintiffs will produce evidence to satisfy both elements: Plaintiffs will establish that a managing agent of Defendant GEO Group, Inc., Facility Administrator James Janecka, ratified the wrongful conduct that Plaintiffs allege – namely, the use of excessive force by Defendants Diaz and Campos. Plaintiffs' instruction is appropriate and must be given.

DEFENDANTS' STATEMENT AGAINST THE INSTRUCTION:

Defendants contend that CACI 3941, 3942, and 3946 are appropriate in this matter because (1) there is no evidence that either Defendants Diaz or Campos were "managing agents"; (2) there is no evidence that defendant GEO had "advance

5:18-CV-01125-SP
PARTIES' PROPOSED JURY INSTRUCTIONS

1    knowledge of the unfitness of Defendants Diaz or Campos and employed him/her

2    with a knowing disregard of the rights or safety of others"; (3) there is no evidence

3    that Diaz or Campos' conduct was expressly "authorized"; and (4) Plaintiffs' have

4    abandoned their claim for ratification (Plaintiffs previously had a *Monell* claim

5    wherein Plaintiffs argued GEO was liable under a ratification theory; however,

6    Plaintiffs' *Monell* claim has been summarily adjudicated). *See* Cal. Civ. Code §

7    3294(b) ("With respect to a corporate employer, the advance knowledge ***and***

8    conscious disregard, authorization, ratification or act of oppression, fraud, or malice

9    must be on the part of an officer, director, or managing agent of the corporation."

10   Additionally, as held in *White v. Ultramar, Inc.*, 21 Cal. 4th 563, 572 (1999),

11   "Section 3294 is no longer silent on who may be responsible for imputing punitive

12   damages to a corporate employer." "For corporate punitive damages liability,

13   section 3294, subdivision (b), requires that the wrongful act giving rise to the

14   exemplary damages be committed by an 'officer, director, or managing agent.'" *Id.*

15   Defendants Diaz and Campos were not officers, directors, or managing agents of

16   GEO. See e.g., id. at 566-567 ("[W]e conclude the Legislature intended the term

17   'managing agent' to include only those corporate employees who exercise

18   ***substantial*** independent authority and judgment in their corporate decision making

19   ***so that their decisions ultimately determine corporate policy***.") (emphasis added).

20   While Plaintiffs' claim in their statement in support of this jury instruction that "the

21   Warden both confirmed and accepted Diaz and Campos's conduct after it

22   occurred," the evidence does not support this contention, Plaintiffs have not

23   included any jury instructions related to ratification (e.g., CACI 3710), and

24   ratification is not an element of any of Plaintiffs' claims. This is a baseless attempt

25   to use CACI 3948 and 3949.

26   Moreover, the case cited by Plaintiffs held as follows:

27          "Here, there was insufficient evidence to sustain a punitive damages award

28          based on ratification. There was no evidence that HomeBase's officers,

1    directors, or managing agents had *actual knowledge* that Kinsel or Meraz had

2    acted maliciously, as required under *College Hospital*. Evidence that reports

3    routinely submitted to the officers might have provided the occasion for

4    further investigation, possibly leading to discovery of employee misconduct,

5    ***is not enough*.**"

6  *Cruz v. HomeBase*, 83 Cal. App. 4th 160, 168 (2000) (emphasis added). Here,

7  Plaintiffs' theory on ratification is based on an after-action review that is

8  comparable to a report that is routinely submitted after an incident to determine

9  whether there was employee misconduct. As was the case in *Cruz*, this is not

10 enough to establish ratification here.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COURT'S INSTRUCTION NUMBER \_\_\_\_

## RATIFICATION

Each Plaintiff claims that Defendant GEO Group, Inc. is responsible for the harm caused by Defendant Diaz's and Defendant Campos's conduct because Defendant GEO Group approved that conduct after it occurred. If you find that Defendants Diaz or Defendant Campos harmed any Plaintiff, you must decide whether Defendant GEO Group approved that conduct. To establish his claim, the Plaintiff must prove all of the following:

1. That Defendant Diaz and/or Defendant Campos, although not authorized to do so, purported to act on behalf of Defendant GEO Group;

2. That Defendant GEO Group learned of Defendant Diaz's and Defendant Campos's unauthorized conduct, and all of the material facts involved in the unauthorized conduct, after it occurred; and

3. That Defendant GEO Group then approved Defendant Diaz's and Defendant Campos's conduct.

Approval can be shown through words, or it can be inferred from a person's conduct.

Authority: CACI 3710

1  PLAINTIFFS' STATEMENT IN SUPPORT OF THE INSTRUCTION:

2  This statement is vital to Plaintiffs' ability to recover punitive damages from

3  Defendant GEO Group. Under California Civil Code § 3924(b), a plaintiff is

4  entitled to punitive damages against an employer under three circumstances: (1) if

5  the employer "had advance knowledge of the unfitness of the employee and

6  employed him or her with a conscious disregard of the rights or safety of others,"

7  (2) if the employer "authorized or ratified the wrongful conduct for which the

8  damages are awarded," and (3) if the employer "was personally guilty of

9  oppression, fraud, or malice." Cal. Civ. Code § 3924(b). Plaintiff is proceeding on

10 the second circumstance: ratification. To obtain a punitive damages award on that

11 theory, the law further specifies that the ratification "must be on the part of an

12 officer, director, or managing agent of the corporation." *Id*. *See also White v.*

13 *Ultramar, Inc.*, 21 Cal. 4th 563, 576-77 (1999) (defining who qualifies as a

14 'managing agent'). At trial, Plaintiffs will produce evidence to satisfy both

15 elements: Plaintiffs will establish that a managing agent of Defendant GEO Group,

16 Inc., Facility Administrator James Janecka, ratified the wrongful conduct that

17 Plaintiffs allege – namely, the use of excessive force by Defendants Diaz and

18 Campos. Plaintiffs' instruction is appropriate and must be given.

19

20 DEFENDANTS' STATEMENT AGAINST THE INSTRUCTION:

21 Defendants contend that this jury instruction – CACI 3710 –is unnecessary.

22 First, Plaintiffs abandoned their claim for ratification (Plaintiffs previously had a

23 Monell claim wherein Plaintiffs argued GEO was liable under a ratification theory;

24 however, Plaintiffs' Monell claim has been summarily adjudicated).

25 Second, this jury instruction is given only as a result of Plaintiffs' jury instruction

26 related to punitive damages. However, there is no evidence to support Plaintiffs'

27 request for punitive damages against GEO based on a ratification theory. Under

28 California Civil Code section 3294(b) (related to punitive damages), Plaintiffs must

5:18-CV-01125-SP
PARTIES' PROPOSED JURY INSTRUCTIONS

1  demonstrate "the advance knowledge *and* conscious disregard, authorization,

2  ratification or act of oppression, fraud, or malice must be on the part of an officer,

3  director, or managing agent of the corporation" to succeed on a claim of punitive

4  damages against GEO. (Emphasis added.) The evidence, which Plaintiffs are well

5  aware of, does not demonstrate that the Warden had "advance knowledge" and

6  "ratified" the alleged oppression, fraud, or malice. Moreover, the evidence does not

7  demonstrate that the Warden ratified any conduct of "an officer, director, or

8  managing agent of the corporation" in relation to the incident. Thus, this jury

9  instruction is without merit.

10  Third, the case cited by Plaintiffs to support their ratification theory states:

11          "Here, there was insufficient evidence to sustain a punitive damages award

12          based on ratification. There was no evidence that HomeBase's officers,

13          directors, or managing agents had actual knowledge that Kinsel or Meraz had

14          acted maliciously, as required under College Hospital. Evidence that reports

15          routinely submitted to the officers might have provided the occasion for

16          further investigation, possibly leading to discovery of employee misconduct,

17          ***is not enough*.**"

18  *Cruz v. HomeBase*, 83 Cal. App. 4th 160, 168 (2000) (emphasis added). Here,

19  Plaintiffs' theory related to ratification is based on an after-action review that is

20  comparable to a report that is routinely submitted after an incident to determine

21  whether there was employee misconduct. As was the case in *Cruz*, this is not

22  enough to establish ratification.

23

24

25

26

27

28

5:18-CV-01125-SP
PARTIES' PROPOSED JURY INSTRUCTIONS