Susan E. Coleman (SBN 171832)
E-mail:  scoleman@bwslaw.com
Carmen M. Aguado (SBN 291941)
E-mail:  caguado@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, Suite 2400
Los Angeles, CA  90071-2953
Tel: 213.236.0600     Fax: 213.236.2700

Attorneys for Defendants
THE GEO GROUP, INC., CAMPOS, and DIAZ

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR ARNOLDO RIVERA MARTINEZ; ISAAC ANTONIO LOPEZ CASTILLO; JOSUE VLADIMIR CORTEZ DIAZ; JOSUE MATEO LEMUS CAMPOS; MARVIN JOSUE GRANDE RODRIGUEZ; ALEXANDER ANTONIO BURGOS MEJIA; LUIS PEÑA GARCIA; JULIO CESAR BARAHONA CORNEJO, as individuals, <br><br> Plaintiffs, <br><br> v. <br><br> THE GEO GROUP, Inc., a Florida corporation; the CITY OF ADELANTO, a municipal entity; GEO LIEUTENANT DIAZ, sued in her individual capacity;  GEO SERGEANT CAMPOS, sued in his individual capacity, <br><br> Defendants. | Case No. 5:18-cv-01125-SP <br><br> **DEFENDANTS' PROPOSED VOIR DIRE QUESTIONS** <br><br> Pretrial Conference <br> Date:     January 21, 2020 <br> Time:     10:00 a.m. <br><br> Trial date: February 3, 2020 <br> Time:        9:00 a.m. <br><br> Magistrate <br> Judge:            Honorable Sheri Pym |

Defendants THE GEO GROUP, INC., CAMPOS, and DIAZ hereby submit the following proposed voir dire questions, to be asked in addition to the standard juror questionnaire.

///

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

SD #4821-2168-1842 v1
1/16/20

- 1 -

5:18-CV-01125-SP
DEFTS PROPOSED VOIR DIRE

1. In the trial of this case, the parties are entitled to have a fair, unbiased, and unprejudiced jury. If there is any reason why any of you might be biased or prejudiced in any way, you must disclose such reason when you are asked to do so. It is your duty to make this disclosure now.

2. Plaintiffs have the opportunity to present their evidence first, and may call Defendants and other defense witnesses to the witness stand during the presentation of their case. Only after Plaintiffs have presented their case will Defendants have an opportunity to present their side of the case. Will you agree to keep an open mind and make no decisions about the evidence until after all the evidence has been presented by both sides and the judge has instructed you regarding the law in this case?

3. Do you have any belief or feeling toward any of the parties, attorneys, or witnesses that might be regarded as a bias or prejudice for or against any of them?

4. Have any of you served as a juror or witness in a case involving any of the parties, attorneys, or witnesses?

5. Have any of you ever been the plaintiff or the defendant in a civil suit? If so, what was the nature of the suit, what was your capacity, in what court, and when? Were you satisfied with the outcome? If not, why not?

6. Have any of you heard of or have any knowledge of the facts or events in this case, apart from what the court has informed you today?

7. This lawsuit is brought by 8 individuals who were detained by Immigrations and Customs Enforcement (ICE), and housed in a facility operated by The GEO Group, Inc. Do any of you have strong feelings about private prison corporations, that would affect your ability to be a fair juror in this case?

8. Are any of you familiar with any private prisons that house detainees for the U.S. Immigrations and Customs Enforcement (ICE) in general, from personal knowledge, television reports, newspaper articles, or any other sources?

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

SD #4821-2168-1842 v1
1/16/20

- 2 -

5:18-CV-01125-SP
DEFTS PROPOSED VOIR DIRE

    a)     Are you familiar with The GEO Group?

*NOTE: If any juror does have familiarity with GEO, Defendant would request that further examination of the person be held out of the presence of the others and the following additional questions be asked:*

    b)     What is the substance of the information you have read or heard?

    c)     Have you had any personal experiences, or do you have any personal knowledge, about The GEO Group?

    d)     Have you formed any opinions about this case or The GEO Group based upon the information that you have received?

    e)     Will anything you experienced, read or saw affect your ability to serve as a fair and impartial juror in this case?

9.     Does the fact that the Plaintiffs are not necessarily U.S. Citizens affect your ability to be fair and impartial in this matter? The status of their citizenship is not an issue in this case.

10.     Do you believe that non-citizens should be able to bring a lawsuit?

11.     Are you now or have any of you ever been associated with any group or organization that is concerned with immigration policies, the treatment of immigrant detainees, or the reform or elimination of private prisons in California or elsewhere?

If so, have you formed any opinions based upon this experience? Would that experience affect your ability to serve as a fair and impartial juror?

12.     Do any of you have any knowledge or entertain any attitudes or opinions about the operation of private prisons and the treatment of immigrant detainees in California or elsewhere in the United States? If so, what is the basis of your knowledge? Would your knowledge, attitudes, or opinions affect your ability to serve as a fair and impartial juror?

13.     Have you or any member of your immediate family or close friend ever been detained by ICE?

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

SD #4821-2168-1842 v1
1/16/20

- 3 -

5:18-CV-01125-SP
DEFTS PROPOSED VOIR DIRE

      a.)     Please describe your experience with law enforcement throughout the process.

      b.)     Did you have any interaction with private custody employees?

      c.)     Would that experience affect your ability to serve as a fair and impartial juror?

14.     Have you, any relative, friend, or neighbor ever been housed in a private prison or detention facility operated by The GEO Group? If so, would that fact affect your ability to serve as a fair and impartial juror?

15.     Have you or any friend or relative ever visited an ICE detention facility? Under what circumstances? Would that fact affect your ability to serve as a fair and impartial juror?

16.     Have any of you read or seen news stories about children being separated from their parents at the border? Do you believe that is a policy implemented by the U.S. (via President Trump), or any private prison companies? This case does not involve any issues with children.

Would these news stories affect your ability to be impartial and judge this case solely on the evidence presented to you in this courtroom?

17.     Would the fact that the Defendants and most of the defense witnesses are custody officers working at an ICE detention facility affect your ability to serve as a fair and impartial juror?

18.     Would the fact that Defendants are represented by attorneys affect your ability to serve as a fair and impartial juror? What about the fact that Plaintiffs are represented by attorneys?

19.     What is your attitude about the honesty or dishonesty of detention officers?

20.     Would you believe a detention officer's testimony any more than another witness solely because of his or her job? Asked another way, would you disbelieve a detention officer's testimony any more than any other witness solely

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

SD #4821-2168-1842 v1
1/16/20

- 4 -

5:18-CV-01125-SP
DEFTS PROPOSED VOIR DIRE

because of his or her job?

21.  Would the fact that Defendants Diaz and Campos were employees of The GEO Group affect your ability to serve as a fair and impartial juror?  Would you give the same attention and consideration to testimony of employees of The GEO Group as you would give to any other witness?

22.  Have you, any relative, friend, or neighbor ever been an employee of a detention facility, jail or prison either in California or elsewhere?  If so, would that affect your ability to serve as a fair and impartial juror?

23.  Have you, any relative, friend, or neighbor ever been an employee of any law enforcement agency either in California or elsewhere?  If so, would that affect your ability to serve as a fair and impartial juror?

24.  Have any of you, any member of your family, or close friend had any special training in law, criminal science, or corrections?  If so, please describe that training.

Would that training affect your ability to serve as a fair and impartial juror?

25.  There may be some basic medical evidence presented in this case. Have you or any member of your family or close friends had any special training in any branch of medicine?  If yes, what is that training?

26.  Are you, or any of your relatives or close friends, a lawyer, judge, or person who works in a courtroom or with lawyers or judges?

27.  Have you ever filed a claim with a government agency?  If your answer is yes, can you describe the claim?  Can you set aside the facts that led to your claim and decide this case solely on the evidence presented and the law as given to you by the Court?

28.  The defendants in this case are Lieutenant Jane Diaz, and Sergeant Giovanni Campos, who worked for GEO at the Adelanto detention facility.  Do you feel that you cannot be fair to Lt. Diaz and Sgt. Campos because they were detention officers?  If so, why not?

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

SD #4821-2168-1842 v1
1/16/20

- 5 -

5:18-CV-01125-SP
DEFTS PROPOSED VOIR DIRE

29. Another defendant in this case is The GEO Group, a private corporation. A corporation is entitled to be treated as a person under the law. Do you feel that you can be fair to The GEO Group, even though it is a corporation?

30. Have you, or any member of your family or close friends, ever been critical of an immigration detention facility for any reason? If your answer is yes, can you divorce yourself from that criticism and decide this case solely on the evidence presented and the law as given to you by the Court?

31. At any time in your life did you intend to enter into a career in law enforcement or corrections? If your answer is yes, state whether you actually entered into an academy or joined a law enforcement agency.

32. Do you, or any of your relatives or close friends, work for a government agency? What agency? What are your responsibilities? Do you come into contact with law enforcement personnel? If your answer is yes, can you divorce yourself from that experience and anything that you may have seen or heard and decide this case solely on the evidence presented and the law as given to you by the Court?

33. Coming into this case, is there anything about The GEO Group or its officers and employees, that you do not like which may affect your ability to fairly decide this case?

34. Will you be able to judge the actions of the individual defendants solely on the evidence presented at the trial and without regard to anything you may have heard about the The GEO Group or any detention facility?

35. You will hear that Lt. Diaz and Sgt. Campos worked in the ICE detention facility in Adelanto, which is in San Bernardino County. Have you read anything about this facility? Will you be able to set aside anything you heard about the facility in Adelanto, and not let it affect your judgment in this case?

36. Do you understand that Lt. Diaz and Sgt. Campos were not involved in any news stories about Adelanto or private detention facilities that you may have

seen on TV or read about in the paper, and it should not be held against them?

37. Is there anything you think this Court should know about the way any of the media coverage about detention facilities and private prisons has affected your opinion of them?

38. Do you believe that just because this lawsuit has come to trial, the plaintiff must have valid claims against the defendants? If your answer is yes, please tell us why.

39. If you receive an instruction regarding the law and you believe the law is unfair or you simply disagree with it, will you be able to put your personal feeling aside and apply the law to the evidence which has been presented to you?

40. Are there any of you who think that a plaintiff in a lawsuit is more likely or less likely to be truthful merely because he or she is bringing a lawsuit for money damages?

41. The court will instruct you that Plaintiffs in this case have the burden of proving each of his alleged claims. If Plaintiffs fails to prove each claim, after hearing all the evidence and law in this case, will you be willing to bring in a verdict in favor of Defendants?

42. Are there any of you who think that a defendant in a lawsuit is more likely or less likely to be truthful merely because he is being sued? Would your answer be any different if the defendant is a custody officer?

43. If you develop sympathy for one party in this lawsuit, would you be able to separate that sympathy from your duty to apply the law to the facts of the case?

44. It is important that I have your assurance that you will, without reservation, follow my instructions and rulings on the law that will apply to this case. To put it somewhat differently, whether you approve or disapprove of the Court's ruling or instructions, it is your solemn duty to accept as correct these statements of the law. You may not substitute your own idea of what you think the

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

SD #4821-2168-1842 v1
1/16/20

- 7 -

5:18-CV-01125-SP
DEFTS PROPOSED VOIR DIRE

law ought to be. Will all of you follow the law as given to you by me in this case?

45. Do any of you know any other reason, or has anything occurred to you during this question period, that might make you doubtful that you could be a completely fair and impartial juror in this case? If there is, it is your duty to disclose the reason now.

Dated: January 16, 2020

BURKE, WILLIAMS & SORENSEN, LLP

By: /s/ Carmen M. Aguado
Susan E. Coleman
Carmen M. Aguado

Attorneys for Defendants
THE GEO GROUP, INC.,
CAMPOS, and DIAZ

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

SD #4821-2168-1842 v1
1/16/20

- 8 -

5:18-CV-01125-SP
DEFTS PROPOSED VOIR DIRE