UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 18-1125-SP | Date | January 23, 2020 |
|---|---|---|---|
| Title | Omar Arnoldo Rivera Martinez, et al. v. The GEO Group, et al. | | |

| Present: The Honorable | SHERI PYM, United States Magistrate Judge |
|---|---|

| Kimberly I. Carter | None |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** (In Chambers) Order Granting Motion to Bifurcate Trial [146], and Granting in Part and Denying in Part Motions in Limine [147, 148, 149, 151, 152, 153, 154]

## I. INTRODUCTION

Before the court are three motions in limine filed by plaintiffs (docket nos. 147-49), four motions in limine filed by defendants (docket nos. 151-54), and defendants' motion to bifurcate trial (docket no. 146). The parties filed their motions on December 30 and 31, 2019, their oppositions to the motions on January 7, 8, and 9, 2020, and their replies on January 14, 2020.

The court held a pretrial conference and heard argument on the motions on January 21, 2020. The court rules on (or reserves ruling on) each motion as set forth below, and for the reasons discussed at the pretrial conference.

## II. BACKGROUND

On August 15, 2019, plaintiffs filed the operative Second Amended Complaint ("SAC") based on federal and state law violations that allegedly occurred while plaintiffs, refugees from El Salvador and Honduras, were detained at the Adelanto Processing Center in Adelanto, California. Defendant GEO Group is a private corporation that operates the Adelanto facility subject to ICE guidelines, and individual defendants Jane Diaz and Giovanni Campos were employed by GEO Group as supervisory officers at Adelanto. Plaintiffs allege they undertook a hunger strike to protest the conditions at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 18-1125-SP | Date | January 23, 2020 |
|---|---|---|---|
| Title | Omar Arnoldo Rivera Martinez, et al. v. The GEO Group, et al. | | |

Adelanto, and defendants responded by beating them, using pepper spray, improperly decontaminating them, and failing to provide adequate medical treatment.

On January 7, 2020, the court granted in part and denied in part defendants' motions for summary judgment. The court granted defendants summary judgment on the federal civil rights claims, and dismissed the City of Adelanto as a defendant from the case. The motions were denied in all other respects.

### III. DISCUSSION

**A.      Legal Standard**

A party may use a motion in limine to exclude inadmissible or prejudicial evidence before it is actually offered at trial. *See Luce v. U.S.*, 469 U.S. 38, 40 n.2, 105 S. Ct. 460, 83 L. Ed. 2d 443 (1984). A motion in limine is "an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings." *Jonasson v. Lutheran Child & Family Services*, 115 F.3d 436, 440 (7th Cir. 1997). It also reduces the likelihood that unduly prejudicial evidence will ever reach the jury. *See Brodit v. Cambra*, 350 F.3d 985, 1004-05 (9th Cir. 2003) (citation omitted).

Motions in limine that seek exclusion of broad and unspecific categories of evidence, however, are generally disfavored. *Sperberg v. Goodyear Tire and Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975). Courts have recognized that they are "almost always better situated during the actual trial to assess the value and utility of evidence." *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1218 (D. Kan. 2007). Therefore, when confronted with this situation, "a better practice is to deal with questions of admissibility of evidence as they arise [in actual trial]" as opposed to tackling the matter in a vacuum on a motion in limine. *Sperberg*, 519 F.2d at 712; *see U.S. v. Marino*, 200 F.3d 6, 11 (1st Cir. 1999) (recognizing that proffered evidence can be more accurately assessed in the context of other evidence).

Further, "a motion in limine should not be used to resolve factual disputes or weigh evidence." *C & E Services, Inc. v. Ashland Inc.*, 539 F. Supp. 2d 316, 323 (D.D.C. 2008). That is the province of the jury. *See Reeves v. Sanderson Plumbing Products*, 530 U.S. 133, 150, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000). Nor should a motion in limine be used as a substitute for a motion for summary judgment. *C & E Services*, 539

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 18-1125-SP | Date | January 23, 2020 |
|---|---|---|---|
| Title | Omar Arnoldo Rivera Martinez, et al. v. The GEO Group, et al. | | |

F. Supp. 2d at 323.

Regardless of a court's initial decision on a motion in limine, it may revisit the issue at trial. *See* Fed. R. Evid. 103, Advisory Committee's note to 2000 Amendment ("Even where the court's ruling is definitive, nothing in the amendment prohibits the court from revisiting its decision when the evidence is to be offered."); *Luce*, 469 U.S. at 41-42 ("[E]ven if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling."). "The Supreme Court has recognized that a ruling on a motion in limine is essentially a preliminary opinion that falls entirely within the discretion of the district court." *U.S. v. Bensimon*, 172 F.3d 1121, 1127 (9th Cir. 1999) (citing *Luce*, 469 U.S. at 41-42). Rule 103 does not require a court to rule on a motion in limine. *CFM Commc'ns, LLC v. Mitts Telecasting Co.*, 424 F. Supp. 2d 1229, 1233 (E.D. Cal. 2005) (citation omitted).

**A.    Defendants' Motion to Bifurcate Trial (docket no. 146)**

Defendants move to bifurcate the trial into two phases: one regarding liability and compensatory damages, and another regarding punitive damages. Defendants argue separating punitive damages will avoid presenting unnecessary evidence about defendants' personal finances and net worth, which will help expedite trial proceedings. Mtn. at 3-4. Defendants anticipate that the jury would still decide in the first phase if punitive damages are warranted, but determination of the amount would be reserved for the second phase. *Id.* at 3.

On January 7, 2020, plaintiffs filed a Statement of Non-Opposition to defendants' motion. Although plaintiffs state that their non-opposition is conditioned on defendants' agreement that defendants will not mention their own ability or inability to pay during the first phase of the trial, avoiding such information in phase one is the reason for defendants' motion. The parties are thus in agreement that the trial should be bifurcated.

Under Federal Rule of Civil Procedure 42(b), a court may order a separate trial of one or more separate issues "for convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). Rule 42(b) "confers broad discretion upon the district court to bifurcate a trial, thereby deferring costly and possibly unnecessary proceedings pending resolution of potentially dispositive preliminary issues." *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002). Accordingly, defendants'

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 18-1125-SP | Date | January 23, 2020 |
|---|---|---|---|
| Title | Omar Arnoldo Rivera Martinez, et al. v. The GEO Group, et al. | | |

motion to bifurcate the trial into two phases, one about liability and compensatory damages, and the second concerning the amount of punitive damages provided the jury decides to award punitive damages in phase one, is granted.

### B.   Plaintiffs' Motion in Limine No. 1 (docket no. 148)

Plaintiffs seek to exclude evidence of plaintiff Rivera Martinez's two prior felony convictions from El Salvador. Plaintiffs state that both convictions occurred over 10 years ago, one of the convictions was for assault, and plaintiff Rivera Martinez incurred these convictions in 2006 and served a seven-year sentence from 2006 to 2013. Mtn. at 1, 3. Plaintiffs contend any evidence of the convictions must be excluded under Rules 401 and 403 because the evidence is not relevant to this litigation, and the prejudicial effect would substantially outweigh any probative value. *Id.* at 1. Plaintiffs argue the assault conviction is not probative of plaintiff Rivera Martinez's credibility as a witness, and the convictions should be excluded because, although Rivera Martinez was released from confinement less than ten years ago, putting the convictions within the ambit of Rule 609(a), the age of the actual convictions and lack of connection to the claims here support their exclusion. *Id.* at 3-4. If evidence of plaintiff Rivera Martinez's convictions are introduced, plaintiffs contend he should be allowed to present evidence that he maintains his innocence as to both convictions. *Id.* at 4.

Defendants have agreed to exclude any reference of the nature of the underlying convictions, but maintain that felony convictions are admissible for impeachment purposes. Opp. at 2. Defendants state the felony convictions were for sexual assault/rape and theft, and must be admitted under Rule 609(a). *Id.* Defendants further contend Rule 608(b) provides a separate basis for inquiring into specific instances of misconduct in a witness's past on cross-examination. *Id.* As to whether the convictions would be prejudicial and not probative of plaintiff Rivera Martinez's truthfulness, defendants argue they will not seek to introduce the nature of the crimes and only rely on the sanitized fact that the felony convictions exist. *Id.* at 3. Finally, defendants argue evidence of plaintiff Rivera Martinez's innocence is unnecessary, and in any case, allowing plaintiff to offer a single statement of his innocence would consume little to no time at trial. *Id.*

In their Reply, plaintiffs argue evidence that plaintiff Rivera Martinez was convicted of two felonies is unnecessarily cumulative because he served a single seven-year sentence for both convictions. Reply at 2. Plaintiffs further argue the impeachment

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 18-1125-SP | Date | January 23, 2020 |
|---|---|---|---|
| Title | Omar Arnoldo Rivera Martinez, et al. v. The GEO Group, et al. | | |

value of the convictions is low because the convictions are almost 14 years old and arose out of El Salvador, which according to plaintiffs, is a country with insufficient due process protections. *Id.* at 1.

Federal Rule of Evidence 609 governs impeachment by evidence of a criminal conviction. Under Rule 609(a), evidence of a crime that was punishable by death or by imprisonment for more than one year in the convicting jurisdiction must be admitted in a civil case, subject to Rule 403. Fed. R. Evid. 609(a)(1)(A). Rule 403 provides that a court may exclude relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403.

Although defendants contend Rule 608(b) provides a separate basis for the felony convictions to be introduced to impeach plaintiff Rivera Martinez, Rule 608 is a broader rule that covers witness testimony in general. Because Rule 609 specifically governs impeachment by evidence of a criminal conviction, it is the applicable rule here. *See U.S. v. Osazuwa*, 564 F.3d 1169, 1175 (9th Cir. 2009) ("[W]e hold that Rule 608(b) permits impeachment only by specific acts that have not resulted in a criminal conviction. Evidence relating to impeachment by way of criminal conviction is treated exclusively under Rule 609, to which we now turn.").

Plaintiff's sexual assault/rape conviction does not involve dishonesty or a false statement, and if the nature of the conviction were admitted there would be some risk that the prejudicial effect to plaintiff would outweigh any probative value. But where, as here, defendants are willing to only elicit testimony about the fact that the convictions exist and not their underlying substance, the prejudicial effect is mitigated. *See Howard v. Cty. of Riverside*, 2014 WL 12589655, at *8 (C.D. Cal. June 3, 2014) (ruling that defendants may introduce only the fact that plaintiff has been convicted of a felony to impeach him after weighing the probative value against the risk of prejudice); *see also Thomas v. Garcia*, 2013 WL 3773861, at *2 (E.D. Cal. July 17, 2013) (reaching same conclusion and permitting defendants to introduce the fact of a conviction and sentence served); *Martinez v. Davis*, 2011 WL 486255, at *3-4 (C.D. Cal. Feb. 4, 2011) (permitting defendants to introduce evidence only of the plaintiff's conviction and sentence, but not the nature of the conviction). Thus, Rule 403 does not warrant exclusion of the fact that plaintiff Rivera Martinez has two felony convictions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 18-1125-SP | Date | January 23, 2020 |
|---|---|---|---|
| Title | Omar Arnoldo Rivera Martinez, et al. v. The GEO Group, et al. | | |

A somewhat closer question is whether the procedural protections afforded criminal defendants in El Salvador are sufficient to warrant admission of the fact of plaintiff's El Salvador felony convictions. *See U.S. v. Wilson*, 556 F.2d 1177, 1178 (4th Cir. 1977) (not error to allow testimony regarding fact of felony conviction in Germany where "defendant has not shown that the German legal system lacks the procedural protections necessary for fundamental fairness"). The court will not permit a mini trial before the jury on the fairness of plaintiff's convictions here; it is for the court to decide whether plaintiff's El Salvador convictions may be admitted. Plaintiffs point to a State Department report on human rights in El Salvador, but the lack of a right to a jury and somewhat less developed forensic capabilities does not prove a lack of fundamental fairness. *See id.* ("a jury trial is not essential for fairness in every system of justice"). And while El Salvador may suffer from greater corruption than the United States, plaintiffs have made no showing that corruption played any role in plaintiff Rivera Martinez's convictions.

Accordingly, the court denies plaintiffs' motion in limine no. 1. The parties may elicit testimony establishing that plaintiff Rivera Martinez incurred two felony convictions in El Salvador, and that he maintains he was innocent. All other details regarding the convictions are excluded.

### C.    Plaintiffs' Motion in Limine No. 2 (docket no. 147)

Plaintiffs' second motion in limine concerns references to and evidence of plaintiffs' immigration backgrounds. Plaintiffs seek to preclude defendants from introducing any references or evidence about plaintiffs' entries to or departures from the United States that use terms such as "unlawful entry," "without inspection," "deportation," or "order of deportation." Pls.'s Proposed Order (docket no. 147-1) at 2. Plaintiffs argue references and evidence that presume plaintiffs' actions in entering the country were unlawful should be precluded because they are irrelevant, unfairly prejudicial, could confuse the jury, and could constitute improper character evidence under Rule 404. *Id.* at 1-3. Plaintiffs additionally argue evidence of plaintiffs' departures from the United States should be precluded on the same grounds. *Id.* at 2. Plaintiffs explain that they do not seek to exclude all evidence about plaintiffs' immigration status – because, for instance, because the parties will need to explain to the jury why plaintiffs were civil detainees in ICE custody – but only those references or evidence about plaintiffs entering the country unlawfully and that some plaintiffs were later deported. *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 18-1125-SP | Date | January 23, 2020 |
|---|---|---|---|
| Title | Omar Arnoldo Rivera Martinez, et al. v. The GEO Group, et al. | | |

at 5-6.

Defendants contend the parties should be limited to using only neutral references and evidence, or the door should be opened to all terms, both good and bad. Opp. at 2. Allowing plaintiffs to use sympathetic terms such as "asylum" or introduce evidence about conditions in Central America, their journeys to the border, or their asylum claims, according to defendants, is not relevant and would unduly prejudice defendants. *Id.* Defendants propose limiting information about plaintiffs' immigration histories to facts such as that they arrived in California on a certain date and were housed at Adelanto for a specific time period. *Id.* at 2-3. To the extent that plaintiffs are concerned about what the jury will be told if some plaintiffs are unable to attend trial in-person, defendants state these concerns can be addressed with a jury instruction. *Id.* at 3. Defendants request that the court determine a sanitized method of discussing plaintiffs' detention without referring to them as either illegal immigrants or asylum-seekers. *Id.* at 3.

In their Reply, plaintiffs argue they are entitled to provide the jury with some factual context about their backgrounds, and the absence of any explanation of who they are and why they were detained at Adelanto would confuse the jury and prejudice plaintiffs, especially given that Adelanto resembles a correctional facility in many respects. Reply at 2-3. Plaintiffs further argue defendants do not explain why plaintiffs' backgrounds and status as asylum seekers would prejudice them other than by stating that "asylum" is a sympathetic term. *Id.* at 2.

Courts have held that references to a party's immigration status may expose that party to a risk of unfair prejudice, especially where the evidence of that party's immigration status is not relevant to the underlying claims. *See Rivera v. NIBCO, Inc.*, 384 F.3d 822, 828 n.8 (9th Cir. 2004) (noting that the trial court granted a motion in limine precluding questioning of the plaintiffs' immigration status in an employment discrimination case); *see also Andrade v. Walgreens-Optioncare, Inc.*, 784 F. Supp. 2d 533, 535 (E.D. Pa. 2011) (reviewing caselaw from various district courts and the First Circuit holding that references to a party's immigration status may expose that party to a substantial risk of unfair prejudice absent some specific reason for the information's relevance). Because of the nature of the claims in this case, however, plaintiffs must necessarily provide the jury with some information about how they came to be detained at Adelanto, and that they were civil detainees in ICE custody.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 18-1125-SP | Date | January 23, 2020 |
|---|---|---|---|
| Title | Omar Arnoldo Rivera Martinez, et al. v. The GEO Group, et al. | | |

In contrast, plaintiffs' subsequent immigration histories, such as whether they left the country subject to a deportation order, have no bearing on the claims at issue here. Evidence and terms used to describe plaintiffs' subsequent immigration histories such as "deportation" and "order of deportation" are irrelevant and therefore inadmissible under Rule 402. Plaintiffs may state where they are living now and what they are doing, but neither side may elicit testimony regarding plaintiffs' current immigration status, or how those who have left the U.S. came to do so.

With respect to how plaintiffs came to be detained at Adelanto, plaintiffs may identify their home countries, state that they were taken into civil immigration custody upon entry to the U.S., and requested asylum. The court appreciates defendants' concerns that "asylum" is a sympathetic term, but it is also an accurate term here that fairly explains plaintiffs' circumstances to the jury. Given the claims here, the court will also permit plaintiffs to testify briefly as to why they left their home countries. But the court cautions plaintiffs that excessive emphasis on sympathetic details, or testimony about their journeys from Central America, may open the door to defendants being permitted to delve into less sympathetic facts about plaintiffs. Likewise, the court may permit defendants to cross-examine plaintiffs regarding any inconsistent statements. These warnings aside, the court grants plaintiffs' motion to exclude references to plaintiffs' unlawful status and entries.

### D.  Plaintiffs' Motion in Limine No. 3 (docket no. 149)

Plaintiffs seek to preclude defendants from introducing evidence about any conclusions reached by the U.S. government or its consultants after an investigation of the June 12, 2017 incident in this case. Plaintiffs argue this evidence constitutes an impermissible legal conclusion. Mtn. at 2-3. Even if the court determines that the evidence does not qualify as a legal conclusion, plaintiffs contend the probative value of the government's conclusions is outweighed by the danger of unfair prejudice, invades the province of the jury, and would create a trial within a trial so as to delay the proceedings. *Id.*

Defendants contend factual findings from government investigations are admissible under Rule 803(8)(A)(iii), and here, ICE officials engaged in an After-Action Review of the incident and concluded that the actions taken were reasonable and appropriate. Opp. at 2-3. According to defendants, the conclusions in the After-Action

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 18-1125-SP | Date | January 23, 2020 |
|---|---|---|---|
| Title | Omar Arnoldo Rivera Martinez, et al. v. The GEO Group, et al. | | |

Review about defendants' use of force are not purely legal conclusions, and plaintiffs have already relied on this report in opposing defendants' motions for summary judgment. *Id.* at 3. Defendants further contend they should be permitted to introduce evidence of the government's factual conclusions or findings on the GEO Group's compliance with ICE standards if plaintiffs intend to have their experts testify on the same topics. *Id.* at 4-5.

In their Reply, plaintiffs clarify that their motion in limine does not concern the After-Action Review, but is about conclusions made by a third-party ICE contractor, the Nakamoto Group, about the June 12, 2017 incident. Reply at 1. At the hearing plaintiffs also expressed concern regarding unspecified Department of Justice conclusions.

The record before the court does not include any reports from the Nakamoto Group or Department of Justice, nor have the parties produced these reports as attachments to their briefs. The court cannot determine whether this evidence should be excluded when it is unclear what the content of this evidence is and which specific portions are objectionable. Further, it is clear that any use of such evidence at trial will be context-specific.

Accordingly, plaintiffs' motion in limine no. 3 is denied without prejudice. If defendants seek to introduce or reference any such investigations or conclusions at trial, they must alert plaintiffs to give them an opportunity to object.

E.   **Defendants' Motion in Limine No. 1 (docket no. 151)**

Defendants seek to exclude evidence of other alleged bad acts by defendants, including but not limited to: (1) protests related to the treatment of immigrant detainees at Adelanto; (2) complaints and/or lawsuits filed against defendants related to other incidents, including complaints within GEO employees' personnel files; and (3) investigations or matters about other incidents of alleged mistreatment of detainees that purport to document rule violations or sanctions against defendants, including the September 2018 report by the Office of the Inspector General ("2018 OIG Report"), and internal GEO investigations and reports about unrelated incidents from employees' personnel files. Mtn. at 1-2. Defendants argue this evidence is irrelevant, unduly prejudicial relative to its probative value, would consume time, is inadmissible under Rule 404(b)(1), and much of the evidence is inadmissible hearsay. *Id.* at 2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 18-1125-SP | Date | January 23, 2020 |
|---|---|---|---|
| Title | Omar Arnoldo Rivera Martinez, et al. v. The GEO Group, et al. | | |

The categories of evidence disputed by the parties are somewhat broad. For instance, defendants seek to exclude all "complaints and/or lawsuits made against Defendants related to other incidents" and "investigations or matters regarding/related to other incidents of alleged mistreatment of immigrant detainees." Reply at 9. But apart from the specific items of evidence disputed by the parties, namely, evidence regarding protests at Adelanto, prior bad acts by defendant Diaz and Officer Reyes from their employee personnel files, and the 2018 OIG Report, the parties provide no information about what "other incidents" these documents refer to and the evidentiary issues they raise. The court will not issue a blanket ruling on broad categories of evidence, and instead limits its rulings to the specific evidentiary issues identified by the parties.

### 1. Evidence Regarding Protests by Private Citizens

Evidence regarding protests are not relevant to the claims at issue in this case. The protests referenced by the parties here are those undertaken by private citizens outside the boundaries of the facility. *See* Mtn., Ex. C (Deposition of James Janecka) at 100 ("In Adelanto, there are infrequent vigil march protests at the facility on the outside reflecting detainee complaints" and "you are talking about vigils outside by citizens presumably, but not by a detainee for that."). Plaintiffs contend evidence about these protests is relevant to their negligent training and supervision claims because the protests placed defendants on notice of violations at Adelanto. But it is unclear why protests undertaken by private citizens would have placed defendants on notice of any training or supervision issues within the facility, and none of the cases cited by plaintiffs supports such a proposition. This is particularly so since the protests typically concerned issues unrelated to those in this case. Plaintiffs argue Warden Janecka's response to those protests goes to his state of mind. Statements by the Warden are addressed in a separate motion below. But as to bare evidence of external protests, such evidence is irrelevant to plaintiffs' negligent training and supervision claim and will be excluded.

### 2. Evidence of Prior Bad Acts by Defendant Diaz and Officer Reyes from their Personnel Files

Under Rule 404(b), "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). But "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 18-1125-SP | Date | January 23, 2020 |
|---|---|---|---|
| Title | Omar Arnoldo Rivera Martinez, et al. v. The GEO Group, et al. | | |

plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

Defendants anticipate plaintiffs will rely on the following evidence from defendant Diaz and Officer Reyes's personnel files to impeach them: (1) a April 2019 complaint and investigation into defendant Diaz's use of pepper spray, and a finding that Diaz obstructed the investigation by providing incomplete information to the investigator that ultimately led to her termination from GEO Group; and (2) a February 2018 complaint and investigation into Officer Reyes's alleged verbal abuse of a detainee that also resulted in his termination. Mtn. at 8-9.

Defendants contend the probative value of these complaints is outweighed by the danger of undue prejudice because the jury may conclude that defendants here acted in the same way during the incident in question, and would constitute improper character evidence under Rule 404(b). *Id.* at 6-8. Defendants cite *Gates v. Rivera*, 993 F.2d 697 (9th Cir. 1993), and other cases for the proposition that the past conduct of officers is neither admissible nor relevant to a civil rights case, and does not bear on whether the officer used excessive force during the incident in question. *Id.* at 7-8.[1]

Plaintiffs argue under *Duran v. City of Maywood*, 221 F.3d 1127, 1132-33 (9th Cir. 2000), "other acts" evidence is admissible under Rule 404(b) if the following test is satisfied: (1) there is sufficient proof for the jury to find the defendant committed the other act; (2) the other act is not too remote in time; (3) the other act is introduced to prove a material issue in the case; and (4) the other act is, in some cases, similar to the offense charged. Opp. at 4. But even if all four conditions are met, the evidence may still be excluded under Rule 403 if the probative value of the evidence is substantially outweighed by the danger of unfair prejudice. *Duran*, 221 F.3d at 1133.

---

[1] Defendants also argue evidence of prior bad acts is automatically barred under Rules 402 and 404 if the court determines that only state law claims remain viable because the remaining claims are solely related to the incident itself. Mtn. at 3. The court disagrees. Given that the remaining claims involve questions about defendants' training and supervision, evidence of prior bad acts is not per se barred and the court addresses the specific items of evidence contested by the parties below.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 18-1125-SP | Date | January 23, 2020 |
|---|---|---|---|
| Title | Omar Arnoldo Rivera Martinez, et al. v. The GEO Group, et al. | | |

    Plaintiffs state they intend to introduce evidence of these separate incidents to prove defendant GEO Group negligently trained and supervised its employees. Opp. at 3. Plaintiffs contend all of the factors under *Duran* are satisfied here because the evidence exists in defendant Diaz and Officer Reyes's personnel files, the subsequent incidents occurred within two years of the June 2017 at issue in this case, the evidence of these other acts is probative of the material issue that GEO Group negligently trained and supervised its employees, and the other acts are sufficiently similar because they pertain to the mistreatment of detainees. *Id.* at 4-5. To the extent that evidence of these other acts may be prejudicial to defendants, plaintiffs argue improper uses of pepper spray and verbal abuse of detainees is highly probative of GEO Group's negligent training and supervision of its employees, and outweighs any prejudicial effect. *Id.* at 5-6. Plaintiffs additionally argue that because defendant Diaz was found to have obstructed the investigation of the April 2019 complaint by not providing complete information to the investigator, this evidence is probative of her character for truthfulness and is admissible on cross-examination under Rule 608.

    First, as to the complaint of verbal abuse in Officer Reyes's file, although plaintiffs categorize this complaint as being about the mistreatment of detainees, the underlying incident at issue here does not involve any verbal abuse. Nor would a subsequent incident of verbal abuse pertain to any negligent training or supervision by GEO Group about the use of force or provision of medical care. Thus, this "other act" evidence does not satisfy the third and fourth factors under *Duran* – that the other act be relevant to a material issue in the case and be similar to the offense charged – and is inadmissible under Rule 404(b). Because plaintiffs identify no other basis on which this evidence could be admitted to support their negligent training and supervision claim, it must be excluded.

    The "other acts" evidence in defendant Diaz's personnel file, however, is substantively different. This evidence pertains to a complaint in which defendant Diaz was alleged to have improperly used pepper spray, and in which a finding was made that Diaz had obstructed the investigation by providing incomplete information. The evidence of this complaint satisfies the *Duran* factors because the records of the complaint and investigation exist in her personnel file, the subsequent incident occurred within two years of the June 12, 2017 incident at issue here, the fact that Diaz allegedly used pepper spray in an improper manner would be introduced to prove the adequacy of GEO Group's use of force training, and the facts are very similar to those at issue here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 18-1125-SP | Date | January 23, 2020 |
|---|---|---|---|
| Title | Omar Arnoldo Rivera Martinez, et al. v. The GEO Group, et al. | | |

    The evidence is presumptively admissible under Rule 404(b) subject to the balancing test in Rule 403. *Duran*, 221 F.3d at 1133 ("Even if all four conditions are met, the evidence may still be excluded if under Rule 403, the probative value of the evidence is substantially outweighed by the danger of unfair prejudice."). Although evidence of defendant Diaz's subsequent misconduct would have a significant prejudicial effect, the probative value of the information as it pertains to defendant GEO Group's negligent training and supervision significantly outweighs the risk of prejudice. *See Fogleman v. Cty. of Los Angeles*, 2012 WL 13005832, at *7 (C.D. Cal. July 25, 2012) (permitting evidence of a history of complaints brought against a specific officer where the case involved allegations of a custom and practice of brutality at that jail); *but see Webb v. Ackerman*, 2017 WL 5665000, at *4-5 (C.D. Cal. Feb. 15, 2017) (excluding evidence of an officer's prior uses of force in an excessive force case where the only "material point" the incident could be offered to prove is that because the officer allegedly used excessive force on prior occasions, he did so during the incident in question).

    Furthermore, if defendant Diaz testifies at trial, her obstruction of the previous investigation may be inquired into on cross-examination under Rule 608. Rule 608 provides that a witness's credibility may be attacked or supported by testimony about the witness's reputation for having a character for truthfulness or untruthfulness. Fed. R. Evid. 608(a). But apart from a criminal conviction under Rule 609, "extrinsic evidence is not admissible to prove specific instances of a witness's conduct in other to attack or support the witness's character for truthfulness." Fed. R. Evid. 608(b). A court may allow these specific instances of conduct to be inquired into on cross-examination if they are probative of the witness's character for truthfulness or untruthfulness. *Id.* Because the investigation of the April 2019 complaint included a finding that defendant Diaz obstructed the investigation by providing incomplete information to the investigator, this constitutes an act that is probative of Diaz's character for truthfulness. Plaintiffs may inquire into defendant Diaz's obstruction of the investigation on cross-examination.

### 3. Evidence of Conclusions from the 2018 OIG Report

    Defendants seek to exclude the 2018 OIG Report on the grounds that it relates to issues identified at the facility unrelated to the use of force, and that these issues were identified and reported on 11 months after the incident at issue here. Mtn. at 5. Defendants further argue mentioning these unrelated incidents would unfairly prejudice

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 18-1125-SP | Date | January 23, 2020 |
|---|---|---|---|
| Title | Omar Arnoldo Rivera Martinez, et al. v. The GEO Group, et al. | | |

defendants by inflaming the passions and prejudices of the jury, and could mislead the jury into thinking that these additional incidents should be taken into account here. *Id.* Defendants state they are willing to exclude any conclusions reached by the Nakamoto Group, which is partially the basis of plaintiffs' motion in limine no. 3, if plaintiffs agree to exclude the 2018 OIG Report. *Id.* at 2. Whether the parties can agree to exclude some items of evidence is not a matter for the court to decide, and the court does not address this question here.

Plaintiffs argue the 2018 OIG Report is relevant because it tends to show that defendant GEO Group failed to remedy institutional problems that plaintiffs had complained of beforehand. Opp. at 7. Plaintiffs further argue the report could be used to impeach defense witnesses who claim they were not on notice of problems at the facility, and rehabilitate plaintiffs' credibility if they are impeached regarding the conditions they faced at Adelanto. *Id.* at 6-7.

Given that the inspection took place in May 2018 and the report was issued in September 2018, this report released after the incident could not have placed defendants on notice of the issues raised by plaintiffs in June 2017. Nor do plaintiffs explain how defendant GEO Group's alleged failure to remedy institutional problems is relevant to proving their claims arising out of the June 12, 2017 incident.

Plaintiffs point out, however, that the conditions of the facility are at issue to the limited extent that plaintiffs will explain what prompted their hunger strike. They want to be able to use the 2018 OIG Report to rehabilitate plaintiffs' credibility if they are impeached about the conditions. The court notes that conditions at the facility are not directly at issue, and any testimony plaintiffs give about the conditions should be limited. To the extent defendants open the door by impeaching plaintiffs' testimony about the conditions, the court will permit plaintiffs to make limited use of the OIG Report to bolster their credibility. Otherwise, it is excluded.

Accordingly, defendants' motion in limine no. 1 is granted in part and denied in part, as described above.

F. **Defendants' Motion in Limine No. 2 (docket no. 152)**

Defendants' motion in limine no. 2 seeks to exclude evidence related to plaintiffs'

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 18-1125-SP | Date | January 23, 2020 |
|---|---|---|---|
| Title | Omar Arnoldo Rivera Martinez, et al. v. The GEO Group, et al. | | |

immigration backgrounds such as the reasons why plaintiffs left their home countries, their journeys from their home countries to the United States, their status as asylum seekers, and their current immigration status. *Mtn.* at 3. Defendants contend this evidence is irrelevant, unduly prejudicial to defendants relative to its probative value, would consume time, and is inadmissible under Rule 403. *Id.* at 3-4. Defendants contend plaintiffs will introduce this biographical evidence to garner sympathy from the jury and distract them from the elements of the case. *Id.* at 3.

Defendants' motion overlaps with the subject of plaintiffs' motion in limine no. 2, as discussed above. As set forth above, plaintiffs may testify briefly to why they left their home countries and that they requested asylum. Otherwise, defendants' motion is granted.

### G.     Defendants' Motion in Limine No. 3 (docket no. 153)

Defendants seek to exclude plaintiffs from introducing any media articles such as from radio, television, newspapers, and the internet that pertain to the instant action, the underlying incident, or other unrelated incidents at Adelanto. *Mtn.* at 1. Defendants argue these media references and third-party complaints are hearsay and unduly prejudicial. *Id.*; Reply at 1-5.

Defendants contend media articles specifically pertaining to the instant action and plaintiffs are hearsay under Rule 801(c) because they are offered to prove the truth of the matter asserted, and statements quoted in an article often constitute double hearsay. *Mtn.* at 2. Defendants argue the media articles also are not admissible under the residual hearsay exception under Rule 807 because defendants are not aware of the entire universe of articles plaintiffs intend to rely on, these articles lack guarantees of trustworthiness, and may contain double hearsay. *Id.* at 2-3. Defendants additionally argue the articles are irrelevant and prejudicial, and therefore inadmissible. *Id.*

Defendants raise similar arguments about media articles reporting on unrelated incidents at Adelanto, and contend they are inadmissible because they are irrelevant to the claims in this case, hearsay, and may be construed as improper character evidence under Rule 404(b)(1). *Id.* at 4-5. Even if the court were to find that media articles about unrelated incidents are relevant, defendants argue these articles should still be barred under Rule 403 because the risk of prejudice outweighs any probative value given that

Case 5:18-cv-01125-SP Document 202 Filed 01/23/20 Page 16 of 20 Page ID #:5770

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 18-1125-SP | Date | January 23, 2020 |
|---|---|---|---|
| Title | Omar Arnoldo Rivera Martinez, et al. v. The GEO Group, et al. | | |

the articles may be inaccurate, based on hearsay and speculation, will confuse the issues, mislead the jury, cause undue delay, and waste time. *Id.* at 6.

Plaintiffs argue news articles are relevant to their negligent training and supervision claim because plaintiffs intend to offer such evidence to prove defendants were on notice of deficient training policies and practices. Plaintiffs maintain media reports offered to prove notice are not hearsay if they are not admitted for the truth of their contents, and are trustworthy because they are self-authenticating documents. Opp. at 1-3. Additionally, plaintiffs contend they should be permitted to ask Warden Janecka about admissions he made to the press, which should be considered statements of a party-opponent that are not hearsay. *Id.* at 3-4. Plaintiffs further argue media reports do not constitute character evidence of any individual defendant because the articles in question concern institutional issues at Adelanto and not the character of any individual. *Id.* at 4-5. Finally, plaintiffs argue their statements in these news reports can be used to rehabilitate them if their credibility is attacked, and any risk of confusing the jury or wasting time can be mitigated by explanations of the relevant portions of the news reports and the purpose they are being offered for. *Id.* at 5.

The parties provide a non-exclusive list of the articles already produced in discovery. Mtn. at 4-5; Aguado Decl. (docket no. 153-1) ¶ 3, Ex. A. These articles cover the hunger strikes at Adelanto, an incident of a GEO Group whistleblower exposing First Amendment violations, inadequate training, poor conditions, and deaths of detainees at Adelanto. *Id.* Several articles specifically cover plaintiffs' hunger strike. *Id.* The parties do not identify any specific statements made by Warden Janecka that may constitute a statement of a party opponent.

The media articles are inadmissible because they do not meet the basic relevance requirements of Rule 401 and are largely inadmissible hearsay. Rule 401 provides that evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Media coverage of either the June 12, 2017 incident or unrelated incidents at Adelanto have no bearing on the claims at issue here, nor do they demonstrate defendants were placed on notice of institutional issues. *See, e.g., Perez v. Cty. of Los Angeles*, 2012 WL 13005790, at *3 (C.D. Cal. Feb. 6, 2012) (granting defendants' motion in limine to exclude news articles or media referencing the underlying use of force incident or other use of force incidents involving the Los Angeles

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 18-1125-SP | Date | January 23, 2020 |
|---|---|---|---|
| Title | Omar Arnoldo Rivera Martinez, et al. v. The GEO Group, et al. | | |

County Sheriff's Department).

Plaintiffs argue reported statements by Warden Janecka are admissible as admissions of a party opponent, but they do not point to any specific statements. Plaintiffs ask for the opportunity to ask Janecka about his reported statements, and to rehabilitate plaintiffs with prior consistent statements plaintiffs themselves made to the media. Statements made by Janecka or plaintiffs may be properly used in examination, but plaintiffs must first allow defendants an opportunity to object at sidebar before using any such statements. As to media articles generally, however, defendants' motion in limine no. 3 is granted.

## H. Defendants' Motion in Limine No. 4 (docket no. 154)

Defendants seek to exclude the testimony of plaintiffs' expert Dr. Homer Venters. Dr. Venters is a physician and epidemiologist who specializes in health services for the incarcerated. Aguado Decl. (docket no. 154-1) ¶ 3, Ex. A (Expert Report of Dr. Venters and Curriculum Vitae) at 4.[2]

Federal Rule of Evidence 702 requires that a testifying expert be "qualified as an expert by knowledge, skill, experience, training, or education." Fed. R. Evid. 702. Rule 702 allows admission of "scientific, technical, or other specialized knowledge" by a qualified expert if it will "assist the trier of fact to understand the evidence or to determine a fact in issue." *Id.*

Under *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993), a trial judge acts as a "gatekeeper" to insure that expert testimony "is not only relevant, but reliable." *Id.* at 589. The court has broad discretion in assessing both requirements. *See U.S. v. Alatorre*, 222 F.3d 1098, 1100 (9th Cir. 2000). The reliability requirement ensures "that an expert, whether basing testimony on professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152, 119 S. Ct. 1167, 143 L. Ed. 2d 238 (1999).

---

[2] Citations to page numbers in Dr. Venters's expert report and curriculum vitae refer to those designated by CM/ECF.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 18-1125-SP | Date | January 23, 2020 |
|---|---|---|---|
| Title | Omar Arnoldo Rivera Martinez, et al. v. The GEO Group, et al. | | |

The offering party must show by a preponderance of the evidence: (1) that the expert is qualified to render the opinion; and (2) that the opinion offered has adequate support.  *Daubert*, 509 U.S. at 588-90.  Expert testimony is not admissible if it is speculative.  *See Gen. Elec. v. Joiner*, 522 U.S. 136, 143-46, 118 S. Ct. 512, 139 L. Ed. 2d 508 (1997).  To satisfy the relevance requirement, the proffered expert testimony must assist the trier of fact in understanding or determining a fact in issue.  *Daubert*, 509 U.S. at 591.  In assessing relevance, the court looks to the governing substantive legal standard.

Dr. Venters offers the following opinions in his incident review:

(1)  GEO Group security staff used force in a manner that was inconsistent with GEO use of force policy and ICE standards on use of force.  The detainees were not posing a security threat to anyone.  GEO Group staff did not exhaust the use of force continuum before using force, and their efforts to de-escalate the conflict was minimal at best, and fell below generally accepted de-escalation practices.  Facial trauma sustained by plaintiffs during the incident would not have resulted from exposure to pepper spray.  Health staff were not notified or consulted about the planned use of force for consideration of special medical vulnerabilities.

(2)  GEO Group security staff violated GEO policy, ICE policies, and generally accepted correctional and healthcare policies and practices when they denied detainees exposed to pepper spray access to basic health and decontamination care.

(3)  GEO Group security staff violated GEO and ICE policies by responding with force instead of first notifying and involving health staff regarding a declared hunger strike.

(4)  Plaintiffs' failure to seek medical care upon their release from ICE custody was typical of how formerly incarcerated patients behave.

Aguado Decl. ¶ 3, Ex. A at 6-10.

Defendants contend Dr. Venters's testimony fails to satisfy the requirements of Rules 702 and 703 because his intended testimony consists of legal conclusions on issues reserved for the jury and lacks proper foundation.  Mtn. at 1.  Defendants argue evidence

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 18-1125-SP | Date | January 23, 2020 |
|---|---|---|---|
| Title | Omar Arnoldo Rivera Martinez, et al. v. The GEO Group, et al. | | |

of violations of internal policies are irrelevant because these violations do not create civil liability for an entity or its employees, and questions about whether the force used was objectively reasonable and plaintiffs' emotional distress are issues for the jury to decide. *Id.* at 4-5. Defendants also argue the jury is well-equipped to read the relevant policies, watch video recordings, and listen to witness testimony to reach their own conclusions, and do not need the assistance of an expert for these tasks, nor do they require Dr. Venters's opinions on his personal experience with pepper spray. *Id.* at 5-6.

Defendants further argue Dr. Venters is not qualified to opine on officers' policies and practices on the use of force or decontamination because Dr. Venters is a physician and epidemiologist, and has no training or experience in law enforcement, the security operations of a correctional facility, or supervising security staff at a correctional facility. *Id.* at 6-9. Defendants additionally argue Dr. Venters's opinions on whether plaintiffs sought medical care after being released from Adelanto and if this is typical of formerly incarcerated patients, and how plaintiffs sustained their injuries is speculative and lacks foundation. *Id.* at 9. Finally, defendants argue Dr. Venters's opinions should be excluded because they are cumulative of those of plaintiffs' expert Jeffrey Schwartz, who will also provide testimony about the use of force. *Id.* at 10.

Plaintiffs argue Dr. Venters is qualified to opine on the use of force and decontamination procedures used here based on his background as a physician, epidemiologist, and health administrator in the field of correctional health services, and state Dr. Venters has conducted over 50 trainings for security staff on the use of force and de-escalation policies. Opp. at 1. Plaintiffs state Dr. Venters also has personal experience in responding to hunger strikes where he not only provided patient care but participated in de-escalating conflicts between detainees and security staff. *Id.* Plaintiffs further argue Dr. Venters's experience in use of force and healthcare policies would be of assistance to the jury, he has sufficient foundation for his opinions on why plaintiffs did not immediately seek care after being released from Adelanto, and presents opinions that differ from those of plaintiffs' other expert, Dr. Schwartz, because they have different backgrounds, education, and training. *Id.* at 3-7.

Although expert testimony about an ultimate issue is not "per se improper," "an expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law." *Mukhtar v. Cal. State Univ., Hayward*, 299 F.3d 1053, 1066 n. 10 (9th Cir. 2002), overruled on other grounds by *Estate of Barabin v. AstenJohnson, Inc.*,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 18-1125-SP | Date | January 23, 2020 |
|---|---|---|---|
| Title | Omar Arnoldo Rivera Martinez, et al. v. The GEO Group, et al. | | |

740 F.3d 457 (9th Cir. 2014). Some of Dr. Venters's proposed testimony crosses this line. Dr. Venters also may not testify based on speculation about what occurred, nor may he testify to what occurred based on hearsay statements made by others. It is up to the percipient witnesses to testify to the events in question.

The bigger concern with Dr. Venters's testimony, however, is whether Dr. Venters has the expertise to render all of the opinions he offers. Certainly he has medical expertise, particularly in caring for incarcerated patients, and may testify to plaintiffs' injuries, what caused them, the care they should have received after exposure to pepper spray, and the typicality of failure to seek medical care upon release from custody.

But defendants raise serious questions as to whether Dr. Venters has the expertise to testify regarding use of force, including whether the detainees posed a threat, whether the use of force was in compliance with policy, and what de-escalating actions should have been taken. The court will not rule on this issue until it has had a chance to hear from Dr. Venters at a *Daubert* hearing. As discussed at the pretrial conference, the court will hold such a hearing at some point during trial.

Accordingly, the court will reserve its ruling on motion in limine no. 4 until after Dr. Venters has been examined outside the jury's presence at trial.

## IV.
## CONCLUSION

IT IS THEREFORE ORDERED that defendants' motion to bifurcate be granted, and the parties' motions in limine be granted in part and denied in part as set forth above, with certain issues reserved for later adjudication as also set forth above.