1   Rachel Steinback, SBN 310700          Carol A. Sobel, SBN 84483
2   Law Office of Rachel Steinback        Monique A. Alarcon, SBN 311650
    P.O. Box 291253                       Law Office of Carol Sobel
3   Los Angeles, CA 90029                 725 Arizona Avenue, Suite 300
4   (t) 213-537-5370                      Santa Monica, CA 90401
    (f) 213-232-4003                      (t) 310-393-3055
5   (e) steinbacklaw@gmail.com            (e) carolsobel@aol.com
6                                         (e) monique.alarcon8@gmail.com

7   *Attorneys for Plaintiffs.*
    *[Additional Counsel on Following Page]*

8
                    **UNITED STATES DISTRICT COURT**
9                   **CENTRAL DISTRICT OF CALIFORNIA**

10  OMAR ARNOLDO RIVERA                   Case No. 5:18-cv-01125-SP
    MARTINEZ; ISAAC ANTONIO               *Assigned to: Honorable Sheri Pym*
11  LOPEZ CASTILLO; JOSUE
    VLADIMIR CORTEZ DIAZ; JOSUE           **PLAINTIFFS' EX PARTE**
12  MATEO LEMUS CAMPOS;                   **APPLICATION FOR**
    MARVIN JOSUE GRANDE                   **(1) ORDER COMPELLING**
13  RODRIGUEZ; ALEXANDER                  **DEFENDANT GEO GROUP**
    ANTONIO BURGOS MEJIA; LUIS            **TO PRODUCE AN EMPTY**
14  PEÑA GARCIA; JULIO CESAR              **CANISTER OF OLEORESIN**
    BARAHONA CORNEJO, as                  **CAPSICUM SPRAY AT TRIAL AND**
15  individuals,                          **(2) DIRECTING COURTHOUSE**
                                          **SECURITY TO PERMIT GEO**
16              Plaintiffs,               **GROUP'S CUSTODIAN TO DO SO**

17  v.

18  The GEO Group, Inc., a Florida
19  corporation; the City of Adelanto, a
    municipal entity; GEO Lieutenant Diaz,
20  sued in her individual capacity; GEO
    Sergeant Campos, sued in his individual
21  capacity;

22              Defendants.

23

24

25

26

27

28

Catherine Sweetser, SBN 271142
Kristina Harootun, SBN 308718
Schonbrun Seplow Harris & Hoffman LLP
11543 W. Olympic Boulevard
Los Angeles, CA 90064
(t) 310-396-0731
(f) 310-399-7040
(e) csweetser@sshhlaw.com
(e) kharootun@sshhlaw.com

Colleen Flynn, SBN 234281
Law Office of Colleen Flynn
3435 Wilshire Boulevard, Suite 2910
Los Angeles, CA 90010
(t) 213-252-9444
(f) 213-252-0091
(e) cflynn@yahoo.com

Matthew Strugar, SBN 232951
Law Office of Matthew Strugar
3435 Wilshire Boulevard, Suite 2910
Los Angeles, CA 90010
(t) 323-696-2299
(e) matthew@matthewstrugar.com

*Attorneys for Plaintiffs.*

***EX PARTE* APPLICATION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT, pursuant to Local Rule 7-19, Plaintiffs apply *ex parte* for an Order (1) compelling Defendant The GEO Group, Inc., to produce an empty canister of Oleoresin Capsicum (OC) MK-IX spray to the Courtroom on February 3, 2020—the first day of trial in this matter and (2) directing Courthouse Security Officers to permit GEO Group's custodian to bring an empty OC canister to the Courtroom for trial.

Plaintiffs have good cause for this application. On January 17, 2020, Plaintiffs served a trial subpoena on GEO Group directing it to produce "One (1) canister of Oleoresin Capsicum MK-IX spray, the type that was provided by The GEO Group, Inc. to GEO Lieutenant Jane Diaz and GEO Sergeant Giovanni Campos on June 12, 2017" to the Courtroom on February 3, 2020 at 9:00 a.m. *See* Trial Subpoena, attached as Exhibit A to the Declaration of Matthew Strugar.

On January 22, 2020, Plaintiffs' counsel emailed Defendants' counsel that Plaintiffs would provide Defendants with a draft proposed order for Defendants' review that would direct Courthouse Security Officers to permit GEO Group's custodian to bring an OC canister into the courthouse for trial. *See* January 22, 2020 email string, attached as Exhibit B to Strugar Decl. Defendants' counsel responded they "do[] not plan to produce an OC can, [and] will be serving objection and providing you with a photo [of an OC can]." *Id*. Plaintiffs' counsel responded that they "do not accept the production of a photograph in lieu of the can" and requested that Defendants serve Plaintiffs with their objections so Plaintiff "can raise it with the Court and get an order in advance of trial." *Id*. Defendants' counsel responded that they would serve timely objection and expressed concern about court security not permitting weapons in the courtroom. *Id*. Plaintiffs' counsel responded that an empty canister would suffice, provided it "it is an actual can of the type used and with the appropriate label." *Id*.

1    To date, Plaintiffs have not received Defendants' objections to the subpoena.

2    Plaintiffs' need for the OC canister to be produced at trial is straightforward.

3    It is uncontested that two GEO Group employees—Defendants Diaz and Campos—

4    used OC spray on Plaintiffs. While the incident was captured by the facility's

5    stationary video cameras, the quality of the video is poor and does not sufficiently

6    capture the OC canisters or their use. A photograph of a canister will be equally

7    insufficient to demonstrate the size and nature of the canister to the jury.

8    Defendants are represented by Susan Coleman at Burke, Williams &

9    Sorensen, LLP, 44 South Flower Street, Suite 2400, Los Angeles, CA  90071-2953,

10   scoleman@bwslaw.com, (213) 236-2831.

11   Pursuant to Local Rule 7-19.1, Plaintiffs' counsel attempted to provide oral

12   notice of this *ex parte* application to Ms. Coleman by telephone at 9:22 a.m.

13   January 29, 2020. Strugar Decl. ¶ 4. Ms. Coleman's assistant took a message and

14   informed Plaintiffs' counsel that Ms. Coleman was out of the office for the entire

15   day. *Id*. Plaintiffs' counsel then emailed Ms. Coleman to provide notice of this

16   application. *Id*. ¶ 5. Ms. Coleman responded that "There is no reason we can't

17   assess this Monday." *Id*.

18   This application or resolution of this application cannot wait until Monday.

19   Plaintiffs' subpoena directs Defendant GEO Group to produce the canister at 9:00

20   a.m. on Monday. Plaintiffs intend to use the canister during their opening argument

21   to the jury. Because an Order from this Court is likely necessary to have

22   Courthouse Security Officers permit even an empty canister of OC into the

23   Courthouse, Plaintiff require a signed order prior to Monday to ensure the canister

24   will be produced in the courtroom on Monday morning as the subpoena directs.

25   Plaintiffs respectfully request the Court enter Plaintiffs' Proposed Order (1)

26   compelling Defendant The GEO Group, Inc., to produce an empty canister of

27   Oleoresin Capsicum (OC) MK-IX spray to the Courtroom on February 3, 2020—

28   the first day of trial in this matter and (2) directing Courthouse Security Officers to

1 | permit GEO Group's custodian to bring an OC canister into the courthouse for trial.

2

3 | Dated:  January 29, 2020

LAW OFFICE OF RACHEL STEINBACK
LAW OFFICES OF CAROL A SOBEL
SCHONBRUN SEPLOW HARRIS
& HOFFMAN LLP
LAW OFFICE OF COLLEEN FLYNN
LAW OFFICE OF MATTHEW STRUGAR

By:  /s/ Matthew Strugar
      Rachel Steinback
      Monique Amanda Alarcon
      Catherine E. Sweetser
      Kristina Harootun
      Colleen Flynn
      Matthew Strugar
      *Attorneys for Plaintiffs*

**DECLARATION OF MATTHEW STRUGAR**

I, Matthew Strugar, declare as follows:

1.  I am an attorney licensed to practice before this Court. I am one of the attorneys of record for Plaintiffs in this action. I have personal knowledge of the matters set forth in this declaration and would testify competently thereto if called and sworn as a witness.

2.  Attached as Exhibit A is a true and correct copy of the trial subpoena issued by Plaintiffs and directed to the Custodian, The GEO Group, Inc. and Adelanto ICE Processing Center, to produce "One (1) canister of Oleoresin Capsicum MK-IX spray, the type that was provided by The GEO Group, Inc. to GEO Lieutenant Jane Diaz and GEO Sergeant Giovanni Campos on June 12, 2017" on February 3, 2020, at 9:00 a.m. at Courtroom 3 of the United States Courthouse in Riverside.

3.  Attached as **Exhibit B** is a true and correct copy of an email string between Plaintiffs' counsel and Defendants' counsel on January 22, 2020, related to Plaintiffs' subpoena for the OC spray canister.

4.  At 9:22 a.m. on January 29, 2020, I attempted to reach Susan Coleman, attorney record for Defendants, to provided oral notice of this *ex parte* application. Ms. Coleman's assistant took a message and informed me that Ms. Coleman was out of the office for the entire day.

5.  I then emailed Ms. Coleman to provide notice of this application. Ms. Coleman responded that "There is no reason we can't assess this Monday." Attached as **Exhibit C** is a true and correct copy of the January 29, 2020 email string containing my notice of this application and Ms. Coleman's response.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated this 29th day of January 2020 at Los Angeles, California.

/s/ Matthew Strugar
Matthew Strugar

1

# Exhibit A

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | |
|---|---|
| Rivera Martinez, et al., | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   5:18-cv-01125-SP |
| The GEO Group Inc., et al., | ) |
| *Defendant* | ) |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To:  Custodian, The GEO Group, Inc. and Adelanto ICE Processing Center

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action.  When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| | |
|---|---|
| Place:  United States Courthouse<br>3470 12th St.,<br>Riverside, CA 92501 | Courtroom No.:  Courtroom 3, 3rd Floor |
| | Date and Time: 02/03/2020 9:00 am |

You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*:

One (1) canister of Oleoresin Capsicum MK-IX spray, the type that was provided by The GEO Group, Inc. to GEO Lieutenant Jane Diaz and GEO Sergeant Giovanni Campos on June 12, 2017.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    01/17/2020

          *CLERK OF COURT*

                                              OR

| | |
|---|---|
| | /s/ Rachel Steinback |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*

    Plaintiffs Martinez Rivera, et al.,              , who issues or requests this subpoena, are:

Rachel Steinback, 3435 Wilshire Blvd, Suite 2910, Los Angeles, CA 90010, steinbacklaw@gmail.com, 213.537.5370

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 2)

Civil Action No. 5:18-cv-01125-SP

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

Exhibit B

From: **Catherine Sweetser** catherine.sdshhh@gmail.com 📎
Subject: Re: Adelanto: Meet and confer re: witnesses, exhibits
Date: January 22, 2020 at 2:42 PM
To: Coleman, Susan E.  SColeman@bwslaw.com
Cc: Rachel Steinback steinbacklaw@gmail.com, Aguado, Carmen M.  CAguado@bwslaw.com, Monique Alarcon
monique.alarcon8@gmail.com, Colleen Flynn cflynnlaw@yahoo.com, Kristina Harootun kharootun@sshhlaw.com,
Matthew Strugar matthewstrugar@gmail.com

Would Defendants agree to bring an empty can if their concern is about the spray being a weapon? We are ok with the
can being empty, as long as it is an actual can of the type used and with the appropriate label.

On Wed, Jan 22, 2020 at 1:38 PM Coleman, Susan E. <SColeman@bwslaw.com> wrote:

> We will timely serve objections.  The court may not grant an order, the actual can is not
> necessary and weapons often are excluded from courtrooms.
>
>
>
> **Susan E. Coleman | Partner**
> 444 South Flower Street, Suite 2400 | Los Angeles, CA  90071-2953
> d - 213.236.2831 | t - 213.236.0600 | f - 213.236.2700
> scoleman@bwslaw.com | vCard | bwslaw.com
>
> 
>
> The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the
> designated addressee named above. The information transmitted is subject to the attorney-client privilege
> and/or represents confidential attorney work product. Recipients should not file copies of this email with
> publicly accessible records. If you are not the designated addressee named above or the authorized agent
> responsible for delivering it to the designated addressee, you received this document through inadvertent
> error and any further review, dissemination, distribution or copying of this communication by you or anyone
> else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US
> IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.
>
>
>
> **From:** Rachel Steinback [mailto:steinbacklaw@gmail.com]
> **Sent:** Wednesday, January 22, 2020 1:36 PM
> **To:** Coleman, Susan E.
> **Cc:** Aguado, Carmen M.; Catherine Sweetser; Monique Alarcon; Colleen Flynn; Kristina Harootun;
> Matthew Strugar
> **Subject:** Re: Adelanto: Meet and confer re: witnesses, exhibits
>
>
>
> We can discuss the witnesses further on our call.
>
>
>
> As for the OC can, Plaintiffs do not accept the production of a photograph in lieu of the can. If Defendants object,
> please serve us with those objections so we can raise it with the Court and get an order in advance of trial.
>
>
>
> Thanks.

On Wed, Jan 22, 2020 at 1:29 PM Coleman, Susan E. <SColeman@bwslaw.com> wrote:

We do not dispute that the immigration attorneys advised them not to discuss their asylum cases, and we can stipulate to that if you like.  As for witnesses not disclosed in Rule 26 disclosures, we both had some – if they were identified in the documents produced, I'm willing to call it even if you are.

Adelanto does not plan to produce an OC can, we will be serving objections and providing you with a photo.

We would potentially go in with you on the video, if we can have access to ALL of the stills too (not just the ones you select to use).  Let me know the details/costs.

Susan E. Coleman | Partner
501 West Broadway, Suite 1600 | San Diego, CA  92101
d - 619.814.5803 | t - 619.814.5800 | f - 619.814.6799
scoleman@bwslaw.com | vCard | bwslaw.com



The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

**From:** Rachel Steinback [mailto:steinbacklaw@gmail.com]
**Sent:** Wednesday, January 22, 2020 1:24 PM
**To:** Coleman, Susan E.
**Cc:** Aguado, Carmen M.; Catherine Sweetser; Monique Alarcon; Colleen Flynn; Kristina Harootun; Matthew Strugar
**Subject:** Re: Adelanto: Meet and confer re: witnesses, exhibits

I'm happy to talk whenever you get back from Riverside, so long as it is no earlier than 5PM.

As for the revisions, we will do that and ask you to do the same. The may-call immigration attorneys may remain on our list as may-calls, for the reasons I explained in court yesterday, but witnesses regarding the detention hearings will no longer be necessary. I assume those witnesses will come off your list as well. There is also the matter of the witnesses not properly disclosed pursuant to Rule 26; we can talk about that on the call.

witnesses not properly disclosed pursuant to Rule 26, we can talk about that on the call.

We will also send a draft proposed order for you to review, directing the court security officers to permit your custodian to bring the OC can Plaintiffs subpoena'ed into the courthouse for trial.

With regard to the video: we are planning on getting it converted to a format that is more easily played, so that we can jump to specific points in time rather than fumbling around with the forward and back buttons etc. If you would like to have access to that / go in on that together, let me know.

Thanks.

On Wed, Jan 22, 2020 at 1:11 PM Coleman, Susan E. <SColeman@bwslaw.com> wrote:

Depends what time I get back from Riverside. . .

If you have amendments to the witness list and exhibit list, please circulate these. It would be good to just do a joint witness list, we can add a column to indicate who is calling the witness. I believe you were removing the immigration attorneys, and perhaps other witnesses/exhibits related to segregation and the hearing process etc.

Susan E. Coleman | Partner
501 West Broadway, Suite 1600 | San Diego, CA  92101
d - 619.814.5803 | t - 619.814.5800 | f - 619.814.6799
scoleman@bwslaw.com | vCard | bwslaw.com



The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

**From:** Rachel Steinback [mailto:steinbacklaw@gmail.com]
**Sent:** Wednesday, January 22, 2020 1:04 PM
**To:** Coleman, Susan E.; Aguado, Carmen M.; Catherine Sweetser; Monique Alarcon; Colleen

**To:** Coleman, Susan L.; Aguado, Carmen M.; Catherine Sweetser; Monique Alarcon; Colleen Flynn; Kristina Harootun; Matthew Strugar
**Subject:** Adelanto: Meet and confer re: witnesses, exhibits


Counsel,


There were a few things we agreed to meet and confer about yesterday. Would Monday at/after 5PM work for you?


Rachel


--

Law Office of Rachel Steinback

3435 Wilshire Blvd, Suite 2910

Los Angeles, CA 90010

(213) 537-5370 | SteinbackLaw@gmail.com

www.SteinbackLaw.com


**WARNING-PRIVILEGED LEGAL COMMUNICATION**

This e-mail is confidential and privileged. It is intended only for the use of the named recipient(s). The information contained herein may be subject to an attorney-client privilege and/or attorney work product protection. Any unauthorized use is strictly prohibited and no privilege or protection is waived. If there has been an error in sending this message, please advise by reply e-mail or call 213-537-5370 and delete any file containing this e-mail.


--

Law Office of Rachel Steinback

3435 Wilshire Blvd, Suite 2910

Los Angeles, CA 90010

(213) 537-5370 | SteinbackLaw@gmail.com

www.SteinbackLaw.com


**WARNING-PRIVILEGED LEGAL COMMUNICATION**

This e-mail is confidential and privileged. It is intended only for the use of the named recipient(s). The information contained herein may be subject to an attorney-client privilege and/or attorney work product protection. Any unauthorized use is strictly prohibited and no privilege or protection is waived. If there has been an error in sending this message, please advise by reply e-mail or call 213-537-5370 and delete any file containing this e-mail.

--

Law Office of Rachel Steinback

3435 Wilshire Blvd, Suite 2910

Los Angeles, CA 90010

(213) 537-5370 | SteinbackLaw@gmail.com

www.SteinbackLaw.com

### WARNING-PRIVILEGED LEGAL COMMUNICATION

This e-mail is confidential and privileged. It is intended only for the use of the named recipient(s). The information contained herein may be subject to an attorney-client privilege and/or attorney work product protection.  Any unauthorized use is strictly prohibited and no privilege or protection is waived. If there has been an error in sending this message, please advise by reply e-mail or call 213-537-5370 and delete any file containing this e-mail.

--
Schonbrun Seplow Harris & Hoffman LLP
11543 W. Olympic Blvd.
Los Angeles, CA 90064
310.396-0731
fax:310.399-7040
www.losangelesemploymentlawyer.com
www.sshhlaw.com

# Exhibit C

From: **Coleman, Susan E.** SColeman@bwslaw.com
Subject: Re: Adelanto: Notice of Ex Parte Application to Compel Production of OC Canister
Date: January 29, 2020 at 9:35 AM
To: Matthew Strugar matthew@matthewstrugar.com
Cc: Rachel Steinback steinbacklaw@gmail.com, Catherine Sweetser catherine.sdshhh@gmail.com, Aguado, Carmen M. CAguado@bwslaw.com

There is no reason we can't assess this Monday.

Sent from my iPhone

> On Jan 29, 2020, at 9:28 AM, Matthew Strugar <matthew@matthewstrugar.com> wrote:
>
> Susan,
>
> I tried to reach you by phone to provide this notice but your assistant said you were at a prison and unavailable today. I left my number and asked that you call me.
>
> In case we are unable to talk by phone, I wanted to provide notice that plaintiffs intend to move ex parte today for an order compelling GEO Group to produce an OC canister as detailed in the January 17 trial subpoena (attached). Plaintiffs have no objection to the canister being empty, but need the jury to see for themselves what was used since the video quality is poor. We don't believe a photograph will suffice, either.
>
> Feel free to call me if you'd like to discuss further. My direct line is 646-797-1853.
>
> Thank you,
> Matthew Strugar
> --
> Law Office of Matthew Strugar
> 3435 Wilshire Blvd., Suite 2910
> Los Angeles, CA 90010
> 323-696-2299
> matthewstrugar.com
>
> <Rivera-Martinez -- Trial Subpoena for Custodian, The GEO Group, Inc. 01.17.2020.pdf>